# EXHIBIT B

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951) 682-9311
Email: trentpackerlaw@gmail.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL | CASE No.: 5:23-cv-00589 |
| Plaintiff, | |
| v. | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive, | 1. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force)<br>2. 42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy)<br>3. 42 U.S.C. § 1983 (Municipal Liability – Failure to Train)<br>4. 42 U.S.C. § 1983 (Municipal Liability – Ratification)<br>5. Battery<br>6. Negligence<br>7. Violation of Cal. Civil Code § 52.1 |
| Defendants. | **DEMAND FOR JURY TRIAL** |

1

1  **COMPLAINT FOR DAMAGES**

2  COMES NOW, Plaintiff HENRY BARNHILL for his Complaint against

3  CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA

4  BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING;

5  JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive and

6  hereby alleges as follows:

7

8  **INTRODUCTION**

9  1.  This civil rights action seeks compensatory and punitive damages

10  from Defendants for violating various rights under the United States

11  Constitution and California law in connection with the use of excessive and

12  unreasonable force against PLAINTIFF on April 29, 2022.

13  2.  Defendant OFFICER BRETT MAYNARD caused PLAINTIFF'S

14  injuries when he tackled PLAINTIFF, shoved his face forcefully into a brick

15  wall, threw him violently to the ground, kneed him in his face, and participated

16  in a group beating that left PLAINTIFF with, among other things, a blowout

17  fracture to his orbital floor, an ear avulsion, and a large parieto-occipital

18  hematoma.

19  3.  Defendant OFFICER JOSHUA BISHOP caused PLAINTIFF'S

20  injuries when he deployed a taser multiple times on PLAINTIFF and

21  participated in a group beating that left PLAINTIFF with, among other things,

22  a blowout fracture to his orbital floor, an ear avulsion, and a large parieto-

23  occipital hematoma.

24  4.  Defendant OFFICER PEDRO AGUILA caused PLAINTIFF'S

25  injuries when he participated in a group beating that left PLAINTIFF with,

26  among other things, a blowout fracture to his orbital floor, an ear avulsion,

27  and a large parieto-occipital hematoma.

28

5.     Defendant CORPORAL DOUGLAS KLINZING caused PLAINTIFF'S injuries when he participated in a group beating that left PLAINTIFF with, among other things, a blowout fracture to his orbital floor, an ear avulsion, and a large parieto-occipital hematoma.

6.     DOES 1-6, inclusive, ("DOE OFFICERS") caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

7.     Defendants CITY OF HEMET ("CITY") and DOES 7-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

8.     This action is in the public interest as PLAINTIFF seeks by means of this civil rights action to hold accountable those responsible for the serious bodily injury inflicted by DEFENDANTS, including OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING, JAMIE GONZALEZ, CATHERINE TIPTON, and CITY OF HEMET'S ratification, failure to train, and policy of inaction in the face of serious constitutional violations, as well as the unlawful custom and practice with respect to the use force.

9.     PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions and inactions of DEFENDANTS CITY, MAYNARD, BISHOP, AGUILA, KLINZING, GONZALEZ, TIPTON, and DOES 1-10, inclusive.   DEFENDANTS CITY, MAYNARD, BISHOP, AGUILA, KLINZING, GONZALEZ, TIPTON, and DOES 1-10, inclusive, are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.  DEFENDANT CITY is also vicariously liable for the acts and omissions of DEFENDANTS MAYNARD, BISHOP, AGUILA, KLINZING,

COMPLAINT FOR DAMAGES

GONZALEZ, TIPTON, and DOES 1-10, inclusive, pursuant to Cal. Govt. Code §§ 820 and 815(a).

## **THE PARTIES**

10.    At all relevant times, PLAINTIFF was an individual residing in Riverside County, California.

11.    Defendant CITY OF HEMET ("CITY") is a political subdivision of the State of California that is within this judicial district.   CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Hemet Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the Hemet Police Department and its employees and agents complied with the laws of the United States and the State of California.   At all relevant times, CITY was the employer of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, GONZALEZ, TIPTON, and DOES 1-10.

12.    Defendant BRETT MAYNARD ("MAYNARD") is a police officer working for the Hemet Police Department.  At all relevant times, MAYNARD was acting under color of law within the course and scope of his duties as an officer working for the Hemet Police Department.  At all relevant times, MAYNARD was acting with the complete authority and ratification of his principal, CITY OF HEMET.

13.    Defendant OFFICER BISHOP ("BISHOP") is a police officer working for the Hemet Police Department.  At all relevant times, BISHOP was acting under color of law within the course and scope of his duties as an officer working for the Hemet Police Department.  At all relevant times, BISHOP was

4

acting with the complete authority and ratification of his principal, CITY OF HEMET.

14.    Defendant OFFICER AGUILA ("AGUILA") is a police officer working for the Hemet Police Department.  At all relevant times, AGUILA was acting under color of law within the course and scope of his duties as an officer working for the Hemet Police Department.  At all relevant times, AGUILA was acting with the complete authority and ratification of his principal, CITY OF HEMET.

15.    Defendant CORPORAL KLINZING ("KLINZING") is a police officer working for the Hemet Police Department.  At all relevant times, KLINZING was acting under color of law within the course and scope of his duties as an officer working for the Hemet Police Department.  At all relevant times, KLINZING was acting with the complete authority and ratification of his principal, CITY OF HEMET.

16.    Defendant GONZALEZ ("GONZALEZ") is a supervising officer working for the Hemet Police Department.  At all relevant times, GONZALEZ was acting under color of law within the course and scope of their duties as an officer working for the Hemet Police Department.  At all relevant times, GONZALEZ was acting with the complete authority and ratification of his principal, CITY OF HEMET.

17.    Defendant TIPTON ("TIPTON") is a supervising officer working for the Hemet Police Department.  At all relevant times, TIPTON was acting under color of law within the course and scope of her duties as an officer working for the Hemet Police Department.  At all relevant times, TIPTON was acting with the complete authority and ratification of his principal, CITY OF HEMET.

COMPLAINT FOR DAMAGES

18. Defendants DOES 1-6, inclusive, are officers for the Hemet Police Department ("DOE Officers"). At all relevant times, these Defendants were acting under color of law within the course and scope of their duties as Hemet Police Department officers and at other times they were working in their personal capacity as individuals outside the scope of their employment. At all relevant times, DOE Officers were acting with the complete authority and ratification of their principal, CITY.

19. Defendants DOES 7-10, inclusive, are managerial, supervisorial, or policymaking employees of the Hemet Police Department who were acting under color of law within the course and scope of their duties as supervisorial officers for the Hemet Police Department ("DOE Supervisors"). DOE Supervisors were acting with the complete authority of their principal, CITY.

20. PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. PLAINTIFF is informed, believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused PLAINTIFF'S damages.

21. On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the County of Riverside.

22. PLAINTIFF is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

COMPLAINT FOR DAMAGES

23.     PLAINTIFF is informed and believes, and on that basis alleges, that at all times mentioned herein all Defendants acted under color of law, statute, ordinance, regulations, customs and usages of the State of California and CITY.

24.     All Defendants who are natural persons, including DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/ or civilian employees, agents, policy makers, and representatives of the Hemet Police Department.

25.     DEFENDANT CITY is liable for the nonfeasance and malfeasance of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, GONZALEZ, TIPTON, and DOES 1-10, inclusive, for the state law claims herein pursuant to Cal. Govt. Code §§ 815.2(a), 815.6.  Further, Defendants MAYNARD, BISHOP, AGUILA, KLINZING, GONZALEZ, TIPTON, and DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Govt. Code § 820(a).

26.     PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, GONZALEZ, TIPTON, and DOES 1-10 inclusive. Defendants MAYNARD, BISHOP, AGUILA, KLINZING, GONZALEZ, TIPTON, and DOES 1-10 are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.

27.     On October 5, 2022, PLAINTIFF timely filed a claim for damages with the CITY pursuant to applicable sections of the California Government Code.

28.     On October 10, 2022, the CITY denied PLAINTIFF'S claim through its agent Carl Warren & Company.

COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

29.     The Court has jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because PLAINTIFF asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.   The Court has jurisdiction over PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

30.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

31.     PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 30, inclusive, as if fully set forth herein.

32.     PLAINTIFF sustained injuries, including but not limited to pain and suffering when Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6 used excessive and unreasonable force against him and employed negligent tactics, including when they tackled him, beat him, and tased him, and are responsible for his severe injuries.

33.     Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6 pursued PLAINTIFF on foot as he exited his vehicle after a brief car chase.

34.     The foot pursuit ended when PLAINTIFF ran to the front door of his own residence and tried to unlock the front door.

35.     As he attempted to unlock the front door, PLAINTIFF'S hands were visible and empty.  PLAINTIFF had no weapons of any kind in his hands or within his reach.  When the pursuit ended, PLAINTIFF made no efforts to

COMPLAINT FOR DAMAGES

escape from the officers and was not being assaultive to the officers. During his arrest, PLAINTIFF repeatedly exclaimed that he was in fact not resisting arrest. PLAINTIFF did not present a danger to the officers or anyone else throughout the encounter.

36.    While PLAINTIFF was not a threat to the officers or any other person, was unarmed, had stopped his flight from apprehension, and was not attempting to resist detention, DEFENDANT MAYNARD violently tackled PLAINTIFF, slamming PLAINTIFF'S head and face into a brick wall. DEFENDANT MAYNARD then violently threw PLAINTIFF to the ground. At the time DEFENDANT MAYNARD tackled PLAINTIFF and threw him to the ground, PLAINTIFF presented no threat to the officers or anyone else. In fact, by the time DEFENDANT MAYNARD slammed PLAINTIFF to the ground, DEFENDANTS MAYNARD and DEFENDANT AGUILA had control of both of PLAINTIFS arms.   DEFENDANT MAYNARD'S actions caused PLAINTIFF to endure serious pain and suffering.

37.    PLAINTIFF lay in extreme pain on the ground when officer MAYNARD kneed a defenseless PLAINTIFF in the face.

38.    While PLAINTIFF's hands were visible and empty, and while he was not resisting and in fact was screaming that he was not resisting, BISHOP deployed his taser on PLAINTIFF at least two times. BISHOP then used his taser as an improvised weapon and struck PLAINTIFF violently and with full force in the head with the taser.

39.    As PLAINTIFF lay on the ground after having bean tackled, beaten, and tased, AGUILA and KLINZING joined the group beating and caused further pain and suffering to PLAINTIFF. PLAINTIFF'S hands were visible, he was not resisting, and he made no effort to escape. PLAINTIFF in fact was yelling throughout the encounter that he was nor resisting arrest.

COMPLAINT FOR DAMAGES

40.    No weapons of any kind were found on PLAINTIFF or within PLAINTIFF'S reach.

41.    Even though PLAINTIFF was not resisting, PLAINTIFF had the right to resist excessive force.

42.    PLAINTIFF was subjected to unreasonable and excessive force, inflicted when he was tackled face first into a wall, kneed in the face, shot with a taser multiple times, had his face slammed into the ground while already subdued, struck in the head with the taser as an improvised weapon, and subjected to a group beating.

43.    As a result of the excessive and unreasonable force, PLAINTIFF suffered serious bodily injury including a blowout fracture to his orbital floor, an ear avulsion, and a large parieto-occipital hematoma.  PLAINTIFF'S injuries required emergency surgical intervention.  PLAINTIFF continues to suffer pain to this day.

44.    The use of force was excessive and objectively unreasonable under the circumstances, especially because PLAINTIFF did not pose an immediate threat to anyone.

45.    PLAINTIFF seeks damages for his past and future pain and suffering including impairment, disfigurement, emotional distress related to his injuries, mental anguish, embarrassment, loss of quality of life, and any medical expenses under these claims.  PLAINTIFF also seeks reasonable attorneys' fees and costs.


## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)

(By PLAINTIFF against Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive)

46.    PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 45, inclusive, as if fully set forth herein.

47.    The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

48.    When Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, pursued PLAINTIFF on foot, violently tackled and threw PLAINTIFF to the ground, tased PLAINTIFF, and beat PLAINITFF, PLAINTIFF had not and did not threaten any person, either physically or verbally, including DEFENDANTS.

49.    Throughout the incident, PLAINTIFF presented no immediate threat to the safety of the officers or others, there were reasonable less intrusive options available to DEFENDANTS, and PLAINTIFF was not attempting to evade detention or arrest, was not resisting the detention or arrest, was not assaultive, and never attempted to punch or kick any officer or any others.  Thus, Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6 used excessive and unreasonable force, including deadly force, against PLAINTIFF when they tackled PLAINITFF face first into a brick wall, tased PLAINITFF, violently struck PLAINITFF in the head using a taser as an improvised weapon, beat PLAINTIFF, and caused him serious bodily injury.

50.    Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6 caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.  DEFENDANTS' acts and omissions deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth

COMPLAINT FOR DAMAGES

Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

51.     As a direct result of the aforesaid acts and omissions of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, PLAINTIFF suffered great physical and mental injury, fear and emotional distress related to his physical injuries, and loss of his earning capacity in an amount according to proof.

52.     The conduct of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and warrants the imposition of exemplary and punitive damages in an amount according to proof.

53.     Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6 were acting under color of state law and within the course and scope of their employment as officers for the CITY OF HEMET.

54.     PLAINTIFF seeks damages for his past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

55.     PLAINTIFF also seeks attorneys' fees and costs under this claim.

### SECOND CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By PLAINTIFF against CITY OF HEMET; GONZALEZ; TIPTON; and DOES 7-10, inclusive)

56.     PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 55, inclusive, as if fully set forth herein.

57.    Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, acted under color of state law.

58.    Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, acted pursuant to an expressly adopted fiscal policy or longstanding practice or custom of the DEFENDANT CITY OF HEMET, and DOES 7-10, inclusive.

59.    On information and belief, Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of PLAINTIFF'S rights.

60.    DEFENDANTS CITY OF HEMET, and DOES 7-10, inclusive, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive and unreasonable force, including deadly force on unarmed persons who do not pose an immediate risk of death or serious bodily injury to others;

(b)    Providing inadequate training regarding the use of force;

(c)    Providing inadequate training regarding de-escalation;

(d)    Employing and retaining as police officers, individuals such as Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6 and DOES 1-6, inclusive, who DEFENDANTS CITY OF HEMET, GONZALEZ, TIPTON, and DOES 7-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)    Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES

1-6, inclusive, who CITY OF HEMET knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits;

(f)  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by officers of the CITY OF HEMET;

(g)  Failing to adequately discipline CITY OF HEMET officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

61.  By reason of the aforementioned acts and omissions, PLAINTIFF has endured substantial pain and suffering.

62.  DEFENDANTS CITY OF HEMET, GONZALEZ, TIPTON, and DOES 7-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.  Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.  Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these

policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

63. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS CITY OF HEMET, GONZALEZ, TIPTON, and DOES 7-10, inclusive, acted with intentional, reckless, and callous disregard for the PLAINTIFF'S Constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by DEFENDANTS CITY OF HEMET, GONZALEZ, TIPTON, and DOES 7-10, inclusive, were affirmatively linked to and were a significantly influential force behind PLAINTIFF'S injuries.

64. The acts of each of DEFENDANTS DOES 7-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 7-10, inclusive.

65. Based on information and belief, the following are only a few examples of cases evidencing Defendant CITY'S unconstitutional policies, where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY OF HEMET routinely ratifies such behavior and maintains a practice of allowing such behavior:

(a) In *Acosta. v. City of Hemet, et al.*, case number 5:19-CV-00779-CJC, Defendant CITY settled with an unarmed man who was shot in the back by CITY officers;

(b)     In *Erickson v. City of Hemet, et al.*, case number 5:19-CV-00779-CJC, Defendant CITY settled with a man who was attacked by a K-9;

(c)     In *Mendoza v. City of Hemet, et al.*, case number 5:21-cv-01134-JGB-SHK, Defendant CITY settled with an unarmed woman who was shot in the back with kinetic rounds requiring emergency surgery.

66.     By reason of the aforementioned acts and omissions of DEFENDANTS CITY OF HEMET, GONZALEZ, TIPTON, and DOES 7-10, inclusive, PLAINTIFF suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

67.     Accordingly, DEFENDANTS CITY OF HEMET and DOES 7-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

68.     PLAINTIFF also seeks attorneys' fees and costs under this claim.

## **THIRD CLAIM FOR RELIEF**

**Municipal Liability for Failure to Train (42 U.S.C. §1983)**

(By PLAINTIFF against CITY; GONZALEZ, TIPTON; and DOES 7-10, inclusive)

69.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.     Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, acted under color of law.

71.     The acts of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

COMPLAINT FOR DAMAGES

72.     On information and belief, CITY OF HEMET failed to properly and adequately train Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, including but not limited to, with regard to the use of physical force, detention of an automobile, detention of a person, and arrest of a person.

73.     The training policies of DEFENDANT CITY OF HEMET were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and the use of less than lethal and lethal force.

74.     Moreover, the training policies of DEFENDANT CITY OF HEMET were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including ensuring traffic stops and detentions are legal and use of force is reasonable and not excessive.

75.     DEFENDANT CITY OF HEMET and DOES 7-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

76.     The failure of DEFENDANT CITY OF HEMET and DOES 7-10, inclusive, to provide adequate training caused the deprivation of PLAINTIFF'S rights by Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive; that is, DEFENDANTS' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

77.     The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY OF HEMET failed to adequately train its officers with regard to the use of force:

COMPLAINT FOR DAMAGES

(a)  In *Acosta. v. City of Hemet, et al.*, case number 5:19-CV-00779-CJC, Defendant CITY settled with an unarmed man who was shot in the back by CITY officers;

(b)  In *Erickson v. City of Hemet, et al.*, case number 5:19-CV-00779-CJC, Defendant CITY settled with a man who was attacked by a K-9;

(c)  In *Mendoza v. City of Hemet, et al.*, case number 5:21-cv-01134-JGB-SHK, Defendant CITY settled with an unarmed woman who was shot in the back with kinetic rounds requiring emergency surgery.

78.  By reason of the aforementioned acts and omissions, PLAINTIFF has suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

79.  Accordingly, DEFENDANT CITY OF HEMET and DOES 7-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

80.  PLAINTIFF also seeks attorneys' fees and costs of suit.

## **FOURTH CLAIM FOR RELIEF**

### **Municipal Liability – Ratification (42 U.S.C. § 1983)**

(By PLAINTIFF against CITY; GONZALEZ; TIPTON; and DOES 7-10, inclusive)

81.  PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82.  Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, acted under color of law.

83.    The acts of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

84.    Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

85.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6's, acts and the bases for them, ratified DEFENDANTS' actions.    Upon information and belief, the final policymaker knew of and specifically approved of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6's, acts.

86.    On information and belief, CITY OF HEMET'S final policymakers, including DEFENDANTS GONZALEZ, TIPTON, and DOES 7-10, inclusive, knew that PLAINTIFF never presented a risk of harm to an officer or anyone else and that PLAINTIFF was always unarmed during the incident and complied with officers' commands.

87.    On information and belief, the official policies with respect to the incident are that officers are not to use force against an individual unless the individual poses an immediate risk of bodily injury to the officers or others. The officers' actions deviated from these official policies because PLAINTIFF did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone.

88.    On information and belief, the CITY OF HEMET approved of the officers' actions after a hearing presented by the officers' legal counsel to DOES 7-10, inclusive, after which DOES 7-10, inclusive, found the officers'

COMPLAINT FOR DAMAGES

actions to be within the official policies of the Hemet Police Department.  On information and belief, the basis for such approval was based on the officers' self-serving statements that they feared PLAINTIFF presented a threat of harm to themselves or others, despite the plethora of evidence to the contrary, including evidence that PLAINTIFF was unarmed, submitted to the officers' commands when he heard them, and never presented a risk of harm to the officers or anyone else.

89.    Upon information and belief, a final policymaker has determined that the acts of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6 were "within policy."

90.    The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY OF HEMET routinely ratifies such behavior:

(a)    In *Acosta. v. City of Hemet, et al.*, case number 5:19-CV-00779-CJC, Defendant CITY settled with an unarmed man who was shot in the back by CITY officers;

(b)    In *Erickson v. City of Hemet, et al.*, case number 5:19-CV-00779-CJC, Defendant CITY settled with a man who was attacked by a K-9;

(c)    In *Mendoza v. City of Hemet, et al.*, case number 5:21-cv-01134-JGB-SHK, Defendant CITY settled with an unarmed woman who was shot in the back with kinetic rounds requiring emergency surgery.

COMPLAINT FOR DAMAGES

91.     By reason of the aforementioned acts and omissions, PLAINTIFF has and will suffer past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

92.     Accordingly, DEFENDANTS CITY OF HEMET and DOES 7-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

93.     PLAINTIFF also seeks attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(By PLAINTIFF against all DEFENDANTS)

94.     PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 93, inclusive, as if fully set forth herein.

95.     Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, while working as officers, sergeants, and in other capacities, for the Hemet Police Department, and acting within the course and scope of their duties, tackled PLAINTIFF, violently threw him to the ground, tased PLAINTIFF, struck PLAINTIFF in the head with a taser used as an improvised weapon, and brutally beat PLAINTIFF.  As a result of the actions of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, PLAINTIFF was seriously injured.   Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, had no legal justification for using force against PLAINTIFF, Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6's use of force while carrying out their duties as officers was unreasonable under the circumstances.

96.     At all relevant times, PLAINTIFF was not an immediate threat of bodily injury to anyone, including DEFENDANTS.

97.     DEFENDANTS CITY, GONZALEZ, TIPTON, and DOES 7-10, inclusive, are directly liable and responsible for the acts of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, because DEFENDANTS CITY, GONZALEZ, TIPTON, and DOES 7-10, inclusive, failed to adequately train, discipline, supervise, or in any other way control Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, in the exercise of their unlawful use of excessive and unreasonable force.

98.     DEFENDANT CITY is vicariously liable for the wrongful acts of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment is the employees' acts would subject them to liability.

99.     The conduct of Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

100.    PLAINTIFF is claiming past and future medical expenses pursuant to this claim and damages for loss of earning capacity.  PLAINTIFF also seeks attorney fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### (By PLAINTIFF against all DEFENDANTS)

101.    PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 100, inclusive, as if fully set forth herein.

COMPLAINT FOR DAMAGES

102. Police officers, including DEFENDANTS, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort. These duties also include providing proper training and equipment to officers so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

103. The DEFENDANTS breached their duty of care. Upon information and belief, the actions and inactions of DEFENDANTS were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to use force against PLAINTIFF;

(b)     the negligent tactics and handling of the situation with PLAINTIFF, including actions before the physical attack;

(c)     the negligent scope and manner of the detention, arrest, and use of force, against PLAINTIFF;

(d)     the failure to properly train and supervise employees, both professional and non-professional, including Defendants MAYNARD, BISHOP, AGUILA, KLINZING, and DOES 1-6, inclusive;

(e)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of PLAINTIFF;

(f)     the negligent handling of evidence, witnesses, and the negligent investigation of the use of excessive force against PLAINTIFF; and

COMPLAINT FOR DAMAGES

(g) the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

104. As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe past and future mental and physical pain and suffering, loss of enjoyment of life, medical expenses, and lost earning capacity.

105. At all relevant times, PLAINTIFF was not an immediate threat to anyone, including DEFENDANTS.

106. The CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

107. PLAINTIFF seeks attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

### SEVENTH CLAIM FOR RELIEF

**(Violation of Cal. Civ. Code § 52.1 and California Common Law)**

(By PLAINTIFF against all DEFENDANTS)

108. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 107 of this Complaint with the same force and effect as if fully set forth herein.

109. The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. *See Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force

under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

110. DEFENDANTS violated PLAINTIFF'S Fourth Amendment rights to be free from unreasonable seizures when they used excessive and unreasonable force against him. DEFENDANTS specifically intended to violate PLAINTIFF'S constitutional rights as stated above, as demonstrated by DEFENDANT'S reckless disregard for PLAINTIFF'S constitutional rights. Thus, PLAINTIFF can recover for violation of the Bane Act. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

111. On April 29, 2022, DEFENDANTS tackled PLAINTIFF face first into a wall, kneed him in the face, shot him with a taser multiple times, struck him in the head with the taser as an improvised weapon, and subjected him to a group beating.

112. DEFENDANTS violated PLAINTIFF'S Constitutional right to be free from excessive and unreasonable force by police officers. DEFENDANTS intended to violate PLAINTIFF'S rights and/or acted with reckless disregard with regard to PLAINTIFF'S Constitutional rights, which is evidence that they intended to violate PLAINTIFF'S rights.

113. PLAINTIFF was caused to suffer severe pain and suffering. The conduct of DEFENDANTS was a substantial factor in causing the harm, losses, injuries, and damages of PLAINTIFF.

COMPLAINT FOR DAMAGES

114. CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

115. The conduct of the individual DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling him to an award of exemplary and punitive damages. PLAINTIFF also seeks costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, HENRY BARNHILL, requests entry of judgment in his favor against CITY OF HEMET, Defendants MAYNARD, BISHOP, AGUILA, KLINZING, GONZALEZ, TIPTON, and DOES 1-10, inclusive, as follows:

1. For compensatory damages, according to proof at trial, under federal and State law;

2. For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;

3. For statutory damages;

4. For reasonable attorneys' fees including litigation expenses;

5. For costs of suit and interest incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

Dated: March 28, 2023          LAW OFFICES OF GRECH & PACKER

/s/          *Trenton C. Packer*
Trent C. Packer, Esq.

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby submits this demand that this action be tried in front of a jury.

Dated: March 28, 2023          LAW OFFICES OF GRECH & PACKER

/s/          *Trenton C. Packer*
Trent C. Packer, Esq.

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES