# EXHIBIT C

Trenton C. Packer (SBN 241057)
LAW OFFICES OF GRECH AND PACKER
7095 Indiana Ave., Suite 200
Riverside, CA 92506
(951) 682-9311
tpacker@grechpackerlaw.com

*Attorney for Plaintiff* Henry Barnhill

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>District Judge: Jesus G. Bernal<br>Magistrate Judge:  Sheri Pym<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL**<br><br>Trial Date:        N/A |

PROPOUNDING PARTY:  Defendant CITY OF HEMET

PLAINTIFF:            Plaintiff HENRY BARNHILL

SET NO.:            One

## **PRELIMINARY STATEMENT**

Responding Party's objections to these responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed their investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed their preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement these responses at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by Responding Party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to, and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## **GENERAL OBJECTIONS**

1.    Responding Party objects to the Interrogatories, as a whole, to the

extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.

2.    Responding Party objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of their records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information not in their possession, custody, or control.

3.    Responding Party objects to each and every Interrogatory to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Responding Party objects to each and every Interrogatory to the extent that such discovery is overly broad, vague, and ambiguous.

5.    Responding Party objects to each and every Interrogatory to the extent that it seeks information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

6.    Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as their present analysis of the case. However, information that may be responsive may not yet have been discovered.  Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement these responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that they recall and have identified to date,

PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL

1  they do not preclude Responding Party from relying on facts or documents recalled,

2  discovered, or generated pursuant to subsequent investigation and discovery.

3

4  **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY**

5  **OF HEMET'S INTERROGATORIES**

6  **INTERROGATORY NO. 1:**

7      State, in specific detail, all facts known to You regarding the Incident that You

8  contend support Your claim that Defendant CITY violated any of Your constitutional,

9  civil, statutory, or other legal rights during any part of the Incident – including but not

10 limited to all of Your contentions as to how You had Excessive Force used upon You,

11 and/or otherwise were subject to any unlawful seizure or other violations of Your

12 constitutional or legal rights.

13      **RESPONSE TO INTERROGATORY NO. 1:**

14      Objections: Responding Party objects on the grounds that this Interrogatory

15 calls for speculation, assumes facts, calls for narrative, and is vague and overbroad

16 as phrased. This request requires considerable research and investigation in order to

17 respond and is too vague or ambiguous to enable the Responding Party to determine

18 the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request

19 is not proportional to the needs of the case. Responding Party further objects on the

20 grounds that this Request is not reasonably calculated to lead to the discovery of

21 admissible evidence. Responding Party objects that this Interrogatory calls for an

22 invasion of privacy, privilege, and is overbroad. Responding Party further objects

23 that this request calls for an expert opinion and/or premature disclosure of expert

24 witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro.

25 and/or the Scheduling Order in this case. Responding Party further objects that this

26 Interrogatory calls for speculation, lacks foundation, and calls for the entire universe

27 of facts – some of which is outside of Responding Party's personal knowledge at

28 this time and some of which Requesting Party has greater access to. Responding

4

Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or is in Defendants' possession, custody, and/or control; or to which Defendants' have superior access. This interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail."); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse."); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories.")

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Plaintiff identifies the following documents which are in Requesting Party's custody and control: relevant documents requested but not produced to Plaintiff; relevant portions of

5

Defendants' written responses to Plaintiff's discovery requests; relevant portions of Plaintiff's Complaint; and relevant portions of Plaintiff's written responses to Defendants' discovery requests and Plaintiff's records produced in response to Defendants' discovery requests. Additionally, and nevertheless, on April 29, 2022, Defendants Maynard, Bishop, Aguila, Klinzing, and Does 1-6 pursued Plaintiff on foot as he exited his vehicle after a brief car chase. The foot pursuit ended when Plaintiff ran to the front door of his own residence and tried to unlock the front door. As he attempted to unlock the front door, Plaintiff's hands were visible and empty. He had no weapons of any kind in his hands or within his reach. Plaintiff was not being assaultive to the deputies. During his arrest, Plaintiff repeatedly exclaimed that he was in fact not resisting arrest. Plaintiff did not present a danger to the deputies or anyone else throughout the encounter. Notwithstanding that Plaintiff presented no threat to the officers or any other person, was unarmed, had stopped his flight from apprehension, and was not attempting to resist detention, Defendant Maynard violently tackled Plaintiff, slamming Plaintiff's head and face into a brick wall. Defendant Maynard then violently threw Plaintiff to the ground. As Plaintiff laid on the ground in extreme pain, Defendant Maynard kneed Plaintiff in the face. At this point, while a defenseless Plaintiff was immobilized on the ground, Defendant Bishop deployed his taser on Plaintiff at least two times. Defendant Bishop then used his taser as an improvised weapon and struck Plaintiff violently in the head with the taser. Defendants Aguila and Klinzing then joined the group beating. Plaintiff's hands were not only visibly empty throughout the attack, but he was also yelling that he was not resisting arrest. No weapons were found on Plaintiff's person or near Plaintiff.

**INTERROGATORY NO. 2:**

State, in specific detail, all facts know to You that You contend support Your claim that, during the Incident at issue in this action, Defendant used tactics in

6

violation of Your constitutional or legal rights.

**RESPONSE TO INTERROGATORY NO. 2:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and is vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that this Interrogatory calls for speculation, lacks foundation, and calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or is in Defendants' possession, custody, and/or control; or to which Defendants' have superior access. This interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to

7

answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail."); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse."); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories.")

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Plaintiff identifies the following documents which are in Requesting Party's custody and control: relevant documents requested but not produced to Plaintiff; relevant portions of Defendants' written responses to Plaintiff's discovery requests; relevant portions of Plaintiff's Complaint; and relevant portions of Plaintiff's written responses to Defendants' discovery requests and Plaintiff's records produced in response to Defendants' discovery requests. Additionally, and nevertheless, on April 29, 2022, Defendants Maynard, Bishop, Aguila, Klinzing, and Does 1-6 pursued Plaintiff on foot as he exited his vehicle after a brief car chase. The foot pursuit ended when Plaintiff ran to the front door of his own residence and tried to unlock the front door. As he attempted to unlock the front door, Plaintiff's hands were visible and empty. He had no weapons of any kind in his hands or within his reach. Plaintiff was not being assaultive to the deputies. During his arrest, Plaintiff repeatedly exclaimed that he was in fact not resisting

8

arrest.   Plaintiff did not present a danger to the deputies or anyone else throughout the encounter. Notwithstanding that Plaintiff presented no threat to the officers or any other person, was unarmed, had stopped his flight from apprehension, and was not attempting to resist detention, Defendant Maynard violently tackled Plaintiff, slamming Plaintiff's head and face into a brick wall. Defendant Maynard then violently threw Plaintiff to the ground.  As Plaintiff laid on the ground in extreme pain, Defendant Maynard kneed Plaintiff in the face. At this point, while a defenseless Plaintiff was immobilized on the ground, Defendant Bishop deployed his taser on Plaintiff at least two times.  Defendant Bishop then used his taser as an improvised weapon and struck Plaintiff violently in the head with the taser.  Defendants Aguila and Klinzing then joined the group beating. Plaintiff's hands were not only visibly empty throughout the attack, but he was also yelling that he was not resisting arrest.  No weapons were found on Plaintiff's person or near Plaintiff.

**INTERROGATORY NO. 3:**

Identify all Witnesses known to You whom You contend can testify from Personal Knowledge about any of the acts, omissions, circumstances, or events that You contend occurred during any part of the Incident at issue in this action, where You contend that such Witness' testimony is in any way related to Your claims in this action – including but not limited to all known Witnesses to any part of the Incident and all known Witnesses who You have any reason to believe may be able to testify in support of Your damages claims or claims for relief therein.

**RESPONSE TO INTERROGATORY NO. 3:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and is vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request

9

not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that this Interrogatory calls for speculation, lacks foundation, and calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants' have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Plaintiff's sister Aneshe Barnes who can be contacted through Plainitff's counsel; all witnesses and treating medical personnel as indicated in Plaintiff's initial disclosures and in Plaintiff's medical records.

**INTERROGATORY NO. 4:**

List all Documents (in any and all mediums) that You contend support Your claims, if any, as stated in Your operative complaint in this action, including all Documents that You contend support Your contentions regarding liability, and/or causation of Your damages, as a result of the Incident or of any act or omission of any defendant in this action, including but not limited to any and all Documents and tangible Evidence (as opposed to testimony) that You intend to offer into Evidence at the time of trial.

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL**

## <u>RESPONSE TO INTERROGATORY NO. 4:</u>

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and is vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that this Interrogatory calls for speculation, lacks foundation, and calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants' have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Plaintiff identifies the following documents which are in Requesting Party's custody and control: relevant documents requested but not produced to Plaintiff; relevant portions of Defendants' written responses to Plaintiff's discovery requests; relevant portions of Plaintiff's Complaint; and relevant portions of Plaintiff's written

1  responses to Defendants' discovery requests and Plaintiff's records produced in

2  response to Defendants' discovery requests.

3  **INTERROGATORY NO. 5:**

4       State, in specific detail, all facts known to You regarding Your estimation or

5  calculation of any damages You are claiming in this action, including but not limited

6  to specifying, by type of damages, the dollar amount of any and all compensatory

7  and/or punitive damages to which You contend You are entitled; any documents,

8  recordings, or other evidence You have and intend to offer in support of such claims

9  at the time of trial; as well as the party from whom You contend such damages are

10 due.

11      **RESPONSE TO INTERROGATORY NO. 5:**

12      Objections: Responding Party objects on the grounds that this Interrogatory

13 calls for speculation, assumes facts, calls for narrative, and is vague and overbroad

14 as phrased. This request requires considerable research and investigation in order to

15 respond and is too vague or ambiguous to enable the Responding Party to determine

16 the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request

17 is not proportional to the needs of the case. Responding Party further objects on the

18 grounds that this Request is not reasonably calculated to lead to the discovery of

19 admissible evidence. Responding Party objects that this Interrogatory calls for an

20 invasion of privacy, privilege, and is overbroad. Responding Party further objects

21 that this request calls for an expert opinion and/or premature disclosure of expert

22 witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro.

23 and/or the Scheduling Order in this case.

24      Without waiving and subject to the aforementioned objections, Responding

25 Party responds as follows:

26      Plaintiff seeks compensatory damages under federal law and state law in the

27 amount to be proven at trial and based on expert opinion, in excess of $1,000,000,

28 for those injuries caused by Defendants that resulted in Plaintiff enduring severe

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL**

pain and suffering and requiring emergency surgical intervention, including but not limited to: Damages for past medical care, treatment, and services related to injuries sustained during the incident. Plaintiff is in the process of gathering billing records for past medical care, and his medical care needs for injuries related to this incident are ongoing. Damages for future medical care, treatment, and services related to the injuries sustained during the incident requires expert opinion. Expert disclosures are premature, and Plaintiff cannot give an accurate estimate at this time. Plaintiff also alleges damages for past and future mental, physical, and emotional pain and suffering, disfigurement, disability, physical impairment, inconvenience, grief, anxiety, humiliation, and loss of enjoyment of life related to injuries sustained during the incident. Plaintiff estimates his general damages to be in excess of $1,000,000 and his punitive damages to be an amount to be proven at trial.

**INTERROGATORY NO. 6:**

State, in specific detail, all facts known to You regarding any injuries that You contend that You suffered as a result of any act or omission of any defendant, in the above entitled action, including but not limited to any psychological injuries, or any physical, economic, property, or other injury for which You contend that compensatory, punitive, or other damages could be recovered in the above entitled action.

**RESPONSE TO INTERROGATORY NO. 6:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and is vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory calls for an

13

invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that this Interrogatory calls for speculation, lacks foundation, and calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or is in Defendants' possession, custody, and/or control; or to which Defendants' have superior access. This interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail."); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse."); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses.  'Each and every fact' interrogatories pose problems for a responding party and a reviewing court.  Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories.")

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL**

1    Without waiving and subject to the aforementioned objections, Responding

2    Party responds as follows:

3    The answer to this Interrogatory may be determined by examining, auditing,

4    compiling, abstracting, or summarizing records (including electronically stored

5    information), and the burden of deriving or ascertaining the answer will be

6    substantially the same for either party. Thus, Plaintiff identifies the following

7    documents which are in Requesting Party's custody and control: relevant documents

8    requested but not produced to Plaintiff; relevant portions of Defendants' written

9    responses to Plaintiff's discovery requests; relevant portions of Plaintiff's Complaint;

10   and relevant portions of Plaintiff's written responses to Defendants' discovery

11   requests and Plaintiff's records produced in response to Defendants' discovery

12   requests. Additionally, and nevertheless, on April 29, 2022, Defendants Maynard,

13   Bishop, Aguila, Klinzing, and Does 1-6 pursued Plaintiff on foot as he exited his

14   vehicle after a brief car chase.  The foot pursuit ended when Plaintiff ran to the front

15   door of his own residence and tried to unlock the front door.  As he attempted to

16   unlock the front door, Plaintiff's hands were visible and empty.  He had no weapons

17   of any kind in his hands or within his reach.  Plaintiff was not being assaultive to the

18   deputies.  During his arrest, Plaintiff repeatedly exclaimed that he was in fact not

19   resisting arrest.  Plaintiff did not present a danger to the deputies or anyone else

20   throughout the encounter. Notwithstanding that Plaintiff presented no threat to the

21   officers or any other person, was unarmed, had stopped his flight from apprehension,

22   and was not attempting to resist detention, Defendant Maynard violently tackled

23   Plaintiff, slamming Plaintiff's head and face into a brick wall. Defendant Maynard

24   then violently threw Plaintiff to the ground.  As Plaintiff laid on the ground in extreme

25   pain, Defendant Maynard kneed Plaintiff in the face.  At this point, while a defenseless

26   Plaintiff was immobilized on the ground, Defendant Bishop deployed his taser on

27   Plaintiff at least two times.  Defendant Bishop then used his taser as an improvised

28   weapon and struck Plaintiff violently in the head with the taser.  Defendants Aguila

15

1  and Klinzing then joined the group beating. Plaintiff's hands were not only visibly
2  empty throughout the attack, but he was also yelling that he was not resisting arrest.
3  No weapons were found on Plaintiff's person or near Plaintiff.

4      Plaintiff suffered a blowout fracture to his orbital floor, an ear avulsion, and a
5  large parieto-occipital hematoma.  Plaintiff's injuries required emergency surgical
6  intervention. Defendants' conduct was willful, wanton, malicious, and done with
7  reckless disregard for the rights and safety of Plaintiff.

8  **INTERROGATORY NO. 7:**

9      State in specific detail, all facts known to You regarding any and all Narcotics
10 or Medications You ingested in the 48-hour period immediately preceding the
11 Incident, including, but not limited to, the dates and times of ingestion, the
12 circumstances under which such Narcotics and/or Medications were ingested, the
13 quantity or dosage ingested, and the reason(s) why such Narcotics and/or Medications
14 were ingested.

15     **RESPONSE TO INTERROGATORY NO. 7:**

16     Responding Party objects on the grounds that this Request is not reasonably
17 calculated to lead to the discovery of admissible evidence and that this Interrogatory
18 calls for an invasion of privacy.

19 **INTERROGATORY NO. 8:**

20     State, in specific detail, all facts known to You that You contend support Your
21 claims for punitive damages against Defendant.

22     **RESPONSE TO INTERROGATORY NO. 8:**

23     Objections: Responding Party objects on the grounds that this Interrogatory
24 calls for speculation, assumes facts, calls for narrative, and is vague and overbroad
25 as phrased. This request requires considerable research and investigation in order to
26 respond and is too vague or ambiguous to enable the Responding Party to determine
27 the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request
28 is not proportional to the needs of the case. Responding Party further objects on the

grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that this Interrogatory calls for speculation, lacks foundation, and calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or is in Defendants' possession, custody, and/or control; or to which Defendants' have superior access. This interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail."); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse."); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked

PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL

1  with laying out every jot and tittle of their evidentiary case in response to
2  interrogatories.")

3       Without waiving and subject to the aforementioned objections, Responding
4  Party responds as follows:

5       The answer to this Interrogatory may be determined by examining, auditing,
6  compiling, abstracting, or summarizing records (including electronically stored
7  information), and the burden of deriving or ascertaining the answer will be
8  substantially the same for either party. Thus, Plaintiff identifies the following
9  documents which are in Requesting Party's custody and control: relevant documents
10 requested but not produced to Plaintiff; relevant portions of Defendants' written
11 responses to Plaintiff's discovery requests; relevant portions of Plaintiff's Complaint;
12 and relevant portions of Plaintiff's written responses to Defendants' discovery
13 requests and Plaintiff's records produced in response to Defendants' discovery
14 requests. Additionally, and nevertheless, on April 29, 2022, Defendants Maynard,
15 Bishop, Aguila, Klinzing, and Does 1-6 pursued Plaintiff on foot as he exited his
16 vehicle after a brief car chase.  The foot pursuit ended when Plaintiff ran to the front
17 door of his own residence and tried to unlock the front door.  As he attempted to
18 unlock the front door, Plaintiff's hands were visible and empty.  He had no weapons
19 of any kind in his hands or within his reach.  Plaintiff was not being assaultive to the
20 deputies.  During his arrest, Plaintiff repeatedly exclaimed that he was in fact not
21 resisting arrest.  Plaintiff did not present a danger to the deputies or anyone else
22 throughout the encounter. Notwithstanding that Plaintiff presented no threat to the
23 officers or any other person, was unarmed, had stopped his flight from apprehension,
24 and was not attempting to resist detention, Defendant Maynard violently tackled
25 Plaintiff, slamming Plaintiff's head and face into a brick wall. Defendant Maynard
26 then violently threw Plaintiff to the ground.  As Plaintiff laid on the ground in extreme
27 pain, Defendant Maynard kneed Plaintiff in the face.  At this point, while a defenseless
28 Plaintiff was immobilized on the ground, Defendant Bishop deployed his taser on

18

Plaintiff at least two times. Defendant Bishop then used his taser as an improvised weapon and struck Plaintiff violently in the head with the taser. Defendants Aguila and Klinzing then joined the group beating. Plaintiff's hands were not only visibly empty throughout the attack, but he was also yelling that he was not resisting arrest. No weapons were found on Plaintiff's person or near Plaintiff. Defendants beat Plaintiff repeatedly when he presented no threat to Defendants or anyone else, was unarmed, was immobilized on the ground, and was crying out that he was not resisting arrest in any way. Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff.

**INTERROGATORY NO. 9:**

Recount all facts known to You regarding each and every *civil* lawsuit or *criminal* case to which You have been a party or sworn Witness since You reached majority (adulthood); the court/jurisdiction in which the lawsuit was filed and litigated; the year the case was file; the case number; the nature of the allegations at issue in such complaint; a description of Your role in the legal action; and the resolution, settlement, judgment, or verdict of each lawsuit or case, including any judgments or sentences rendered against You.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or is in Defendants' possession, custody, and/or control; or to which Defendants have superior access. This interrogatory is unduly burdensome and oppressive on its face. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**

State all facts known to You identifying each and every employment that You had for the period 10 years prior to the Incident through the Incident date, including the address of each employer identified, the telephone number of each employer

19

1  identified, the dates of such employment by each employer, and the job duties that

2  You performed for each employer identified.

3  **RESPONSE TO INTERROGATORY NO. 10:**

4      Responding Party objects that This interrogatory is unduly burdensome and

5  oppressive on its face. Responding Party further objects on the grounds that this

6  Request is not reasonably calculated to lead to the discovery of admissible evidence.

7      Without waiving and subject to the aforementioned objections, Responding

8  Party responds as follows:

9      Responding Party will provide employment history for the five years preceding

10  the Incident.  From 2016-2017, Plaintiff worked as a tow truck driver for Coastal

11  Pride Towing. From 2021 until the Incident, Plaintiff worked as a delivery driver for

12  Big O Superstore in Niland, California.

13  **INTERROGATORY NO. 11:**

14      Identify any and all Health Care Providers whom provided Medical Treatment

15  of any kind to You for any physical injuries, psychological injuries, physical illnesses

16  or sicknesses, and/or psychological illnesses or sicknesses during the period

17  beginning five (5) years prior to the Incident through the date of Your response to this

18  interrogatory – including specifying the address of each Health Care Provider; the

19  telephone number of each Health Care Provider identified; the date(s) that You

20  received treatment from each identified Health Care Provider; the nature of the

21  injuries and/or illnesses/sicknesses that each identified Health Care Provider treated

22  You for; and the nature of such treatment.

23  **RESPONSE TO INTERROGATORY NO. 11:**

24      Objections: Responding Party objects on the grounds that this Interrogatory

25  calls for speculation, assumes facts, calls for narrative, and is vague and overbroad as

26  phrased. This request requires considerable research and investigation in order to

27  respond and is too vague or ambiguous to enable the Responding Party to determine

28  the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL**

is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

Injuries related to the instant case were treated at: Riverside University Health Systems, 26520 Cactus Ave., Moreno Valley, CA 92555; 951-486-4100; Jail medical services at Robert Pressley Detention Center, 4000 Orange St., Riverside, CA 92501; 951-955-4500; California Department of Corrections, various.  Plaintiff incorporates his initial disclosures and directs Defendants to documents produced in response to Defendants' discovery requests.

**INTERROGATORY NO. 12:**

State, in specific detail, all facts known to You regarding any acts of violence, obstructing or resisting arrest, assault and battery, harassment, or comparable activities committed by You at any time from five (5) years prior to the Incident and up through the date of the Incident – including but not limited to detailing the facts and circumstances of such acts and related events; the dates and frequency thereof; Identifying any Witnesses to such acts, including the victim or recipient/target of such acts; and detailing any consequences, including any criminal or civil action, that were associated with such acts.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:**

21

List and Identify each action or failure to act in chronological order that occurred during the Incident that You contend constituted an unlawful seizure (by detention, arrest, use of force, or otherwise), of You during the Incident.

**RESPONSE TO INTERROGATORY NO. 13:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and is vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that this Interrogatory calls for speculation, lacks foundation, and calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or is in Defendants' possession, custody, and/or control; or to which Defendants' have superior access. This interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal.

22

1  1985) ("at least in cases where defendants presumably have access to most of the

2  evidence about their own behavior, it is not at all clear that forcing plaintiffs to

3  answer these kinds of questions...is sufficiently likely to be productive to justify the

4  burden that responding can entail."); *see also id.* at 339 (the "filing of sets of

5  contention interrogatories that systematically track all the allegations in an opposing

6  party's pleadings is a serious form of discovery abuse."); *Tubbs v. Sacramento Cnty.*

7  *Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to

8  present his entire case in discovery responses. 'Each and every fact' interrogatories

9  pose problems for a responding party and a reviewing court. Parties are not tasked

10  with laying out every jot and tittle of their evidentiary case in response to

11  interrogatories."). This interrogatory is duplicative of prior interrogatories,

12  specifically Interrogatory Nos. 1 and 2.

13       Without waiving and subject to the aforementioned objections, Responding

14  Party responds as follows:

15       The answer to this Interrogatory may be determined by examining,

16  auditing, compiling, abstracting, or summarizing records (including

17  electronically stored information), and the burden of deriving or ascertaining the

18  answer will be substantially the same for either party. Thus, Plaintiff identifies

19  the following documents which are in Requesting Party's custody and control:

20  relevant documents requested but not produced to Plaintiff; relevant portions of

21  Defendants' written responses to Plaintiff's discovery requests; relevant

22  portions of Plaintiff's Complaint; and relevant portions of Plaintiff's written

23  responses to Defendants' discovery requests and Plaintiff's records produced in

24  response to Defendants' discovery requests. Additionally, and nevertheless, on

25  April 29, 2022, Defendants Maynard, Bishop, Aguila, Klinzing, and Does 1-6

26  pursued Plaintiff on foot as he exited his vehicle after a brief car chase. The

27  foot pursuit ended when Plaintiff ran to the front door of his own residence and

28  tried to unlock the front door. As he attempted to unlock the front door,

23

Plaintiff's hands were visible and empty.  He had no weapons of any kind in his hands or within his reach.  Plaintiff was not being assaultive to the deputies. During his arrest, Plaintiff repeatedly exclaimed that he was in fact not resisting arrest.  Plaintiff did not present a danger to the deputies or anyone else throughout the encounter. Notwithstanding that Plaintiff presented no threat to the officers or any other person, was unarmed, had stopped his flight from apprehension, and was not attempting to resist detention, Defendant Maynard violently tackled Plaintiff, slamming Plaintiff's head and face into a brick wall. Defendant Maynard then violently threw Plaintiff to the ground.  As Plaintiff laid on the ground in extreme pain, Defendant Maynard kneed Plaintiff in the face.  At this point, while a defenseless Plaintiff was immobilized on the ground, Defendant Bishop deployed his taser on Plaintiff at least two times.  Defendant Bishop then used his taser as an improvised weapon and struck Plaintiff violently in the head with the taser.  Defendants Aguila and Klinzing then joined the group beating. Plaintiff's hands were not only visibly empty throughout the attack, but he was also yelling that he was not resisting arrest.  No weapons were found on Plaintiff's person or near Plaintiff.

**INTERROGATORY NO. 14:**

List and Identify (and enumerate) each act in chronological order that occurred during the Incident that You contend constituted the use of Excessive Force toward You during the Incident.

**RESPONSE TO INTERROGATORY NO. 14:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and is vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party further objects on the

24

grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that this Interrogatory calls for speculation, lacks foundation, and calls for the entire universe of facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or is in Defendants' possession, custody, and/or control; or to which Defendants' have superior access. This interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail."); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse."); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to

PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL

interrogatories."). This interrogatory is duplicative of prior interrogatories, specifically Interrogatory Nos. 1 and 2.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, which are in Requesting Party's custody and control: relevant documents requested but not produced to Plaintiff; relevant portions of Defendants' written responses to Plaintiff's discovery requests; relevant portions of Plaintiff's Complaint; and relevant portions of Plaintiff's written responses to Defendants' discovery requests and Plaintiff's records produced in response to Defendants' discovery requests. Additionally, and nevertheless, on April 29, 2022, Defendants Maynard, Bishop, Aguila, Klinzing, and Does 1-6 pursued Plaintiff on foot as he exited his vehicle after a brief car chase. The foot pursuit ended when Plaintiff ran to the front door of his own residence and tried to unlock the front door. As he attempted to unlock the front door, Plaintiff's hands were visible and empty. He had no weapons of any kind in his hands or within his reach. Plaintiff was not being assaultive to the deputies. During his arrest, Plaintiff repeatedly exclaimed that he was in fact not resisting arrest. Plaintiff did not present a danger to the deputies or anyone else throughout the encounter. Notwithstanding that Plaintiff presented no threat to the officers or any other person, was unarmed, had stopped his flight from apprehension, and was not attempting to resist detention, Defendant Maynard violently tackled Plaintiff, slamming Plaintiff's head and face into a brick wall. Defendant Maynard then violently threw Plaintiff to the ground. As Plaintiff laid on the ground in extreme pain, Defendant Maynard kneed Plaintiff in the face. At this point,

26

while a defenseless Plaintiff was immobilized on the ground, Defendant Bishop deployed his taser on Plaintiff at least two times.  Defendant Bishop then used his taser as an improvised weapon and struck Plaintiff violently in the head with the taser.  Defendants Aguila and Klinzing then joined the group beating. Plaintiff's hands were not only visibly empty throughout the attack, but he was also yelling that he was not resisting arrest.  No weapons were found on Plaintiff's person or near Plaintiff.

**INTERROGATORY NO. 15:**

State, in specific detail, all facts known to You regarding any and all steps or measures that You took, prior to filing Your complaint in this action, to mitigate or alleviate or prevent those injuries or damages that You contend resulted from the acts or omissions by defendant, including but not limited specifying any and all measures that You took to obtain Medical Treatment or Psychological Treatment, if any, and/or any anticipated need for Medical or Psychological Treatment in the future.

**RESPONSE TO INTERROGATORY NO. 15:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and is vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request is not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case.

1      Without waiving and subject to the aforementioned objections, Responding

2  Party responds as follows:

3      Plaintiff has been in continuous custody since his arrest and has received

4  consistent care for his injuries throughout his time in custody as detailed in prior

5  interrogatory responses, in documents within Defendants' custody or control, and in

6  documents produced by Plaintiff in response to Defendants' discovery requests.

7  **INTERROGATORY NO. 16:**

8      If You have not already Identified such Witnesses in response to any other

9  interrogatory in this set, Identify all Witnesses that are in any way related to Your

10  claims in this action, including Identifying all Witnesses that You intend or anticipate

11  that You may seek to produce for testimony at the time of Trial.

12      **RESPONSE TO INTERROGATORY NO. 16:**

13      Objections: Responding Party objects on the grounds that this Interrogatory

14  calls for speculation, assumes facts, calls for narrative, and is vague and overbroad

15  as phrased. This request requires considerable research and investigation in order to

16  respond and is too vague or ambiguous to enable the Responding Party to determine

17  the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request

18  is not proportional to the needs of the case. Responding Party further objects on the

19  grounds that this Request is not reasonably calculated to lead to the discovery of

20  admissible evidence. Responding Party objects that this Interrogatory calls for an

21  invasion of privacy, privilege, and is overbroad. Responding Party further objects

22  that this request calls for an expert opinion and/or premature disclosure of expert

23  witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro.

24  and/or the Scheduling Order in this case. Responding Party further objects that this

25  Interrogatory calls for speculation, lacks foundation, and calls for the entire universe

26  of facts – some of which is outside of Responding Party's personal knowledge at

27  this time and some of which Requesting Party has greater access to. Responding

28  Party objects that responsive information to this Request is equally available to

1  Defendants as to Responding Party or are in Defendants' possession, custody,

2  and/or control; or to which Defendants' have superior access and documents which

3  were requested by Responding Party and to which Defendants have failed to

4  produce.

5      Without waiving and subject to the aforementioned objections, Responding

6  Party responds as follows:

7      See response to Interrogatory No. 3 above.

8  **INTERROGATORY NO. 17:**

9      If You have not already included such facts in response to any other

10  interrogatory in this set, state in detail all facts known to You which You contend

11  support any or all of your claims in this action or regarding which You intend or

12  expect to present any Evidence of at the time of trial in this action.

13      **RESPONSE TO INTERROGATORY NO. 17:**

14      Objections: Responding Party objects on the grounds that this Interrogatory

15  calls for speculation, assumes facts, calls for narrative, and is vague and overbroad

16  as phrased. This request requires considerable research and investigation in order to

17  respond and is too vague or ambiguous to enable the Responding Party to determine

18  the scope of the interrogatory in order to respond. Pursuant to FRCP 26, this request

19  is not proportional to the needs of the case. Responding Party further objects on the

20  grounds that this Request is not reasonably calculated to lead to the discovery of

21  admissible evidence. Responding Party objects that this Interrogatory calls for an

22  invasion of privacy, privilege, and is overbroad. Responding Party further objects

23  that this request calls for an expert opinion and/or premature disclosure of expert

24  witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro.

25  and/or the Scheduling Order in this case. Responding Party further objects that this

26  Interrogatory calls for speculation, lacks foundation, and calls for the entire universe

27  of facts – some of which is outside of Responding Party's personal knowledge at

28  this time and some of which Requesting Party has greater access to. Responding

Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or is in Defendants' possession, custody, and/or control; or to which Defendants' have superior access. This interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail."); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse."); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."). This interrogatory is duplicative of prior interrogatories, specifically Interrogatory Nos. 1 and 2.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Plaintiff identifies the following documents which are in Requesting Party's custody and control:

30

relevant documents requested but not produced to Plaintiff; relevant portions of Defendants' written responses to Plaintiff's discovery requests; relevant portions of Plaintiff's Complaint; and relevant portions of Plaintiff's written responses to Defendants' discovery requests and Plaintiff's records produced in response to Defendants' discovery requests. Additionally, and nevertheless, on April 29, 2022, Defendants Maynard, Bishop, Aguila, Klinzing, and Does 1-6 pursued Plaintiff on foot as he exited his vehicle after a brief car chase. The foot pursuit ended when Plaintiff ran to the front door of his own residence and tried to unlock the front door. As he attempted to unlock the front door, Plaintiff's hands were visible and empty. He had no weapons of any kind in his hands or within his reach. Plaintiff was not being assaultive to the deputies. During his arrest, Plaintiff repeatedly exclaimed that he was in fact not resisting arrest. Plaintiff did not present a danger to the deputies or anyone else throughout the encounter. Notwithstanding that Plaintiff presented no threat to the officers or any other person, was unarmed, had stopped his flight from apprehension, and was not attempting to resist detention, Defendant Maynard violently tackled Plaintiff, slamming Plaintiff's head and face into a brick wall. Defendant Maynard then violently threw Plaintiff to the ground. As Plaintiff laid on the ground in extreme pain, Defendant Maynard kneed Plaintiff in the face. At this point, while a defenseless Plaintiff was immobilized on the ground, Defendant Bishop deployed his taser on Plaintiff at least two times. Defendant Bishop then used his taser as an improvised weapon and struck Plaintiff violently in the head with the taser. Defendants Aguila and Klinzing then joined the group beating. Plaintiff's hands were not only visibly empty throughout the attack, but he was also yelling that he was not resisting arrest. No weapons were found on Plaintiff's person or near Plaintiff.

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL**

1   DATED: __05/08/2024_____          **LAW OFFICES OF GRECH AND PACKER**

2

3                                        By: _____*/s/ Trenton C. Packer*_____
                                             Trenton C. Packer
4                                            Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF HENRY BARNHILL**

<u>VERIFICATION</u>

*Barnhill v. City of Hemet, et al.*
United States Central District of California
Case No. 5:23-cv-00589 JGB(SPx)

I, the undersigned, hereby declare:

I am a Plaintiff in the above-referenced matter.  I have read **PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL**, and know their content, and the same is true to my knowledge, or on my information and belief.

I declare under penalty of perjury under the laws of the State of California that the above-referenced responses are true and correct.

Executed this 8th day of May, 2024, at Salina, California.

*Henry Barnhill*

Henry Barnhill v. City of Hemet, et al.
**Case No.: 5:23-cv-00589 JGB(SPx)**

<u>**PROOF OF SERVICE**</u>

      I, the undersigned, declare that I am a citizen of the United States, over the age of eighteen years, and am not a party to the within action.  My business address is 7095 Indiana Avenue, Suite #200, Riverside, California 92506.

      On <u>**May 8, 2024,**</u> I served the foregoing document described as:

**"PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HEMET'S FIRST SET OF INTERROGATORIES TO PLAINTIFF HENRY BARNHILL"**

      by placing a true copy thereof enclosed in a sealed envelope as addressed below and depositing said envelope with postage thereon fully prepaid in a United States Postal Service mailbox in <u>**Riverside, California**</u>.  (I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.)

      by personal service to the person listed at the address below.

      by sending a true copy thereof via facsimile as addressed below.

**X**      by electronic service. I sent the foregoing document(s) via electronic transmittal to the notification addresses listed below.

<u>**Manning & Kass, Ellrod, Ramirez, Trester LLP**</u>
Eugene.Ramirez@manningkass.com
Julie.Contreras@manningkass.com
Andrea.Kornblau@manningkass.com
Marisa.Zarate@manningkass.com
Sandra.Alarcon@manningkass.com
Delia.Flores@manningkass.com
Holly.Thomas@manningkass.com

<u>**Law Offices of Grech and Packer**</u>
tpacker@grechpackerlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on <u>**May 8, 2024,**</u> in Riverside, California.

*Kayla Pena-Pham*
_____
Kayla Pena-Pham
Law Clerk