# EXHIBIT Q

**Policy 300**

Hemet Police Department

Policy Manual

# Use of Force

**300.1 PURPOSE AND SCOPE**

This policy provides guidelines on the reasonable use of force. While there is no way to specify the exact amount or type of reasonable force to be applied in any situation, every member of this department is expected to use these guidelines to make such decisions in a professional, impartial, and reasonable manner (Government Code § 7286).

In addition to those methods, techniques, and tools set forth below, the guidelines for the reasonable application of force contained in this policy shall apply to all policies addressing the potential use of force, including but not limited to the Control Devices and Techniques and Conducted Energy Device policies.

Retaliation prohibitions for reporting suspected violations are addressed in the Anti-Retaliation Policy.

**300.1.1 DEFINITIONS**

Definitions related to this policy include:

**Deadly force** - Any use of force that creates a substantial risk of causing death or serious bodily injury, including but not limited to the discharge of a firearm (Penal Code § 835a).

**Feasible** - Reasonably capable of being done or carried out under the circumstances to successfully achieve the arrest or lawful objective without increasing risk to the officer or another person (Government Code § 7286(a)).

**Force** - The application of physical techniques or tactics, chemical agents, or weapons to another person. It is not a use of force when a person allows him/herself to be searched, escorted, handcuffed, or restrained.

**Serious bodily injury** - A serious impairment of physical condition, including but not limited to the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement (Penal Code § 243(f)(4)).

**Totality of the circumstances** - All facts known to the officer at the time, including the conduct of the officer and the subject leading up to the use of force (Penal Code § 835a).

**300.2 POLICY**

The use of force by law enforcement personnel is a matter of critical concern, both to the public and to the law enforcement community. Officers are involved on a daily basis in numerous and varied interactions and, when warranted, may use reasonable force in carrying out their duties.

Officers must have an understanding of, and true appreciation for, their authority and limitations. This is especially true with respect to overcoming resistance while engaged in the performance of law enforcement duties.

Copyright Lexipol, LLC 2022/02/15, All Rights Reserved.
Published with permission by Hemet Police Department

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

# Hemet Police Department
Policy Manual

## Use of Force

The Department recognizes and respects the value of all human life and dignity without prejudice to anyone. Vesting officers with the authority to use reasonable force and to protect the public welfare requires monitoring, evaluation and a careful balancing of all interests.

### 300.2.1   DUTY TO INTERCEDE
Any officer present and observing another law enforcement officer or an employee using force that is clearly beyond that which is necessary, as determined by an objectively reasonable officer under the circumstances, shall, when in a position to do so, intercede (as defined by Government Code § 7286) to prevent the use of unreasonable force.

When observing force used by a law enforcement officer, each officer should take into account the totality of the circumstances and the possibility that other law enforcement officers may have additional information regarding the threat posed by the subject (Government Code § 7286(b)).

### 300.2.2   FAILURE TO INTERCEDE
An officer who has received the required training on the duty to intercede and then fails to act to intercede when required by law, may be disciplined in the same manner as the officer who used force beyond that which is necessary (Government Code § 7286(b)).

### 300.2.3   FAIR AND UNBIASED USE OF FORCE
Officers are expected to carry out their duties, including the use of force, in a manner that is fair and unbiased (Government Code § 7286(b)). See the Bias-Based Policing Policy for additional guidance.

### 300.2.4   DUTY TO REPORT EXCESSIVE FORCE
Any officer who observes a law enforcement officer or an employee use force that potentially exceeds what the officer reasonably believes to be necessary shall immediately report these observations to a supervisor (Government Code § 7286(b)).

As used in this subsection, "immediately" means as soon as it is safe and feasible to do so.

## 300.3   USE OF FORCE
Officers shall use only that amount of force that reasonably appears necessary given the facts and totality of the circumstances known to or perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose (Penal Code § 835a).

The reasonableness of force will be judged from the perspective of a reasonable officer on the scene at the time of the incident. Any evaluation of reasonableness must allow for the fact that officers are often forced to make split-second decisions about the amount of force that reasonably appears necessary in a particular situation, with limited information and in circumstances that are tense, uncertain, and rapidly evolving.

Given that no policy can realistically predict every possible situation an officer might encounter, officers are entrusted to use well-reasoned discretion in determining the appropriate use of force in each incident. Officers may only use a level of force that they reasonably believe is proportional to

Copyright Lexipol, LLC 2022/02/15, All Rights Reserved.
Published with permission by Hemet Police Department

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

*Use of Force*

the seriousness of the suspected offense or the reasonably perceived level of actual or threatened resistance (Government Code § 7286(b)).

It is also recognized that circumstances may arise in which officers reasonably believe that it would be impractical or ineffective to use any of the approved or authorized tools, weapons, or methods provided by the Department. Officers may find it more effective or reasonable to improvise their response to rapidly unfolding conditions that they are confronting. In such circumstances, the use of any improvised device or method must nonetheless be objectively reasonable and utilized only to the degree that reasonably appears necessary to accomplish a legitimate law enforcement purpose.

While the ultimate objective of every law enforcement encounter is to avoid or minimize injury, nothing in this policy requires an officer to retreat or be exposed to possible physical injury before applying reasonable force.

### 300.3.1   ALTERNATIVE TACTICS - DE-ESCALATION

As time and circumstances reasonably permit, and when community and officer safety would not be compromised, officers should consider actions that may increase officer safety and may decrease the need for using force:

- (a) Summoning additional resources that are able to respond in a reasonably timely manner.
- (b) Formulating a plan with responding officers before entering an unstable situation that does not reasonably appear to require immediate intervention.
- (c) Employing other tactics that do not unreasonably increase officer jeopardy.

In addition, when reasonable, officers should evaluate the totality of circumstances presented at the time in each situation and, when feasible, consider and utilize reasonably available alternative tactics and techniques that may persuade an individual to voluntarily comply or may mitigate the need to use a higher level of force to resolve the situation before applying force (Government Code § 7286(b)). Such alternatives may include but are not limited to:

- (a) Attempts to de-escalate a situation.
- (b) If reasonably available, the use of crisis intervention techniques by properly trained personnel.

### 300.3.2   USE OF FORCE TO EFFECT AN ARREST

Any peace officer may use objectively reasonable force to effect an arrest, to prevent escape, or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his/her efforts by reason of resistance or threatened resistance on the part of the person being arrested; nor shall an officer be deemed the aggressor or lose his/her right to self-defense by the use of reasonable force to effect the arrest, prevent escape, or to overcome resistance. Retreat does not mean tactical repositioning or other de-escalation techniques (Penal Code § 835a).

Copyright Lexipol, LLC 2022/02/15, All Rights Reserved.
Published with permission by Hemet Police Department

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

*Use of Force*

### 300.3.3   FACTORS USED TO DETERMINE THE REASONABLENESS OF FORCE

When determining whether to apply force and evaluating whether an officer has used reasonable force, a number of factors should be taken into consideration, as time and circumstances permit (Government Code § 7286(b)). These factors include but are not limited to:

(a)   The apparent immediacy and severity of the threat to officers or others (Penal Code § 835a).

(b)   The conduct of the individual being confronted, as reasonably perceived by the officer at the time (Penal Code § 835a).

(c)   Officer/subject factors (age, size, relative strength, skill level, injuries sustained, level of exhaustion or fatigue, the number of officers available vs. subjects).

(d)   The conduct of the involved officer leading up to the use of force (Penal Code § 835a).

(e)   The effects of suspected drugs or alcohol.

(f)   The individual's apparent mental state or capacity (Penal Code § 835a).

(g)   The individual's apparent ability to understand and comply with officer commands (Penal Code § 835a).

(h)   Proximity of weapons or dangerous improvised devices.

(i)   The degree to which the subject has been effectively restrained and his/her ability to resist despite being restrained.

(j)   The availability of other reasonable and feasible options and their possible effectiveness (Penal Code § 835a).

(k)   Seriousness of the suspected offense or reason for contact with the individual prior to and at the time force is used.

(l)   Training and experience of the officer.

(m)   Potential for injury to officers, suspects, bystanders, and others.

(n)   Whether the person appears to be resisting, attempting to evade arrest by flight, or is attacking the officer.

(o)   The risk and reasonably foreseeable consequences of escape.

(p)   The apparent need for immediate control of the subject or a prompt resolution of the situation.

(q)   Whether the conduct of the individual being confronted no longer reasonably appears to pose an imminent threat to the officer or others.

(r)   Prior contacts with the subject or awareness of any propensity for violence.

(s)   Any other exigent circumstances.

### 300.3.4   PAIN COMPLIANCE TECHNIQUES

Pain compliance techniques may be effective in controlling a physically or actively resisting individual. Officers may only apply those pain compliance techniques for which they have

Copyright Lexipol, LLC 2022/02/15, All Rights Reserved.
Published with permission by Hemet Police Department

Use of Force - 50

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

HPD000343

*Use of Force*

successfully completed department-approved training. Officers utilizing any pain compliance technique should consider:

(a) The degree to which the application of the technique may be controlled given the level of resistance.

(b) Whether the person can comply with the direction or orders of the officer.

(c) Whether the person has been given sufficient opportunity to comply.

The application of any pain compliance technique shall be discontinued once the officer determines that compliance has been achieved.

### 300.3.5   RESTRICTIONS ON THE USE OF CAROTID CONTROL HOLD
Officers of this department are not authorized to use a carotid restraint hold. A carotid restraint means a vascular neck restraint or any similar restraint, hold, or other defensive tactic in which pressure is applied to the sides of a person's neck that involves a substantial risk of restricting blood flow and may render the person unconscious in order to subdue or control the person (Government Code § 7286.5).

### 300.3.6   RESTRICTIONS ON THE USE OF A CHOKE HOLD
Officers of this department are not authorized to use a choke hold. A choke hold means any defensive tactic or force option in which direct pressure is applied to a person's trachea or windpipe (Government Code § 7286.5).

### 300.3.7   ADDITIONAL RESTRICTIONS
Terms such as "positional asphyxia," "restraint asphyxia," and "excited delirium" continue to remain the subject of debate among experts and medical professionals, are not universally recognized medical conditions, and frequently involve other collateral or controlling factors such as narcotics or alcohol influence, or pre-existing medical conditions. While it is impractical to restrict an officer's use of reasonable control methods when attempting to restrain a combative individual, officers are not authorized to use any restraint or transportation method which might unreasonably impair an individual's breathing or respiratory capacity for a period beyond the point when the individual has been adequately and safely controlled. Once controlled, the individual should be placed into a recovery position (e.g., supine or seated) and monitored for signs of medical distress (Government Code § 7286.5).

### 300.3.8   USE OF FORCE TO SEIZE EVIDENCE
In general, officers may use reasonable force to lawfully seize evidence and to prevent the destruction of evidence. However, officers are discouraged from using force solely to prevent a person from swallowing evidence or contraband. In the instance when force is used, officers should not intentionally use any technique that restricts blood flow to the head, restricts respiration or which creates a reasonable likelihood that blood flow to the head or respiration would be restricted. Officers are encouraged to use techniques and methods taught by the Hemet Police Department for this specific purpose.

Copyright Lexipol, LLC 2022/02/15, All Rights Reserved.
Published with permission by Hemet Police Department

# Hemet Police Department
Policy Manual

## Use of Force

**300.4 DEADLY FORCE APPLICATIONS**

Where feasible, the officer shall, prior to the use of deadly force, make reasonable efforts to identify him/herself as a peace officer and to warn that deadly force may be used, unless the officer has objectively reasonable grounds to believe the person is aware of those facts (Penal Code 835a).

If an objectively reasonable officer would consider it safe and feasible to do so under the totality of the circumstances, officers shall evaluate and use other reasonably available resources and techniques when determining whether to use deadly force. To the extent that it is reasonably practical, officers should consider their surroundings and any potential risks to bystanders prior to discharging a firearm (Government Code § 7286(b)).

The use of deadly force is only justified when the officer reasonably believes it is necessary in the following circumstances (Penal Code § 835a):

(a) An officer may use deadly force to protect him/herself or others from what he/she reasonably believes is an imminent threat of death or serious bodily injury to the officer or another person.

(b) An officer may use deadly force to apprehend a fleeing person for any felony that threatened or resulted in death or serious bodily injury, if the officer reasonably believes that the person will cause death or serious bodily injury to another unless immediately apprehended.

Officers shall not use deadly force against a person based on the danger that person poses to him/herself, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the officer or to another person (Penal Code § 835a).

An "imminent" threat of death or serious bodily injury exists when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the officer or another person. An officer's subjective fear of future harm alone is insufficient as an imminent threat. An imminent threat is one that from appearances is reasonably believed to require instant attention (Penal Code § 835a).

**300.4.1 SHOOTING AT OR FROM MOVING VEHICLES**

Shots fired at or from a moving vehicle are rarely effective and may involve additional considerations and risks. When feasible, officers should take reasonable steps to move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. An officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the imminent threat of the vehicle, or if deadly force other than the vehicle is directed at the officer or others (Government Code § 7286(b)).

Officers should not shoot at any part of a vehicle in an attempt to disable the vehicle.

Copyright Lexipol, LLC 2022/02/15, All Rights Reserved.
Published with permission by Hemet Police Department

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

# Hemet Police Department
Policy Manual

## Use of Force

### 300.4.2 DISPLAYING OF FIREARMS
Given that individuals might perceive the display of a firearm as a potential application of force, officers should carefully evaluate each tactical situation and use sound discretion when drawing a firearm in public by considering the following guidelines (Government Code § 7286(b)):

(a) If the officer does not initially perceive a threat but reasonably believes that the potential for such threat exists, firearms should generally be kept in the low-ready or other position not directed toward an individual.

(b) If the officer reasonably believes that a threat exists based on the totality of circumstances presented at the time (e.g., high-risk stop, tactical entry, armed encounter), firearms may be directed toward such threat until the officer no longer perceives such threat.

Once it is reasonably safe to do so, officers should carefully secure all firearms.

### 300.5 REPORTING THE USE OF FORCE
Any use of force by a member of this department shall be documented promptly, completely, and accurately in an appropriate report, depending on the nature of the incident. The officer should articulate the factors perceived and why he/she believed the use of force was reasonable under the circumstances. To collect data for purposes of training, resource allocation, analysis, and related purposes, the Department may require the completion of additional report forms, as specified in department policy, procedure, or law. See the Report Preparation Policy for additional circumstances that may require documentation.

### 300.5.1 NOTIFICATION TO SUPERVISORS
Any use of force by an officer shall be reported immediately to a supervisor, including but not limited to the following circumstances (Penal Code § 832.13):

(a) The application caused a visible injury.

(b) The application would lead a reasonable officer to conclude that the individual may have experienced more than momentary discomfort.

(c) The individual subjected to the force complained of injury or continuing pain.

(d) The individual indicates intent to pursue litigation.

(e) Any application of a TASER device or control device.

(f) Any application of a restraint device other than handcuffs, shackles, or belly chains.

(g) The individual subjected to the force was rendered unconscious.

(h) An individual was struck or kicked.

(i) An individual alleges unreasonable force was used or that any of the above has occurred.

As used in this subsection, "immediately" means as soon as it is safe and feasible to do so.

Copyright Lexipol, LLC 2022/02/15, All Rights Reserved.
Published with permission by Hemet Police Department

Use of Force - 53

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

HPD000346

*Use of Force*

### 300.6 MEDICAL CONSIDERATION

Once it is reasonably safe to do so, properly trained officers should promptly provide or procure medical assistance for any person injured or claiming to have been injured in a use of force incident (Government Code § 7286(b)).

Prior to booking or release, medical assistance shall be obtained for any person who exhibits signs of physical distress, who has sustained visible injury, expresses a complaint of injury or continuing pain, or who was rendered unconscious. Any individual exhibiting signs of physical distress after an encounter should be continuously monitored until he/she can be medically assessed.

Based upon the officer's initial assessment of the nature and extent of the subject's injuries, medical assistance may consist of examination by fire personnel, paramedics, hospital staff, or medical staff at the jail. If any such individual refuses medical attention, such a refusal shall be fully documented in related reports and, whenever practicable, should be witnessed by another officer and/or medical personnel. If a recording is made of the contact or an interview with the individual, any refusal should be included in the recording, if possible.

The on-scene supervisor or, if the on-scene supervisor is not available, the primary handling officer shall ensure that any person providing medical care or receiving custody of a person following any use of force is informed that the person was subjected to force. This notification shall include a description of the force used and any other circumstances the officer reasonably believes would be potential safety or medical risks to the subject (e.g., prolonged struggle, extreme agitation, impaired respiration).

Persons who exhibit extreme agitation, violent irrational behavior accompanied by profuse sweating, extraordinary strength beyond their physical characteristics and imperviousness to pain (sometimes called "excited delirium"), or who require a protracted physical encounter with multiple officers to be brought under control, may be at an increased risk of sudden death. Calls involving these persons should be considered medical emergencies. Officers who reasonably suspect a medical emergency should request medical assistance as soon as practicable and have medical personnel stage away if appropriate.

See the Medical Aid and Response Policy for additional guidelines.

### 300.7 SUPERVISOR RESPONSIBILITY

A supervisor should respond to any reported use of force, if reasonably available. The responding supervisor is expected to (Government Code § 7286(b)):

(a) Obtain the basic facts from the involved officers. Absent an allegation of misconduct or excessive force, this will be considered a routine contact in the normal course of duties.

(b) Ensure that any injured parties are examined and treated.

(c) When possible, separately obtain a recorded interview with the subject upon whom force was applied. If this interview is conducted without the person having voluntarily waived his/her *Miranda* rights, the following shall apply:

Copyright Lexipol, LLC 2022/02/15, All Rights Reserved.
Published with permission by Hemet Police Department

Use of Force - 54

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

HPD000347

1.  The content of the interview should not be summarized or included in any related criminal charges.

2.  The fact that a recorded interview was conducted should be documented in a property or other report.

3.  The recording of the interview should be distinctly marked for retention until all potential for civil litigation has expired.

(d) Once any initial medical assessment has been completed or first aid has been rendered, ensure that photographs have been taken of any areas involving visible injury or complaint of pain, as well as overall photographs of uninjured areas. These photographs should be retained until all potential for civil litigation has expired.

(e) Identify any witnesses not already included in related reports.

(f) Review and approve all related reports.

(g) Determine if there is any indication that the subject may pursue civil litigation.

1.  If there is an indication of potential civil litigation, the supervisor should complete and route a notification of a potential claim through the appropriate channels.

(h) Evaluate the circumstances surrounding the incident and initiate an administrative investigation if there is a question of policy non-compliance or if for any reason further investigation may be appropriate.

In the event that a supervisor is unable to respond to the scene of an incident involving the reported application of force, the supervisor is still expected to complete as many of the above items as circumstances permit.

300.7.1   WATCH COMMANDER RESPONSIBILITY
The Watch Commander shall review each use of force by any personnel within his/her command to ensure compliance with this policy.

**300.8   TRAINING**
Officers, investigators, and supervisors will receive periodic training on this policy and demonstrate their knowledge and understanding (Government Code § 7286(b)).

Subject to available resources, the Training Manager should ensure that officers receive periodic training on de-escalation tactics, including alternatives to force.

Training should also include (Government Code § 7286(b)):

(a) Guidelines regarding vulnerable populations, including but not limited to children, elderly persons, pregnant individuals, and individuals with physical, mental, and developmental disabilities.

(b) Training courses required by and consistent with POST guidelines set forth in Penal Code § 13519.10.

See the Training Policy for restrictions relating to [officers/deputies] who are the subject of a sustained use of force complaint.

Copyright Lexipol, LLC 2022/02/15, All Rights Reserved.
Published with permission by Hemet Police Department

Use of Force - 55

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

HPD000348

### 300.9 USE OF FORCE COMPLAINTS
The receipt, processing, and investigation of civilian complaints involving use of force incidents should be handled in accordance with the Personnel Complaints Policy (Government Code § 7286(b)).

### 300.10 POLICY REVIEW
The Chief of Police or the authorized designee should regularly review and update this policy to reflect developing practices and procedures (Government Code § 7286(b)).

### 300.11 POLICY AVAILABILITY
The Chief of Police or the authorized designee should ensure this policy is accessible to the public (Government Code § 7286(c)).

### 300.12 PUBLIC RECORDS REQUESTS
Requests for public records involving an officer's personnel records shall be processed in accordance with Penal Code § 832.7 and the Personnel Records and Records Maintenance and Release policies (Government Code § 7286(b)).