Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>  Defendants. | **Case No. 5:23-cv-00589 JGB(SPx)**<br><br>[District Judge:    Jesus G. Bernal<br>Magistrate Judge:    Sheri Pym]<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**<br><br>*Filed concurrently with Notice of Motion and Motion; Memorandum of Points and Authorities; Separate Statement of Uncontroverted Facts; Notice of Lodging; Index of Exhibits; Declaration of Andrea Kornblau; Declaration of Custodian of Records*<br><br>Date:    February 9, 2026<br>Time:    9:00 a.m.<br>Crtrm.:  1 (2nd Floor)<br><br>*Action Filed:    04/12/2024* |

After full consideration of the matter, this Court finds as follows:

The Court, having considered the motion for summary judgment filed by Defendants City of Hemet, Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, Corporal Douglas Klinzing, Jamie Gonzalez, and Catherine Tipton and

all of the papers and argument in support and in opposition thereof, and all of the pleadings and other evidence, **FINDS** as follows:

1. Defendants Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, Corporal Douglas Klinzing ("Defendant Officers") are entitled to judgment on Plaintiff's First Cause of Action under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment because the uncontroverted facts demonstrate that the force used was reasonable under the totality of the circumstances facing Defendant Officers. Furthermore, Defendant Officers are entitled to qualified immunity because there is no evidence that the force used violated any clearly-established law.

2. Defendant Officers are entitled to judgment on Plaintiff's fifth cause of action for battery because the uncontroverted facts demonstrate that the force used was reasonable under the totality of the circumstances facing the officers. Because there is no underlying violation, the City of Hemet ("City), Jamie Gonzalez ("Gonzalez") and Catherine Tipton ("Tipton") are entitled to judgment on Plaintiff's vicarious liability claim for battery.

3. Defendant Officers are entitled to judgment on Plaintiff's sixth cause of action for negligence because the uncontroverted facts demonstrate that the officers acted reasonably under the totality of the circumstances and did not breach any duty of due care that they owed to the Plaintiff and there is no pre-force conduct at issue in this case. For the same reasons, the City, Gonzalez, and Tipton are entitled to judgment on Plaintiffs' vicarious liability claim for negligence. There is no other basis for claims of negligence against City, Gonzlez, or Tipton specifically.

4. Defendant Officers are entitled to judgment on Plaintiff's seventh cause of action for violation of the Bane Act because the uncontroverted facts demonstrate that there was no underlying constitutional violation. Furthermore, there is no evidence of any specific intent to violate Plaintiff's constitutional rights. For the same reasons, the City, Gonzalez, and Tipton are entitled to judgment on Plaintiff's vicarious liability claim.

5. The City, Gonzalez, and Tipton, are entitled to judgment on Plaintiff's Second Cause of Action under 42 U.S.C. § 1983 for *Monell* liability because the incontrovertible facts demonstrate that Plaintiff did not suffer a constitutional violation and Plaintiff can set forth no evidence to support the existence of a policy, pattern, or practice that constituted the moving force behind a constitutional violation.

6. The City, Gonzalez, and Tipton, are entitled to judgment on Plaintiff's Third Cause of Action under 42 U.S.C. § 1983 for *Monell* liability because the uncontroverted facts demonstrate that Plaintiff did not suffer a constitutional violation and Plaintiff can set forth no evidence that the City, Gonzalez, or Tipton failed to train Defendant Officers.

7. The City, Gonzalez, and Tipton, are entitled to judgment on Plaintiff's Fourth Cause of Action under 42 U.S.C. § 1983 for *Monell* liability because the uncontroverted facts demonstrate that Plaintiff did not suffer a constitutional violation and Plaintiff can set forth no evidence that the City, Gonzalez, or Tipton ratified unconstitutional conduct.

8. Plaintiff is not entitled to punitive damages

Accordingly, the Court ORDERS as follows:

1. Defendants' motion for summary judgment as to Plaintiffs' complaint is GRANTED in full.

2. The Clerk shall enter judgment in favor of Defendants City of Hemet, Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, Corporal Douglas Klinzing, Jamie Gonzalez, and Catherine Tipton as to all claims.

3. Plaintiff shall recover nothing from Defendants.

**IT IS SO ORDERED.**

Dated: _____

Hon. Jesus G. Bernal
United States District Court Judge