Eugene P. Ramirez (State Bar No. 134865)
  eugene.ramirez@manningkass.com
Andrea Kornblau (State Bar No. 291613)
  andrea.kornblau@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>District Judge: Jesus G. Bernal<br>Magistrate Judge: Sheri Pym<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION & REQUEST TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>*Filed concurrently with Declaration of Andrea Kornblau*<br><br>Date:  2/9/2026<br>Time:  9 a.m.<br>Crtrm.: 1 (2nd Floor)<br><br>*Action Filed:      04/12/2024* |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

Defendants CITY OF HEMET, BRETT MAYNARD, JOSHUA BISHOP, PEDRO AGUILA, DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON ("Defendants") hereby submit their Response to Plaintiff' Objection and Motion to Strike Defendants' Motion for Summary Judgment.

1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.     INTRODUCTION**

3   Plaintiff admits that Defendants complied with Local Rule 7-3 by both sending a detailed meet and confer letter to Plaintiff's Counsel on January 5, 2026—seven days before filing their Motion for Summary Judgment ("Motion")—and discussing the same with Plaintiff's Counsel on December 8, 2025. *See* Objection and request to strike ("Objection") pp 2:3 – 10; *see also* Declaration of Andrea Kornblau ("Kornblau Decl."), ¶¶ 2, 4. Plaintiff references a joint *request* submitted as part of the Parties' Joint Rule 26 report as a binding "agreement" (i.e. a "stipulation") . However, Defendants' understanding of the Local Rule 7-1 is that "[w]ritten stipulations will not be effective until approved by the judge. . ."  There was no such approval here.

   Plaintiff' Objection is a bad faith attempt to delay proceedings, mischaracterize parties' correspondence, and avoid the imminent motion practice deadline. Plaintiff's Objection must be overruled as baseless.

**II.     DEFENSE COUNSEL COMPLIED WITH LOCAL RULE 7-3**

   Local Rule 7-3 requires, in relevant part, that a moving party "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." *See* Local Rule 7-3. This brightline rule is met by Defendants. Plaintiff admit that Defendants sent a meet and confer letter detailing the arguments on summary judgment 7 days before the filing date. Objection, at pp 2:3 – 10. Thereafter, Plaintiff admits that Defense Counsel conducted a follow-up over Zoom regarding the motion. Objection, at pp 2:26 – 3:2.

   Plaintiff's Counsel's argument is that the zoom meeting following the letter is defective because it took place within 7 days but this is a purposeful misreading of Rule 7-3. While Rule 7-3 prefers in-person, telephonic, and Zoom conferences, that is not the only way to achieve substantial compliance with this rule and, in this case, Defendants sent a highly detailed letter 7 days prior and successfully organized a follow-up discussion of the same. *Stebbins v. CMDR Imperialsalt*, No. 8:24-CV-

01486-JVS-KESX, 2025 WL 2371965, at *3 (C.D. Cal. July 8, 2025) (The central district has focused on meaningful discussion, date of filing juxtaposed with date of the beginning of the conference, and good faith attempts to meet the preferred way—in person, by telephone, or via video conference.)

## III. PARTIES' JOINT REQUEST IS NOT CONTROLLING

Plaintiff's Objection also represents that Plaintiff understood that Parties agreed to allow two weeks for Opposition and Reply which would render the meet and confer 7 days prior to filing untimely under that schedule. Objection, at pp 2:11 – 16. This so called understanding is not based on any Local Rule or Order of this Court. Plaintiff points to the Joint Rule 26 Report rather than a CourtOrder because no such order exists. *See* Hon. Jesus G. Bernal Standing Order, No. 14 (Stipulations extending scheduling dates set by this Court are not effective unless approved by the Court. Continuances will be granted only upon a showing of good cause; see also Local Rule 7-1.)

Without no order or approval from this Court granting the Parties' request, the briefing schedule for Defendants' Summary Judgment Motion is determined by the FRCP, Standing Orders, and Local Rules only. . Plaintiff's error in understanding does not render Defendants' motion deficient or untimely.

## IV. PLAINTIFF'S OBJECTION IS IN BAD FAITH

Plaintiff's Objection and request to strike is not based in law or reasonable belief. Prior to the filing of Plaintiff's Objection, the Parties discussed potential resolution of this matter, with Plaintiff's Counsel expressing a strong desire for Defendants not to file their Motion. Kornblau Decl., 5. Indeed, during the meet and confer process, Plaintiff's Counsel offered dismissal of some claims in exchange for not Defendants to not file their Motion. *Id*. Defendants offered to stipulate to allowing Plaintiff additional time to respond to Defendants' Motion, and to request a short extension of the date for hearing the motion at the Court's convenience. Plaintiff refused Defendants' reasonable proposal and instead, now seeks to prevent

Defendants from filing their motion in its entirety. *Id.* Without a court order, Plaintiff's Counsel—who is very familiar with federal filings—cannot have reasonably believed a stipulated change in the briefing schedule was effective. In the prior two (2) years, Plaintiff has not sought to have the Court approve their request for additional time to oppose Summary Judgment..

Plaintiff cannot be permitted to use his own error in failing to ensure the Court approved a requested stipulation to prevent Defendants from filing an otherwise timely and meritorious Motion. .

## V. CONCLUSION

Based on the forgoing, Plaintiff's Objection is baseless and made in bad faith and Defendants motion is timely. Accordingly, Defendants respectfully request that Plaintiff's Objection be overruled and request to strike be denied in its entirety.

Alternatively, provided that the Court's calendar can accommodate a later hearing date on Defendants' Motion, Defendants do not oppose enlarging Plaintiff's time to oppose the Motion by 7 days.

DATED: January 16, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Andrea Kornblau
Eugene P. Ramirez
Andrea Kornblau
Attorneys for Defendants, CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On January 16, 2026, I served true copies of the following document(s) described as **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION & REQUEST TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,sanderson@galipolaw.com,hlee@galipolaw.com

- **Andrea Katherine Kornblau**
  andrea.kornblau@manningkass.com,akk@manningllp.com,katherine.hwang@manningkass.com,sia@manningllp.com

- **Trenton C. Packer**
  tpacker@grechpackerlaw.com,4453866420@filings.docketbird.com,kppham@grechpackerlaw.com

- **Eugene P Ramirez**
  Eugene.Ramirez@manningkass.com,delia.flores@manningkass.com

- **Marcel F Sincich**
  msincich@galipolaw.com,amonguia@galipolaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 16, 2026, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon