1

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

2

3

4

5

6

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

7

8

9

*Attorneys for Plaintiff*, HENRY BARNHILL

10

11

**UNITED STATES DISTRICT COURT**

12

**CENTRAL DISTRICT OF CALIFORNIA**

13

14

HENRY BARNHILL,

15

           Plaintiff,

16

17

    vs.

18

CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,

19

20

21

           Defendants.

22

23

24

25

26

27

28

Case No.: **5:23-cv-00589-JGB-SP**

[*Honorable Jesus G. Bernal*
Magistrate Judge Sheri Pym]

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

[*Filed concurrently with* Plaintiff's Opposition to Defendants' Motion for Summary Judgment; Memorandum of Points and Authorities in support thereof; Plaintiff's Objections to Evidence Presented in Defendants' Separate Statement; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Roger Clark; Declaration of Dr. Ryan O'Connor]

Hearing:    February 9, 2026
Time:       9:00 a.m.
Crtrm:      1 (2nd Floor)

Trial Date: April 7, 2026
Complaint Filed: April 4, 2023

## <u>PLAINTIFF'S STATEMENT OF GENUINE DISPUTES</u>

Pursuant to Local Rule 56-2, Plaintiff respectfully submits his Statement of Genuine Disputes.

DATED:  January 19, 2026                **LAW OFFICES OF DALE K. GALIPO**

By:  _/s/    Marcel F. Sincich_
Dale K. Galipo, Esq.
Trenton C. Packer, Esq,
Marcel F. Sincich, Esq.
*Attorney for Plaintiff*

## PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **1.**    On April 29, 2022, 911 operators received a 911 call from a witness identified as Plaintiff's girlfriend who reported Plaintiff Henry Barnhill ("Plaintiff") had harmed her the previous night and held a gun to her face.<br><br>Defendants/Moving Party's Evidence: Ex. A at 0:00–0:25; 1:17-1:25. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. Plaintiff is innocent until proven guilty and these allegations required investigation not punishment. Further, in Defendants' inadmissible Exhibit A, the caller specifically informs dispatch that Plaintiff did not have a gun on him.<br><br>Plaintiff/Opposing Party's Evidence: **Exh. 5, Barnhill Depo** at 46:15-19, 54:12-22.<br><br><u>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith.*<br><br>**<u>Additional Objections</u>:**<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/602/611**: Compound, Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **2.**    Plaintiff's girlfriend reported that, unusually, Plaintiff drove her and her child to McSweeny Elementary School where he was waiting for her outside.<br><br>Defendants/Moving Party's Evidence: Ex. A at 1:55–2:10. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>Plaintiff/Opposing Party's Evidence: |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Exh. 5, Barnhill Depo** at 46:15-19, 54:12-22.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/602/611**: Compound, Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **3.**    Plaintiff's girlfriend reported that she feared for her life.<br><br>Defendants/Moving Party's Evidence:<br>Ex. A at 00:00–00:25. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. Further, in Defendants' inadmissible Exhibit A, the caller specifically informs dispatch that Plaintiff did not have a gun on him.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/602/611**: Compound, Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **4.**    Plaintiff's girlfriend identified that Plaintiff was driving a black Dodge Challenger that belonged to her and was parked on Chambers Avenue.<br><br>Defendants/Moving Party's Evidence: Ex. A at 00:00–01:20. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.*<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/602/611**: Compound, Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **5.**    Plaintiff's girlfriend identified that Plaintiff was between forty-two (42) and forty-three (43) years old.<br><br>Defendants/Moving Party's Evidence: Ex. A at 2:05–2:22. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.*<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/602/611**: Compound, Lacks Foundation. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Rule 801/802**: Impermissible Hearsay. |
| **6.** At approximately 7:36 a.m., Officer BRETT MAYNARD ("MAYNARD") responded to the dispatch call at the elementary school.<br><br>Defendants/Moving Party's Evidence: Ex. J at pp 1<br>   see also Ex. G at 17:6-18:5. | **Undisputed** of the purpose of this motion.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |
| **7.** MAYNARD immediately saw the sole black 2019 Dodge Challenger on the north side of Chambers Avenue (license plate 8RUU690).<br><br>Defendants/Moving Party's Evidence: Ex. J at pp 2<br>   see also Ex. G at 21:24-22:12. | **Undisputed** of the purpose of this motion. Nevertheless, **Disputed**, to the extent that Ex. G does not support this contention. Thus, Defendants failed to submit admissible evidence to support this contention.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |
| **8.** MAYNARD broadcasted the vehicle's license plate information.<br><br>Defendants/Moving Party's Evidence: Ex. J at pp 2. | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |
| **9.** Officer JOSHUA BISHOP ("BISHOP") and PEDRO AGUILA ("AGUILA") arrived to the elementary school as well concurrently with MAYNARD.<br><br>Defendants/Moving Party's Evidence: | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Ex. J at pp 2<br>Ex. K at pp 1-2<br>Ex. L at pp 1. | re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. |
| **10.**    AGUILA and BISHOP attempted a traffic stop using their marked police vehicles with forward facing solid red lamps.<br><br>Defendants' Evidence:<br>Ex. J at pp 2<br>Ex. K at pp 2<br>Ex. L at pp 1. | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_ re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 5, Barnhill Depo** at 83:12-21, 85:2-21, 86:10, 94:6-10. |
| **11.**    Officers observed the vehicle start up and flee at a high rate of speed from them.<br><br>Defendants' Evidence:<br>Ex. M at 00:30-00:40<br>  see also Ex. J at pp 2<br>Ex. N at 00:18-1:00<br>  see also Ex. K at pp 1-2<br>Ex. O at 00:00-:30<br>  see also Ex. L at pp 1. | **Undisputed** to the extent that Officers observed the vehicle start up and flee.<br><br>**Disputed** to the extent that Barnhill started to flee at a high rate of speed.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_ re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial as phrased, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: calls for Speculation.<br>**Rule 403/602/611**: Compound, Lacks Foundation. |
| **12.**    MAYNARD broadcasted that the vehicle was "taking off."<br><br>Defendants' Evidence: | **Undisputed**.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Ex. M at 00:30 – 00:35<br>  see also Ex. J at pp 2. | _Statement_ *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |
| **13.** Officers believed that the driver fleeing was Plaintiff who, based on Plaintiff's girlfriend's statements, was suspected of assault warranting a felony traffic stop.<br><br>Defendants' Evidence:<br>Ex. J at pp 2<br>  see also Ex. G at 19:3-20:16<br>Ex. K at pp 1<br>  see also Ex. H at 27:22-28:5<br>Ex. L at pp 1. | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. |
| **14.** MAYNARD identified Plaintiff's suspected actions towards his girlfriend as possible violations of California Penal codes 273.5(a), 245(a)(2), and 417(a)(2).<br><br>Defendants/Moving Party's Evidence:<br>Ex. J at pp 2<br>  see also Ex. G at 19:3-20:16. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. Further, Ex. G does not support this contention. **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. Further, in Defendants' inadmissible Exhibit A, the caller specifically informs dispatch that Plaintiff did not have a gun on him.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report.<br>**Additional Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 602/603**: calls for Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| **15.** MAYNARD, BISHOP, and AGUILA gave chase in their marked police vehicles, utilizing their red lamps and audible sirens for about 1.5 miles. <br><br> Defendants/Moving Party's Evidence: <br> Ex. M at 00:40-02:40 <br>   see also Ex. J at pp 2 <br> Ex. N at 00:37-2:42 <br>   see also Ex. K at pp 2 <br> Ex. O at 00:10-:2:20 <br>   see also Ex. L at pp 1. | **Disputed** with respect to the inference that Barnhill knew it was the police. <br><br> Plaintiff/Opposing Party's Evidence: <br> **Exh. 5, Barnhill Depo** at 83:12-21, 85:2-21, 86:10, 94:6-10. <br> *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. |
| **16.** While in pursuit, it was communicated to Defendant Officers that Plaintiff may be in possession of a firearm. <br><br> Defendants/Moving Party's Evidence: <br> Ex. M at 01:50-02:25 <br>   see also Ex. J at pp 2 <br> Ex. G at 19:3-20:16 <br> Ex. H at 28:20-29:15, 30:2-30:17 <br> Ex. E at 28:7-28:23. | **Undisputed**, officers did not receive specific information that Barnhill was armed. Further, in Defendants' inadmissible Exhibit A, the caller specifically informs dispatch that Plaintiff did not have a gun on him. <br><br> *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |
| **17.** After a few minutes, the chase concluded as Plaintiff stopped in front of 354 Gardenia Circle. <br><br> Defendants/Moving Party's Evidence: <br> Ex. M at 02:25-02:50 | **Undisputed**, Barnhill stopped at his house. <br><br> *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| see also Ex. J at pp 2<br>Ex. N at 02:40-2:50<br>  see also Ex. K at pp 2<br>Ex. O at 02:15-:2:30<br>  see also Ex. L at pp 1 –2. | re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. |
| **18.**    Plaintiff got out of the Dodge Challenger and ran directly to the front porch of 354 Gardenia Circle.<br><br>Defendants/Moving Party's Evidence: Ex. N at 02:40-2:50. | **Disputed**. Barnhill slowed and put it visibly empty hands up in the air, in compliance with officer commands, after getting out of the car and before proceeding to the front porch.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 8, Bishop Video Screenshots** at 4.<br>**Exh. 9, Maynard Video Screenshots** at 3.<br>**Exh. 10, Aguila Video Screenshots** at 3.<br>**Exh. M, Maynard Video** at 02:39-02:43.<br>**Exh. N, Bishop Video** at 02:40-02:46.<br>**Exh. O, Aguila Video** at 02:19-02:24.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_.<br>**Additional Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading. |
| **19.**    On that day, Plaintiff was over six (6) feet tall and around 220 pounds.<br><br>Defendants/Moving Party's Evidence: Ex. D at pp 5-7<br>  see also R at pp 117. | **Disputed**. Defendants Ex. D, three times states that Barnhill was 210 lbs. Medical records place Barnhill at 6' tall. This information is disputed by Defendants' evidence alone.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_.<br>**Additional Objections**:<br>**Rule 403**: Unduly Prejudicial as phrased, Vague and Ambiguous, Misleading. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. |
| **20.** MAYNARD observed that Plaintiff wore a large, dark hoodie.<br><br>Defendants/Moving Party's Evidence: Ex. J at pp 2. | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.*<br>**Additional Objections**:<br>**Rule 403**: Unduly Prejudicial as phrased, Vague and Ambiguous, Misleading. |
| **21.** Officer MAYNARD and BISHOP observed that Plaintiff appeared to be reaching for the front portion of his waistband as he ran to and made it onto the porch.<br><br>Defendants/Moving Party's Evidence: Ex. J at pp 2<br>  see also Ex. G at 19:3-20:16<br>Ex. K at pp 2<br>  see also Ex. H at 34:1-34:17. | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. Further, Defendants knowing there was no object whatsoever in Barnhill's waistband, argument that Barnhill appeared to reach for nothing is unintelligible and unduly prejudicial. Barnhill did not reach for his waistband.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. M, Maynard Video** at 02:39-02:43.<br>**Exh. N, Bishop Video** at 02:40-02:46.<br>**Exh. O, Aguila Video** at 02:19-02:24.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report.<br><br>**Additional Objections**: |

Case No. 5:23-cv-00589-JGB-SP

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Rule 403**: Unduly Prejudicial as phrased, Vague and Ambiguous, Misleading. |
| **22.**    Defendant Officers understood it to be common for suspects to conceal firearms and weapons in their front waistband.<br><br>Defendants/Moving Party's Evidence:<br>Ex. J at pp 2<br>Ex. K at pp 2<br>Ex. L at pp 1-2. | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_ re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report.<br>**Additional Objections**:<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 404**: Impermissible Character Evidence.<br>**Rule 403/602/611**: Lacks Foundation, Speculation. |
| **23.**    MAYNARD gave chase and told Plaintiff "show us your hands! Show us your f\*\*king hands!"<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 02:40-02:50<br>   see also Ex. J at pp 2-3. | **Undisputed**.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_ re. Ds' Ex. J, Maynard Report.<br>**Additional Objections**:<br>**Rule 403**: Argumentative. |
| **24.**    MAYNARD and BISHOP observed that Plaintiff lifted his hands but lowered them as he continued to run away.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 02:40-02:50<br>   see also Ex. J at pp 2-3<br>Ex. N at 02:40-2:55<br>   see also Ex. K at pp 2. | **Undisputed** including that Plaintiff complied with officer commands to show his hands.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_ re. Ds' Ex. J, Maynard Report; Ds' Ex. K, Bishop Report. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **25.** Plaintiff ran up the front porch to the front door and grabbed the handle.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 02:25-02:50<br>  see also Ex. J at pp 2<br>Ex. N at 02:40-2:50<br>  see also Ex. K at pp 2. | **Undisputed**.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report; Ds' Ex. K, Bishop Report. |
| **26.** To prevent Plaintiff from barricading himself within the residence, MAYNARD took Plaintiff away from the door into a patio chair nearby.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 02:25-02:50<br>  see also Ex. J at pp 2-3<br>  see also Ex. G at 37:13-39:12<br>  see also Ex. N at 02:40-2:55. | **Undisputed** that Maynard tackled and pushed Barnhill away from the door and onto a patio chair such that he was seated.<br><br>**Disputed** regarding the argument and any inference that Barnhill would have barricaded himself.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Argumentative; Improper Subjective Intent Statement; Speculation. |
| **27.** MAYNARD attempted to grab Plaintiff's right wrist but was initially unsuccessful.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 02:25-02:50<br>  see also Ex. J at pp 3<br>  see also Ex. G at 39:16-39:25; 41:13-42:20<br>Ex. K at pp 2. | **Disputed**. Maynard easily, and without resistance, grabbed Barnhill's right wrist immediately after he holstered his firearm; this was not an attempt, it was immediately accomplished as seen in the video.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 1, Maynard Depo** at 39:20-22. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Exh. 5, Barnhill Depo** at 111:4-14 (tackled to the chair, immediately raised hands, officers grabbed hand). **Exh. 8, Bishop Video Screenshots** at 8-18. **Exh. 9, Maynard Video Screenshots** at 16, 21-36. **Exh. 10, Aguila Video Screenshots** at 3. **Exh. M, Maynard Video** at 02:52-02:53. **Exh. N, Bishop Video** at 02:50-02:55. |
| **28.**    Plaintiff then kneed MAYNARD in the chest.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 02:25-02:50<br>  see also Ex. J at pp 2<br>  see also Ex. G at 41:13-42:20. | **Disputed**. Barnhill never kneed Maynard in the chest and never assaulted or attempted to assault any officer.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. M, Maynard Video** at 02:46-02:55.<br>**Exh. N, Bishop Video** at 02:49-02:59.<br>**Exh. O, Aguila Video** at 02:26-02:36. |
| **29.**    MAYNARD, in response and now determinatively viewing Plaintiff as a threat, struck Plaintiff in the face to distract him.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 02:25-02:50<br>  see also Ex. J at pp 2<br>  see also Ex. G at 41:13-43:8. | **Undisputed** that Maynard unreasonably struck Barnhill in the face.<br><br>**Disputed**. Barnhill never struck an officer and was not an immediate threat of harm. Barnhill was compliant and surrendering with his hands up, was not resisting, never threatened an officer, and never attempted to harm any officer. Further disputed that the strikes on Barnhill's face were to distract him, as opposed to intentionally cause harm and unjustifiably punish him, given that Barnhill was not resisting, and two officers were each holding one of Barnhill's hands when the force occurred.<br><br>Plaintiff/Opposing Party's Evidence: |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Exh. M, Maynard Video** at 02:46-02:55.<br>**Exh. N, Bishop Video** at 02:49-02:59.<br>**Exh. O, Aguila Video** at 02:26-02:36.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report.<br>**Additional Objections**:<br>**Rule 403**: Argumentative, Assumes Facts, Misleading. |
| **30.**    AGUILA made it up the porch and grabbed Plaintiff's left wrist.<br><br>Defendants/Moving Party's Evidence:<br>Ex. O at 02:15-:2:30<br>   see also Ex. L at pp 1–2<br>   see also Ex. I at 68:14-68:22<br>Ex. J at pp 3. | **Undisputed** that, Aguila made it to the porch and grabbed Barnhill's left wrist as he was compliant and not resisting with his hands up sitting in the patio chair.<br><br>**Disputed** to the extent that Defendants order of facts infers that Aguila grabbed the left wrist after Maynard struck Barnhill in the face. The evidence shows that the face strikes were while Aguila had control over Barnhill's left hand.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 3, Aguila Depo** at 69:19-20, 86:17-22.<br>**Exh. 4, Klinzing Depo** at 31:20-32:2, 33:3-8, 33:20-34:12.<br>**Exh. 8, Bishop Video Screenshots** at 23.<br>**Exh. 9, Maynard Video Screenshots** at 10-12, 22-25.<br>**Exh. 10, Aguila Video Screenshots** at 7-14.<br>**Exh. O, Aguila Video** at 02:35-03:21.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, and Ds' Ex. L, Aguila Report.<br>**Additional Objections**:<br>**Rule 403**: Argumentative, Misleading. |
| **31.** Together, MAYNARD and AGUILA struggled to move Plaintiff to the ground, commanding him to "get the fuck on the ground" several times.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 02:40-02:57<br> see also Ex. J at pp 3<br>Ex. O at 02:15-:2:38<br> see also Ex. L at pp 1 – 2. | **Disputed**. Maynard and Aguila did not struggle to move Barnhill to the ground; the compliant Barnhill went down to the ground willingly and without resistance including as a result of neuromuscular incapacitation ("NMI") from being Tased by Bishop. Barnhill was on the ground approximately 10 seconds from being tackled to the patio chair after officers controlled his hands, struck him in the face twice and Tased him.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 2, Bishop Depo** at 40:21-25.<br>**Exh. 5, Barnhill Depo** at 113:21-114:1, 116:13-20.<br>**Exh. M, Maynard Video** at 02:50-02:56.<br>**Exh. N, Bishop Video** at 02:50-03:00.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report; Ds' Ex. K, Bishop Report.<br>**Additional Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading. |
| **32.** MAYNARD and AGUILA struggled to keep ahold of Plaintiff's | **Disputed**. Maynard and Aguila were not alone. Maynard and Aguila did not |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| wrists and hands but he continually struggled and managed to free himself from officers' grasp.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 02:40-02:57<br>   see also Ex. J at pp 3<br>   see also Ex. G at 41:13-42:10, 43:24-44:7, 50:3-52:21. | struggle to hold Barnhill's hands. Barnhill did not continually struggle or free himself of the officers' grip. Aguila easily controlled the non-resistive Barnhill's left hand behind his back. Maynard intentionally released his grip on Barnhill's right hand in order to unjustifiably use force against Barnhill. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 8, Bishop Video Screenshots** at 9-36.<br>**Exh. 9, Maynard Video Screenshots** at 10-37.<br>**Exh. 10, Aguila Video Screenshots** at 5-31.<br>**Exh. M, Maynard Video** at 02:47-03:32.<br>**Exh. N, Bishop Video** at 02:50-03:50.<br>**Exh. O, Aguila Video** at 02:30-03:20.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report.<br>**Additional Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

Case No. 5:23-cv-00589-JGB-SP

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **33.**    BISHOP arrived on the porch within moments and, viewing what looked like officers MAYNARD and AGUILA struggling to move Plaintiff to the ground, deployed a taser.<br><br>Defendants/Moving Party's Evidence:<br>Ex. N at 02:40-3:02<br>    see also Ex. K at pp 2-3<br>    see also Ex. H at 39:12-40:1, 40:22-41:4, 46:4-48:5. | **Disputed**. Aguila moved Bishop out of the way to get past him at the edge of the porch and went go hands with Barnhill. Near simultaneous with Aguila grabbing Barnhill and Bishop stepping on the porch, Bishop started to yell Taser to this partners so that he could deploy the Taser. Maynard and Aguila did not struggle to get Barnhill to the ground. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 8, Bishop Video Screenshots** at 9-16.<br>**Exh. 9, Maynard Video Screenshots** at 10-25.<br>**Exh. 10, Aguila Video Screenshots** at 5-10.<br>**Exh. M, Maynard Video** at 02:50-02:59.<br>**Exh. N, Bishop Video** at 02:50-02:55.<br>**Exh. O, Aguila Video** at 02:30-02:38.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. K, Bishop Report.<br>**Additional Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **34.** BISHOP observed two probes make purchase near Plaintiff's abdomen area and another in the thigh area.<br><br>Defendants/Moving Party's Evidence:<br>Ex. N at 02:40-3:02<br>  see also Ex. K at pp 3. | **Undisputed** that the Taser probes made effectively made contact with Barnhill where Bishop was aiming.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. K, Bishop Report. |
| **35.** The taser probes did not appear to Defendant Officers MAYNARD or BISHOP to have any effect or noticeable change on Plaintiff's behavior.<br><br>Defendants/Moving Party's Evidence:<br>Ex. J at pp 3<br>  see also Ex. G at 49:6- -49:23<br>Ex. K at pp 2-3<br>  see also Ex. H at 46:4-48:5. | **Disputed**. The Taser probes clearly and obviously caused NMI, locked Barnhill's body, and caused him to slide down to the ground with a rigid body.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 8, Bishop Video Screenshots** at 9-16.<br>**Exh. 9, Maynard Video Screenshots** at 10-25.<br>**Exh. 10, Aguila Video Screenshots** at 5-10.<br>**Exh. M, Maynard Video** at 02:50-02:59.<br>**Exh. N, Bishop Video** at 02:50-02:55.<br>**Exh. O, Aguila Video** at 02:30-02:38.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, and Ds' Ex. K, Bishop Report.<br>**Additional Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

Case No. 5:23-cv-00589-JGB-SP

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **36.** Later, it was determined that the taser probes only breached Plaintiff's clothing but not his skin.<br><br><u>Defendants/Moving Party's Evidence</u>: Ex. K at pp 3. | **Disputed**. Whether the probes were found in Barnhill's clothes after he was chest down on the ground for some time does not exclude whether they previously breached his skin. Taser probes do not need to enter the skin in order for the force application to be successful. Nevertheless, Barnhill felt the Taser prongs in him.<br><br>**Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>*See* <u>Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. K, Bishop Report.<br>**<u>Additional Objections</u>**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403/611**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time, Lacks Foundation.<br><br><u>Plaintiff/Opposing Party's Evidence</u>:<br>**Exh. 8, Bishop Video Screenshots** at 9-16.<br>**Exh. 9, Maynard Video Screenshots** at 10-25.<br>**Exh. 10, Aguila Video Screenshots** at 5-10.<br>**Exh. M, Maynard Video** at 02:50-02:59.<br>**Exh. N, Bishop Video** at 02:50-02:55.<br>**Exh. O, Aguila Video** at 02:30-02:38. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **37.**    MAYNARD felt Plaintiff push against his chest indicating he was still able to manipulate his arms in resistance.<br><br>Defendants/Moving Party's Evidence: Ex. J at pp 3. | **Disputed**. Barnhill was clearly suffering the effects of NMI from the Taser deployment and should not move his arms. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>**Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report.<br>**Additional Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time, Unintelligible.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. M, Maynard Video** at 02:56-03:45.<br>**Exh. N, Bishop Video** at 03:00-03:45.<br>**Exh. O, Aguila Video** at 02:35-03:15. |
| **38.**    MAYNARD tried to get Plaintiff's right hand behind his back but Plaintiff wrenched his arm out of MAYNARD's grip.<br><br>Defendants/Moving Party's Evidence: Ex. M at 02:40-02:57<br>   see also Ex. J at pp 3 | **Disputed** Maynard was not alone. Maynard intentionally released his grip on Barnhill's right hand in order to unjustifiably use force against Barnhill. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence: |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| see also Ex. G at 50:3-52:21, 65:24-66:13. | **Exh. 8, Bishop Video Screenshots** at 7-36. <br> **Exh. 9, Maynard Video Screenshots** at 7-37. <br> **Exh. 10, Aguila Video Screenshots** at 7-31. <br> **Exh. M, Maynard Video** at 02:40-03:50. <br> **Exh. N, Bishop Video** at 02:40-03:50. <br> **Exh. O, Aguila Video** at 02:20-03:30. <br> **Plaintiff's Additional Material Facts** ¶¶98-100, 116-117, 127. <br> <u>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. <br> **Additional Objections**: <br> **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. <br> **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |
| **39.** MAYNARD and AGUILA managed to get Plaintiff into the ground on his butt and finally onto his stomach. <br><br> <u>Defendants/Moving Party's Evidence</u>: <br> Ex. M at 02:57-03:00 <br> see also Ex. J at pp 3 <br> Ex. O at 02:25-2:42 <br> see also Ex. L at pp 1 – 2 <br> Ex. N at 02:50-3:02. | **Undisputed** that Barnhill went to his stomach/chest down on the ground. <br><br> **Disputed**. The compliant Barnhill went down to the ground willingly and without resistance including as a result of NMI from being Tased by Bishop. Barnhill was on the ground and immediately rolled to his stomach without resistance. <br><br> <u>Plaintiff/Opposing Party's Evidence</u>: <br> **Exh. 2, Bishop Depo** at 40:21-25. <br> **Exh. 5, Barnhill Depo** at 113:21-114:1, 116:13-20. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Exh. 9, Maynard Video Screenshots** at 21-25. **Exh. 10, Aguila Video Screenshots** at 7-9. **Exh. M, Maynard Video** at 02:50-02:56. **Exh. N, Bishop Video** at 02:50-03:00. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report; Ds' Ex. L, Aguila Report. |
| **40.**    However, Plaintiff was pulling his arms underneath himself.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 03:05-03:20<br>   see also Ex. J at pp 3<br>   see also Ex. G at 50:3-52:21<br>Ex. N at 02:50-3:02<br>   see also Ex. K at pp 2. | **Disputed**. Barnhill never pulled his "arms" underneath himself and was incapable of doing so. Barnhill's left arm was secured behind his back the entire time he was chest-down on the ground. Further, after Officers released their grip from Barnhill's right hand and proceeded to strike and slam Barnhill's face and head, Barnhill naturally and instinctively moved his hand towards his face (not underneath himself) to protect his face from being further damaged by Defendant Officers. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 5, Barnhill Depo** at 122:6-8, 128:1-16.<br>**Exh. M, Maynard Video** at 02:40-03:50.<br>**Exh. N, Bishop Video** at 02:40-03:50.<br>**Exh. O, Aguila Video** at 02:20-03:30.<br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* |

Case No. 5:23-cv-00589-JGB-SP

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | re. Ds' Ex. J, Maynard Report and Ds' Ex. K, Bishop Report. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |
| 41.    MAYNARD heard Plaintiff shout "I'm not refusing" and observed that Plaintiff continued to pull his hands away. _Defendants/Moving Party's Evidence:_ Ex. J at pp 3. | **Undisputed**. Barnhill was compliant and was putting his right hand behind his back and communicated his compliance by stating, "I'm not refusing" repeatedly. **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. **Disputed** that Barnhill "continued to pull his hands away." It is factually impossible for Barnhill to have pulled his "hands" away – his left hand was secured behind his back the entire time. Only after Officers released their grip from Barnhill's right hand and proceeded to strike and slam Barnhill's face and head, Barnhill naturally and instinctively moved his hand towards his face (not underneath himself) to protect his face from being further damaged by Defendant Officers. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone. _Plaintiff/Opposing Party's Evidence:_ |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Exh. 5, Barnhill Depo** at 102:2-8, 122:6-8, 124:24-125:2, 128:1-16, 132:10-12. <br> **Exh. M, Maynard Video** at 02:40-03:50. <br> **Exh. N, Bishop Video** at 02:40-03:50. <br> **Exh. O, Aguila Video** at 02:20-03:30. <br> *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. <br> **Additional Objections**: <br> **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. <br> **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |
| **42.**　　Based on Plaintiff continuing to pull away, MAYNARD determined Plaintiff was still resisting his efforts to take Plaintiff into custody. <br><br> Defendants/Moving Party's Evidence: Ex. J at pp 3. | **Disputed**. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone. <br><br> **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. <br><br> Plaintiff/Opposing Party's Evidence: <br> **Exh. 5, Barnhill Depo** at 102:2-8, 122:6-8, 124:24-125:2, 128:1-16, 132:10-12. <br> **Exh. M, Maynard Video** at 02:40-03:50. <br> **Exh. N, Bishop Video** at 02:40-03:50. <br> **Exh. O, Aguila Video** at 02:20-03:30. <br> *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |
| **43.** BISHOP heard Plaintiff say "they're behind my back" which BISHOP understood to mean Plaintiff's hands were behind his back. <br><br> Defendants/Moving Party's Evidence: Ex. H at 58:2-58:22. | **Undisputed**. Barnhill was compliant and was putting his right hand behind his back and already having freely allowed his left hand to be placed behind his back and communicated his compliance by stating, "they're behind my back" repeatedly. |
| **44.** However, BISHOP observed that Plaintiff's hands, particularly his right arm, was not under MAYNARD's control. <br><br> Defendants/Moving Party's Evidence: Ex. H at 58:2-58:22. | **Disputed** as phrased. Whether Maynard controlled Barnhill's right hand does not exclude whether the hand was behind his back. Barnhill's left hand was objectively and undisputedly behind his back. Bishop did not see his left hand "not under" control. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone. <br><br> Plaintiff/Opposing Party's Evidence: **Exh. 5, Barnhill Depo** at 102:2-8, 122:6-8, 124:24-125:2, 128:1-16, 132:10-12. **Exh. M, Maynard Video** at 02:40-03:50. **Exh. N, Bishop Video** at 02:40-03:50. **Exh. O, Aguila Video** at 02:20-03:30. **Objections**: |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time, Overbroad. |
| **45.** BISHOP charged his taser but did not deploy it again.<br><br>Defendants/Moving Party's Evidence:<br>Ex. N at 02:50-3:15<br>  see also Ex. H at 47:2-48:2. | **Disputed**. Defendants mischaracterize Bishop's testimony. Bishop first deployed the Taser in probe mode when Barnhill was on the patio chair. Then while Barnhill was on the ground, and while those same probes remained in Barnhill's body, Bishop recharged and energized the Taser a second time (a second Taser deployment, just not a second set of probes).<br><br><u>Plaintiff/Opposing Party's Evidence</u>:<br>**Exh. 5, Barnhill Depo** at 116:8-9.<br>**Exh. N, Bishop Depo** 47:2-48:2.<br><u>**Objections**</u>:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Misleading, Vague as Ambiguous as to time. |
| **46.** AGUILA got ahold of Plaintiff's left hand and placed it behind Plaintiff's back.<br><br>Defendants/Moving Party's Evidence:<br>Ex. O at 02:38-2:50<br>  see also Ex. L at pp 1. | **Undisputed** that Aguila placed Barnhill's left hand behind his back.<br><br>**Disputed** to the extent that Defendants order of facts infers that Aguila placed the left hand behind his back sometime long after Barnhill was on his back. The evidence shows that Aguila quickly had control over Barnhill's left hand. |
| **47.** MAYNARD struck Plaintiff on the side of his face with a knee and Plaintiff's right arm came free from under him. | **Undisputed** that Maynard used excessive and unreasonable force by kneeing the chest-down Barnhill in the face. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| <u>Defendants/Moving Party's Evidence</u>:<br>Ex. M at 03:05-03:20<br> *see also* Ex. J at pp 3<br> *see also* Ex. G at 50:3-52:21. | **Disputed** that this strikes were to get Barnhill's arm come free as opposed to intentionally cause harm and unjustifiably punish him, given that Barnhill was not resisting.<br><br><u>Plaintiff/Opposing Party's Evidence</u>:<br>**Exh. 2, Bishop Depo** at 57:19-24, 58:2-5<br>**Exh. 5, Barnhill Depo** at 122:10-24, 123:5-16, 124:9-20, 127:16-128:1 ("at all times I'm trying to do everything that the officers are telling me to do.")<br>**Exh. 8, Bishop Video Screenshots** at 18-36.<br>**Exh. 10, Aguila Video Screenshots** at 10-24.<br><u>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. J.<br>**Additional Objections**:<br>**Rule 403**: Argumentative, Assumes Facts, Misleading. |
| **48.** BISHOP utilized the taser as an improvised blunt object to strike Plaintiff twice on the side of the head to subdue him.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. N at 03:04-3:30<br> see also Ex. K at pp 3<br> see also Ex. H at 44:20-45:15. | **Undisputed** that Bishop used excessive and unreasonable force beating Barnhill in the back of the head twice including while both hands were behind his back.<br><br>**Disputed** that these strikes were to subdue Barnhill's arm as opposed to intentionally inflict great bodily harm and unjustifiably punish him, given that Barnhill was not resisting.<br><br><u>Plaintiff/Opposing Party's Evidence</u>:<br>**Exh. 5, Barnhill Depo** at 122:10-24, 123:5-16, 124:9-20, 127:16-128:1 ("at all times I'm trying to do everything that the officers are telling me to do.") |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Exh. 8, Bishop Video Screenshots** at 10-36.<br>**Exh. 9, Maynard Video Screenshots** at 10-35.<br>**Exh. 10, Aguila Video Screenshots** at 10-24.<br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. K.<br>**Additional Objections**:<br>**Rule 403**: Argumentative, Assumes Facts, Misleading. |
| **49.**  Seeing Plaintiff start to get up and pushing his head and body against officers, BISHOP grabbed Plaintiff's hoodie area and pushed Plaintiff's head down towards the ground and it slammed.<br><br>Defendants/Moving Party's Evidence:<br>Ex. N at 03:15-3:22<br>  see also Ex. K at pp 3<br>  see also Ex. H at 60:17-63:7. | **Disputed**. Defendant Officers' credibility must be tested by a jury. Based on objective video evidence, it is indisputable that Bishop lifted Barnhill's head up and intentionally slammed it down on the ground with such force that it broke his orbital bone causing serious bodily injury.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 7, Injury Photos** at 1-5.<br>**Exh. 8, Bishop Video Screenshots** at 32-33.<br>**Exh. N, Bishop Video** at 03:20-03:25.<br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. K.<br>**Additional Objections**:<br>**Rule 403**: Argumentative, Assumes Facts, Misleading. |
| **50.**  Meanwhile, AGUILA struck Plaintiff several times around his right side ribs to get him to release his arm.<br><br>Defendants/Moving Party's Evidence: | **Undisputed** that Aguila used excessive and unreasonable force beating Barnhill in the back multiple times including while both hands were behind his back. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Ex. O at 02:45-2:57<br>  see also Ex. L at pp 1-2. | **Disputed** that these strikes were to release Barnhill's arm as opposed to intentionally cause harm and unjustifiably punish him, given that Barnhill was not resisting.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 10, Aguila Video Screenshots** at 16-23.<br>**Exh. O, Aguila Video** at 02:51-02:55.<br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. L.<br>**Additional Objections**:<br>**Rule 403**: Argumentative, Assumes Facts, Misleading. |
| **51.** After these combined efforts, MAYNARD was able to secure Plaintiff's right arm behind his back.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 03:05-03:20<br>  see also Ex. J at pp 3<br>  see also Ex. G at 50:3-52:21<br>Ex. N at 03:04-3:30<br>  see also Ex. K at pp 3<br>  see also Ex. H at 44:20-45:15, 60:17-63:7<br>Ex. O at 02:45-2:57<br>  see also Ex. L at pp 1-2. | **Disputed**, as phrased. Maynard was able to secure Barnhill's right hand behind his back as soon as Defendant Officers attempted to do so. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 1, Maynard Depo** at 52:11-14.<br>**Exh. 8, Bishop Video Screenshots** at 18-36.<br>**Exh. 9, Maynard Video Screenshots** at 26-37.<br>**Exh. 10, Aguila Video Screenshots** at 10-29.<br>**Exh. O, Aguila Video** at 02:51-02:54.<br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, K, and L.<br>**Additional Objections**: |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |
| **52.**    However, MAYNARD was unable to successfully secure Plaintiff into handcuffs.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 03:25-03:50<br>  see also Ex. J at pp 3. | **Disputed**, as phrased. Undisputed related to Maynard's general incomitance in not understanding the function of handcuffs. However, Barnhill was successfully secured in handcuffs.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 9, Maynard Video Screenshots** at 37.<br>**Exh. 10, Aguila Video Screenshots** at 25-31.<br>**Exh. M, Maynard Video** at 02:40-03:50.<br>**Exh. N, Bishop Video** at 02:40-03:50.<br>**Exh. O, Aguila Video** at 02:20-03:30. |
| **53.**    Officer KLINZING arrived and assisted MAYNARD and AGUILA in handcuffing Plaintiff's hands behind his back, making use of two sets of handcuffs.<br><br>Defendants/Moving Party's Evidence:<br>Ex. M at 03:30-04:00<br>  see also Ex. J at pp 3<br>Ex. O at 02:55-3:30<br>Ex. E at 34:6-34:20. | **Undisputed.**<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report.<br>**Objections:**<br>**Rule 401/402**: Relevance. |
| **54.**    Plaintiff was charged and detained for several counts of penal and vehicle code violations, including Penal Code Sections 148(A) for obstruction | **Disputed** as phrased for the purpose of this Motion. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| and resistance of officers, 30305(A)(1) for possession of ammunition, and 29800(A)(1) for possessing a firearm while being a felon.<br><br>Defendants/Moving Party's Evidence: Ex. D pp 1, 8. | *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown. **Rule 404**: Improper Character Evidence. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |
| **55.** Plaintiff was charged with violations of Vehicle Code Sections 2800.2 for evading arrest.<br><br>Defendants/Moving Party's Evidence: Ex. D at pp 1, 8. | **Disputed** as phrased for the purpose of this Motion.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown. **Rule 404**: Improper Character Evidence. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |
| **56.** Plaintiff was later convicted of Penal Code Sections 148(A), 30305(A)(1), 29800(A)(1), and Vehicle Code Sections 2800.2 on August 2, 2023.<br><br>Defendants/Moving Party's Evidence: Ex. P at pp 1-4. | **Undisputed**.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown. **Rule 404**: Improper Character Evidence. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **57.** Plaintiff filed this lawsuit on April 4, 2023.<br><br>Defendants/Moving Party's Evidence: Ex. B. | **Undisputed**. |
| **58.** Plaintiffs' First Claim for Relief is brought against individual officers under 42 U.S.C. § 1983 and is labeled Unreasonable Search and Seizure – Excessive Force.<br><br>Defendants/Moving Party's Evidence: Ex. B at pp 10. | **Undisputed**. |
| **59.** To support his First Claim, Plaintiff alleges that defendants were excessive in detaining him and violently tackled him, slammed his face and head into a brick wall, threw him to the ground, and beat on him.<br><br>Defendants/Moving Party's Evidence: Ex. B ¶¶ 36-39, 46-55<br>Ex. C, No. 2, 13, 14, 17, 42. | **Undisputed**. However, not limited to the use of unreasonable force used against Plaintiff. |
| **60.** Additionally, Plaintiff alleges that defendant officers unnecessarily tased him at least twice and struck him with the taser.<br><br>Defendants/Moving Party's Evidence: Ex. B ¶¶ 36-39, 46-55<br>Ex. C, No. 2, 13, 14, 17, 42. | **Undisputed**. |
| **61.** Plaintiff also alleges he sustained severe injuries including a blowout fracture to his orbital floor, an ear avulsion, and a large parieto-occipital hematoma. | **Undisputed**. However, not limited to Defendants selected serious injuries. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Defendants/Moving Party's Evidence: Ex. B ¶ 43 Ex. C, No. 6. | |
| **62.** Plaintiff's medical records indicate that he completed surgeries for his injuries, namely his orbital fracture and ear by December 2022 and the listed complaints were marked resolved as of 4/21/2023. Defendants/Moving Party's Evidence: Ex. R at pp 270 – 290. | **Undisputed** that Plaintiff suffered serious bodily injury, by definition, having been required to undergo surgery, thereby meeting the definition of deadly force used against him. |
| **63.** Plaintiffs' Second Claim for Relief is brought against CITY, GONZALEZ, and TIPTON and 42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy). Defendants/Moving Party's Evidence: Ex. B at pp 12. | **Undisputed**. However, this is not a material fact. |
| **64.** Plaintiff's Second Claim is based on several theories of unlawful policies and practices regarding excessive force, inadequate reporting and discipline, and a "blue wall of silence." Defendants/Moving Party's Evidence: Ex. B ¶¶ 36-39, 56-68 Ex. C, No. 1, 17. | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. The document speaks for itself. **Objections**: **Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading. **Rule 403/602/611**: Compound, Vague, Foundation. |
| **65.** Plaintiff also sets forth theories of failures to train, and supervise, and a practice of "allowing" unconstitutional behavior on the part of officers as identified, according to Plaintiff, in | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. The document speaks for itself. **Objections**: |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| settlements wherein suspects in officer-involved shooting and K-9 cases.<br><br>Defendants/Moving Party's Evidence:<br>Ex. B ¶¶ 36-39, 56-68<br>Ex. C, No. 1, 17. | **Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Foundation. |
| **66.**    Plaintiff's Third Claim for Relief is brought against CITY, GONZALEZ, and TIPTON and 42 U.S.C. §1983 (Municipal Liability – Failure to Train).<br><br>Defendants/Moving Party's Evidence:<br>Ex. B at pp 16. | **Undisputed**.<br><br>However, this is not a material fact. |
| **67.**    Plaintiff alleges theories of failure to train defendant officers on proper use of physical force, detention of an automobile, detention of a person, and arrest of a person and reiterates case settlement as showcasing failed training.<br><br>Defendants/Moving Party's Evidence:<br>Ex. B ¶¶ 36-39, 69-80<br>Ex. C, No. 1, 17. | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. The document speaks for itself.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Foundation. |
| **68.**    Plaintiff's Fourth Claim for Relief is brought against CITY, GONZALEZ, and TIPTON under 42 U.S.C. § 1983 (Municipal Liability – Ratification).<br><br>Defendants/Moving Party's Evidence:<br>Ex. B at pp 18. | **Undisputed**.<br><br>However, this is not a material fact. |
| **69.**    Plaintiff reiterates the theories of failures to train and failure to "penalize" officers who perform actions which have given rise to settled lawsuits.<br><br>Defendants/Moving Party's Evidence: | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. The document speaks for itself.<br><br>**Objections**: |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Ex. B ¶¶ 36-39, 81-93<br>Ex. C, No. 1, 17. | **Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Foundation. |
| **70.**    Plaintiffs' Fifth Claim for Relief is brought against all Defendants for Battery based on the same theories underlying Plaintiff's First Claim for Excessive Force.<br><br>Defendants/Moving Party's Evidence:<br>Ex. B at pp 21<br>Ex. B ¶¶ 94-100<br>Ex. C, No. 1, 2, 13, 14, 17, 42. | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. These are separate allegations and separate theories even if Plaintiff's Battery claim overlaps with other claims for relief.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Foundation. |
| **71.**    Plaintiffs' Sixth Claim for Relief is brought against all Defendants for Negligence based on the same theories that underly Plaintiff's First, Second, Third, and Fourth Claims.<br><br>Defendants/Moving Party's Evidence:<br>Ex. B at pp 22<br>Ex. B ¶¶ 101-107<br>Ex. C, No. 1, 2, 13, 14, 17, 42. | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. These are separate allegations and separate theories even if Plaintiff's Negligence claim overlaps with other claims for relief.<br><br>Plaintiff/Opposing Party's Evidence:<br>Doc. 1. |
| **72.**    Plaintiff's Seventh Claim for Relief is brought against all Defendants for Violations of Cal. Civil Code § 52.1 (*Bane Act*) based on the same allegations underlying Plaintiff's First Claim.<br><br>Defendants/Moving Party's Evidence:<br>Ex. B at pp 24<br>Ex. B ¶¶ 108-115 | **Undisputed** generally for the purposes of this motion, although the Complaint speaks for itself recognizing that they are separate allegations. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Ex. C, No. 1, 2, 13, 14, 17, 42. | |
| **73.**  In discovery, Plaintiff fails to point to any definitive policy or practice, formalized or informal, implemented by CITY or HPD in support of his claims.<br><br>Defendants/Moving Party's Evidence: Ex. C, No. 1, 2, 13, 14, 17, 42. | **Disputed**.<br><br>Plaintiff/Opposing Party's Evidence: **Plaintiff's Additional Material Facts ¶¶181-222.**<br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading.<br>**Rule 602/611/702**: Compound, Overly Broad, Lacks Foundation, Speculation, Calls for Expert Opinion. |
| **74.**  At deposition, Plaintiff testified multiple times that his memory on April 29, 2022 and at time of being deposed was distorted.<br><br>Defendants/Moving Party's Evidence: Ex. F at pp 52:23-53:20, 85:2-87:4, 92:4-92:19, 98:18-99:5. | **Undisputed** to the extent that Plaintiff's memory is distorted because he was chest-down on the ground, unable to see what was happening behind him, while he was being beaten by multiple officers and simultaneously Tased; further Undisputed that Plaintiff suffered a traumatic brain injury and severe head trauma as a direct result of Defendants' use of deadly force.<br><br>**Disputed** to the extent that Defendants argue that Plaintiff has no memory of the incident.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. F, Barnhill Depo** at 52:23-53:20, 85:2-87:4, 92:4-92:19, 98:18-99:5 (see for interpretation of testimony in context and in the light most favorable to Plaintiff).<br>**Exh. R, Plaintiff Medical Records** at 126 (blow out fracture of orbit, concussion).<br>**Dr. O'Connor Decl ¶5, Attachment A, Dr. O'Connor Expert Report at 3-5.** |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Mischaracterization of Testimony, Argumentative, Misleading. |
| **75.**     Plaintiff testified that he only remembered parts of April 29, 2022 and found it difficult to distinguish between his memories and false or created memories.<br><br>Defendants/Moving Party's Evidence: Ex. F at pp 98:18-99:5. | **Undisputed** to the extent that Plaintiff's memory is distorted because he was chest-down on the ground, unable to see what was happening behind him, while he was being beaten by multiple officers and simultaneously Tased; further Undisputed that Plaintiff suffered a traumatic brain injury and severe head trauma as a direct result of Defendants' use of deadly force.<br><br>**Disputed** to the extent that Defendants argue that Plaintiff has no memory of the incident. Further Disputed as phrased to the extent that Defendants are arguing that Plaintiff attempted to make up memories. During his deposition, Plaintiff explained that information was told to him, and he saw video of the incident, combined with his memory, he was doing the best he could to piece everything together and answer the questions.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. F, Barnhill Depo** at 52:23-53:20, 85:2-87:4, 92:4-92:19, 98:18-99:5 (see for interpretation of testimony in context |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | and in the light most favorable to Plaintiff).<br>**Exh. R, Plaintiff Medical Records** at 126 (blow out fracture of orbit, concussion).<br>**Dr. O'Connor Decl** ¶5, Attachment A, Dr. O'Connor Expert Report at 3-5.<br><br><u>**Objections**</u>:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **76.**   Insofar as Plaintiff knows, he does not need any further surgeries or medications for his claimed injuries as a result of the encounter with police on April 29, 2022.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. F at pp 144:25-145:14, 149:10-149:24. | **Disputed** as phrased.<br><u>Plaintiff/Opposing Party's Evidence</u>:<br>**Exh. F, Barnhill Depo** at 144:24-145:14 (I have a torn rotator cuff that is in the process of determining whether surgery is needed or not (cleaned up)) ("that's the only thing that I know that I have to do").<br><br><u>**Objections**</u>:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading, Calls for Speculation, Lacks Foundation.<br><br>**Rule 701/702**: Calls for Expert Opinion, Calls for Improper Layperson Opinion. |
| **77.**   Incorporated into HPD's policy manual is a Use of Force policy effective at the time of Plaintiff's detention which accounts for all of the following: the proper use of force to effectuate arrests, determining reasonable force for several categories of suspects, and de-escalation and prevention techniques. | **Undisputed**, it is appropriate to not and/or no longer use force on a person who is not and/or is no longer a threat. Undisputed that any reasonable officer that was adequately trained, knew and understood the policy, and followed City policy, would not have used the force, including deadly force, against Barnhill as Defendant Officers did, and |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| <u>Defendants/Moving Party's Evidence</u>: Ex. Q in total. | a reasonable officer would have intervened to prevent and stop such excessive and unreasonable force. |
| | **Undisputed** that by Exh. Q Use of Force <u>Policy 300.1.1</u> defines deadly force as it applies to this matter pursuant to Penal Code § 835a; defines serious bodily injury as it applies to this matter pursuant to Penal Code §243(f)(4); <u>300.2.1 Duty to Intercede</u> is defined as it applies to this matter pursuant to Govt. Code §7286; 300.3.1 Alternative Tactics – De-Escalation – is defined as it applies to this matter; and <u>300.4 Deadly force Applications</u> – is defined as it applies to this matter pursuant to Penal Code § 835a – all of which were violated by Defendant Officers. |
| | **Disputed** as phrased; Disputed that Defendants' Policy is understandable, practical or adequate. The policy does not support Defendants' contentions. |
| | <u>Plaintiff/Opposing Party's Evidence</u>: **Exh. Q** in total. |
| | **Clark Decl** ¶7-13. |
| | <u>**Objections**</u>: **Rule 403**: Argument, Misstatement of Fact, Misstates the Law, Misleading. |
| **78.**    Defendant Officers' training profiles up to and with HPD include annual review of a vehicle pursuit policy, taser training, use of force training, arrest and control tactics, and critical legal issues regarding use of force.<br><br><u>Defendants/Moving Party's Evidence</u>: | **Undisputed**, that the document titled "Individual Training Activity" lists training subjects without admission as to whether any such training occurred or whether any such training was adequate.<br><br>**Disputed** as phrased giving any inference that the Defendant Officers |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Ex. S at pp 2-3, 6<br>  see also Ex. E at pp 12:4-13:18<br>Ex. T at pp 1-3, 5-6<br>Ex. U at pp 2-3, 6-7<br>Ex. V at pp 2-3, 6. | were adequately trained, understood the training, or followed the training.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Argumentative, Vague as Ambiguous, Overbroad, Compound, Lacks Foundation. |
| **79.**    MAYNARD testified he has never had a sustained finding of excessive force.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. G at pp 16:10-16:24. | **Undisputed** for the purposes of this motion, further undisputed that Defendant City has a pattern and practice of not sustaining a finding of excessive force. Undisputed that Maynard's use of excessive force was ratified by City. |
| **80.**    MAYNARD testified he has been named in one lawsuit which was closed.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. G at pp 16:10-16:24. | **Undisputed** for the purposes of this motion.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial.<br>**Rule 404**: Impermissible Character Evidence. |
| **81.**    BISHOP testified he has never had a sustained finding of excessive force.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. H at pp 26:13-14:20 | **Undisputed** for the purposes of this motion, further undisputed that Defendant City has a pattern and practice of not sustaining a finding of excessive force. Undisputed that Bishop's use of excessive force was ratified by City. |
| **82.**    BISHOP testified he has never been named in a lawsuit.<br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. H at pp 26:13-14:20. | **Undisputed** for the purposes of this motion.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Rule 404**: Impermissible Character Evidence. |
| **83.** KLINZING testified he has never had a sustained finding of excessive force. <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. E at pp 14:21-15:1. | **Undisputed** for the purposes of this motion, further undisputed that Defendant City has a pattern and practice of not sustaining a finding of excessive force. |
| **84.** In his 25 year tenure, KLINZING testified he was named in two lawsuits, one with LAPD where he was alleged to have used excessive force. <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. E at pp 16:24-17:13, 25:14-26:8. | **Undisputed** for the purposes of this motion, further undisputed that Defendant City has a pattern and practice of not sustaining a finding of excessive force. Undisputed that Klinzing's conduct, omission, lack of supervision, and failure to intervene was ratified by City. <br><br> <u>**Objections**</u>: <br> **Rule 401/402**: Relevance. <br> **Rule 403**: Unduly Prejudicial. <br> **Rule 404**: Impermissible Character Evidence. |
| **85.** In discovery, Plaintiff does not identify evidence or facts indicating that MAYNARD, BISHOP, AGUILA or KLINZING had sustained findings of excessive force against them. <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. B ¶¶ 36-39, 69-80 <br> Ex. C. | **Disputed** as phrased for the purpose of this Motion. Plaintiff Complaint at Ex. B ¶¶ 36-39, 69-80, does not allege that Defendant Officers had a sustained finding of excessive force against them. Rather, Defendant Officers used excessive force, they were not adequately trained, and City ratified the use of excessive force. <br><br> <u>Plaintiff/Opposing Party's Evidence</u>: <br> **Exh. 12, Maynard RFA Responses** No. 12 at 11:12-27 (denied that City communicated to Officers that his use of force did not violate policy, by reasonable inference there may be a sustained finding). |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Exh. 13, Aguila RFA Responses** No. 14 at 12:17-13:4 (same).<br>**Exh. 14, Bishop RFA Responses** No. 14 at 12:17-13:4 (same).<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Assumes Facts, Misstates Facts, Misleading.<br>**Rule 403/602/611**: Lacks Foundation. |
| **86.**    In discovery, Plaintiff does not identify evidence or facts indicating that MAYNARD, BISHOP, or AGUILA were named lawsuits wherein they were accused of using excessive force.<br><br>Defendants/Moving Party's Evidence:<br>Ex. B ¶¶ 36-39, 69-80<br>Ex. C. | **Disputed** as phrased for the purpose of this Motion. Plaintiff did not allege that Defendant Officers were named any additional lawsuits. Rather, Defendant Officers used excessive force, they were not adequately trained, and City ratified the use of excessive force.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Assumes Facts, Misstates Facts, Misleading.<br>**Rule 403/602/611**: Lacks Foundation. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES