# "EXHIBIT 11"

Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
Khouloud Pearson (State Bar No. 323108)
  *Khouloud.Pearson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, , CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>District Judge: Jesus G. Bernal<br>Magistrate Judge:  Sheri Pym<br><br>**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**<br><br><br>Trial Date:       N/A |

PROPOUNDING PARTY:   Plaintiff HENRY BARNHILL

RESPONDING PARTY:   Defendant CITY OF HEMET

SET NO.:   One

speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 6:**

Defendant OFFICERS were not disciplined as a result of their conduct during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party admit this Request.

**REQUEST FOR ADMISSION NO. 7:**

Defendant OFFICERS were not required to repeat any prior training as a result of their conduct during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it

8

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party admit this Request.

**REQUEST FOR ADMISSION NO. 8:**

Defendant OFFICERS were not required to undergo any additional training as a result of their conduct during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party admit this Request.

**REQUEST FOR ADMISSION NO. 9:**

The CITY concluded that the use of force by Defendant OFFICERS against MR. BARNHILL did not violate any CITY policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party admit this Request.

**REQUEST FOR ADMISSION NO. 10:**

When Defendant OFFICERS used force during the INCIDENT, MR. BARNHILL was not an immediate threat of death or serious bodily injury to any person.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

employees made within the scope of his or her employment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 29:**

OFFICERS were trained at the time of the INCIDENT that the authority to use physical force, conferred on peace officers, is a serious responsibility that shall be exercised judiciously and with respect for human rights and dignity and for the sanctity of every human life.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule

21

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 30:**

OFFICERS were trained at the time of the INCIDENT that peace officers can only use deadly force according to the California Penal Code when necessary, in defense of human life.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 31:**

OFFICERS were trained at the time of the INCIDENT that in determining whether deadly force is necessary, peace officers shall use other available resources and techniques if reasonably safe and feasibly to an objectively reasonable officer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 35:**

OFFICERS were trained at the time of the INCIDENT to only use deadly force when all other means of control are unreasonable or have been exhausted.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 36:**

OFFICERS were trained at the time of the INCIDENT that the decision to use deadly force cannot be based on their subjective fear alone but must be objectively reasonable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or

1  defenses and is not proportional to the needs of the case under Federal Rule of Civil
2  Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion,
3  speculation, and the application of law to disputed facts, in violation of Federal Rule
4  of Civil Procedure 36(a). The Request is argumentative and phrased in a manner
5  intended to elicit an admission of liability rather than discover admissible facts.
6        Without waiving these objections and subject thereto, Responding Party
7  denies this Request.

**REQUEST FOR ADMISSION NO. 37:**

OFFICERS were trained at the time of the INCIDENT to only use deadly force in the immediate defense of life or serious bodily injury.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 38:**

OFFICERS were trained at the time of the INCIDENT that they must justify every use of force deployed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

**Objection.** Responding Party incorporates by reference here each of the

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 44:**

OFFICERS were trained at the time of the INCIDENT that the goal for the use of force by a peace officer in any enforcement situation is to gain control of the situation or individual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 45:**

OFFICERS were trained at the time of the INCIDENT that whenever

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

possible; peace officers should attempt to generate voluntary compliance without resorting to physical force.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 46:**

OFFICERS were trained at the time of the INCIDENT that deadly force includes the use of alternative weapons, under certain circumstances.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner

1 The Request also seeks information that is irrelevant to any party's claims or
2 defenses and is not proportional to the needs of the case under Federal Rule of Civil
3 Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion,
4 speculation, and the application of law to disputed facts, in violation of Federal Rule
5 of Civil Procedure 36(a). The Request is argumentative and phrased in a manner
6 intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 49:**

MR. BARHNILL did not consent to the uses of force against him.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 50:**

OFFICERS were trained at the time of the INCIDENT that deadly force means any use of force that creates a substantial risk of causing death or serious bodily injury.

33
**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 51:**

OFFICERS were trained at the time of the INCIDENT that deadly force is not limited to the use of a firearm.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party

34

RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL

1 denies this Request.

2 **REQUEST FOR ADMISSION NO. 52:**

3 OFFICERS were trained at the time of the INCIDENT that a threat of death
4 or serious bodily injury is "imminent" when, based on the totality of the
5 circumstances, a reasonable officer in the same situation would believe that a person
6 has the present ability, opportunity, and apparent intent to immediately cause death
7 or serious bodily injury to the peace officer or another person.

8 **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

9 **Objection.** Responding Party incorporates by reference here each of the
10 objections stated in the General Objections section, supra.

11 Responding Party objects to this Request for Admission on the grounds that it
12 is vague, ambiguous, overly broad, compound, and assumes facts not in evidence.
13 The Request also seeks information that is irrelevant to any party's claims or
14 defenses and is not proportional to the needs of the case under Federal Rule of Civil
15 Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion,
16 speculation, and the application of law to disputed facts, in violation of Federal Rule
17 of Civil Procedure 36(a). The Request is argumentative and phrased in a manner
18 intended to elicit an admission of liability rather than discover admissible facts.

19 Without waiving these objections and subject thereto, Responding Party
20 denies this Request.

21 **REQUEST FOR ADMISSION NO. 53:**

22 OFFICERS were trained at the time of the INCIDENT that an imminent harm
23 is not merely a fear of future harm, no matter how great the fear and no matter how
24 great the likelihood of the harm, but is one that, from appearances, must be instantly
25 confronted and addressed.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

27 **Objection.** Responding Party incorporates by reference here each of the
28 objections stated in the General Objections section, supra.

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

1  Responding Party objects to this Request for Admission on the grounds that it
2  is vague, ambiguous, overly broad, compound, and assumes facts not in evidence.
3  The Request also seeks information that is irrelevant to any party's claims or
4  defenses and is not proportional to the needs of the case under Federal Rule of Civil
5  Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion,
6  speculation, and the application of law to disputed facts, in violation of Federal Rule
7  of Civil Procedure 36(a). The Request is argumentative and phrased in a manner
8  intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 54:**

OFFICERS were trained at the time of the INCIDENT that "totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of the peace officer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

DATED: November 6, 2025

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *Khouloud E. Pearson*

Eugene P. Ramirez
Andrea Kornblau
Khouloud Pearson
Attorneys for Defendants, , CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On November 6, 2025, I served true copies of the following document(s) described as **RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL** on the interested parties in this action as follows:

| | |
|---|---|
| LAW OFFICES OF GRECH & PACKER<br>Trenton C. Packer, Esq.<br>7095 Indiana Ave., Suite 200<br>Riverside, CA 92506<br>Tel: (951) 682-9311<br>Fax: (951) 682-4289<br>Email: trentpackerlaw@gmail.com<br>tpacker@grechpackerlaw.com<br><br>*Attorneys for Plaintiff, Henry Barnhill* | LAW OFFICES OF DALE K. GALIPO<br>Dale K. Galipo, Esq. (lead counsel)<br>Marcel F. Sincich, Esq.<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, California 91367<br>Telephone: (818) 347-3333<br>Facsimile: (818) 347-4118<br>Emails: dalekgalipo@yahoo.com<br>msincich@galipolaw.com<br><br>*Attorneys for Plaintiff, Henry Barnhill* |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address Khouloud.Pearson@manningkass.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 6, 2025, at Los Angeles, California.

*/s/ Khouloud E. Pearson*
Khouloud Pearson