# "EXHIBIT 14"

1  Eugene P. Ramirez (State Bar No. 134865)
     *eugene.ramirez@manningkass.com*
2  Andrea Kornblau (State Bar No. 291613)
     *andrea.kornblau@manningkass.com*
3  Khouloud Pearson (State Bar No. 323108)
     *Khouloud.Pearson@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999

7

8  Attorneys for Defendants, , CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| HENRY BARNHILL,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>District Judge: Jesus G. Bernal<br>Magistrate Judge: Sheri Pym<br><br>**RESPONSES OF DEFENDANT OFFICER JOSHUA BISHOP TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**<br><br>Trial Date:      N/A |

PROPOUNDING PARTY:  Plaintiff HENRY BARNHILL

RESPONDING PARTY:  Defendant JOSHUA BISHOP

SET NO.:  One

the extent that they seek to have Responding Party furnish information that is proprietary to Responding Party and contain confidential information.

8. Responding Party expressly incorporates each of the foregoing General Objections into each specific response to the requests set forth below as if set forth in full therein. An answer to a request is not intended to be a waiver of any applicable specific or general objection to such request.

Without waiver of the foregoing, Responding Party further responds as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

YOU used force against MR. BARNHILL during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 2:**

YOU used deadly force against MR. BARNHILL during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

**Objection.** Responding Party incorporates by reference here each of the

1  INCIDENT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

3  **Objection.** Responding Party incorporates by reference here each of the
4  objections stated in the General Objections section, supra.

5  Responding Party objects to this Request for Admission on the grounds that it
6  is vague, ambiguous, overly broad, compound, and assumes facts not in evidence.
7  The Request also seeks information that is irrelevant to any party's claims or
8  defenses and is not proportional to the needs of the case under Federal Rule of Civil
9  Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion,
10 speculation, and the application of law to disputed facts, in violation of Federal Rule
11 of Civil Procedure 36(a). The Request is argumentative and phrased in a manner
12 intended to elicit an admission of liability rather than discover admissible facts.

13 Without waiving these objections and subject thereto, Responding Party
14 denies this Request.

15 **REQUEST FOR ADMISSION NO. 5:**

16 MR. BARNHILL was injured during the INCIDENT.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

18 **Objection.** Responding Party incorporates by reference here each of the
19 objections stated in the General Objections section, supra.

20 Responding Party objects to this Request for Admission on the grounds that it
21 is vague, ambiguous, overly broad, compound, and assumes facts not in evidence.
22 The Request also seeks information that is irrelevant to any party's claims or
23 defenses and is not proportional to the needs of the case under Federal Rule of Civil
24 Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion,
25 speculation, and the application of law to disputed facts, in violation of Federal Rule
26 of Civil Procedure 36(a). The Request is argumentative and phrased in a manner
27 intended to elicit an admission of liability rather than discover admissible facts.

28 Without waiving these objections and subject thereto, Responding Party

**RESPONSES OF DEFENDANT OFFICER JOSHUA BISHOP TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

denies this Request.

**REQUEST FOR ADMISSION NO. 6:**

MR. BARNHILL was harmed during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 7:**

YOUR use of force against MR. BARNHILL was a cause of his pain suffered during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule

**RESPONSES OF DEFENDANT OFFICER JOSHUA BISHOP TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 10:**

YOUR use of force during the INCIDENT was intentional.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 11:**

YOU were not disciplined as a result of YOUR conduct during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

**Objection.** Responding Party incorporates by reference here each of the

objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 12:**

YOU were not required to repeat any prior training as a result of YOUR conduct during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 13:**

YOU were not required to undergo any additional training as a result of YOUR conduct during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 14:**

A CITY official communicated to YOU that YOUR use of force against MR. BARNHILL did not violate any CITY policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule

**RESPONSES OF DEFENDANT OFFICER JOSHUA BISHOP TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 15:**

When YOU used force during the INCIDENT, MR. BARNHILL was not an immediate threat of death or serious bodily injury to any person.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

**REQUEST FOR ADMISSION NO. 16:**

PLAINTIFF'S hands were visibly empty when YOU arrived on scene.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

**Objection.** Responding Party incorporates by reference here each of the objections stated in the General Objections section, supra.

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or

**RESPONSES OF DEFENDANT OFFICER JOSHUA BISHOP TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**

Responding Party objects to this Request for Admission on the grounds that it is vague, ambiguous, overly broad, compound, and assumes facts not in evidence. The Request also seeks information that is irrelevant to any party's claims or defenses and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Further, this Request improperly calls for a legal conclusion, speculation, and the application of law to disputed facts, in violation of Federal Rule of Civil Procedure 36(a). The Request is argumentative and phrased in a manner intended to elicit an admission of liability rather than discover admissible facts.

Without waiving these objections and subject thereto, Responding Party denies this Request.

DATED:  November 6, 2025

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *Khouloud E. Pearson*
Eugene P. Ramirez
Andrea Kornblau
Khouloud Pearson
Attorneys for Defendants, , CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On November 6, 2025, I served true copies of the following document(s) described as **RESPONSES OF DEFENDANT OFFICER JOSHUA BISHOP TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL** on the interested parties in this action as follows:

| | |
|---|---|
| LAW OFFICES OF GRECH & PACKER<br>Trenton C. Packer, Esq.<br>7095 Indiana Ave., Suite 200<br>Riverside, CA 92506<br>Tel: (951) 682-9311<br>Fax: (951) 682-4289<br>Email: trentpackerlaw@gmail.com<br>tpacker@grechpackerlaw.com<br>*Attorneys for Plaintiff, Henry Barnhill* | LAW OFFICES OF DALE K. GALIPO<br>Dale K. Galipo, Esq. (lead counsel)<br>Marcel F. Sincich, Esq.<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, California 91367<br>Telephone: (818) 347-3333<br>Facsimile: (818) 347-4118<br>Emails: dalekgalipo@yahoo.com<br>msincich@galipolaw.com<br>*Attorneys for Plaintiff, Henry Barnhill* |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address Khouloud.Pearson@manningkass.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 6, 2025, at Los Angeles, California.

*/s/ Khouloud E. Pearson*
Khouloud Pearson

---

1
**RESPONSES OF DEFENDANT OFFICER JOSHUA BISHOP TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF HENRY BARNHILL**