**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951) 682-9311
Email:tpacker@grechpackerlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:23-cv-00589-JGB-SP<br><br>[*Honorable Jesus G. Bernal Magistrate Judge Sheri Py*]]<br><br>**PLAINTIFF'S OBJECTIONS TO EXHIBITS PRESENTED IN DEFENDANTS' SEPARATE STATEMENT**<br><br>[*Filed concurrently with* Plaintiff's Opposition to Defendants' Motion for Summary Judgment; Memorandum of Points and Authorities in support thereof; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Roger Clark; Declaration of Doctor Ryan O'Connor; Plaintiffs' Statement of Genuine Disputes and Additional Material Facts]<br><br>Hearing:  February 9, 2026<br>Time:     10:00 a.m.<br>Crtrm:    1<br><br>Trial Date: April 7, 2026<br>Complaint Filed: April 4, 2023 |

# PLAINTIFF'S OBJECTIONS TO EXHIBITS PRESENTED IN DEFENDANTS' SEPARATE STATEMENT

To assist the Court, Plaintiff provides objections to inadmissible and irrelevant exhibits repeatedly cited by Defendants that the Ninth Circuit and Supreme Court have clearly stated cannot be considered in determining the reasonableness of an officer's use of deadly force. These objections apply uniformly to each of the several Defendants' Separate Statement paragraphs cited herein. When there are additional objections to Defendants' exhibits or specific information from those exhibits particular to the separate statement paragraph, those are listed within Plaintiff's Statement of Genuine Disputes filed concurrently herewith. Plaintiff contends that the following exhibits should not be considered at all in evaluating Defendants' Motion:

Objection to Defendants' **Exhibit A** – Hemet Police Department's Audio Recordings detailing a 911 Dispatch Call from Plaintiff's girlfriend from 4/29/2022, on the grounds that it is obviously information unknown to officers. There is never a contention by the officers that they knew what the 911 caller stated or ever heard the 911 call. The only information the Defendant Officers knew besides their own observations was that information provided to them either over the radio by dispatch, which Defendants fail to provide as an exhibit and/or as indicated on their mobile data computer, which Defendants also did not provide as an exhibit. This exhibit should not be considered because it is irrelevant and unduly prejudicial. Fed. R. Evid. 401, 402, 403, 801.

Objection to Defendants' **Exhibit D** – Hemet Police Department's April 29, 2022 Booking Records regarding Plaintiff Henry Barnhill (HPD 000001-000009) on the grounds that it is obviously information unknown to officers at the time of the use of force incident. This exhibit was created after the use of force incident and was, therefore, unknown to officers at the time they beat Plaintiff. This exhibit should not be considered because it is irrelevant and unduly prejudicial, includes

layer of hearsay, lacks foundation, and includes impermissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801.

Objection to Defendants' **Exhibit J** (Officer Maynard Crime Incident Report HPD 000078-000111), **Exhibit K** (Officer Bishop Supplemental Use of Force Report HPD 000053-000057), and **Exhibit L** (Officer Aguila Supplemental Report HPD 000061-000064) on the grounds that these exhibits, which were undeniably created after the use of force incident, contain information completely unknown to officers at the time of the incident. This exhibit should not be considered because it is irrelevant and unduly prejudicial, includes layer of hearsay, lacks foundation, and includes impermissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801.

Objection to Defendants' **Exhibit P** – Plaintiff's criminal case No. BAF2300330 Case Report (CPD 138-139) on the grounds that it is obviously information unknown to officers. This exhibit should not be considered because it is irrelevant, unduly prejudicial, and inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801.

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Plaintiff Henry Barnhill. The central issue in this case is whether the use of force and deadly force used against Barnhill was excessive. The analysis is limited to information known to Officers at the time the force was used. Defendants' erroneous attempt to use inadmissible information unknown is a distraction intended to inflame passions against Plaintiff should not be considered.

Plaintiff objects on the grounds that Defendants' exhibits cited do not establish the absence of a genuine dispute. Pursuant to Local Rule 56-1, these exhibits do not present material facts. A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown

to Defendants is immaterial. *See Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways.").

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Rules 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983).

After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011). In *Glenn*, unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id*. Rejecting the "suggestion that…these statements provide uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement," the Ninth Circuit reiterated, "**[w]e cannot consider evidence of which the officers were unaware**…" *Id.* at 873, n.8, citing *Graham*, 490 U.S. at 396 (emphasis added). Accordingly, any

evaluation here "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Id.*; Ninth Circuit Model Jury Inst. 9.25.

Defendants' exhibits are irrelevant and inadmissible because they were not part of the "totality of the circumstances" facing the Officers at the time of their use of deadly force. *See Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics...are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time'"—even though the facts of the incident were profoundly disputed); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008) (excluding drug evidence because it was unknown to defendants).

Moreover, under Rule 404, the foregoing exhibits cannot be used to prove that Barnhill acted in conformity with some sort of general "bad character" during the incident. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). <u>Mr. Barnhill's character is not an essential element to this matter</u>.

**Exhibits A**, **D**, **J - L** and **P**, all contain information which was unknown to the officers. In fact, most of these exhibits contain information produced *after the fact*. As such, each exhibit should not be considered under Rule 403 since any probative value it may have is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, wasting time, and needlessly

presenting cumulative evidence. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame and evoke anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the [decedent]...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the [decedent's] culpability or status as a presumed drug dealer justify the Defendant's use of force against him."); *Wisler*, 2008 WL 2954179, at *5; *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008). The exhibits Defendants submit as indicated herein have minimal if any probative value at all. Yet Defendants seek to repeatedly introduce prejudicial information unknown to Officers. Defendants must not be permitted to needlessly present witnesses and documents all to repeat the same or similar information that Officers cannot even testify to from personal knowledge at the time. The focus of this matter should properly remain on the Officers' conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police).

Finally, Plaintiffs object that the identified exhibits as having multiple layers of hearsay without exception under Federal Rule of Evidence 801, 802, and 805.

This exact issue was recently addressed by the Honorable Judge Consuelo B. Marshall in the court's October 14, 2025 Order re. Evidentiary Objections re Defendants' Motion for Summary Judgment, in the matter of *E.V., et al v. City of Covina, et al.*, Case No. 5:23-cv-1562-CBM-SHK. (Attached hereto as **Exhibit A**.) There, the defendants also attempted to submit 911 call audio and department incident reports, as well as other information unknown. The court sustained the plaintiffs' objections because the exhibits "are not relevant to what the Defendant

Officers knew at the time incident in determining whether the officers' use of deadly force was reasonable" (e.g., at 2:13-15.)

     Therefore, Plaintiff respectfully requests that these exhibits be stricken from the record, not considered in evaluating Defendants' Motion, and that any "fact" cited by defendants that is supported by any of these exhibits also be stricken and not considered for determining this dispositive motion.

DATED:  January 19, 2026          **LAW OFFICES OF DALE K. GALIPO**

                                             **GRECH, PACKER, & HANKS**

                          By:       */s/    Marcel F. Sincich*
                                Dale K. Galipo, Esq.
                                Marcel F. Sincich, Esq.
                                Trenton C. Packer, Esq.
                                *Attorneys for Plaintiffs*

# ATTACHEMENT A

to Plaintiff's Objections to Defendants' Exhibits
**ORDER RE EVIDENTIARY OBJECTIONS TO MOTION FOR SUMMARY JUDGEMENT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez, et al.,<br><br>　　　　Plaintiffs,<br>v.<br>CITY OF COVINA et al.,<br>　　　　Defendants. | Case No.: 5:23-cv-1562-CBM-SHK<br><br>**ORDER RE: EVIDENTIARY OBJECTIONS RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

The parties filed evidentiary objections to evidence filed in connection with Defendants' motion for summary judgment. (Dkt. Nos. 48-3, 54-6.) The Court rules on the parties' evidentiary objections as follows.

**A.　Plaintiffs' Evidentiary Objections (Dkt. Nos. 48-3)**

**　　1.　Defendants' Ex. 4 – Officer Avila's Body-Worn Camera Video (CPD 55); and Defendants' Ex. 5 – Officer Avila's Body-Worn Camera Video (CPD 955)**

Plaintiffs object to Defendants' Exs. 4 and 5 on the ground such "after-acquired information" unknown to the Officer Defendants should not be considered by the Court pursuant to Fed. R. Evid. 401, 402, 403, 404 and 801. Plaintiffs also object on the grounds Logan's statements are not under oath, in distress, lack credibility, lack foundation, call for speculation, and include

inappropriate opinion testimony under Fed. R. Evid. 403, 602, and 601 which Defendants improperly characterize as "facts." The Court SUSTAINS Plaintiffs' objections to Defendants' Exs. 4 and 5 because they are not relevant to what the Defendant Officers knew at the time incident in determining whether the officers' use of deadly force was reasonable, deliberately indifferent or shocked the conscience, or was negligent. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

   2. **Defendants' Ex. 6 – 911 call (CPD 1); Ex. 7 – 911 call (CPD 3), and Ex. 8 – 911 call (CPD 4)**

  Plaintiffs object to Defendants' Exs. 6, 7, and 8 on the grounds they are irrelevant and unduly prejudicial under Fed. R. Evid. 401, 402, 403 and 801 because they are information unknown to the Officer Defendants. The Court SUSTAINS Plaintiffs' objections to Defendants' Exs. 6, 7, and 8 because they are not relevant to what the Defendant Officers knew at the time incident in determining whether the Defendant Officers' use of deadly force was reasonable, deliberately indifferent or shocked the conscience, or was negligent. *See Kingsley*, 576 U.S. at 397.

   3. **Defendants' Ex. 24 – Covina Police Department Complete Incident Report (CPD 87-115)**

  Plaintiffs object to Defendants' Ex. 24 pursuant to Fed. R. Evid. 401, 402, 403 and 801 on the grounds it is irrelevant because it is information unknown to the Officer Defendants, cumulative, inappropriate to file documents and pages of documents that are not used to support a contention, unduly prejudicial, and includes several layers of hearsay.

  Contrary to Plaintiffs' contention that Defendants' Ex. 24 is not used to support a contention, Defendants' Ex. 24 is cited in support of various statement of facts of Defendants in support of Defendants' Motion for summary judgment. (*See, e.g.*, Defendants' Statement of Fact Nos. 25, 26, 27, 135, 144, 157.) To the

2

extent Defendants' Ex. 24 includes hearsay statements offered for the truth of the matter asserted, those hearsay statements are inadmissible and the Court SUSTAINS Plaintiffs' objections thereto. (*See, e.g.,* Defendants' Statement of Fact No. 157.) The portions of Defendants' Ex. 24 regarding reports from non-party officers who arrived at the scene after the incident (*see, e.g.,* Defendants' Ex. 24 at pp.1-14, 17-24) and non-party officers regarding their view of the scene (*see, e.g., id.* at 25), and a property report and list of witnesses (*see id.* 26-30) are not relevant to what the Defendant Officers knew at the time incident in determining whether the Defendant Officers' use of deadly force was reasonable, deliberately indifferent or shocked the conscience, or was negligent. *See Kingsley*, 576 U.S. at 397. However, the CAD Call info/comments in Defendants' Ex. 24 (*see* Defendants' Ex. 24 at p.15) contain information known to officers at the time of the incident and is not prejudicial. Therefore, the Court SUSTAINS Plaintiffs' objections to Defendants' Ex. 24, except as Plaintiff's objections to the CAD Call info/comments on Defendants' Ex. 24 at 15 which are OVERRULED.

    **4.** **Defendants' Ex. 25 – Department of Justice "Report on the Investigation into the Death of Daniel Luis Valdivia on April 9, 2022"** (hereinafter, "DOJ Report")

Plaintiffs object to the entirety of Defendants' Ex. 25 on the grounds it is irrelevant and unduly prejudicial pursuant to Fed. R. Evid. 401, 402, 403 and 801 because it is information unknown to the Officer Defendants, cumulative, inappropriate to file documents and pages of documents that are not used to support a contention, unduly prejudicial, includes several layers of hearsay, and includes conclusions based on a different standard of proof.

Contrary to Plaintiffs' contention that Defendants' Ex. 25 is not used to support a contention, Defendants' Ex. 25 is cited in support of various statement of facts of Defendants in support of Defendants' Motion for summary judgment. (*See, e.g.,* Defendants' Statement of Fact Nos. 145, 158, 159, and 160.)

1	Moreover, "[t]he findings of the DOJ Report are not hearsay under Federal Rule
2	of Evidence Rule 803(8), which states that 'a record or statement of a public
3	office' is not hearsay "if it sets out ... factual findings from a legally authorized
4	investigation." *Amie v. Cnty. of Los Angeles*, 2015 WL 13916130, at *5 (C.D.
5	Cal. Dec. 30, 2015) (citing Fed. R. Evid. 803(8)). The DOJ Report is not unduly
6	prejudicial. However, Defendants cite the DOJ Report in support of Defendants'
7	Statement of Fact No. 160 which states: "Pursuant to California Assembly Bill
8	1506, the California DOJ conducted a thorough investigation of the incident and
9	issued a report in August 2024, concluding that, based on the totality of
10	circumstances, the evidence did not demonstrate that the Officer Defendants'
11	actions were unreasonable." The burden of proof for criminal prosecution applied
12	in the DOJ's Report is different from the burden of proof applicable in this civil
13	case. Therefore, the Court SUSTAINS Plaintiffs' objections to Defendants' Ex.
14	25 to the extent Defendants rely on the DOJ's findings therein to demonstrate that
15	the Defendants Officers' actions were reasonable.

    **5.     Defendants' Ex. 27 – Toxicology Report (CPD 138-139)**

    Plaintiffs object to Defendants' Ex. 27 on the ground it is information unknown to the Officer Defendants, and it is irrelevant, unduly prejudicial and inadmissible character evidence pursuant to Fed. R. Evid. 401, 402, 403, 404, and 801. The Court SUSTAINS Plaintiffs' objections to Defendants' Ex. 27 because it is not relevant to what the Defendant Officers knew at the time incident in determining whether the Defendant Officers' use of deadly force was reasonable, deliberately indifferent or shocked the conscience, or was negligent. *See Kingsley*, 576 U.S. at 397.

**B.    Defendants' Evidentiary Objections (Dkt. Nos. 54-6)**

    **1.    Plaintiffs' Ex. G, H, I, and O**

    Plaintiffs' Ex. G are screenshots from the Defendant Officers' bodycam videos during the incident. Plaintiffs' Exs. H and I are screenshots from

Defendant Officer Sun's bodycam video during the incident. Plaintiffs' Ex. O is a "4-up video" which synchronizes and places side by side the bodycam videos of the different Defendant Officers during the incident. Defendants object to Plaintiffs' Ex. G H, I, and O on the basis the exhibits were not available to officers at the time of the incident and therefore are not relevant to the totality of the circumstances known to officers. However, Plaintiffs' Ex. G, H, I, and O are relevant to demonstrate what the Defendant Officers knew at the time of the incident and are relevant for determining whether the Defendant Officers' use of deadly force was objectively reasonable from the perspective of a reasonable officer on the scene. *See Kingsley*, 576 U.S. at 397. Therefore, the Court OVERRULES Defendants' objections to Plaintiffs' Exs. G, H, I, and O.

### 2. **Declaration of Scott Holdaway**

Plaintiffs filed a declaration from Scott Holdaway in support of their opposition to Defendants' summary judgment motion, who declares he is a "Forensic Video Analyst" and attaches videos wherein he synchronized four body-worn camera videos from officers during the incident which were produced by Defendants. (Dkt. No. 51, Holdaway Decl. ¶¶ 2-8.) Defendants object to the entirety of Holdaway's declaration on the ground Holdaway relies on unreliable data and facts, fails to establish the necessary qualifications and expertise, and includes improper legal conclusions.

Defendants do no identify what data or facts relied on by Holdaway are unreliable. Holdaway declares that he reviewed the Complaint, the body-worn camera videos of the Defendant Officers from the incident, the body-worn camera videos of other officers from the incident, and surveillance video from the Country Liquor store where the incident occurred. (Holdaway Decl. ¶ 3.) Holdaway declares he reviewed and used videos, images and frames of videos produced by Defendants in this litigation. (*Id*. ¶¶ 4-8.) Therefore, the Court OVERRULES Defendants' objection to Holdaway's declaration based on their contention

Holdaway relied on unreliable data and facts.

Defendants do not identify what portion of Holdaway's declaration are purported improper legal conclusions. Therefore, the Court OVERRULES Defendants' objections to Holdaway's declaration on the basis it includes improper legal conclusions.

Defendants do not explain what "necessary qualifications and expertise" Holdaway purportedly lacks. Holdaway declares he is "a Forensic Video Analyst with over six years of experience and expertise in video clarification, timing, graphics, stabilization, and conversions," he has "experience as an instructor teaching classes on digital video production and editing," and he has "a Bachelor of Arts Degree in Digital Media Arts, graduating with honors as magna cum laud." (Holdaway Decl. ¶ 2.) Therefore, the Court OVERRULES Defendants' objections to Holdaway's declaration on the basis he lacks the necessary qualifications and expertise.

### 3. Declaration of Roger Clark

Defendants object to the entire declaration of Plaintiffs' police practices expert Roger Clark on the ground he relies on unreliable data and facts, fails to establish the necessary qualifications and expertise, and includes improper legal conclusions.

Defendants do not identify nor explain what data or facts relied on by Clark are unreliable. Clark declares he reviewed "involved officer body-worn camera videos; deposition transcripts of Defendants; statements of the officers involved; investigative records; photographs of the scene and evidence; autopsy report; policies and training documents; POST Learning Domains; Plaintiffs' Complaint and the Protective Order" (Clark Dec. ¶ 4) and states his declaration and opinions are based on his review of these materials and based on his experience and knowledge of law enforcement training and standards (*id.* ¶ 5). Therefore, the Court OVERRULES Defendants' objection on the basis Clark relied on unreliable

data and facts.

Defendants do not explain the "necessary qualifications and expertise" Clark purportedly lacks. Clark's declaration sets forth his qualifications, experience and training. (*See* Clark Decl. ¶ 3.) Therefore, the Court OVERRULES Defendants' objection on the basis Clark lacks the necessary qualifications and expertise.

Defendants do not identify any improper legal conclusions by Clark. "Questions as to the correctness of Clark's opinions, or the relative weaknesses or strengths of the factual underpinnings of Clark's opinions, are questions that go the weight of the opinions, not their admissibility." *Est. of Elkins v. Pelayo*, 2022 WL 1123117, at *3 (E.D. Cal. Apr. 14, 2022). Therefore, the Court OVERRULES Defendants' objections to Clark's declaration based on improper legal conclusions.

**IT IS SO ORDERED.**

DATED: October 14, 2025.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

7