# EXHIBIT A

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN
ALFRED M. DE LA CRUZ
MARGUERITE L. JONAK *
MICHAEL L. SMITH
LOUIS W. PAPPAS
EUGENE J. EGAN
R. ADAM ELLISON *
JASON J. MOLNAR *
DAVID V. ROTH
JEANETTE L. DIXON
DAVID R. REEDER *
ANTHONY CANNIZZO
RICHARD G. GARCIA
SHARON S. JEFFREY
KATHLEEN A. HUNT *
D. HIEP TRUONG
JANET D. JOHN *
KENNETH S. KAWABATA
LALO GARCIA
KAREN LIAO
MATTHEW E. KEARL
GRETCHEN COLLIN
LYNN CARPENTER *
ROBERT E. MURPHY *
JASON J. DOSHI
EMILY EDWARDS
DAVID R.RUIZ
SEAN DOWSING
ANDREA KORNBLAU
CHRISTINE LA VORGNA
MARK WILSON
KIRSTEN BROWN
KAYLEIGH ANDERSEN
NATALYA VASYUK
JAMES A. HARRIS
DANIEL B. HERBERT *
MARK A. HAGOPIAN
JOHN M. HOCHHAUSLER

CHRISTOPHER DATOMI
ROLAND TONG
STEVEN W. DELATEUR
ARI MARKOW
ROBERT A. STERN
JAMES A. MCKENNEY
TRISHA NEWMAN
JONATHAN J. LABRUM *
WILLIAM KELSBERG
CHRISTOPHER KANJO
STEVEN SPILE
ANDREW LEFF
RICHARD GOOR
LANE E. WEBB
JOHN CULVER
TIFFANY HENDERSON
EVGENIA JANSEN
ANTOINETTE MARINO *
GLENN JOHNSTON
CHRISTINA TAPIA
S. CHRISTIAN ANDERSON
OLESYA MIKHAYLOVA
SOPHIE O. LAFRANCHI
LISA IVERSEN
LISA MARTINELLI
MAYA SORENSEN
NICHOLE SANTIAGO
TWIGGY ALVAREZ
NATHALIE C. HACKETT *
JERRIE WEISS
JAMIE BURKE
RICHARD MONTANA
SORAYA CAMPBELL
ROBIN PASS
KARINA TROST *
LEE P. PINZOW
EUGENE HANRAHAN
DAVID L. FLECK
ECHO REYNOLDS
KRISTIN WROBEL
ANDRE BRUCE
BRYAN MARTINEZ
SUSANNAH RUTH CONN
MARISA QUINZII

SHANNA VAN WAGNER
KATHERINE HWANG
SHAUNA FRASER-KIM
WAYNE HAMMACK
ANGELA BRUNSON
MICHAEL LARIN
DOUGLAS SMITH
DAVID HALL
CHRISTOPHER ROMERO
KAREN CAPASSO
JULIAN LEE
ERIN RATHSWOHL
KIRK J. EDSON
JOANA COLOMA
GABRIELLA PEDONE
DANIEL KNIERIM
HANNAH ELLENHORN
ANNA KARTOSHKINA
AMANDA WILBUR
ELLARIE HERNANDEZ
VICTORIA TREPANY
ELIKA ZIAEI
ISHA GULATI
BEAR ALLEN-BLAINE
BAYAN SALEHI
LUCINA RIOS
KHOULOUD PEARSON
ERICA L. MOBLEY
MADISON FORSANDER
FREDERICK GADSON
SHEILA TEMPLETON
HYELIM CHO
SPENCER GILBERT
WESLINA HUNG
JACOB ELLENHORN
VIEUX TOURE
SHAYAN LORASBI
ARGHAVAN SHARIFAN
NEWRI KIM
MICHAEL LANG
DRAKE HERRING
PAUL KRESGE
CAGIL AREL
BRIAN THOMAS PUGLISE

ELIZABETH POITRAS
NICOLAS HUERTA III
IAN CARSTENS
MARK SIMPLICIANO
CARTER TAYLOR
MAHARI SIMMONDS
SAFI HENSON
AADITYA KAUSHIK
WHITLEY WHITAKER
BRYAN KURTZ
AASTHA DAFTARY
SARAH NUCKEL
BENJAMIN MILGRAM
CAROLINE FARAHANI
JUSTIN KIM
ALEXUS RAMSEY
NICO ZHOU
ESTEBAN ORTIZ
TARIQ BLAKE
KRISTEN BLANTON
SARA KIM
GIGI GUTIERREZ
GRACE NEISINGH
WILLIAM NORTON
SOPHIA SOTTILE
FIONA CHEN
SERGIO HERNANDEZ
MARTIN METTIAS

OF COUNSEL
JOHN D. MARINO *
MICHAEL A. WEISMANTEL
DONALD R. DAY *
MICHAEL BRAVE
CHRISTOPHER BAUER
CHARLES MOLLIS
GEOFFREY PLOWDEN
STEVEN J. RENICK

*   Admitted in Multiple
    Jurisdictions



15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
Tel: (213) 624-6900
Fax: (213) 624-6999
ManningKass.com

January 2, 2026

**VIA E-MAIL**

Trenton C. Packer
**LAW OFFICES OF GRECH & PACKER**
7095 Indiana Ave Ste 200
Riverside, CA 92506
E-Mail:trentpackerlaw@gmail.com

Marcel F. Sincich
**THE LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
E-Mail: dalekgalipo@yahoo.com
msincich@galipolaw.com

Re:   **Henry Barnhill v. City of Hemet, et al.**
      Meet & Confer — Defendants' Motion for Summary Judgment
      Case No.: 5:23-cv-00589-JGB-SP
      U.S.D.C. Central District
      MKERT File No.: 7893-70019

Dear Counsel:

Pursuant to L.R. 7-3, we are writing to meet and confer with you prior to our office filing a motion for summary judgment in this action on behalf of Defendants City of Hemet, Officers Brett Maynard, Joshua Bishop, and Pedro Aguila, Corporal Douglas Klinzing, Jaimie Gonzalez, and Catherine Tipton. Please be advised that Defendants intend to move for summary judgment on the following grounds:

**1.    Defendant Officers' Use of Force Was Objectively Reasonable Under the Totality of the Circumstances.**

Defendant Officers are entitled to judgment on all of Plaintiff's force-based claims, including the first claim for excessive force, and the state law claims for violation of the Bane Act, battery, and negligence. See *Hayes v. County of San Diego*, 57 Cal. 4th 622, 637-39 (2013) (adopting *Graham* reasonableness standard for seizure-related negligence claims against officers but clarifying that scope of liability may extend to pre-seizure conduct under certain circumstances); *Archibald v. Cty. of San Bernardino*, 2018 U.S. Dist. LEXIS 171243, at *22 (C.D. Cal. Oct. 2, 2018) (acknowledging that Plaintiffs' battery, negligence, and Bane Act

Marcel F. Sincich
**Re:   Henry Barnhill v. City of Hemet, et al.**
January 2, 2026
Page 2



claims are governed by the same inquiry that governs their excessive force claims); *Martinez v. County of Los Angeles*, 47 Cal. App. 4th 334, 349-50 (1996) (citing Cal. Penal Code § 196 and holding that where officers used reasonable force under the Fourth Amendment standards, there could be no liability under comparable state-law torts).

Under the uncontroverted evidence, Defendant Officers used only objectively reasonable force during the incident. In *Graham v. Connor*, 490 U.S. 386, 388 (1989), the Supreme Court held that an excessive force claim is properly analyzed under the Fourth Amendment's objective reasonableness standard. The *Graham* Court set forth a non-exhaustive list of factors to be considered in evaluating whether the force used to effect a particular seizure is reasonable: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists detention or attempts to escape. *Id.* at 394-95. The test is an objective one, viewed from the vantage of a reasonable officer at the scene, and is highly deferential to the police officer's need to protect himself or others. *Id.* at 396-97.

Officers responded to a call in connection with assault with a deadly weapon and apprehended Plaintiff, who was reported to be armed. After he evaded both in a vehicle and on foot, Plaintiff refused to submit himself to arrest by ultimately striking at the arresting officers and attempting to get inside his house. Officers use reasonable force to subdue Plaintiff, including the deployment of a taser. Due to the taser's initial ineffectiveness and Plaintiff's refusal to submit to detainment, Officers took Plaintiff to the ground and used brief, sustained strikes to gain control of Plaintiff. Throughout the encounter, Plaintiff was a resistant, reportedly armed, and large individual who was actively fleeing from and struggling with officers. None of the allegations within Plaintiff's Complaint—such as being thrown to the ground or being tackled Plaintiff "face first" into a brick wall—are supported by the incontrovertible video evidence and there was objectively no use of deadly force by any officer as a matter of law.

Accordingly, Officers' use of force, including allegedly striking Plaintiff and also inadvertently nicking Plaintiff's ear when striking Plaintiff with the taser, all in efforts to get Plaintiff to comply, was objectively reasonable under the totality of the circumstances. Therefore there can be no liability for any of Plaintiffs' force-based claims, including the first claim for excessive force, and the state law claims for violation of the Bane Act, battery, and negligence. Because these claims fail, there cannot be liability attributed to the City, Gonzalez, or Tipton.

Further, there is no evidence that Officers violated Plaintiff's clearly established constitutional rights at the time of the incident, which entitles them to qualified immunity.

**2.     Plaintiffs' Claim for Violation of the Bane Act Fails Because the Evidence Does Not Support Plaintiff's Claim.**

In order to establish a violation of Civil Code § 52.1, a plaintiff must show that the employee interfered or attempted to interfere with plaintiff's legal rights by the use of threats, intimidation or coercion. *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998). Most importantly, to show defendants violated § 52.1, plaintiff must show coercion independent from the coercion inherent in the violation of the constitutional right. *Shoyoye v. Cnty. of L.A.*, 203 Cal.App.4th 947, 959-960 (2012). For example, in a claim alleging excessive force as a

Marcel F. Sincich
Re: <u>Henry Barnhill v. City of Hemet, et al.</u>
January 2, 2026
Page 3



violation of Civil Code § 52.1 , a plaintiff must show coercion independent from the coercion already inherent in the use of force. *Gant v. Cnty. of L.A.*, 765 F.Supp.2d 1238, 1253 (C.D. Cal. 2011) (when use of force is intrinsic to the alleged constitutional violation, it cannot also satisfy the additional "coercion" element of § 52.1) (overruled on other grounds).

Moreover, plaintiff must prove the officer had a specific intent to violate his right to be free from unreasonable seizure. *See Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018) (emphasis added). Evidence simply showing the officer's conduct amounted to a constitutional violation under an objectively reasonable standard is insufficient. *Id.* at 1045. Rather, plaintiff must show the officers intended not only the force, but character as more than necessary under the circumstances. *Id.*

Here, there is no evidence to establish that Defendant Officers interfered with Plaintiff's legal rights by the use of threats, intimidation or coercion. And, there is no evidence that Officers had the specific intent to violate Plaintiff's rights when they engaged in the conduct at issue.

### 3. Plaintiff's Claim for Negligence On the Basis of Pre-Contact Actions Fails.

For negligence, a plaintiff has to prove duty, breach, and that the breach proximately caused his injury. *Hayes v. County of San Diego*, 57 Cal.4th 622, 629 (2013). Per the California Supreme Court, "the reasonableness of an officer's conduct is determined in light of the totality of circumstances," including "the pre-shooting conduct of the officers" involved in the shooting incident. *Hayes*, 57 Cal.4th at 629.

In this case, to the extent that Plaintiff is arguing negligence for conduct occurring prior to the application of force, it fails because the officers' conduct fell well within the range of conduct that is reasonable. There is no requirement that Defendant Officers choose the most reasonable action or the conduct that is the least likely to cause harm and at the same time the most likely to result in the successful apprehension of a violent, fleeing, or evasive suspect. *See Hayes*, 57 Cal.4th at 632. Defendant Officers have a degree of discretion as to how they choose to address a particular situation. *Id.* This standard "reflects deference to the split-second decisions of an officer." *Lopez v. City of Los Angeles* (2011) 196 Cal.App.4th 675, 685.

Plaintiff points to no pre-force conduct that constituted a breach of duty and therefore cannot assert a separable negligence action with a separate injury attributable to any such negligence. As this case involves only a single primary right (i.e. the right to be free from excessive force) which is the same right underscoring Plaintiff's force-based claims (namely Fourth Amendment violations), it fails with those claims.

### 4. Plaintiff's Claims for Municipal Liability Under Every Theory Fail as a Matter of Law.

A local governing body may be liable under § 1983 only when "action pursuant to official municipal policy of some nature caused a constitutional tort." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipalities can be held liable only for their own illegal acts, not on the basis of respondeat superior. *Id.* "Rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bryan County v. Brown*, 520 U.S. 397, 405 (1997). Such a policy may be either:

Marcel F. Sincich
**Re:   Henry Barnhill v. City of Hemet, et al.**
January 2, 2026
Page 4



(1) an affirmative policy, custom, or practice that was the "moving force" behind the plaintiff's injury; or (2) a "policy of inaction" based on the entity's failure to "implement procedural safeguards," including its failure to train employees to avoid constitutional violations. *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014).

In order to adequately plead a *Monell* claim "the allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Plausible facts supporting [the alleged] policy or custom" are required. See Id. Further there must be some causal connection between the alleged policy or custom and the violation of plaintiff's constitutional rights. *See Ottovich v. Alameda Cty.*, No. C 98-1178 SI, 1999 U.S. Dist. LEXIS 4244, at *8 (N.D. Cal. Mar. 26, 1999) (emphasis added).

Here, Defendant City, is entitled to judgment on Plaintiff's causes of action for Monell Liability — unconstitutional custom, practice, and policy, inadequate training, and ratification under 42 U.S.C. § 1983 because Officers used objectively reasonable force under the totality of the circumstances and are otherwise entitled to qualified immunity. Additionally, there is no evidence that the City had an unlawful custom, practice or policy, failed to train its deputies, and/or had an authorized policymaker approve a subordinate's decision and the basis for it.

With respect to training, the evidence indicates that the involved officers received training and Plaintiff cannot point to an identifiable gap in training that would support liability. Insofar as ratification is concerned, Plaintiff cannot point to evidence to support this theory. When liability is based on a failure to act, a plaintiff must establish that "the municipality exhibited deliberate indifference to the violation of her federally protected rights" by pointing "to a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice*." Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141–42 (9th Cir. 2020). Here, Plaintiff has identified vague and conclusory policies, procedures, and customs but has not submitted any evidence to support his claims. Furthermore, the extraneous cases cited by Plaintiff are not factually similar to the instant case, which importantly does not involve shots fired or the use of a canine. Plaintiff also cannot establish a direct causal link between any alleged unconstitutional policy or custom and Plaintiff's injury. Thus, there is no evidence to support a claim for municipal liability against the City, and this claim must fail.

### 5.   Plaintiff's Claim For Punitive Damages Fails.

Finally, punitive damages are not available against Defendant City as a matter of law. Furthermore, plaintiff has not set forth or identified any evidence that the individual defendants' actions were willful, wanton, or malicious, and done with reckless disregard for plaintiff's rights and/or safety.  Accordingly, plaintiff's claim for punitive damages fails.

Defendant reserves the right to supplement the foregoing legal arguments and authority in support.

Marcel F. Sincich
**Re:   Henry Barnhill v. City of Hemet, et al.**
January 2, 2026
Page 5



    For these reasons, Defendants intend to file a motion for summary judgment.  Please contact our office to discuss the issues raised in this letter on or before January 6, 2025. We look forward to hearing from you to meet and confer on these issues.

                Very truly yours,

                **MANNING| KASS**

                *Andrea Kornblau*

                Andrea Kornblau, Esq.

# EXHIBIT B

**From:** Khouloud Pearson <Khouloud.Pearson@manningkass.com>
**Sent:** Tuesday, January 6, 2026 12:31 PM
**To:** Stefany Anderson <sanderson@galipolaw.com>; Andrea K. Kornblau <Andrea.Kornblau@manningkass.com>; Trenton Packer <tpacker@grechpackerlaw.com>; Marcel Sincich <msincich@galipolaw.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Cc:** Kayla Peña-Pham <kppham@grechpackerlaw.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>; dgalipo@galipolaw.com; dalekgalipo@yahoo.com; Leslie De Leon <ldeleon@galipolaw.com>; Marcel Sincich <msincich@galipolaw.com>; Trenton Packer <tpacker@grechpackerlaw.com>
**Subject:** RE: Barnhill (PC) M&C re MSJ

Ms. Anderson,

Thank you for your correspondence. I am available to meet at 12:30 pm on Thursday, Jan 8, 2026. Our office will forward the zoom information shortly.

The assertions made in your correspondence are without merit as they are not supported by any court order or procedural rule. While the parties made a request to the court, it does not appear that it was ever accepted as reflected in the court's scheduling order or in any other order since. The attempt to assert the unadopted request over 2 years after the court's scheduling order and at the eve of the MSJ deadline is not well taken.

If the attorneys are seeking an extension to respond, our office is open to further discussion, however, we intend to proceed pursuant to the standing court orders and procedural rules.

Thank you,
Khouloud Pearson


**Khouloud Pearson**
Partner



801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Main: (213) 624-6900 | Ext.: 2282

Khouloud.Pearson@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Stefany Anderson <sanderson@galipolaw.com>
**Sent:** Tuesday, January 6, 2026 11:41 AM
**To:** Andrea K. Kornblau <Andrea.Kornblau@manningkass.com>; Trenton Packer <tpacker@grechpackerlaw.com>; Marcel Sincich <msincich@galipolaw.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Khouloud Pearson <Khouloud.Pearson@manningkass.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Cc:** Kayla Peña-Pham <kppham@grechpackerlaw.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>; dgalipo@galipolaw.com; dalekgalipo@yahoo.com; Leslie De Leon <ldeleon@galipolaw.com>; Marcel Sincich <msincich@galipolaw.com>; Trenton Packer <tpacker@grechpackerlaw.com>
**Subject:** RE: Barnhill (PC) M&C re MSJ

Good morning counsel,

I hope all is well. Plaintiff contends that Defendants' intended motion would be untimely including because the parties had an agreement that the non-moving party would have 2 weeks to oppose a dispositive motion. Nevertheless, in an effort to resolve these issues without needing to involve the Court, Plaintiff is willing to drop the municipal liability claims in exchange for an agreement that there be no Rule 56 motion (Plaintiff will agree to drop Gonzalez and Tipton as defendants regardless). Plaintiff's counsel is available to discuss further at 12:30 pm on Thursday, January 8, 2026.

Thank you.

Best Regards,

**Stefany Anderson, Litigation Assistant** | **The Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118   sanderson@galipolaw.com

THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT AND MAY CONTAIN CONFIDENTIAL, AND PRIVILEGED INFORMATION.  ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE OR DISTRIBUTION IS PROHIBITED.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE

**From:** Andrea K. Kornblau <Andrea.Kornblau@manningkass.com>
**Sent:** Tuesday, January 6, 2026 10:44 AM
**To:** Trenton Packer <tpacker@grechpackerlaw.com>; Marcel Sincich <msincich@galipolaw.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Khouloud Pearson <Khouloud.Pearson@manningkass.com>; Kayla Peña-Pham <kppham@grechpackerlaw.com>; Stefany Anderson <sanderson@galipolaw.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>; dgalipo@galipolaw.com; dalekgalipo@yahoo.com
**Subject:** RE: Barnhill (PC) M&C re MSJ

Good morning, Trent and Marcel,

Following up on my email. Thank you.

Andrea


**Andrea K. Kornblau**
Partner



801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Main: (213) 624-6900 | Ext.: 2247
Direct: (213) 486-2247
Andrea.Kornblau@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Andrea K. Kornblau <Andrea.Kornblau@manningkass.com>
**Sent:** Monday, January 5, 2026 9:04 PM
**To:** Trenton Packer <tpacker@grechpackerlaw.com>; Marcel Sincich <msincich@galipolaw.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Khouloud Pearson <Khouloud.Pearson@manningkass.com>; Kayla Peña-Pham <kppham@grechpackerlaw.com>; Stefany Anderson <sanderson@galipolaw.com>; Sandra I. Alarcon <Sandra.Alarcon@manningkass.com>
**Subject:** Barnhill (PC) M&C re MSJ

Good evening, Trent and Marcel,

We are requesting a meet and confer in anticipation of defendants' motion for summary judgment in the Barnhill case. I am available anytime tomorrow. Please let me know what time is convenient for you. Thank you.

Andrea

**Andrea K. Kornblau**
Partner



801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Main: (213) 624-6900 | Ext.: 2247
Direct: (213) 486-2247
Andrea.Kornblau@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP