1  Eugene P. Ramirez (State Bar No. 134865)
      *eugene.ramirez@manningkass.com*
2  Andrea Kornblau (State Bar No. 291613)
      *andrea.kornblau@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for Defendants CITY OF
7  HEMET, OFFICER BRETT MAYNARD,
   OFFICER JOSHUA BISHOP, OFFICER
8  PEDRO AGUILA, CORPORAL
   DOUGLAS KLINZING; JAMIE
9  GONZALEZ and CATHERINE TIPTON

10

11              **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

14  HENRY BARNHILL,                    Case No. 5:23-cv-00589 JGB(SPx)
                                       District Judge: Jesus G. Bernal
15              Plaintiff,             Magistrate Judge: Sheri Pym

16        v.                           **DEFENDANTS' OBJECTION TO
                                       PLAINTIFFS' EVIDENCE
17  CITY OF HEMET, OFFICER BRETT       OFFERED IN OPPOSITION TO
    MAYNARD; OFFICER JOSHUA            DEFENDANTS' MOTION FOR
18  BISHOP; OFFICER PEDRO AGUILA;      SUMMARY JUDGMENT**
    CORPORAL DOUGLAS KLINZING;
19  JAMIE GONZALEZ; CATHERINE          *Filed concurrently with Reply; Reply to*
    TIPTON; and DOES 1-10, inclusive,  *Separate Statement of Genuine Disputes;*
20                                     *Reply to Statement of Additional*
                Defendants.            *Material Facts; Motion to*
21
                                       Date:   2/9/2026
22                                     Time:   9 a.m.
                                       Crtrm.: 1 (2nd Floor)
23
                                       *Action Filed:      04/12/2024*
24
    ///
25
    ///
26
    ///
27
    ///
28
                                     1
```
DEFENDANTS' OBJECTION TO PLAINTIFFS' EVIDENCE OFFERED IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANNING | KASS

| | | Objections To Exhibit Evidence | | |
|---|---|---|---|
| **No.** | **Plaintiff Evidence** | **Objection** | **Ruling** |
| 1 | Ex. 5 Barnhill Deposition specifically as to the following:<br><br>—What took place on April 29, 2022 (the date of the incident)<br><br>—In what order things happened on April 29, 2022 (the date of the incident) | **First** Hearsay Unavailable Witness For Lack of MEmory F.R.E. 804(a)(3); Lack of Foundation F.R.E. 602 and Speculation F.R.E. 403 (F.R.E. 702); *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002)<br>Plaintiff claims several times in his deposition that he has an altered, faulty, unreliable, and false memory. He states that at the time of the incident, he did not know what happened and was piecing it together over the course of days. (Ex. F, at 52:23 - 53:20; 85:2-87:4, 92:4-92:19, 98:18-99:5)<br>This is a good case to exclude based on FRE 804.<br><br>Without memory of what happened either at the time it happened or even later on, and when openly admitting to having a false, distorted, and constructed memory about the very facts at issue in this case—including police actions, plaintiff response, plaintiff thought process, etc.—Plaintiff's testimony regarding these same matters is lacing necessary foundation and reliability. It is further prejudicial because, as Plaintiff himself states, he has reviewed later material and is unsure if he is simply stating recreations of things [with the help and | Sustained<br><br>[__]<br><br>Overruled<br><br>[__] |

2

advice of counsel]

**Second**, Unavailable Witness [Due to Memory Loss] F.R.E. 804; Lack of Foundation F.R.E. 602 and Speculation F.R.E. 403 (F.R.E. 702); U.S. v. Hermanek, 289 F.3d 1076, 1094 (9th Cir. 2002) Inadmissible Lay Opinion 701

Plaintiff also testified that he felt the effects of a Taser. However, this testimony suffers from the same lack of memory that Plaintiff espoused for the entire events. In addition, Plaintiff's testimony is that he had never been tased before, he supposedly felt something starting in his lower back, and felt "locked up." How Plaintiff felt is not what is objected to. That Plaintiff was suffering the effects of a taser, which he states that he was but does not give any description of the feeling besides the self-serving declaration that it caused him to "lock up" which the video evidence shows he did not. Plaintiff testifies about the taser largely as though he is responding to the video he saw and refers to when he was being tased, not when he was feeling certain feelings as a result. (Ex. F, 116:1 – 117:9.; 144:25-145:14, 149:10-149:24) This is a good case to exclude on 804.

Without memory of what happened, an admittedly constructed influence on his memory to the point he says some of his memories are false and at risk of being false, and Plaintiff's inability to describe

3

| | | | |
|---|---|---|---|
| | | being tased and the personal effects—and his inability otherwise as he is not an expert on taser uses and effects—his testimony is self-serving and unreliable such that the court cannot rely on it in order to make determinations on these issues; especially when there are other forms of evidence to serve similar purposes for deciding summary judgment. | |
| 2 | Ex. 8 Bishop Video Screenshots | **Relevance (Rules 401, 402)**<br><br>This is a demonstrative exhibit that clearly was not available to the officers at the time of the incident and, thus, is not relevant to the totality of the circumstances known to the officers.<br><br>**Misleading / Unduly Prejudicial / Unknown Information (Rule 403)**<br><br>The screenshots pause the events using sophisticated video technology and the benefit of 20/20 hindsight, a luxury that was *not* available to the officers. | Sustained<br><br>[__]<br><br>Overruled<br><br>[__] |
| 3 | Ex. 9 Maynard Video Screenshots | **Relevance (Rules 401, 402)**<br><br>This is a demonstrative exhibit that clearly was not available to the officers at the time of the incident and, thus, is not relevant to the totality of the circumstances known to the officers.<br><br>**Misleading / Unduly Prejudicial / Unknown Information (Rule 403)**<br><br>The screenshots pause the events using sophisticated video technology and the benefit of 20/20 hindsight, a luxury that was *not* available to the officers. | Sustained<br><br>[__]<br><br>Overruled<br><br>[__] |

4

**DEFENDANTS' OBJECTION TO PLAINTIFFS' EVIDENCE OFFERED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

MANNING | KASS

| 4 | Ex. 10 Aguila Video Screenshots | **Relevance (Rules 401, 402)**<br><br>This is a demonstrative exhibit that clearly was not available to the officers at the time of the incident and, thus, is not relevant to the totality of the circumstances known to the officers.<br><br>**Misleading / Unduly Prejudicial / Unknown Information (Rule 403)**<br><br>The screenshots pause the events using sophisticated video technology and the benefit of 20/20 hindsight, a luxury that was ***not*** available to the officers. | Sustained<br><br>[__]<br><br>Overruled<br><br>[__] |
| 5 | Declaration of Roger Clark | *For full objection and request for exclusion, see Defendants' Daubert Motion regarding Roger Clark<br><br>**First** Speculative expert testimony. (F.R.E. 702); *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proferred expert testimony must find that it is properly grounded, well reasoned, and not speculative before it can be admitted. The … expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)).<br><br>*(a) Speculation About What Videos Show*<br>Here, Clark is being set forth to offer opinion that are couched in what he observed from the still-shots of the body camera footage videos. Although he states the videos are the primary source of evidence, his testimony reflects that he had a difficult time using | Sustained<br><br>[__]<br><br>Overruled<br><br>[__] |

5

| | | | |
|---|---|---|---|
| 1 | | | them to form his opinions. *See Daubert Motion.* |
| 2 | | | Nevertheless, nothing in Clark's |
| 3 | | | background or qualifications make him |
| 4 | | | an expert on video interpretation. Fed. |
| 5 | | | R. Evid. 702. Additionally, neither the |
| 6 | | | judge nor jury needs the assistance of an |
| 7 | | | expert to tell them what they can see for |
| 8 | | | themselves in the videos and likely |
| 9 | | | better than Clark alleged he could. |
| 10 | | | Clark cannot offer opinions about what the videos display reliably or be used to show such. |
| 11 | | | *(b) Speculations About Officer Intention* |
| 12 | | | Clark's report contains bombastic |
| 13 | | | language, including language like |
| 14 | | | "violent" and "lack of control over their emotions and fears" go towards Officers |
| 15 | | | thoughts and feelings. Clark's opinions |
| 16 | | | on the intentions or states of mind or emotional states of being should not be |
| 17 | | | admitted as he does not set forth |
| 18 | | | relevant expertise to be able to make determinations about these matters. |
| 19 | | | Further, his opinions prove to be purely |
| 20 | | | speculative and divert from any basis in evidence since none of the evidence |
| 21 | | | provided to him regarding officer |
| 22 | | | intention, behavior, or pattern based on |
| 23 | | | past choices and actions indicate the findings that Plaintiff's seek to use |
| 24 | | | Clark for within even their separate |
| 25 | | | statement. |
| 26 | | | *(c) Speculation About Plaintiff's Medical Issues* |
| 27 | | | As for Clark's references to Plaintiff's |
| 28 | | | injuries, the cause thereof, and whether |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' EVIDENCE OFFERED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

what Officers did caused any of Plaintiff's pains, they should be excluded because he is not qualified to offer medical opinions and Plaintiff seeks to use him to backdoor in medical opinions.

**Second**, _Improper expert methodology_. (F.R.E. 702, 703); _Gen. Elec. Co. v. Joiner_, 522 U.S. 136, 146-47 (1997) (holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions).

As set forth more fully in the Daubert motion, Clark admitted at deposition to not being able to see much on the actual videos and that he and Plaintiff's Counsel were "of one mind" when choosing, making, and deciding on the report materials. Clark's testimony also appears to account for some parts of the video but not others and makes ample use of still-shots which is not the same and cannot replace the actual, rapidly evolving demonstration from the incontrovertible video evidence. Clark's failure to couch his report on the story told in the videos of the incident as moving documents and relevant deposition testimony first and foremost is methodologically unsound and at odds with the anti-hindsight position of Courts on issues involving qualified immunity and officer-involved fourth and fourteenth amendment claims. This methodology will also lead to a finding

7

| | | | |
|---|---|---|---|
| 1 | | | that does not adequately reflect the facts as they existed at the time of the incident. |
| | | | |
| | | | **Third**, *Improper testimony of an expert witness as to a legal question*. (F.R.E. 702); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977)). The expert is opining on what is proper to consider under the relevant constitutional analysis. Clark's opinions constantly and consistently concern whether or not a legal violation occurred. This includes whether Officers used excessive force, whether they should have known the force was excessive, whether HPD has a "longstanding" failure to train Officers, and more. Clark's opinions are offered within Plaintiff's separate statement and indeed in the Opposition to showcase the existence of excessive force or to categorize Plaintiffs' force and other such determinations. These determinations are for the court on summary judgment or the jury if the court cannot reason them as a matter of law. These are not conclusions that can be provided by an expert as to so allow would let an expert take the place of a judge or juror. (*See also  City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 616 (2015)) In that same thread, |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' EVIDENCE OFFERED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| | | even if Clark will be allowed to opine about near-legal concepts such as Plaintiff's threat level, these opinions cannot be used to create disputed issues of fact based on that opinion alone.<br><br>Additional objections<br><br>**Hearsay (F.R.E. 802);**<br><br>**Relevance, Lack of Foundation and Personal Knowledge (F.R.E. 401, 402);**<br><br>**Unreliable, Irrelevant (F.R.E. 702, 703)** | |
| 6 | Declaration of Dr. Ryan O'Connor | *For more extensive objection and request for exclusion, see Defendants' Daubert Motion regarding Dr. Ryan O'Connor<br><br>**First**, Unreliable expert testimony with lack of qualifications (F.R.E. 402, 702, 703)<br><br>O'Connor's stated qualifications and background demonstrate he is not qualified to speak on Plaintiff's injuries which he deems "complex" and needing specialization that he does not have. *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011) "[M]erely possessing a medical degree is not sufficient to permit a physician to testify concerning any medical-related issue." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969–70 (10th Cir. 2001)). As an ER doctor and without specialty in the face, eye, or ear, O'Connor's does not meet the | Sustained<br><br>[___]<br><br>Overruled<br><br>[___] |

9

**DEFENDANTS' OBJECTION TO PLAINTIFFS' EVIDENCE OFFERED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| standard set out in *Daubert* so as to have his opinions thereon admitted | | |

**Second**, *Improper expert methodology*. (F.R.E. 702, 703); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) (holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions).

*(a) Improper Use of Medical Records*

O'Connor's opinion references Plaintiff's medical records but indicates deviations from the records in prejudicial and hazardous ways. O'Connor misstates the quote in a medical report which changes the entire meaning of the quote by leaving it out and O'Connor goes on to use this misquote to inform his opinion. (*See Daubert Motion Re: O'Connor*) This flawed methodology warrants exclusion for failure to reliably review and use evidence.

*(b) Lack of Medical Record Use*

In a similar vein, O'Connor does not mention Plaintiff's later injury he sustained in custody and does not seem to factor this into his opinion—even if to find it does not change his opinion either way. Leaving out a medical situation warrants exclusion due to flawed methodology. Int he same way, O'Connor was not given any of plaintiff's prior medical history before the date of the incident. Therefore his medical analysis of every malady

10

| | | | |
|---|---|---|---|
| | | affecting Plaintiff from that day forward lacks the necessary history to reach a sufficient and full medical conclusion regarding Plaintiff's health outcomes and the effect his interaction with Officers may have had. For example, O'Connor cannot give a reliable conclusion as to Plaintiff's concussion, migraine, seizure, or even headache history let alone history as to his muscular issues, without past records. *(b) Improper Lack of Use of Videos* For his opinion, O'Connor states that he relies first and foremost on the Officer reports and frames the videos as chaotic and difficult to watch. Without first consulting the best piece of evidence to inform opinions regarding cause, effect, and consistency of medical maladies resulting from or that can be traced to the incident—which is what O'Connor tries to do—O'Connor's methodology is flawed and leaves up to the imagination the contours and nuances of what happened and what contact was made with Plaintiff and in what manner.<br><br>Finally, even if O'Connor is allowed to opine for purposes of this motion, these opinions cannot be used to create disputed issues of fact based on that opinion alone which is what Plaintiff attempts to do, inserting O'Connor's declaration even into his statement of facts.<br><br>Additional objections | |

11

MANNING | KASS

| | | **Hearsay (F.R.E. 802)** | |
|---|---|---|---|

DATED:  January 26, 2026

Respectfully submitted,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:      */s/ Andrea Kornblau*

Eugene P. Ramirez
Andrea Kornblau
Attorneys for Defendants, , CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

12