1  Eugene P. Ramirez (State Bar No. 134865)
      *eugene.ramirez@manningkass.com*
2  Andrea Kornblau (State Bar No. 291613)
      *andrea.kornblau@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
7  Attorneys for Defendants CITY OF
   HEMET, OFFICER BRETT MAYNARD,
   OFFICER JOSHUA BISHOP, OFFICER
8  PEDRO AGUILA, CORPORAL
   DOUGLAS KLINZING; JAMIE
9  GONZALEZ and CATHERINE TIPTON

10

11                **UNITED STATES DISTRICT COURT**

12        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

| | |
|---|---|
| 14  HENRY BARNHILL, | Case No. 5:23-cv-00589 JGB(SPx) |
| 15        Plaintiff, | District Judge: Jesus G. Bernal |
| | Magistrate Judge:  Sheri Pym |
| 16        v. | **DEFENDANTS' REPLY TO** |
| | **PLAINTIFFS' ADDITIONAL** |
| 17  CITY OF HEMET, OFFICER BRETT | **MATERIAL FACTS** |
| MAYNARD;    OFFICER    JOSHUA | |
| 18  BISHOP; OFFICER PEDRO AGUILA; | *Filed concurrently with Reply; Objection* |
| CORPORAL DOUGLAS KLINZING; | *to   Evidence;   Reply   to   Plaintiffs'* |
| 19  JAMIE   GONZALEZ;   CATHERINE | *Statement of Genuine Disputes* |
| TIPTON; and DOES 1-10, inclusive, | |
| 20 | Date:    2/9/2026 |
|        Defendants. | Time:    9 a.m. |
| 21 | Crtrm.:  1 (2nd Floor) |
| 22 | *Action Filed:        04/12/2024* |

23        Pursuant to Civ. L.R. 56-3, Defendants CITY OF HEMET, OFFICER BRETT

24  MAYNARD,  OFFICER  JOSHUA  BISHOP,  OFFICER  PEDRO  AGUILA,

25  CORPORAL DOUGLAS KLINZING, JAIMIE GONZALEZ, AND CATHERINE

26  TIPTON submit this Reply to Plaintiff's Statement of Additional Material Facts

27  [Docket. No. 52-2].

28

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| 87 | Defendants' own police practices expert agrees that whether force was objectively reasonable is a factual determination. | Exh. 6, Sanchez Depo at 24:3-9. | Undisputed that Philip Sanchez answered "yes" when Plaintiff's Counsel asked, "And you'd agree with me that that is a factual determination to be in each individual case?" |
| 88 | This entire incident lasted approximately 3 minutes | Exh. 2, Bishop Depo at 58:24-59:2. Exh. 8, Bishop Video Screenshots at 1, 37. Exh. 9, Maynard Video Screenshots at 1-37. Exh. 10, Aguila Video Screenshots at 1-32. Exh. M, Maynard Video at 00:33-03:50. Exh. N, Bishop Video at 00:33-03:50. Exh. O, Aguila Video at 00:10-03:30. | Undisputed. (See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 89 | The event from the night before, which was the substance of this call for service, did not involve a gun, Barnhill did not point a gun or have a physical altercation with anyone. | Exh. 1, Maynard Depo at 15:13-17, 17:12-21. Exh. 5, Barnhill Depo at 46:15-19, 54:12-22 | The evidence Plaintiff cites does not support the fact. But this UF is not relevant to any claims. The evidence cited states the following: **Plaintiff's counsel** |

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | **("PC")**: What was the dispatch you received. **Maynard**: It was a call for service, I believe, for a suspicious circumstances in regards to a female at a children's school, an elementary school, in the area of the district I worked. She was stating that her ex-boyfriend, who she named as Henry Barnhill, had threatened her with a gun the night prior, had driven her and her daughter to the school and was waiting outside in a vehicle for her to come out and she was inside the school when she called. It is undisputed how Plaintiff testified but his testimony is self serving and unreliable. (See Defendants' Objection to Plaintiffs' Evidence, No 1 |
| 90  | The allegations on the call required an investigation. | Exh. 1, Maynard Depo at 21:25-22:11 | Undisputed for the purposes of this motion. However, the fact is not supported by evidence. The evidence cited states the following: |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING│KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | **Maynard**: Ultimately, I found a vehicle matching the description given by the victim. IT was the only vehicle on the street matching the description. And so, ultimately, in the course of an investigation, to see if this is the related subject or this is the related vehicle, I assisted in conducting a felony contact or a contact of the vehicle to try and see who was in there, see what was going on. The windows were very tined. And— |
| 91 | Defendants Maynard, Bishop and Aguila responded and saw a car that matched the description given with Barnhill alone inside. | Exh. 1, Maynard Depo at 21:25-22:11, 26:2-3. Exh. 2, Bishop Depo at 31:20, 32:5-9. | Undisputed for purposes of this motion. |
| 92 | That morning, Barnhill drove his girlfriend to drop her daughter off at school. | Exh. 5, Barnhill Depo at 71:24-72:5, 72:9-11. | Undisputed for purposes of this motion.<br><br>Plaintiff's deposition testimony is self-serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1 |
| 93 | While his girlfriend was inside the school, Barnhill | Exh. 1, Maynard Depo at 22:20-21. | Undisputed that Plaintiff was outside of the |

4

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
|  | merely sat in his car until he saw out of the corner of his eye from the side mirror, someone approaching him with a gun, so he turned the car on and drove home to get somewhere safe out of great fear, not realizing it was the police. | Exh. 5, Barnhill Depo at 73:4-74:12, 76:1-12, 78:16-18, 79:24-80:10. Exh. 9, Maynard Video Screenshots at 1. Exh. 10, Aguila Video Screenshots at 1. | school and, upon Officer approach, took off and drove what later proved to be towards his girlfriend's residence.

**Disputed** as to all else. The evidence Plaintiff cites does not support the fact. But this UF is not relevant to any claims or defenses.

The evidence cited indicates that Plaintiff was sitting in his car and sped away.

Plaintiff's testimony is self-admittedly unreliable. Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)

The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement.

Plaintiff's deposition testimony is self-serving and unreliable. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | (See Defendants' Objection to Plaintiffs' Evidence, No 1 – 4) |
| 94 | Even while driving, Barnhill does not recall knowing it was the police or seeing lights and sirens, he was just afraid of being killed and tried to get away from danger. | Exh. 5, Barnhill Depo at 83:12-21, 85:2-21, 86:10, 94:6-10. | Undisputed for the purposes of this motion.<br><br>However, the evidence cited by Plaintiff does not support the facts alleged about Plaintiff's recollection or understanding.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Plaintiff's deposition testimony is self-serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1) |
| 95 | The pursuit lasted approximately 2 minutes until the car stopped in front of the house and Barnhill exited then went towards the house while Maynard, Bishop, and Aguila pursued with guns drawn. | Exh. 1, Maynard Depo at 25:16-23, 26:5-15, 38:8. Exh. 2, Bishop Depo at 32:21-33:1, 34:5-7. Exh. 4, Klinzing Depo at 26:13-20, 29:5-14. Exh. 5, Barnhill Depo at 91:13-15. Exh. 8, Bishop Video Screenshots at 1-2. | Undisputed for purposes of this motion.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |

DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | Exh. 9, Maynard Video Screenshots at 1-2. Exh. 10, Aguila Video Screenshots at 1-2. Exh. M, Maynard Video at 00:33-02:45. Exh. N, Bishop Video at 00:33-02:48. Exh. O, Aguila Video at 00:10-02:26. | |
| 96 | Officers simultaneously gave commands, including, "Show me your hands," to which Defendants admit Barnhill complied by raising his visibly empty hands up. | Exh. 1, Maynard Depo at 27:13-25. Exh. 2, Bishop Depo at 34:25-35:9, 35:12-36:23. Exh. 8, Bishop Video Screenshots at 3. Exh. 9, Maynard Video Screenshots at 3. Exh. 10, Aguila Video Screenshots at 3-4. Exh. M, Maynard Video at 02:39- 02:43. Exh. N, Bishop Video at 02:40-02:46. Exh. O, Aguila Video at 02:19-02:24. | Undisputed for purposes of this motion.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 97 | However, after putting his hands up, Barnhill hurried a short distance to his front door trying to get somewhere safe – there the pursuit ended | Exh. 1, Maynard Depo at 27:13-20. Exh. 2, Bishop Depo at 37:24-38:2. Exh. 5, Barnhill Depo at 43:17-21, 97:20-98:1, 99:6-10. | Undisputed that Plaintiff ran to his door after exiting his vehicle and that the chase was ended shortly thereafter at his door.<br><br>However, Plaintiff's |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              | Exh. 8, Bishop Video Screenshots at 4. Exh. 9, Maynard Video Screenshots at 3-4. Exh. 10, Aguila Video Screenshots at 3-4 | testimony is the only evidence regarding Plaintiff's internal reasons for fleeing from police and his testimony is unreliable. Without support, the remainder of the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) (See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 98  | At the door to the conclusion of the incident, Barnhill did not attempt to flee, did not go into the house and could not flee as he was surrounded by walls and the approaching officers" | Exh. 2, Bishop Depo at 41:11. Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30. | **Disputed** that Plaintiff, who was actively fleeing and trying to get into the house, "did not attempt to flee." The evidence cited does not support Plaintiff's fact. The video and officer depositions show that Officers stopped Plaintiff from entering the home. No evidence shows that Plaintiff—who was actively fleeing— "did not attempt to flee." Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |
| 99  | Further, Barnhill was not resisting, he "was too scared to resist," "the only thing that I ever tried to do was obey their commands," and was trying not to get shot and killed; the only thing on Barnhill's mind was, "Do what they say. Don't get killed.". | Exh. 5, Barnhill Depo at 102:2-8, 124:24-125:2, 132:10-12. Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30. | The nonspecific and minute-long video evidence cited by Plaintiff does not support the fact that Plaintiff was not resisting.<br><br>Instead, the evidence cited shows Plaintiff resisting on several occasions by pulling away, kneeing Officers, and not allowing officers to manipulate his body.<br><br>Plaintiff's deposition testimony is self serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1)<br><br>Nevertheless, even taking Plaintiff's account as true, his personal intentions do not serve as support for what his objectively observable actions were. |

9

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)\n\nThe court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |
| 100 | During the physical altercation Barnhill was trying to comply with everything officers commanded, trying to do everything he could to show the officers that he was not a threat and was willing to comply, just wanting the beating to stop. | Exh. 5, Barnhill Depo at 122:6-8, 128:1-16. Exh. M, Maynard Video at 02:40- 03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30. | **Disputed** that Plaintiff just want[ed] the beating to stop.\n\nThe evidence cited by Plaintiff does not support the fact that Plaintiff did everything he could to comply or show officers he was not a threat. Instead, the deposition testimony indicates instances where Officers heard Plaintiff make statements that were not aligned with the behavior Plaintiff was displaying or that Plaintiff was still out of control but was indicating at a certain point in time that his hands were behind his back. The remaining videos do not show Plaintiff's compliance. |

MANNING | KASS

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | Plaintiff's deposition testimony is self-serving and unreliable. (See Defendants' Objection to Plaintiffs' Evidence, No 1)<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to that clarification, the fact that Plaintiff may have had the internal desire to comply or let officers know he wanted to comply is undisputed for purposes of this motion. |
| 101 | At the door, Barnhill saw the person running at him, realized it was an officer, and froze, "like a deer caught in headlights." | Exh. 5, Barnhill Depo at 43:10-14, 105:21-24, 109:19-21. Exh. 8, Bishop Video Screenshots at 6. Exh. 9, Maynard Video Screenshots at 4-7. Exh. M, Maynard Video at 02:46. | Plaintiff's fact is not supported by the evidence.<br><br>The video and "screenshot" evidence does not show Plaintiff ceasing his attempts to enter the residence by freezing. The video clearly shows Plaintiff was still fiddling with the door. Furthermore, Plaintiff turning his head towards MAYNARD and MAYNARD making contact with him to stop him happened in |

11

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | less than 1 second. (Ex. M 02:47)

Plaintiff's deposition testimony is self serving and unreliable.

(See Defendants' Objection to Plaintiffs' Evidence, No 1 – 3)

Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)

Subject to that clarification, this fact is otherwise undisputed for purposes of this motion but irrelevant. |
| 102 | As the Maynard charged towards the frozen Barnhill, he braced for the impact of being tackled. | Exh. 5, Barnhill Depo at 110:23-111:3 | Plaintiff's fact is not supported by the evidence.

Plaintiff's testimony is self serving and unrealiable.

(See Defendants' Objection to Plaintiffs' Evidence, No 1)

Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
|  |  |  | Subject to that clarification, this fact is otherwise undisputed for purposes of this motion but irrelevant. |
| 103 | Seeing only keys in his hands, Maynard immediately closed the distance, tackled and pushed Barnhill away from the door, causing him to stumble backwards and become seated in a patio chair. | Exh. 1, Maynard Depo at 31:16-32:8, 37:13-16, 39:13-25. Exh. 2, Bishop Depo at 39:1-11, 40:9- 11. Exh. 8, Bishop Video Screenshots at 7. Exh. 9, Maynard Video Screenshots at 8-10. Exh. M, Maynard Video at 02:46- 02:50. Exh. N, Bishop Video at 02:47-02:53. Exh. O, Aguila Video at 02:25-02:30 | Undisputed for purposes of this motion.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 104 | Barnhill dropped to the patio chair and immediately raised his hands in the air in surrender. | Exh. 5, Barnhill Depo at 111:6-10. Exh. 8, Bishop Video Screenshots at 8. | Plaintiff's fact that he surrendered is not supported by the evidence.<br><br>Plaintiff's testimony is self serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1 – 2)<br><br>The screenshot in Ex 8 does not showcase |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | Plaintiff immediately raising his hands.<br><br>The videos that the screenshots were taken from instead shows Plaintiff kneeing MAYNARD before MAYNARD can get him into fully planted into the chair and then AGUILA coming to assist, with both Officers beginning to manipulate Plaintiff's arms. Plaintiff's arms are not in the universal sign of surrender with hands above his head in either piece of evidence.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to that clarification, this fact is otherwise undisputed for purposes of this motion. |
| 105 | Bishop and Aguila immediately joined. | Exh. 2, Bishop Depo at 38:14-16, 40:9-15. Exh. 8, Bishop Video Screenshots at 9. | Undisputed for purposes of this motion.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2) |
| 106 | Maynard holstered his gun, | Exh. 1, Maynard | Plaintiff's fact is |

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | and grabbed Barnhill's right wrist, while Aguila grabbed Barnhill's left wrist. | Depo at 39:18-22, 43:5-8, 47:15-17. Exh. 9, Maynard Video Screenshots at 10-12. Exh. M, Maynard Video at 02:52- 02:53. | compound.

Plaintiff's fact that MAYNARD grabbed Plaintiff's right hand successfully the first attempt is not supported by the evidence.

Plaintiff's screenshots of the video evidence do not showcase a controlled hand and instead give further evidence to the fact that the hand was at several instances not in MAYNARD's grip.

The videos that the screenshots were taken from showcase the same.

Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)

(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4)

Subject to that clarification, this remaining fact regarding Aguila grabbing Plaintiff's wrist is |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | otherwise undisputed for purposes of this motion. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MK MANNING | KASS

| 107 | Bishop drew his Taser and while Maynard and Aguila held Barnhill's hands controlling him, Bishop yelled, "Taser out" to get his partners to move out of the way and deployed the Taser for 5 seconds on Barnhill. | Exh. 2, Bishop Depo at 44:2-23, 46:4- 47:1, 67:21-25. Exh. 8, Bishop Video Screenshots at 9-12. Exh. 10, Aguila Video Screenshots at 5-6 Exh. M, Maynard Video at 02:50-02:56. Exh. N, Bishop Video at 02:50-03:00 | Plaintiff's fact is compound.

Plaintiff's fact that AGUILA had Plaintiff's left hand and MAYNARD was trying to keep hold of Plaintiff's right hand with mixed success, Bishop yelled out "Taser out!"

Plaintiff's fact that Bishop yelled this only for the benefit of his fellow officers and that MAYNARD had control over Plaintiff is not supported by the video evidence or Plaintiff's screenshots. The videos and screenshots do not evidence a controlled hand and instead give further evidence to the fact that the hand was at several instances not in MAYNARD's grip.

At deposition, bishop states that he yelled taser out for Plaintiff and his fellow officers.

(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4)

Without support, the fact is not capable of |

DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to that clarification, this remaining fact Bishop's use of a taser is undisputed for the purposes of this motion. |
| 108 | Tasers are designed to cause neuromuscular incapacitation ("NMI"), causing the subject to lose control of his muscles and ability to move. | Exh. 2, Bishop Depo at 47:7-10. Exh. M, Maynard Video at 02:50-02:56. Exh. N, Bishop Video at 02:50-03:00. | Undisputed for purposes of this motion. |
| 109 | The Taser darts made contact with Barnhill causing him to stiffen up from the shock and NMI. | Exh. 1, Maynard Depo at 49:10-11. Exh. 5, Barnhill Depo at 111:18-112:17. Exh. 8, Bishop Video Screenshots at 13-16. Exh. 9, Maynard Video Screenshots at 13. Exh. 10, Aguila Video Screenshots at 5-9. | Plaintiff's fact is not supported by the evidence cited.<br><br>The video evidence which Plaintiff's screenshots are taken from do not show Plaintiff stiffening up and instead shows Plaintiff still moving his limbs. (Ex. M at 2:50 – 3, N at 2:50 – 3:08, O at 2:35 – 2:40)<br><br>Plaintiff's testimony to the contrary is self serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1 – 4)<br><br>Without support, the fact is not capable of |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| 110 | While the Taser was being deployed, and while Maynard and Aguila held Barnhill's visibly empty hands stretched out, Maynard punched Barnhill in the face twice with a closed fist. | Exh. 1, Maynard Depo at 39:18-22, 43:5-8, 47:15-17. Exh. 5, Barnhill Depo at 111:11-14, 120:21-25. Exh. 9, Maynard Video Screenshots at 11-20. Exh. 10, Aguila Video Screenshots at 5. Exh. M, Maynard Video at 02:50-02:53 | Undisputed that the taser was being deployed and MAYNARD struck Plaintiff while AGUILA held Plaintiff's left hand. It is undisputed that at some point MAYNARD struck Plaintiff to his face.<br><br>Plaintiff's testimony to the contrary is self serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1 – 3)<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to that clarification, this fact is undisputed for purposes of this motion. |
| 111 | Maynard then struck Barnhill in the face another time with a hammer fist. | Exh. 9, Maynard Video Screenshots at 20. Exh. M, Maynard Video at 02:50- 02:53. | Undisputed that MAYNARD struck Plaintiff a second time. Disputed as to what Plaintiff means by his |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | characterization of hammer fist. |
|     |                              |                     | The evidence cited does not support the implementation of whatever type of "fist" Plaintiff is referencing. |
|     |                              |                     | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
|     |                              |                     | Subject to that clarification, the remaining fact is undisputed for purposes of this motion. |
|     |                              |                     | (See Defendants' Objection to Plaintiffs' Evidence, No 3) |
| 112 | The Taser continued to cycle, causing Barnhill's body to constrict while Barnhill's visibly empty hands remained in control of the officers. | Exh. M, Maynard Video at 02:50-02:56. Exh. N, Bishop Video at 02:50-03:00. | Plaintiff's fact is not supported by the evidence cited. |
|     |                              |                     | The video evidence does not show Plaintiff being unable to move or that Plaintiff's limbs remained in control of the officers as evidenced by his arm coming loose and him being able to move back and forth. |
|     |                              |                     | Without support, the fact is not capable of |

20

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| 113 | As Barnhill began to go to the ground, Maynard delivered a knee strike on Barnhill. | Exh. 2, Bishop Depo at 40:16-20. Exh. 8, Bishop Video Screenshots at 16. Exh. 10, Aguila Video Screenshots at 7-9. Exh. M, Maynard Video at 02:58-03:01. Exh. N, Bishop Video at 02:58-03:01. | Undisputed for the purposes of this motion.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 114 | Barnhill tried to comply with commands to get on the ground, but he could not voluntarily move while being Tased; still his rigid and locked up body easily slid down to the ground at the control of Maynard and Aguila | Exh. 2, Bishop Depo at 40:21-25. Exh. 5, Barnhill Depo at 113:21-114:1, 116:13-20. Exh. 9, Maynard Video Screenshots at 21-25. Exh. 10, Aguila Video Screenshots at 7-9. Exh. M, Maynard Video at 02:50-02:56. Exh. N, Bishop Video at 02:50-03:00. | Plaintiff fact that Plaintiff was trying but could not voluntarily move his limbs in order to comply is not supported by the cited evidence.<br><br>The video and screenshots taken therefrom show that Plaintiff was pulled by AGUILA and MAYNARD to the ground. His body does not resistance but the video does not evidence any objective signs that his body was resisting because of the effects of a taser. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | Further, Officers in deposition report not seeing any real change in Plaintiff from the taser such that they would recognize. |
| | | | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| | | | Nevertheless, even if Plaintiff's fact were true, that he objectively still resisted in much the same way as he had before the implementation of a taser. |
| | | | Subject to that clarification, the remainder of the fact regarding Plaintiff's internal desires at the time of the incident are undisputed for purposes of this motion. |
| | | | The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |
| | | | (See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 115 | Once on the ground, the | Exh. 4, Klinzing | Plaintiff's fact that is not |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | officers jumped on Barnhill and started pounding him under the observation and supervision of Klinzing. | Depo at 32:6-11. Exh. 5, Barnhill Depo at 117:5-9, 121:4-6. Exh. 10, Aguila Video Screenshots at 10-26. | supported by the evidence.

The video evidence which the screenshots are taken from does not show Klinzing arriving until the tail end of the encounter and not as soon as Plaintiff was on the ground.

The videos also do not show Officers "pounding on" Plaintiff but they show MAYNARD trying to get ahold of Plaintiff, AGUILA working to keep ahold of Plaintiff, and Bishop reaching for Plaintiff's hoodie and pushing him to the ground thereby.

Klinzing arrived per the video at the end of the encounter. He testifies to having seen only officers struggling with Plaintiff on the ground, catching events after the taser usage as he did not see anything having to do with the taser. The activity was not "under his supervision."

Without support, the fact is not capable of |

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)

The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement.

(See Defendants' Objection to Plaintiffs' Evidence, No 4) |
| 116 | As Klinzing approached, he saw Barnhill on the ground and Aguila immediately placed Barnhill's left hand behind his back without any resistance using a single hand and held it in place controlling Barnhill's left hand and arm. | Exh. 4, Klinzing Depo at 31:20-32:2.
Exh. 10, Aguila Video Screenshots at 9-10.
Exh. O, Aguila Video at 02:34-02:40 | Plaintiff fact is not supported by the cited evidence.

Per Klinzing's testimony, he saw as follows:

**Klinzing**: The three officers were struggling with Mr. Barnhill who was on the ground.· Officer Aguila appeared to be holding or trying to keep control of I believe it was Mr. Barnhill's left hand, and the other two officers were struggling or trying to get Mr. Barnhill's right hand out from underneath him and behind his back

Klinzing never testified that he saw Aguila gain hold of Plaintiff's hand, |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | let alone with ease. The video evidence does not show this either. Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |
| 117 | The entire time, Aguila did not struggle; he maintained control of Barnhill's left hand behind his back with a firm grip while Bishop and Maynard took control of Barnhill's right hand. | Exh. 3, Aguila Depo at 69:19-20, 86:17-22. Exh. 4, Klinzing Depo at 31:20-32:2, 33:3-8, 33:20-34:12. Exh. 10, Aguila Video Screenshots at 9-13. Exh. O, Aguila Video at 02:35-03:21. | Plaintiff fact is not supported by the cited evidence. Per Aguila's testimony, he worked to maintain control of Plaintiff's left arm and was focused on that. The testimony cited by Plaintiff has nothing to do with Aguila's effort or lack thereof and instead has to do with what Aguila observed of MAYNARD. The video and still-shots from it do not evidence ease on the part of AGUILA. To the contrary, the video shows AGUILA's arms shaking and quivering trying to maintain |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | control against the weight and resistance being employed by Plaintiff. |
|     |                              |                     | Klinzing's testimony claimed that he saw Officers struggling and that AGUILA got a good grip on Plaintiff's hand but he could not say when the grip became solid, |
|     |                              |                     | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
|     |                              |                     | The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |
|     |                              |                     | (See Defendants' Objection to Plaintiffs' Evidence, No 4) |
| 118 | Still on the ground, Maynard used his right knee to deliver one strike to Barnhill's face. | Exh. 1, Maynard Depo at 50:11-14, 51:16-17. Exh. 6, Sanchez Depo at 32:15-19. | It is undisputed that while Plaintiff was on the ground MAYARD struck him with a knee to compel his compliance and release his arm. |
| 119 | Bishop also reenergized the Taser and deployed it again for another 5 second cycle. . | Exh. 2, Bishop Depo at 47:16-24, 68:1-3. Exh. 8, | Plaintiff fact is not supported by the cited evidence. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | Bishop Video Screenshots at 11. | Per Bishop's testimony, he recharged the taser for a second 5-second cycle but did not deploy the taser again.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement.<br><br>Subject to that clarification, the remaining fact is undisputed for purposes of this motion.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2) |
| 120 | As he was being Tased, an officer commanded, "Put your hands behind your back," and Barnhill again tried to comply but could not move because he was locked up. | Exh. 5, Barnhill Depo at 114:4-8, 115:21-25. Exh. M, Maynard Video at 02:50-03:00. Exh. N, Bishop Video at 02:50-03:05 | Plaintiff fact is not supported by the cited evidence.<br><br>Plaintiff's deposition testimony is self-serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1) |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
|  |  |  | Per the video evidence, Plaintiff is not observed to be unable to comply. He is observed to not comply by not bringing his arm out. Further, the video evidence shows—and Plaintiff even admits in his unreliable deposition testimony—that he placed his arm underneath him. This intentional choice shows his ability to move his limbs.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |
| 121 | Barnhill was "being hit all over the place by the officers [while] being simultaneously tased | Exh. 5, Barnhill Depo at 116:8-9 | Plaintiff fact is not supported by the cited evidence.<br><br>Plaintiff's deposition testimony is self-serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1) |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | No other evidence supports Plaintiff's characterization of events.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to this clarification, that Officers delivered controlled strikes to Plaintiff to compel his compliance is undisputed for purposes of this motion. |
| 122 | With the officers on top of him and all the force being deployed, Barnhill felt like he was being Tased the entire time. | Exh. 5, Barnhill Depo at 114:15-17. Exh. 8, Bishop Video Screenshots at 18-36 | Plaintiff's fact is not supported by the cited evidence.<br><br>Plaintiff's deposition testimony is self-serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1 – 2)<br><br>Subject to that clarification, the fact that Plaintiff may have felt as though he was being tased regardless if this was actually happening is undisputed |

MANNING | KASS

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | for the purposes of this motion. |
| 123 | Maynard also used his entire body weight to control Barnhill's right hand. | Exh. 1, Maynard Depo at 52:11-14. Exh. 8, Bishop Video Screenshots at 18-36. Exh. 9, Maynard Video Screenshots at 26-37. | Undisputed that MAYNARD testified that he had to use his entire body weight in order to pull Plaintiff's hand down and behind his back against Plaintiff's resistance.

(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 3) |
| 124 | At the time Maynard had control of Barnhill's right hand and could have controlled it better with a two-hand grip as trained but chose to let go and push Barnhill's head and face up against a brick wall. | Exh. M, Maynard Video at 02:55-03:00. Exh. O, Aguila Video at 02:38-02:40. Exh. 8, Bishop Video Screenshots at 18, 19. 24. Exh. 9, Maynard Video Screenshots at 22-31. Exh. 10, Aguila Video Screenshots at 10-11. | Plaintiff's fact is not supported by the cited evidence.

None of the video evidence shows MAYNARD pushing Plaintiff's head into a wall, here being the wall next to Plaintiff's door.

Per the video evidence, MAYNARD can be seen bringing Plaintiff to the ground and even stabilizing Plaintiff's head way from the wall that Plaintiff came up to. The video does not show MAYNARD pushing Plaintiff towards the wall or up against it.

Each of the "still frames" showing |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | Plaintiff at the wall decidedly do not show officers pushing him into it.

Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)

The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement.

(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 125 | Barnhill pled with the officers, "I didn't do nothing.". | Exh. M, Maynard Video at 02:57-03:00 | Undisputed for purposes of this motion. |
| 126 | Then Aguila began to crank Barnhill's left hand high up the center of his back | Exh. 8, Bishop Video Screenshots at 24. Exh. 9, Maynard Video Screenshots at 33. Exh. 10, Aguila Video Screenshots at 12-14. Exh. O, Aguila Video at 02:43-02:45. | It is undisputed that AGUILA positioned Plaintiff's hand towards the middle of his back behind his back.

(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 127 | During the assault, Officers would command Barnhill to put his hands behind his back, and Barnhill would state that his hands were behind his back, but while | Exh. 2, Bishop Depo at 57:19-24, 58:2-5. Exh. 5, Barnhill Depo at 122:10-24, 123:5-16, | Plaintiff's fact is not a fact but instead is an argument masquerading as a fact.

Plaintiff's fact is not |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     | Barnhill was complying, the officers would let go and start hitting Barnhill in the face causing instinctively react by protecting his face from being hit again. . | 124:9-20, 127:16-128:1 ("at all times I'm trying to do everything that the officers are telling me to do.") Exh. 8, Bishop Video Screenshots at 18-36. Exh. 10, Aguila Video Screenshots at 10-24. | supported by the cited evidence. Plaintiff's deposition testimony is self-serving and unreliable. (See Defendants' Objection to Plaintiffs' Evidence, No 1 – 2, 4) Per the video evidence, which the "still-shots" are taken from, Plaintiff began to repeat "they're behind my back" referring to his hands. However, his arm is not behind his back and though MAYNARD is trying to bring it behind his back, he is not successful in doing so even though Plaintiff all the while is saying his hands are behind his back. Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) Subject to that clarification, that officers utilized |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | additional force while Plaintiff repeated "they're behind my back" is undisputed for the purposes of this motion. |
| 128 | When Barnhill told the four controlling Officers, "My arms are behind my back. My arms are behind my back," and "I'm not resisting," he clearly pleading that they did not have to keep hitting him | Exh. 4, Klinzing Depo at 35:11-18. Exh. 5, Barnhill Depo at 130:7-11. | This is not a fact but an argument about the meaning that Officers should have taken from Plaintiff's words.<br><br>Plaintiff's fact that Plaintiff stated "I'm not resisting" is not supported by the cited evidence or any evidence because Plaintiff never claimed he was not resisting.<br><br>The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported argument.<br><br>Plaintiff's deposition testimony is self serving and unreliable. (See Defendants' Objection to Plaintiffs' Evidence, No 1) |
| 129 | Bishop stepped back and called for additional resources while two officers are physically controlling Barnhill, whose legs are flat on the ground and appeared | Exh. N, Bishop Video at 03:05-03:09. Exh. 8, Bishop Video Screenshots at 21. | Plaintiff's fact is not supported by the cited evidence.<br><br>Per the video evidence referenced, Plaintiff is |

33

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | to be making no effort to stand or resist. | | not observed to be compliant or fully within the two struggling Officers' control. That Plaintiff appears to be making no effort to resist is simply not reflect in the video evidence. The few seconds cited by Plaintiff do not even show much of Plaintiff at Bishop's vantage. |
| | | | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| | | | The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |
| | | | (See Defendants' Objection to Plaintiffs' Evidence, No 2.) |
| | | | Subject to that clarification, it is undisputed that Bishop called for resources. |
| 130 | Maynard removed his two-handed grip on Barnhill's right hand and grabbed Barnhill's hood again, at which time Barnhill begged, | Exh. 9, Maynard Video Screenshots at 9-36. Exh. O, Aguila Video at 02:46-02:50 | Undisputed that MAYNARD grabbed Plaintiff's hood at one point when he was unable to manipulate |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     | "I'm not refusing. I'm not refusing. I'm not refusing. I'm not refusing.". |  | Plaintiff with his prior grip. |
| 131 | Even with both hands being held behind his back, officers kept striking Barnhill in the face. | Exh. 5, Barnhill Depo at 131:6-10. Exh. 8, Bishop Video Screenshots at 26-36. Exh. 9, Maynard Video Screenshots at 35. | Plaintiff's fact is not supported by the cited evidence.<br><br>Plaintiff's deposition testimony is self-serving and unreliable.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 1 – 3)<br><br>Per the video evidence, which Plaintiff's screenshots are taken from, once Plaintiff's arms are fully pulled behind his back, Officers' use of force reduces to holding onto Plaintiff, holding Plaintiff in place, and putting handcuffs on him. The video evidence does not support that Plaintiff was struck in his face at any time after his hands were pulled behind his back.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |
| 132 | Bishop then joined in going hands on while still holding his Taser. | Exh. 2, Bishop Depo at 72:19-20, 75:7-14. Exh. 8, Bishop Video Screenshots at 24-26. Exh. N, Bishop Video at 03:10-03:15. Exh. O, Aguila Video at 02:59. | Undisputed that Plaintiff held his taser in hand when he moved forward to attempt to grab hold of Plaintiff.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 133 | Bishop grabbed Barnhill's hair and pulling it back. | Exh. 1, Maynard Depo at 76:4-11. Exh. 8, Bishop Video Screenshots at 27-28. Exh. 10, Aguila Video Screenshots at 15. Exh. O, Aguila Video at 02:49-02:51. | It is undisputed that Bishop grabbed ahold of Plaintiff's hoodie area and possibly made purchase with some hair though it would be difficult to do since Plaintiff had a shaved head hairstyle.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2, 4) |
| 134 | It appears Bishop attempted a Drive-Stun-Mode deployment of the Taser to the back of Barnhill's neck. | Exh. 8, Bishop Video Screenshots at 25-26. Exh. N, Bishop Video at 03:12-03:15 | Plaintiff's fact is not a fact at all but a "speculation" as to what the still shots of the video "appear like" on later viewing.<br><br>Plaintiff's fact is not supported by the cited evidence. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | Per the video evidence from which the still-shots stem, Bishop did not attempt any deployment to the back of Plaintiff's neck at any time. Later conjecture given by Plaintiff regarding interpretations of still-shots is not a fact. No evidence supports this conjecture opining on what the pictures of a moment in time may show.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2) |
| 135 | Barnhill again begged, "They're behind my back. They're behind my back. They're behind my back. They're behind my back.". | Exh. 8, Bishop Video Screenshots at 25-26. Exh. N, Bishop Video at 03:12-03:15. | It is undisputed that Plaintiff repeated "they're behind my back." However, Plaintiff is incorrectly framing Plaintiff as having stated this |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | repetition on numerous occasions. Plaintiff only repeated "they're behind my back" in a long succession briefly interrupted.

(See Defendants' Objection to Plaintiffs' Evidence, No 2) |
| 136 | Aguila also deployed six body punches while Maynard is bringing Barnhill's right hand around and to his back. | Exh. 10, Aguila Video Screenshots at 16-21. Exh. O, Aguila Video at 02:51-02:54 | It is undisputed that AGUILA delivered several body strikes to Plaintiff in an effort to assist MAYNARD in getting Plaintiff to release his arm so MAYNARD could pull it behind his back.

(See Defendants' Objection to Plaintiffs' Evidence, No 4) |
| 137 | Aguila deploys two additional body punches despite Barnhill's right hand being brought to his lower back, including nearly striking Barnhill's right hand because it was at his lower back. | Exh. 10, Aguila Video Screenshots at 22-23. Exh. O, Aguila Video at 02:54-02:55 | It is undisputed that AGUILA delivered several strikes in one succession to Plaintiff's back to assist MAYNARD in getting Plaintiff to release his arm so MAYNARD could pull it behind his back.

(See Defendants' Objection to Plaintiffs' Evidence, No 4)

Whether or not one of |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | the strikes may have come near the hand being pulled backwards is undisputed for purposes of this motion but immaterial. |
| 138 | While Maynard was placing Barnhill's right hand behind his back, and while Officer Aguila repeatedly deployed body strikes on Barnhill, Bishop struck Barnhill to the head with his Taser. | Exh. 9, Maynard Video Screenshots at 35-36.<br><br>Exh. M, Maynard Video at 03:09-03:11. | It is undisputed that Bishop struck Plaintiff with his taser approximately at the same tome as Aguila struck Plaintiff's right back.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 3) |
| 139 | Nevertheless, Bishop struck Barnhill to the left side of his head twice with his Taser as an improvised device, with such force that the Taser body appeared to break off or separate from the handle of the Taser and the Taser flew out of Bishop's hand. | Exh. 2, Bishop Depo at 45:13-15, 53:20-25, 68:6-8. Exh. 8, Bishop Video Screenshots at 28-31. Exh. 9, Maynard Video Screenshots at 35. Exh. N, Bishop Video at 03:14. | Plaintiff's fact is not supported by the cited evidence.<br><br>Per the video evidence which all still-shots are pulled from, Bishop is not shown to have hit Plaintiff with any objectively intense or immense force.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 3)<br><br>Subject to that |

39

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | clarification, the remaining facts that Bishop struck Plaintiff with the taser and that the taser flew leftward out of Bishop's hand is undisputed for purposes of this motion. |
| 140 | At this approximate time, Barnhill's visibly empty hands are being held behind his back by officers. | Exh. O, Aguila Video at 02:54-02:56. | Plaintiff's fact is not supported by the cited evidence.<br><br>The video referenced by Plaintiff Cleary shows MAYNARD still attempting to pull Plaintiff's hand behind his back on the right-hand side.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement.<br><br>Subject to that clarification, the fact that Plaintiff's hands were empty is undisputed for purposes of this motion. |
| 141 | The reason previously Officers could not get Barnhill's hand behind his | Exh. O, Aguila Video at 02:49-02:59 | Plaintiff's fact is not a fact at all but an argument for the reason |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     | back was because they were piled on top of each other and had their own legs and arms blocking the path to his lower back. As soon as Klinzing moved his leg, officers easily placed Barnhill's right hand behind his back |  | why Plaintiff did not comply with Officer orders.

Plaintiff's fact is not supported by the cited evidence.

Per the video cited, Klinzing was not shown to move any Officers or Plaintiff save for getting him into handcuffs. Plaintiff's reasoning is not a fact that the video evidence cosigns or reasoning borne out of the video evidence.

Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)

The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |
| 142 | Bishop then grabs Barnhill's hood with one hand and ponytail with the other, and lifts Barnhill's head off the ground. | Exh. 2, Bishop Depo at 60:17-19, 62:6-9, 63:6-7. Exh. 8, Bishop Video Screenshots at 31-33. Exh. N, Bishop Video at 03:20-03:25 | Plaintiff's fact is not supported by the cited evidence.

The video evidence cited does not show Bishop lifting up Plaintiff. Bishop's deposition testifies that |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|--------------------|----------------------|
|     |                              |                    | he made to push Plaintiff's head downward. |
|     |                              |                    | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
|     |                              |                    | (See Defendants' Objection to Plaintiffs' Evidence, No 2) |
|     |                              |                    | Subject to that clarification, the fact that Bishop grabbed Plaintiff by his hoodie area is undisputed for purposes of this motion. |
| 143 | Despite both hands being behind his back, an officer commanded, "Put your fucking hands behind your back," to which Barnhill immediately replied, "They're behind my back. They're behind my back," with two hands Bishop slammed Barnhill's face so hard onto the concrete floor that blood immediately spattered on the ground | Exh. 8, Bishop Video Screenshots at 32-33. Exh. N, Bishop Video at 03:20-03:25. | Plaintiff's fact is not a fact but an argument. Plaintiff's fact is not supported by the cited evidence.<br><br>The video Plaintiff references shows a completely different scenario to the one depicted by Plaintiff.<br><br>Plaintiff's hands were not placed behind his back until the tail end of the encounter. Further, the video does not shown Bishop use two hands to "slam" |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | Plaintiff's face hard onto the concrete. Instead, the video shows that Plaintiff's resistance jerking around and Bishop trying to keep Plaintiff's head pushed towards the ground but stabilized that Plaintiff's head did impact the ground. Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) (See Defendants' Objection to Plaintiffs' Evidence, No 2) Subject to that clarification, it is undisputed that Bishop pushed Plaintiff's head down to the ground and the combined force of him and Plaintiff resulted in Plaintiff's head slamming into the ground. It is also undisputed that Plaintiff stated his hands were behind his back at some point. |
| 144 | Aguila would never wish that Barnhill's head be slammed into the concrete. | Exh. 3, Aguila Depo at 88:13-18. Exh. 8, Bishop | Undisputed. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | Video Screenshots at 34. | |
| 145 | The Officers handcuffed and searched Barnhill, finding no weapons, then rolled Barnhill into a seated position. | Exh. 1, Maynard Depo at 54:14-18, 67:5-10. Exh. 10, Aguila Video Screenshots at 30-32. Exh. O, Aguila Video at 03:12-03:15. Exh. N, Bishop Video at 03:18-03:21 | Undisputed. |
| 146 | One factor to consider in determining the reasonableness of force under the policy is the degree to which the subject is restrained. | Exh. 2, Bishop Depo at 17:19-18:11 | Plaintiff's fact is not a fact at all but an argument based on what constitutes reasonable use of force.<br><br>The evidence Plaintiff cites does not support the fact/argument stated.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to that clarification, it is undisputed that Bishop read the exhibit placed before him by Plaintiff during deposition. |
| 147 | Bishop's understanding of "effectively restrained" is that "a subject is no long able | Exh. 2, Bishop Depo at 19:17-24, 20:5-9, 20:24- | Undisputed for purposes of this motion. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | to physically resist officer, is no longer able to pull away from officers. And [ability to] stand[] up is another factor," any one of which, if accomplished constitutes effective restraint. | 21:13. | |
| 148 | Another consideration is the number of officers that are effectuating the arrest. | Exh. 2, Bishop Depo at 22:15-24 | Plaintiff's fact is unintelligible and is not a fact that can be discerned so as to support his arguments. |
| 149 | Bishop made a call for further assistance/additional resources and was also equipped with pepper spray. | Exh. 2, Bishop Depo at 26:2-7, 41:19- 42:1. | Undisputed for purposes of this motion. |
| 150 | The Officers had several reasonable alternatives including verbal commands, de-escalation, and control holds, without have to overreact and escalate the situation into substantial quality and quantity of force. | Clark Decl ¶¶9-13 | This is a set of compound legal conclusion, not material "facts" and, thus, is improperly included in the statement of additional material facts.

Plaintiff's statement is not supported by the cited evidence because Mr. Clark's legal conclusions regarding what type of force that was used and determining Plaintiff's threat level are legal conclusions squarely within the realm of judge and jury and improper and subject to partial or complete |

45

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | exclusion therefore. (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)) (See Defendants' Objection to Plaintiffs' Evidence, No 6) (See also Defendants' Daubert Motion Re: Clark) |

| 151 | No warning was given by Defendant Officer Maynard at any point prior to (i) tackling Barnhill down, (ii) kneeing Barnhill to the body, (iii) punching and hammer-fist striking Barnhill to the face, (iv) kneeing Barnhill to the head, or (v) pushing Barnhill's face into the concrete wall. | Clark Decl ¶9. Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30 | Plaintiff's facts are inappropriately compound such that Defendant have to argue against one of them within a slew of several.

Regarding facts (iii), and (v) they are not supported by the evidence as existing at all so as to need warning.
The video evidence shows that MAYNARD struck Plaintiff but it is unclear what Plaintiff means by a hammer strike. The video evidence does not show that any Officer pushed Plaintiff into the wall at all.

Further, Plaintiff's statement is not supported by the cited evidence because Mr. Clark's legal conclusions reserved for the judge or jury and improper and subject to partial or complete exclusion therefore.
(*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)) |
| | | | (See Defendants' Objection to Plaintiffs' Evidence, No 6) |
| | | | (See also Defendants' Daubert Motion Re: Clark) |
| | | | Subject to that clarification, the remaining facts that Maynard did not specifically warn Plaintiff that he was going to administer strikes to him for the purposes of this motion. |
| 152 | No warning was given by Defendant Officer Bishop at any point prior to (i) Tasing Barnhill while in the chair, (ii) Tasing Barnhill while he was chest down on the ground, (iii) pulling and pushing on Barnhill's hood, (iv) possible drive-stun deployment of the Taser, (v) striking Barnhill with the Taser two times in the head as an improvised deadly weapon, or (vi) slamming Barnhill's face into the | Clark Decl ¶9. Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30. | Plaintiff's facts are inappropriately compound such that Defendant have to argue against one of them within a slew of several. Regarding facts (i), the video evidence clearly shows that Bishop yelled out Taser and at deposition he states it was for a warning to all including Plaintiff. |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | ground. | | Regarding fact (iv) Plaintiff's addition of a "possible" deployment of the taser is not a fact cannot be regarded as one for purposes of summary judgment. Regarding fact (v) and (vi), Plaintiff's characterization of the taser as a "deadly weapon" is a legal conclusion and unfounded. It has no place in the separate statement and is properly set forth in argument. It should be disregarded for that reason alone. Further, Plaintiff's contention that Bishop slammed Plaintiff's head to the ground is not reflect in the video or deposition testimony. Bishop was trying to push and hold plaintiff's head down and, due to Plaintiff's own force and movement, their combined force caused Plaintiff's head to smash to the ground.

Further, Plaintiff's statement is not supported by the cited evidence because Mr. |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | Clark's legal conclusions reserved for the judge or jury and improper and subject to partial or complete exclusion therefore. (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)) (See Defendants' Objection to Plaintiffs' Evidence, No 6) (See also Defendants' Daubert Motion Re: Clark) Subject to that clarification, the remaining facts are undisputed that Bishop did not warn Plaintiff before charging the taser a second time, pulling his hood, or striking Plaintiff on the side of the head is for the purposes of this motion. |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| 153 | No warning was given by Defendant Officer Aguila at any point prior to (1) securing Barnhill's left hand so of far behind his back that his rotator cuff tore, or (2) full force strikes. | Clark Decl ¶9. Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30. | Plaintiff's facts are inappropriately compound such that Defendant have to argue against one of them within one UF. This is improper.<br><br>There is no evidence to support the existence of fact 1. None of Plaintiff's evidence indicates that Defendants tore his rotator cuff at all. The rotator cuff is not a claimed injury in discovery, the complaint, or an injury Plaintiff now attributes in deposition to Defendants. Nor is it an injury attributed to his encounter with police in this medical records.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Further, Plaintiff's statement is not supported by the cited evidence because Mr. Clark's legal |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|  |  |  | conclusions reserved for the judge or jury and improper and subject to partial or complete exclusion therefore. (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020))

(See Defendants' Objection to Plaintiffs' Evidence, No 6)

(See also Defendants' Daubert Motion Re: Clark)

Subject to that clarification, the remaining fact that Aguila did not warn Plaintiff before striking him on his back is undisputed for the purposes of this motion. |
| 154 | When deciding whether to use force that could cause serious bodily injury and the kind of force that could be | Exh. 2, Bishop Depo at 23:2-8. Exh. 3, Aguila Depo at 37:18-23, | Undisputed for purposes of this motion.

(See Defendants' |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | used, officers were trained to evaluate the subject's present ability to harm others and proximity of weapons. | 38:10-19. Exh. 8, Bishop Video Screenshots at 7-36. Exh. 9, Maynard Video Screenshots at 7-37 | Objection to Plaintiffs' Evidence, No 2 – 3) |
| 155 | The incident happened outside the residence with the door closed and with no weapons of any kind on the porch.. | Exh. 2, Bishop Depo at 76:22-77:19. Exh. 8, Bishop Video Screenshots at 7-36. Exh. 9, Maynard Video Screenshots at 7-37. | Plaintiff's fact is not a fact at all but an argument based on what constitutes reasonable use of force.<br><br>The evidence Plaintiff cites does not support the fact/argument stated. Per Officers' testimony, any number of things on the front porch could have been a weapon.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 3)<br><br>Subject to that clarification, it is undisputed that it was discovered later that Plaintiff did not have a gun on him during the |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | incident. |
| 156 | Barnhill did not have a gun or knife on his person, and the officers did not see any weapons on or near him | Exh. 1, Maynard Depo at 35:20-36:4, 45:7-10. Exh. 2, Bishop Depo at 30:18-25, 31:2-4, 42:14-18, 71:16-22, 76:7-13. Exh. 4, Klinzing Depo at 28:24-29:1, 44:22-13. Exh. 6, Sanchez Depo at 26:11-24, 27:2-8. Exh. 8, Bishop Video Screenshots at 7-36. Exh. 9, Maynard Video Screenshots at 7-37. Exh. M, Maynard Video at 02:40- 03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30 | Undisputed for purposes of this motion.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 2 – 4) |
| 157 | Barnhill was wearing a sweatshirt and basketball shorts that did not show any sign of having a weapon. | Exh. 4, Klinzing Depo at 30:9-14. Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30 | Plaintiff's fact is not a fact at all but an argument based what Plaintiff's clothing looked like it was capable of concealing. This is a conclusion and not an objective fact. Further the evidence Plaintiff cites does not support the fact/argument stated. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | Officers repeatedly describe Plaintiff as wearing a hoodie where he could put a weapon in the front of.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported argument and conclusion. |
| 158 | Barnhill also never reached for the Taser or any weapon. | Exh. 2, Bishop Depo at 55:9-11. Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30 | It is undisputed that although he reached for his waistband, Plaintiff was not observed to reach for the Officers' taser or the Officers' guns during the incident. |
| 159 | Another factor to consider in determining the reasonableness of force under the policy is "Whether the conduct of the individual being confronted no longer reasonably appears to pose an imminent threat to the officers or others. | Exh. 2, Bishop Depo at 21:15-23. | Plaintiff's fact is not a fact at all but an argument based on what constitutes reasonable use of force.<br><br>The evidence Plaintiff cites does not support the fact/argument stated. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to that clarification, it is undisputed that Bishop read the exhibit placed before him by Plaintiff during deposition. |
| 160 | Barnhill never struck an officer and never attempted to strike an officer; Barnhill never punched, kicked, kneed, elbowed, or grabbed an officer and never attempted the same; was not assaultive; never verbally threatened any officer; was not aggressive either verbally or physically; and did not express or show any intent to harm any officer | Clark Decl ¶8. Exh. 2, Bishop Depo at 78:7-11. Exh. 8, Bishop Video Screenshots at 7-36. Exh. M, Maynard Video at 02:40- 03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30. | Majority of Plaintiff's "facts" are unsupported conclusions. The other statements are not facts but legal arguments improperly set forth in a separate statement.<br><br>The evidence Plaintiff cites does not support the fact/argument stated.<br><br>The video evidence clearly shows Plaintiff striking MAYNARD. Plaintiff's internal intent is irrelevant as his external demonstrations based on the video evidence show resistance to Officers. Plaintiff showed immediate intent to harm MAYNARD. |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 6)<br><br>(See also Defendants' Daubert Motion Re: Clark)<br><br>Subject to that clarification, the remaining fact that Plaintiff did not verbally threaten the officers, assault the officers outside of assaulting MAYNARD is undisputed for the purpose of this motion |
| 161 | Barnhill was not capable of harming any person or officer while being held chest-down on the ground by Officers. | Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30. | Plaintiff's fact is not a fact at all but a conclusory argument based on what Plaintiff's capabilities that are not objective facts but conjecture. Such conclusions are not proper within the separate statement.<br><br>Further, Plaintiff's fact is not supported by the |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | evidence Plaintiff cites to. The video citations do not showcase whether or not Plaintiff was capable of harming Officers. It does not show an incapacitated or unconscious Plaintiff or a Plaintiff that could objectively be seen as incapable of harm.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported conclusion. |
| 162 | Officer did not have any information about Barnhill's background or history. | Exh. 1, Maynard Depo at 19:16-18, 20:19-25, 21:22-23. Exh. 2, Bishop Depo at 31:9-16. | Undisputed that Officers MAYNARD and BISHOP testified they did not have background on Plaintiff outside of the information relayed by dispatch before the encounter |
| 163 | Defendants admit that deadly force is the application of an event, technique or device that is likely to cause death or serious bodily injury. | Exh. 4, Klinzing Depo at 20:12-18. Exh. 6, Sanchez De po at 14:16-21. | Plaintiff's fact is not supported by the cited evidence.<br><br>Klinzing testified at deposition that deadly |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | force was force likely to produce serious bodily injury or death." |
| | | | Sanchez is not a Defendant and cannot serve to support a statement about Defendants. |
| | | | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| | | | The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement |
| 164 | Any force likely to produce serious bodily injury is deadly force. | Exh. 4, Klinzing Depo at 21:15-24 | Plaintiff's fact is not a fact at all but a legal argument improperly set forth within a separate statement. |
| | | | Plaintiff's fact is not supported by the cited evidence. Klinzing testified at deposition that force that was likely to lead to serious bodily injury was a "phrase" included in the definition of deadly force. However, he did |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | not confirm that "Any force" likely to produce serious bodily injury would be deadly force. |
|     |                              |                     | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
|     |                              |                     | Subject to that clarification, it is undisputed that Klinzing testified that force likely to cause serious bodily injury is included within the definition for deadly force. |
| 165 | Pursuant to the policy and PC 243(f)(4), "serious or great bodily injury" includes unconsciousness, brain injury, severe injury, fracture, and injury causing extensive suturing, among other things. | Exh. 2, Bishop Depo at 14:1-17. Exh. 6, Sanchez Depo at 14:22-15:10. | Plaintiff's fact is not a fact at all but a legal conclusion that is subject to judicial notice to a statute. Plaintiff also fails to specify what "policy" he is talking about.<br><br>Subject to that clarification, it is undisputed Bishop's testimony reflected an understanding of serious and great bodily injury as causing things like unconsciousness, brain injury, and injuries |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | needing extensive suturing. |
| 166 | According to Defendants' police practices expert, "strikes to the head should be considered with respect to injuries that [] can occur." | Exh. 6, Sanchez Depo at 15:11-22. | Undisputed. |
| 167 | If the subject is not threatening someone with death or serious bodily injury, officers are not allowed to use deadly force on the subject | Exh. 3, Aguila Depo at 37:24-38:5. | Plaintiff's fact is not supported by the evidence cited. Further, it is a fallacious reversal affirming the consequence.<br><br>The evidence Plaintiff cites is testimony from Aguila which says the following:<br><br>**PC**: Sure. Let me ask a simpler question. In deciding whether or not to use deadly force or force that would cause serious bodily injury, were you taught to evaluate the present ability of the suspect to hurt you or others?<br>**Aguila**: Yes<br>**PC**: What does that mean to you?<br>**Aguila**: That means if myself, my partners or anybody else, civilian, are in -- are threatened in the way of just bodily injury or death, then we're allowed to use |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | deadly force.<br><br>Aguila's testimony does not state that officers are not allowed to use force in any other circumstance besides being threatened in a way of just bodily injury or death. Plaintiff's asserted fact requires flipping Aguila's testimony in reverse and assuming the exclusive validity of the reverse which was not what Aguila testified.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| 168 | Officers are trained that "During a confrontation, peace officers need to be aware of those areas of the body which require maximum protection during an attack," including the head. | Exh. 6, Sanchez Depo at 15:23-16:9, 17:16-18:6. | Undisputed for purposes of this motion. |
| 169 | Defendants' expert even agrees, under the totality of the circumstances, the use of a Taser as an improvised device to strike someone in the head could qualify as | Exh. 6, Sanchez Depo at 20:21-21:12, 22:8:17 | Plaintiff's is not supported by the evidence cited.<br><br>Plaintiff's fact claims that Philip Sanchez |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | deadly force. | | agreed with something that he did not according to the testimony. The cited evidence indicates Philip Sanchez testified he believed that a "weaponless defense strike has less of a chance of inflicting serious bodily injury" than use of a tool and affirmed that "there are instances in which a weapon can be used to strike the head" including "impact and improvised devices" which are non-violative so long as the force is objectively reasonable based on the totality of the circumstances and based on probable cause.<br>Sanchez went on to testify as follows:<br>**Sanchez**: Based on the way that the question is framed, Counselor, as I understand it, you're asking me whether or not an improvised device could include a Taser<br>**PC**: That's correct. Thank you<br>**Sanchez**: Thank you. Yes. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to that clarification, it is undisputed that Sanchez affirmed his definition of an improvised device and opined that devices used had more likelihood than hand-strikes as causing serious bodily harm. |
| 170 | Use of a device or tool as a weapon for a head strike is more likely to cause and increases the likelihood of causing death or serious bodily injury than an open-hand strike. | Exh. 6, Sanchez Depo at 18:17-19:4, 20:2-14 | Undisputed. |
| 171 | Blows to the head constitute deadly force, depending in part on the degree of causing serious bodily injury | Exh. 6, Sanchez Depo at 18:7-15 | It is undisputed that, according to Philip Sanchez, administering blows to a suspect's head specifically with a device or tool (as opposed to using an open-hand strike or knee) can constitute deadly force. |
| 172 | Defendants' beating of Barnhill was so severe that Barnhill feared thinking, "I hope they don't kill me." | Exh. 5, Barnhill Depo at 8:15-16, 14:3-7 | Plaintiff's fact is not a fact at all but an argument about the force based on evidence |

DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | that says nothing about the force used.

The evidence Plaintiff cites does not support the fact/argument stated.

Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)

Subject to that clarification, the remaining facts of whether or not Plaintiff feared for his life is undisputed for purposes of this motion.

(See Defendants' Objection to Plaintiffs' Evidence, No 1) |
| 173 | Every time Barnhill was hit everything went black | Exh. 5, Barnhill Depo at 15:19-25. | The evidence Plaintiff cites does not support the fact stated.

Plaintiff's deposition testimony is self-serving and unreliable.

(See Defendants' Objection to Plaintiff's Evidence, No 1)

Without support, the |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| 174 | Defendants' conduct in slamming Plaintiff's face into a brick wall, slamming his head into the ground, and smashing a Taser on the back of his head, created a substantial risk of causing serious bodily injury. | Dr. O'Connor Decl ¶3 | Plaintiff's fact is not a fact at all but a legal conclusion as to causation.<br><br>The evidence cited in support cannot serve as support because it is inadmissible on this issue.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>(See Defendants' Objection to Plaintiff's Evidence, No 5)<br><br>(See Defendants' Daubert Motion Re: Connor) |
| 175 | Now, as a result of Defendants' use of excessive force, Barnhill's serious bodily injury includes seizures, cartilage separating from his ear that will not heal, causing his ear to droop, | Exh. 5, Barnhill Depo at 8:12-16, 9:4-6, 137:17-138:2, 138:5-6, 138:10-12, 138:21-140:23, 142:2, 142:18-24, | Plaintiff's fact is not a fact at all but a legal conclusion.<br><br>The facts regarding Plaintiff's injuries are supported only by his |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
|  | discoloration, and loss of sensation; completely blown orbital fracture requiring surgery and titanium screws, causing loss of muscle strength, nerve damage, and sunken in eye; seizures; and torn rotator cuff. | 145:3-6, 149:4-5 | self serving and unreliable testimony.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>(See Defendants' Objection to Plaintiff's Evidence No 1) |
| 176 | Barnhill's visible serious bodily injury was obvious even to the lay Officers, reporting that Barnhill suffered a torn ear, fracture, "abrasion/laceration" and "obvious disfigurement." | Exh. 2, Bishop Depo at 50:2-8, 51:1- 21. Exh. 4, Klinzing Depo at 52:3-11. Exh. 6, Sanchez Depo at 40:8-21 | Plaintiff's fact is not a fact at all but a conclusion based on Plaintiff's interpretation from of "lay Officers" testimony as to Plaintiff's injuries.<br><br>The evidence cited does not support that Bishop, Klinzing, or Sanchez found serious bodily injury but instead accounted for injuries,<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to that clarification, the fact |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | that Bishop checked the automated box indicating disfigurement, that Klinzing observed a tear on Plaintiff's ear, and Sanchez testified that based on the documents Plaintiff suffered a broken bone in his eye is undisputed for purposes of this motion. |
| 177 | The force used against Barnhill so obviously meets the definition of serious bodily injury that Defendants' police practices expert merely testified that "the statute speaks for itself." | Exh. 6, Sanchez Depo at 40:8-21. | Plaintiff's fact is not a fact at all but a legal conclusion and an interpretation of Philip Sanchez's testimony.<br><br>Sanchez' tesitmony is as follows:<br><br>**PC**: Sure. Let me ask it in lay terms. It is your understanding that Mr. Barnhill did suffer a broken bone in his eye; correct?<br>**Sanchez**: Based on the documentation that I reviewed, yes.<br>**PC**: Okay. And again, that would constitute a serious bodily harm or injury as defined by the Penal Code?<br>**Sanchez**: I think the statute speaks for itself, so…. |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | The evidence Plaintiff cites does not support the fact that the force used against Plaintiff caused any harm let alone that it somehow meets the definition of serious bodily injury which concerns only injuries, not uses of force. |
| | | | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| 178 | Pursuant to Policy 300.4(A), "An officer may [only] use deadly force to protect him or herself or others from what he or she reasonably believes is an imminent threat of death or serious bodily injury to the officer or another person. | Exh. 2, Bishop Depo at 13:8, 13:19- 25. Clark Decl ¶8. | Plaintiff's statement is not supported by the cited evidence.

Per the exhibit Plaintiff has Bishop read, the text said, "An officer may use deadly force to protect him or herself or others from what he or she reasonably believes is an imminent threat of death or serious bodily injury to the officer or another person."

As cited, the policy does not state that this is the only use of deadly force allowed. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No 6)<br><br>(See also Defendants' Daubert Motion Re: Clark) |
| 179 | In other words, deadly force is only permitted in "Immediate Defense of Life" as trained | Exh. 4, Klinzing Depo at 22:3-7. Clark Decl ¶8. | Undisputed that, according to Klinzing, officers are trained to "go back to" Immediate Defense of Life [IDOL] relating to shootings which are deadly uses of force.<br><br>Plaintiff's fact as applied to any and all uses of force that are deadly but not related to shootings is not supported by the testimony cited as evidence.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | (See Fed. R. Civ. P. 56(e), L.R. 56-3.) Subject to that clarification, the remaining fact is undisputed for purposes of this motion. (See Defendants' Objection to Plaintiffs' Evidence, No 6) (See also Defendants' Daubert Motion Re: Clark) |
| 180 | Barnhill was never an immediate that of death or serious bodily injury. | Clark Decl ¶8. Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30 | Plaintiff's fact is not a fact at all but a legal conclusion regarding Plaintiff's objective threat level. The evidence Plaintiff cites does not support the fact that Plaintiff objectively was not a threat. The videos instead support the notion that Plaintiff posed a threat. Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | (See Defendants' Objection to Plaintiffs' Evidence, No 6)<br><br>(See also Defendants' Daubert Motion Re: Clark) |
| 181 | The standards for determining whether the use of force is objectively reasonable include POST, City policy, and PC 835a. | Exh. 6, Sanchez Depo at 12:17-23, 13:2-20 | Undisputed for purposes of this motion. |
| 182 | The City policy specifically related to the use of an impact device is against targeting the head. | Exh. 6, Sanchez Depo at 23:6-25 | Undisputed that the policy as elaborated on by Philip Sancehz is for batons, used as impact devices, to not be targeted at the head.<br><br>Subject to that clarification, this fact is undisputed for purposes of this motion. |
| 183 | Bishop claims to have taken 6 to 7 classes on the Taser, yet no POST training and no City policy addresses the Taser as an impact device. | Exh. 2, Bishop Depo at 11:18-23. Exh. 6, Sanchez Depo at 21:13-16, 21:21-22:4 | This fact is compound.<br><br>It is undisputed that Bishop testified he took 6 or 7 classes on the Taser.<br><br>However, Plaintiff's fact that the City policy does not address Taser as an impact device is not supported by the evidence.<br><br>Per Sanchez, Hemet Police Department |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | policies address the use of taser as an improvised impact device in the Use of Force Policy, requiring that use of a taser to adhere to the objectively reasonable and probable cause standard. Further, when asked "would you agree with me that a Taser used as an improvised device to strike someone in the head could qualify as a deadly weapon", Sanchez testified "depending on the totality of the circumstances, yes."<br><br>Without support, the fat is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>Subject to that clarification, the remaining fact is undisputed for purposes of this motion. |
| 184 | City policy vaguely, overbroadly, deficiently, merely states that an object can be used as an improvised tool without any specific additional guidance | Exh. 6, Sanchez Depo at 22:1-7 (by reasonable inference given that "It doesn't speak to Taser, | Plaintiff's fact is not a fact at all but an argument about the sufficiency of a City policy. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | specifically.") | The evidence Plaintiff cites does not support the fact regarding one of City's policies. But this UF is not relevant to any claims or defenses. |
| | | | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| 185 | City policy vaguely, overbroadly, deficiently, merely states certain areas should be avoided. | Exh. 6, Sanchez Depo at 22:19-24 (by reasonable inference "in that there are certain areas an officer should try to avoid." | Plaintiff's fact is not a fact at all but an argument about the sufficiency of a City policy. |
| | | | The evidence Plaintiff cites does not support the fact regarding one of City's policies. But this UF is not relevant to any claims or defenses. |
| | | | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| 186 | Bishop had never used the Taser as an improvised weapon before and was not specifically trained to use the Taser as an improvised weapon. | Exh. 2, Bishop Depo at 52:11-13, 54:20-23. | Undisputed for the purposes of this motion. |
| 187 | As a Corporal, field | Exh. 4, Klinzing | The evidence Plaintiff |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | supervisor, and senior officer on scene, Klinzing did not intervene to stop Defendant Officers from continually beating Barnhill while he was chest-down on the ground, including with both hands behind his back, including while obvious deadly force was used on an unarmed non-resistive man | Depo at 19:14-18, 24:2-10. Exh. M, Maynard Video at 02:40-03:50. Exh. N, Bishop Video at 02:40-03:50. Exh. O, Aguila Video at 02:20-03:30 | cites does not support the fact.

None of the video evidence demonstrates that Klinzing observed excessive force and did not stop it. Further, Klinzing at deposition testified that he did not observe the uses of force that Plaintiff alleges including the use of a taser, being struck, or brought to the ground. There are no uses of force that Plaintiff later points to which Klinzign saw, made a determination about, and did not act on. Instead, the evidence shows that Klinzing arrived and within seconds Plaintiff was detained with a second handcuff and the uses of force ceased.

Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)

The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

**MANNING | KASS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | statement |
| 188 | Despite acknowledging the specific duty for officer to intervene and report to a supervisor, Aguila does not know the requirements on an officer to report the unlawful or excessive use of force used by another officer and does not know of the government code requirement for a police officer to record in his report when he or she witnesses the use of excessive force by another officer. | Exh. 3, Aguila Depo at 40.15-41:2, 41:10-19, 43:16-18, 44:9-14 | The evidence Plaintiff cites does not support the fact. But this UF is not relevant to any claims or defenses.<br><br>The evidence cited (and other evidence taken from Aguila's deposition) indicates that Aguila testified all of the following when questioned by PC:<br><br>**Aguila**: I believe our duty is to intervene and report [excessive force] to the supervisor if needed.<br>---<br>**PC**: Does the Hemet Police Department have a policy that an officer witnessing the use of excessive force by another officer, that the witnessing officer should include that information in his written report?<br>**Aguila**: I believe if somebody believes or determined that it's excessive, again their duty is to intervene and report it to the supervisor.<br>--- |

76



| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | **Aguila**: That my statement would be taken from a supervisor, and they would have it documented. <br><br> Aguila's testimony did not state that he did not know a policy or code. <br><br> Subject to that clarification, this fact is undisputed for purposes of this motion. |
| 189 | Officers have a specific duty to write accurate and reliable reports when they participate in an arrest, close in time to the event if feasible because memory fade, so that the supervisor can review the report and send it to the district attorney's office for review to determine whether to file criminal charges, determining bail amount, and whether there might be any defenses to the charges. | Exh. 3, Aguila Depo at 43:19-21, 45:15-46:12, 46:16-47:19 | Undisputed that Aguila testified that arresting officers have a duty to write accurate and reliable reports soon if feasible. <br><br> However, Plaintiff's stated reason is not supported by the cited evidence. The reason for this given by Aguila is as follows: <br> **PC**: Why is that, as you understand it, that reports should be written close in time to when the events occurred? <br> **Aguila**: I think it helps give the officer a better account of things, but I think body-worn cameras definitely help where you—now you can have that gap. |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | Before a lot of people didn't have that so—<br>**PC**: When you tell me it helps the officer give a better account, is that because recollections, in your experience tend to deteriorate over time<br>**Aguila**: Definitely I believe over long periods of time you tend to forget unless you're reminded.<br><br>Aguila's testimony did not connect the reason for submitting it close in time to the ability to send it to the district attorney for criminal charges, bail, and defenses.<br><br>Subject to that clarification, this fact is undisputed for purposes of this motion. |
| 190 | As a field supervisor, Klinzing was responsible for ensuring Barnhill received medical treatment, gathering statements from the officers involved, and obtaining a statement from Barnhill; yet Klinzing did not write a report. | Exh. 4, Klinzing Depo at 49:24-50:10. | This fact is compound. Subject to that clarification, this fact is undisputed for purposes of this motion. |
| 191 | Klinzing was never trained on the definition of serious bodily injury from the | Exh. 4, Klinzing Depo at 20:25-21:3 | It is undisputed that Klinzing testified that he was not aware if he was |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | California Government Code. | | trained on the definition of serious bodily injury from the California government code specifically.<br><br>Subject to that clarification, this fact is undisputed for purposes of this motion. |
| 192 | Bishop is not familiar with Govt. Code §12525.2 defining serious bodily injury. | Exh. 2, Bishop Depo at 15:20-22. | Undisputed. |
| 193 | When Klinzing joined Hemet Police Department, he was only trained on the use of force "to an extent." | Exh. 4, Klinzing Depo at 19:19-21. | Undisputed for purposes of this motion. |
| 194 | Officers were trained that the bent wrist technique provides better control. | Exh. 3, Aguila Depo at 72:6-21. | Undisputed that Aguila testified that he was taught a bent control technique at the Los Angeles Police Department Academy and answered PC in deposition as follows:<br><br>**PC**: When you were taught to use the bent wrist technique or taught how it is used, what did they teach was the reason for bending the suspect's wrist?<br>---<br>**Aguila**: Just gives us better control.<br>PC: And what does it give you better control |

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | of? **Aguila**: Again, depending on the circumstances, it could give you better control of the suspect's arms or wrist. **PC**: The point is to get control of the suspect's arms and wrist, and the bent wrist does that. Would you agree? **Aguila**: That is the goal Subject to that clarification, this fact is undisputed for purposes of this motion. |
| 195 | Officers are trained to have situational awareness and to minimize confusion by having only one officer, the contact officer, provide commands. | Clark Decl ¶9. | Plaintiff's fact is a conclusion regarding Officer training that is ambiguous and lacks appropriate foundation. Further, Plaintiff's statement is not supported by the cited evidence because Mr. Clark's conclusions exceed the scope of his expertise on the nuances between general police practice and the policies specifically within the Officers' police department and is subject to partial or complete exclusion therefore. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020))

(See Defendants' Daubert Motion Re: Clark)

(See Defendants' Objection to Plaintiffs' Evidence, No 6)

Subject to that clarification, the remaining facts are undisputed that Officers are generally trained to have situational awareness and to take steps to minimize confusion. |
| 196 | Here, Officers were simultaneously giving commands | Exh. 1, Maynard Depo at 27:23-25. | Undisputed for purposes of this motion. |
| 197 | Because officers were shouting a lot of things, Bishop does not recall hearing "I got his hands." | Exh. 2, Bishop Depo at 71:8-10 | The evidence Plaintiff cites does not support the fact. But this UF is not relevant to any |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | claims or defenses. |
|     |                              |                     | The evidence cited indicates the following: |
|     |                              |                     | **PC**: Okay. Did you hear somebody say, "I've got his hands, I've got his hands" at that point? |
|     |                              |                     | … |
|     |                              |                     | **Bishop**: Personally, I— there was a lot of things being shouted. I don't personally recall hearing somebody say, "I got his hands." |
|     |                              |                     | This testimony does not state officers were shouting a lot of things but that there were a lot of things being shouts. Video evidence shows Plaintiff was shouting quite a bit. |
|     |                              |                     | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
|     |                              |                     | The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported statement. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MK

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| 198 | Klinzing claims that he did not see Barnhill get struck with the Taser and claims he only saw Aguila strike Barnhill two times | Exh. 4, Klinzing Depo at 32:13-24. | Undisputed. |
| 199 | Klinzing was previously named in a lawsuit alleging use of excessive force close in time to this incident | Exh. 4, Klinzing Depo at 25:14-25. | Undisputed that Klinzing was named in a lawsuit for excessive force approximately 1 – 2 years before the date of the incident.

Subject to that clarification, this fact is undisputed for the purposes of this motion. |
| 200 | City knew or should have known that Klinzing was named in a lawsuit with a different department prior to joining HPD. | Exh. 4, Klinzing Depo at 26:2-5 | This is not a fact but an argument as to what the City should have known. It is also immaterial and irrelevant to any claims or defenses.

For the purposes of this motion, it is undisputed. |
| 201 | City Officers are trained to fear possible future harm, including by having them watch thousands of videos of incidents an officer may never experience in his entire time in law enforcement. | Exh. 1, Maynard Depo at 33:1-13. | Plaintiff's fact is not a fact at all but an argument as to the effect of Officers viewing thousands of videos.

The evidence Plaintiff cites does not support the fact. But this UF is not relevant to any claims or defenses.

The evidence cited from |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | MAYNARD's deposition states as follows: **PC**: Has you, in your time as a patrol officer with the Hemet Police Department, prior to April 19th, 2022, experienced a situation where somebody was chased on foot and then took a hostage in their home? **Maynard**: Personally, no. However—and I Can't point to a definitive video. I've seen probably thousands of videos during my short time as a police officer. But I was already aware that persons, who in my understanding, generally run from the police or flee from the police, only have a few options left. And the most immediate options, that would be life-threatening or something that I could prevent as an officer would be potentially those things." The testimony has |

84

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | nothing to do with MAYANRD's level of fear regarding future harm or situations. Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported, argument. |
| 202 | As shown here, by Klinzing believing that Barnhill was an immediate threat of life (i.e., a deadly threat whereby deadly force would be authorized) when he first arrived, merely because Klinzing believed Barnhill may potentially be armed, based solely on the broadcast alleging he had a gun the previous day so he may still have a gun | Exh. 4, Klinzing Depo at 28:7-20, 47:9-22. | The evidence Plaintiff cites does not support the fact. But this UF is not relevant to any claims or defenses. The evidence cited indicates that Kinzing believed Plaintiff was a threat based on the broadcast that he was possibly armed and was not yet under control by officers. Plaintiff's characterization that it was based "solely" on the original broadcast is not reflected in the tesitmony. Without support, the fact is not capable of creating a dispute and can be disregarded for |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) Nevertheless, the remaining fact is undisputed for purposes of this motion. |
| 203 | The City admits that no officer was disciplined as a result of their conduct during this incident | Exh. 11, City RFA No. 6 at 8:6-21 | Undisputed. |
| 204 | The City admits that no officer was required to repeat any prior training as a result of their conduct during this incident | Exh. 11, City RFA No. 7 at 8:22-9:9. | Undisputed for purposes of this motion. |
| 205 | The City admits that no officer was required to undergo any additional training as a result of their conduct during this incident. | Exh. 11, City RFA No. 8 at 9:10-25. | Undisputed for purposes of this motion. |
| 206 | The City admits to ratifying the use of force by its officers against Barnhill finding it within policy | Exh. 11, City RFA No. 9 at 9:26-10:13. | Plaintiff's fact is not a fact at all but a legal argument based on what Plaintiff infers is the meaning behind Defendants' response to RFA 9. The evidence Plaintiff cites does not support the fact/argument that the City "ratif[ied] the use of force". This is not what the RFA asked and it is not what Defendants admitted to. This bad faith argument is not a fact, should be |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | sanctioned as a wasteful and improper as argued within the separate statement.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.)<br><br>The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported, argument. |
| 207 | The City denies that Officers were trained that the authority to use force, conferred on peace officers, is a serious responsibility that shall be exercised judiciously and with respect for human rights and dignity and for the sanctity of every human life. | Exh. 11, City RFA No. 29 at 21:15-22:4. | Undisputed that City denied this request for admission regarding the exhaustive, closed description of training regarding use of physical force provided by Plaintiff in the RFA, signaling that definition was not in total the one it employed.<br><br>Subject to that clarification, this fact is undisputed for purposes of this motion. |
| 208 | The City denies that Officers were trained that peace officers can only use deadly force according to the California Penal Code when necessary, in defense of life. | Exh. 11, City RFA No. 30 at 22:5-21. | This fact is undisputed for purposes of this motion but immaterial. |
| 209 | The City denies that Officers | Exh. 11, City RFA | Undisputed that City |

87

DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | were trained that the decision to use deadly force cannot be based on their subjective fear alone but must be objectively reasonable. | No. 36 at 25:19-26:7. | denied this request for admission regarding the exhaustive, closed training provided by Plaintiff regarding the decision to use deadly force, signaling that definition was not in total the one it employed.

Subject to that clarification, this fact is undisputed for purposes of this motion. |
| 210 | The City denies that Officers were trained that whenever possible, peace officers should attempt to generate voluntary compliance without resorting to physical force. | Exh. 11, City RFA No. 45 at 30:27-31:15. | This fact is undisputed for purposes of this motion but immaterial. |
| 211 | The City denies that Officers were trained that deadly force means any force that creates a substantial risk of causing death or serious bodily injury. | Exh. 11, City RFA No. 50 at 33:24-34:13. | Undisputed that City denied this request for admission regarding the exhaustive, closed definition of "deadly force" by Plaintiff in the RFA, signaling that definition was not in total the one it employed.

Subject to that clarification, this fact is undisputed for purposes of this motion but irrelevant. |
| 212 | The City denies that Officers | Exh. 11, City RFA | Undisputed that City |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | were trained that a threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. | No. 52 at 35:2-20. | denied this request for admission regarding the exhaustive, closed definition of "imminent" serious bodily injury or death provided by Plaintiff in the RFA, signaling that definition was not in total the one it employed.

Subject to that clarification, this fact is undisputed for purposes of this motion but irrelevant. |
| 213 | The City denies that Officers were trained that imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed | Exh. 11, City RFA No. 53 at 35:21-36:10 | Undisputed that City denied this request for admission regarding the exhaustive, closed definition of "imminent harm" provided by Plaintiff in that RFA, signaling that definition was not in total the one it employed.

Subject to that clarification, this fact is undisputed for purposes of this motion but irrelevant. |
| 214 | Defendant Officers credibility must be tested by a jury given that they do no admit that they used force against Barnhill; deny that Barnhill was injured or | Exh. 12, Maynard RFA No. 1 at 5:10-24, No. 5 at 7:15-8:1, No. 6 at 8:2-16. Exh. 13, Aguila RFA No. 1 | Plaintiff's fact is not a fact at all but a compound argument regarding Officers' credibility. |

89

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | harmed. | at 5:10-24, No. 5 at 7:15-8:1, No. 6 at 8:2-16. Exh. 14, Bishop RFA No. 1 at 5:10- 24, No. 5 at 7:15-8:1, No. 6 at 8:2-16 | The evidence Plaintiff cites does not support the "fact" that Officers credibility must be tested. Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported, speculative argument. |
| 215 | By reasonable inference, Defendant Officers admit to wrongdoing by admitting to being disciplined and retrained as a result of their conduct during the incident, and that the City found their use of force violated policy. | Exh. 12, Maynard RFA Nos. 9-12 at 9:20-11:27. Exh. 13, Aguila RFA Nos. 11-14 at 10:24-13:4. Exh. 14, Bishop RFA Nos. 11-14 at 10:24-13:4. | Plaintiff's fact is not a fact at all but an argument based on speculation as to what could be implied by Defendants' discovery responses and arguing for an absurd interpretation thereof. The evidence Plaintiff cites does not support the fact/argument that Officers admit to wrongdoing. Not only does not confuse the answer in the RFAs but it is a bad faith interpretation that should be sanctioned as a wasteful and improper speculatory musing |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | within the separate statement. |
|     |                              |                     | Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
|     |                              |                     | The court should ignore Plaintiff's attempt to create a dispute of fact with an unsupported, speculative argument. |
| 216 | The use of force inflicted on Barnhill was inconsistent with basic law enforcement training and violated basic POST standards and the standard of care pursuant to POST and officer training. The Officers in this case utterly failed to follow these standards and their training in this incident. Had they done so, Barnhill would not have sustained irreversible injuries to his head and face | Clark Decl ¶7. | This is a compound opinion that employs legal conclusions that are not material "facts" and, thus, is improperly included in the statement of additional material facts. (See Defendants' Objection to Plaintiff's Evidence, No. 6) Plaintiff's statement is not supported by the cited evidence because Mr. Clark's legal conclusions regarding whether or not Officers followed training or acted in a manner consistent with the law enforcement training and POST are improper and subject to partial or |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | complete exclusion therefore. (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)) (See Defendants' Daubert Motion Re: Clark) |
| 217 | The Defendant Officers used deadly force against Barnhill by violently striking him to the face and head several times. Barnhill was not an immediate threat of death or serious bodily injury to anyone at the time of the Officers' use of deadly force. | Clark Decl ¶8 | This is a set of compound legal conclusion, not material "facts" and, thus, is improperly included in the statement of additional material facts. (See Defendants' Objection to Plaintiff's Evidence, No. 6) Plaintiff's statement is not supported by the cited evidence because Mr. Clark's legal conclusions regarding what type of force that was used and |

92

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | determining Plaintiff's threat level are legal conclusions squarely within the realm of judge and jury and improper and subject to partial or complete exclusion therefore. (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)) <br><br>(See Defendants' Daubert Motion Re: Clark) |
| 218 | There were fundamental tactical errors in this incident including the Defendant Officers failure to attempt to de-escalate the situation, to employ proper control hold-techniques, to give Barnhill a warning prior to using such extreme force, and to control their emotions and fears, which resulted in their overreactions and unnecessary uses of force | Clark Decl ¶9 | This is a slew of compound legal conclusions, not material "facts" and, thus, is improperly included in the statement of additional material facts. <br><br>(See Defendants' Objection to Plaintiff's Evidence, No. 6) <br><br>Plaintiff's statement is |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | not supported by the cited evidence because Mr. Clark's legal conclusions regarding the existence of extreme force and Plaintiff's use of techniques are improper and subject to partial or complete exclusion therefore. (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)) <br><br>(See Defendants' Daubert Motion Re: Clark) <br><br>Further, Plaintiff's evidence does not support the purported fact that Officers used extreme force or did not control their emotions. The level of force used is, as set forth above, a legal determination outside of the realm of Mr. Clark's expert |

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | | | opinion. His testimony does not rely on any evidence that supports a notion that Officers overreacted.<br><br>Without support, the fact is not capable of creating a dispute and can be disregarded for purposes of this motion. (See Fed. R. Civ. P. 56(e), L.R. 56-3.) |
| 219 | After being apprehended at the door to his home and during the Officer assault thereafter, Barnhill did not attempt to flee, was not resistive, was not assaultive, was willing to communicate and conveyed compliance to the Defendant Officers. No force beyond that which is trained and reasonable for a compliant subject was necessary or permitted (as trained). | Clark Decl ¶10. | This is a slew of compound legal conclusions, not material "facts" and, thus, is improperly included in the statement of additional material facts.<br><br>(See Defendants' Objection to Plaintiff's Evidence, No. 6)<br><br>Plaintiff's statement is not supported by the cited evidence because Mr. Clark's legal conclusions regarding the existence of excessive force and Plaintiff's flight attempts as well as Officer compliance with their training and subject to partial or complete exclusion therefore. |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020))<br><br>(See Defendants' Daubert Motion Re: Clark)<br><br>Further, Plaintiff's fact is directly contradicted by video evidence indicating that Plaintiff did flee, did strike MAYNARD, and did make bodily motions that were resistant to Officers' ability and intention to exert control over him.<br><br>Ex. ___ |
| 220 | Competent training for officers must include their duty to intervene if fellow Officer(s) apply excessive force, particularly if that excessive force could lead to extreme pain, serious injury or death. Defendant Officers | Clark Decl ¶11. | This is a slew of compound legal conclusions, not material "facts" and, thus, is improperly included in the statement of additional material facts. |



MANNING | KASS

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| | failed to uphold their duty to intervene when they did not stop their partner Officers from continuing to violently assault the compliant Barnhill. | | (See Defendants' Objection to Plaintiff's Evidence, No. 6)<br><br>Plaintiff's statement is not supported by the cited evidence because Mr. Clark's legal conclusions regarding the existence of excessive force and any failure to "prevent" it are improper and subject to partial or complete exclusion therefore. (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020))<br><br>(See Defendants' Daubert Motion Re: Clark) |
| 221 | The Officers exhibited a gross departure from nationally accepted required tactics to minimize the use of force including lethal force, which reflects their lack of | Clark Decl ¶12 | This is a conclusion regarding legal conclusion, not a material "fact" and, thus, is improperly included in the |

97
**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | adequate training, and a direct reflection of HPD's inadequate supervision, and training policies. The HPD longstanding failure to adequately train their officers, also demonstrated by its officers' prior use of unreasonable force against the citizens of Hemet, has and will continue to place the community at risk of serious injury and/or death by other officers in the department, who have been or are now, similarly trained and/or supervised | | statement of additional material facts. (See Defendants' Objection to Plaintiff's Evidence, No. 6) Plaintiff's statement is not supported by the cited evidence because Mr. Clark's legal conclusions regarding Officer's "departure from national tactics" and its reflect of a "lack of training" and Hemet's unlawful practices and risk to the community are similarly improper and subject to partial or complete exclusion therefore. (*See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)) (*See Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)) (See Defendants' Daubert Motion Re: Clark) |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
| 222 | The Defendants Officers did not adequately attempt to de-escalate the situation as trained but instead escalated the situation. | Clark Decl ¶13 | This is a legal conclusion, not a material "fact" and, thus, is improperly included in the statement of additional material facts.<br><br>(See Defendants' Objection to Plaintiff's Evidence, No. 6)<br><br>Plaintiff's statement is not supported by the cited evidence because Mr. Clark's legal conclusions regarding training failures and violations—such as escalation and failures to de-escalates—are similarly improper and subject to partial or complete exclusion therefore. *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999); *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (overruled on other grounds by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)<br><br>(See Defendants' Daubert Motion Re: |

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

| No. | Plaintiff's Additional Facts | Supporting Evidence | Defendants' Response |
|-----|------------------------------|---------------------|----------------------|
|     |                              |                     | Clark)               |

DATED:  January 26, 2026          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:     /s/ Andrea Kornblau
        Eugene P. Ramirez
        Andrea Kornblau
        Attorneys for Defendants, , CITY OF
        HEMET, OFFICER BRETT MAYNARD,
        OFFICER JOSHUA BISHOP, OFFICER
        PEDRO AGUILA, CORPORAL
        DOUGLAS KLINZING; JAMIE
        GONZALEZ and CATHERINE TIPTON

**DEFENDANTS' REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**