1 │ Eugene P. Ramirez (State Bar No. 134865)
      *eugene.ramirez@manningkass.com*
2 │ Andrea Kornblau (State Bar No. 291613)
      *andrea.kornblau@manningkass.com*
3 │ **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
4 │ 801 S. Figueroa St, 15th Floor
    Los Angeles, California 90017-3012
5 │ Telephone: (213) 624-6900
    Facsimile: (213) 624-6999
6 │
7 │ Attorneys for Defendants CITY OF
    HEMET, OFFICER BRETT MAYNARD,
    OFFICER JOSHUA BISHOP, OFFICER
8 │ PEDRO AGUILA, CORPORAL
    DOUGLAS KLINZING; JAMIE
9 │ GONZALEZ and CATHERINE TIPTON

10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL, | Case No. 5:23-cv-00589 JGB(SPx) |
| Plaintiff, | District Judge: Jesus G. Bernal<br>Magistrate Judge: Sheri Pym |
| v. | **DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES** |
| CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive, | *Filed concurrently with Reply; Objection to Evidence; Reply to Statement of Additional Material Facts* |
| Defendants. | Date:    2/9/2026<br>Time:    9 a.m.<br>Crtrm.: 1 (2nd Floor) |
| | *Action Filed:        04/12/2024* |

Pursuant to Civ. L.R. 56-3, Defendants CITY OF HEMET, OFFICER

BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA,

CORPORAL DOUGLAS KLINZING, JAIMIE GONZALEZ, AND CATHERINE

TIPTON submit this Reply to Plaintiff's Statement of Genuine Disputes [Docket.

No. 52-1].

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 1 | On April 29, 2022, 911 operators received a 911 call from a witness identified as Plaintiff's girlfriend who reported Plaintiff Henry Barnhill ("Plaintiff") had harmed her the previous night and held a gun to her face. | Ex. A at 0:00–0:25; 1:17-1:25 | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. Plaintiff is innocent until proven guilty and these allegations required investigation not punishment. Further, in Defendants' inadmissible Exhibit A, the caller specifically informs dispatch that Plaintiff did not have a gun on him. <br><br> Plaintiff/Opposing Party's Evidence: **Exh. 5, Barnhill Depo** at 46:15-19, 54:12-22. <br><br> *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.* <br><br> **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |

**1. Defendants' Response**: This fact remains undisputed.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | This exhibit is a truthful copy of the dispatch audio, the contents of which were relayed to Officers at the time and is not hindsight evidence. (*See Ex.* J, K, L) | | |
| | Plaintiff's cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. | | |
| | (*See* Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.) | | |
| | (See Defendants' Objection to Plaintiff's Evidence, No. 1) | | |
| | Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (*See* Standing Order No. 12) | | |
| 2 | Plaintiff's girlfriend reported that, unusually, Plaintiff drove her and her child to McSweeny Elementary School where he was waiting for her outside. | Ex. A at 1:55–2:10 | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. <br><br> Plaintiff/Opposing Party's Evidence: **Exh. 5, Barnhill Depo** at 46:15-19, 54:12-22. <br><br> *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.* <br><br> **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES



| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | **2. Defendants' Response**: This fact remains undisputed. This exhibit is a truthful copy of the dispatch audio, the contents of which were relayed to Officers at the time and is not hindsight evidence. (*See Ex.* J, K, L) Plaintiff's cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. (*See* Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.) (See Defendants' Objection to Plaintiff's Evidence, No. 1) Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (*See* Standing Order No. 12) | | |
| 3 | Plaintiff's girlfriend reported that she feared for her life. | Ex. A at 00:00–00:25 | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. Further, in Defendants' inadmissible Exhibit A, the caller specifically informs dispatch that Plaintiff did not have a gun on him.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.*<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/602/611**: Compound, Lacks Foundation. |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | **Rule 801/802**: Impermissible Hearsay. |

**3. Defendants' Response**: This fact remains undisputed.

This exhibit is a truthful copy of the dispatch audio, the contents of which were relayed to Officers at the time and is not hindsight evidence. (*See Ex.* J, K, L)

Plaintiff's cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion.

(*See* Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (*See* Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 4 | Plaintiff's girlfriend identified that Plaintiff was driving a black Dodge Challenger that belonged to her and was parked on Chambers Avenue. | Ex. A at 00:00–01:20 | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. <br><br> *See* Plaintiff's <u>Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith.* <br><br> **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |

**4. Defendants' Response**: This fact remains undisputed.

This exhibit is a truthful copy of the dispatch audio, the contents of which were

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | relayed to Officers at the time and is not hindsight evidence. (*See Ex.* J, K, L) | | |
| | Plaintiff's cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. | | |
| | (*See* Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.) | | |
| | Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (*See* Standing Order No. 12) | | |
| 5 | Plaintiff's girlfriend identified that Plaintiff was between forty-two (42) and forty-three (43) years old. | Ex. A at 2:05–2:22 | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. *See* Plaintiff's <u>Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith.* **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |
| | **5. Defendants' Response**: This fact remains undisputed. | | |
| | This exhibit is a truthful copy of the dispatch audio, the contents of which were relayed to Officers at the time and is not hindsight evidence. (*See Ex.* J, K, L) | | |
| | Plaintiff's cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion. | | |
| | (*See* Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; *See* Fed. R. | | |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | Civ. P. 56(e)(2), L.R. 56-3.) | | |
| | Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (*See* Standing Order No. 12) | | |
| 6 | At approximately 7:36 a.m., Officer BRETT MAYNARD ("MAYNARD") responded to the dispatch call at the elementary school. | Ex. J at pp 1 *see also* Ex. G at 17:6-18:5 | **Undisputed** of the purpose of this motion. *See Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |
| **6. Defendants' Response**: This fact remains undisputed. | | | |
| 7 | MAYNARD immediately saw the sole black 2019 Dodge Challenger on the north side of Chambers Avenue (license plate 8RUU690). | Ex. J at pp 2 *see also* Ex. G at 21:24-22:12 | **Undisputed** of the purpose of this motion. Nevertheless, **Disputed**, to the extent that Ex. G does not support this contention. Thus, Defendants failed to submit admissible evidence to support this contention. *See Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |
| **7. Defendants' Response**: This fact remains undisputed. | | | |
| Defendants' evidence cited supports the fact asserted that MAYANRD saw a vehicle matching the description given to him—which was a Dodge Challenger truck parked on the north side of Chambers Avenue. Plaintiff's contention to the contrary is unsupported. | | | |
| 8 | MAYNARD broadcasted the vehicle's license plate information. | Ex. J at pp 2 | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | contention. *See* Plaintiff's <u>Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |
| **8. Defendants' Response**: This fact remains undisputed. | | | |
| 9 | Officer JOSHUA BISHOP ("BISHOP") and PEDRO AGUILA ("AGUILA") arrived to the elementary school as well concurrently with MAYNARD. | Ex. J at pp 2<br><br>Ex. K at pp 1-2<br><br>Ex. L at pp 1 | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. *See* Plaintiff's <u>Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. |
| **9. Defendants' Response**: This fact remains undisputed. | | | |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 10 | AGUILA and BISHOP attempted a traffic stop using their marked police vehicles with forward facing solid red lamps. | Ex. J at pp 2<br><br>Ex. K at pp 2<br><br>Ex. L at pp 1 | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report.<br><br>Plaintiff/Opposing Party's Evidence: **Exh. 5, Barnhill Depo** at 83:12-21, 85:2-21, 86:10, 94:6-10. |

**10. Defendants' Response**: This fact remains undisputed.

Plaintiff's cited evidence does not dispute Defendants' fact so the fact can be undisputed for purposes of this motion.

(*See* Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

(See Defendants' Objection to Plaintiff's Evidence, No. 1)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 11 | Officers observed the vehicle start up and flee at a high rate of speed from them. | Ex. M at 00:30-00:40<br>*see also* Ex. J at pp 2<br><br>Ex. N at 00:18-1:00<br>*see also* Ex. K at pp 1-2<br><br>Ex. O at 00:00-:30<br>*see also* Ex. L at pp 1 | **Undisputed** to the extent that Officers observed the vehicle start up and flee.<br><br>**Disputed** to the extent that Barnhill started to flee at a high rate of speed.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report.<br><br>**Objections:** |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | **Rule 403**: Unduly Prejudicial as phrased, Vague and Ambiguous, Misleading. **Rule 602/603**: calls for Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. |

**11. Defendants' Response**: This fact remains undisputed.

Plaintiff does not cite to evidence at all, or evidence that disputes Defendants' fact so the fact can be undisputed for purposes of this motion.

(*See* Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 12 | MAYNARD broadcasted that the vehicle was "taking off." | Ex. M at 00:30 – 00:35 *see also* Ex. J at pp 2 | **Undisputed**. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |

**12. Defendants' Response**: This fact remains undisputed.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 13 | Officers believed that the driver fleeing was Plaintiff who, based on Plaintiff's girlfriend's statements, was suspected of assault warranting a felony traffic stop. | Ex. J at pp 2 *see also* Ex. G at 19:3-20:16<br><br>Ex. K at pp 1 *see also* Ex. H at 27:22-28:5<br><br>Ex. L at pp 1 | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| **13. Defendants' Response**: This fact remains undisputed. | | | |
| 14 | MAYNARD identified Plaintiff's suspected actions towards his girlfriend as possible violations of California Penal codes 273.5(a), 245(a)(2), and 417(a)(2). | Ex. J at pp 2 *see also* Ex. G at 19:3-20:16 | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. Further, Ex. G does not support this contention. **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. Further, in Defendants' inadmissible Exhibit A, the caller specifically informs dispatch that Plaintiff did not have a gun on him. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 602/603**: calls for Speculation. **Rule 403/602/611**: |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |

**14. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that MAYNARD was dispatched with the understanding that Plaintiff's girlfriend claimed he assaulted her with a gun and was waiting for her outside of the school where she was leading MAYANRD to believe Plaintiff was in violation of the aforementioned codes.

Plaintiff cites no evidence to indicate that it was unknown to MAYNARD Plaintiff's then-alleged actions towards his girlfriend or beliefs as to potential legal violations based thereon. Therefore, the fact can be undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 15 | MAYNARD, BISHOP, and AGUILA gave chase in their marked police vehicles, utilizing their red lamps and audible sirens for about 1.5 miles. | Ex. M at 00:40-02:40 *see also* Ex. J at pp 2 <br><br> Ex. N at 00:37-2:42 *see also* Ex. K at pp 2 <br><br> Ex. O at 00:10-:2:20 *see also* Ex. L at pp 1 | **Disputed** with respect to the inference that Barnhill knew it was the police. <u>Plaintiff/Opposing Party's Evidence:</u> **Exh. 5, Barnhill Depo** at 83:12-21, 85:2-21, 86:10, 94:6-10. *See* <u>Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. |

**15. Defendants' Response**: This fact remains undisputed.

Plaintiff cites no evidence that Officers did not give chase while being in marked police vehicles and using their red lamps and audible sirens. Therefore, the fact can be undisputed for purposes of this motion.

(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R.



| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | Civ. P. 56(e)(2), L.R. 56-3.) | | |
| 16 | While in pursuit, it was communicated to Defendant Officers that Plaintiff may be in possession of a firearm. | Ex. M at 01:50-02:25 *see also* Ex. J at pp 2 Ex. G at 19:3-20:16 Ex. H at 28:20-29:15, 30:2-30:17 Ex. E at 28:7-28:23 | **Undisputed**, officers did not receive specific information that Barnhill was armed. Further, in Defendants' inadmissible Exhibit A, the caller specifically informs dispatch that Plaintiff did not have a gun on him. *See Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement filed concurrently herewith* re. Ds' Ex. J, Maynard Report. |

**16. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that it was communicated to Officers while in pursuit that Plaintiff could be in possession of a firearm.

Plaintiff does not dispute Defendants' fact but instead argues about the fact and its implications. Plaintiff does not contradict or negate the fact asserted.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 17 | After a few minutes, the chase concluded as Plaintiff stopped in front of 354 Gardenia Circle. | Ex. M at 02:25-02:50 *see also* Ex. J at pp 2 Ex. N at 02:40-2:50 *see also* Ex. K at pp 2 Ex. O at 02:15-:2:30 *see also* Ex. L at pp 1 – 2 | **Undisputed**, Barnhill stopped at his house. *See Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. |

**17. Defendants' Response**: This fact remains undisputed.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 18 | Plaintiff got out of the Dodge Challenger and ran directly to the | Ex. N at 02:40-2:50 | **Disputed**. Barnhill slowed and put it visibly empty hands up |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| | front porch of 354 Gardenia Circle. | | in the air, in compliance with officer commands, after getting out of the car and before proceeding to the front porch.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 8, Bishop Video Screenshots** at 4.<br>**Exh. 9, Maynard Video Screenshots** at 3.<br>**Exh. 10, Aguila Video Screenshots** at 3.<br>**Exh. M, Maynard Video** at 02:39-02:43.<br>**Exh. N, Bishop Video** at 02:40-02:46.<br>**Exh. O, Aguila Video** at 02:19-02:24.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.*<br>**Additional Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstates Facts, Misleading. |

**15. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that Plaintiff exited his vehicle and ran directly to the front porch of 354 Gardenia Circle.

Plaintiff's dispute is not a dispute at all but an argument about purported additional facts that do not respond to, negate, or contradict Defendants' fact. Nor does the evidence cited by Plaintiff contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

(See Defendants' Objection to Plaintiff's Evidence, No. 2 – 4)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| 19 | On that day, Plaintiff was over six (6) feet tall and around 220 | Ex. D at pp 5-7 *see also* R at pp | **Disputed**. Defendants Ex. D, three times states that Barnhill was |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
|  | pounds. | 117 | 210 lbs. Medical records place Barnhill at 6' tall. This information is disputed by Defendants' evidence alone. *See* Plaintiff's <u>Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith.* **Additional Objections**: **Rule 403**: Unduly Prejudicial as phrased, Vague and Ambiguous, Misleading. **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. |

**19. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that Plaintiff was over six feet tall, found when detained to be 6'3" and halfway to 6'1" the following day by RUHS medical facility.  The evidence also shows that on the date of the incident, Plaintiff was marked to be 210lbs while the following day, at RUHS medical facility, he was marked as being 220lbs.

Plaintiff's evidence also shows the same. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order  (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| 20 | MAYNARD observed that Plaintiff wore a large, dark hoodie. | Ex. J at pp 2 | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. *See* Plaintiff's <u>Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith.* **Additional Objections**: |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | **Rule 403**: Unduly Prejudicial as phrased, Vague and Ambiguous, Misleading. |
|  | **20. Defendants' Response**: This fact remains undisputed.<br><br>Defendants' evidence cited supports the fact asserted that MAYNARD saw Plaintiff to be wearing a large, dark hoodie.<br><br>Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 21 | Officer MAYNARD and BISHOP observed that Plaintiff appeared to be reaching for the front portion of his waistband as he ran to and made it onto the porch. | Ex. J at pp 2 *see also* Ex. G at 19:3-20:16 <br><br> Ex. K at pp 2 *see also* Ex. H at 34:1-34:17 | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. Further, Defendants knowing there was no object whatsoever in Barnhill's waistband, argument that Barnhill appeared to reach for nothing is unintelligible and unduly prejudicial. Barnhill did not reach for his waistband. <br><br> <u>Plaintiff/Opposing Party's Evidence:</u> **Exh. M, Maynard Video** at 02:39-02:43. **Exh. N, Bishop Video** at 02:40-02:46. **Exh. O, Aguila Video** at 02:19-02:24. <br><br> *<u>See</u>* <u>Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. <br><br> **Additional Objections**: **Rule 403**: Unduly Prejudicial as phrased, Vague and Ambiguous, Misleading. |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | **21. Defendants' Response**: This fact remains undisputed.<br><br>Plaintiff's dispute is not a dispute at all but an argument about purported additional facts that do not respond to, negate, or contradict Defendants' fact. Plaintiff is not asserting a fact but making an argument that MAYNARD could not have thought Plaintiff was reaching for his waistband to secure a gun because no object was there. This fallacious argument is based on a false premise and denies the antecedent.<br><br>The evidence cited by Plaintiff does not contradict Defendants' fact. It does not indicate either that Plaintiff did not reach for his waistband as Plaintiff concludes in his argument. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)<br><br>Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| 22 | Defendant Officers understood it to be common for suspects to conceal firearms and weapons in their front waistband. | Ex. J at pp 2<br><br>Ex. K at pp 2<br><br>Ex. L at pp 1-2 | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>_See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_ re. Ds' Ex. J, Maynard Report, Ds' Ex. K, Bishop Report, and Ds' Ex. L, Aguila Report. **Additional Objections**: **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 404**: Impermissible Character Evidence. **Rule 403/602/611**: Lacks Foundation, Speculation. |
| | **22. Defendants' Response**: This fact remains undisputed.<br><br>Plaintiff's cites no evidence to dispute Defendants' fact so the fact can be undisputed for purposes of this motion. | | |

18

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
|  | *(See* Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.) | | |
|  | Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order *(See* Standing Order No. 12) | | |
| 23 | MAYNARD gave chase and told Plaintiff "show us your hands! Show us your f**king hands!" | Ex. M at 02:40-02:50 *see also* Ex. J at pp 2-3 | **Undisputed**. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. **Additional Objections**: **Rule 403**: Argumentative. |
|  | **23. Defendants' Response**: This fact is undisputed. | | |
|  | Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| 24 | MAYNARD and BISHOP observed that Plaintiff lifted his hands but lowered them as he continued to run away. | Ex. M at 02:40-02:50 *see also* Ex. J at pp 2-3  Ex. N at 02:40-2:55 *see also* Ex. K at pp 2 | **Undisputed** including that Plaintiff complied with officer commands to show his hands. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report; Ds' Ex. K, Bishop Report. |
|  | **24. Defendants' Response**: This fact is undisputed. | | |
| 25 | Plaintiff ran up the front porch to the front door and grabbed the handle. | Ex. M at 02:25-02:50 *see also* Ex. J at pp 2  Ex. N at 02:40-2:50 *see also* Ex. K | **Undisputed**. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | at pp 2 | Report; Ds' Ex. K, Bishop Report. |

**25. Defendants' Response**: This fact is undisputed.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 26 | To prevent Plaintiff from barricading himself within the residence, MAYNARD took Plaintiff away from the door into a patio chair nearby. | Ex. M at 02:25-02:50 *see also* Ex. J at pp 2-3 *see also* Ex. G at 37:13-39:12 *see also* Ex. N at 02:40-2:55 | **Undisputed** that Maynard tackled and pushed Barnhill away from the door and onto a patio chair such that he was seated. **Disputed** regarding the argument and any inference that Barnhill would have barricaded himself. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. **Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Argumentative; Improper Subjective Intent Statement; Speculation. |

**26. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that MAYNARD took Plaintiff away from the door to prevent Plaintiff from fleeing into the house and barricading himself in the house.

Plaintiff does not dispute Defendants' fact but instead argues about the fact and its implications. Plaintiff does not contradict or negate the fact asserted.

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 27 | MAYNARD attempted to grab Plaintiff's right wrist but was | Ex. M at 02:25-02:50 | **Disputed**. Maynard easily, and without resistance, grabbed |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | initially unsuccessful. | *see also* Ex. J at pp 3<br>*see also* Ex. G at 39:16-39:25; 41:13-42:20<br><br>Ex. K at pp 2 | Barnhill's right wrist immediately after he holstered his firearm; this was not an attempt, it was immediately accomplished as seen in the video.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 1, Maynard Depo** at 39:20-22.<br>**Exh. 5, Barnhill Depo** at 111:4-14 (tackled to the chair, immediately raised hands, officers grabbed hand).<br>**Exh. 8, Bishop Video Screenshots** at 8-18.<br>**Exh. 9, Maynard Video Screenshots** at 16, 21-36.<br>**Exh. 10, Aguila Video Screenshots** at 3.<br>**Exh. M, Maynard Video** at 02:52-02:53.<br>**Exh. N, Bishop Video** at 02:50-02:55. |

**27. Defendants' Response**: This fact is pulled directly from the incontrovertible video evidence.

Defendants' evidence cited supports the fact asserted that MAYNARD attempted to grab Plaintiff's wrist but was initially unsuccessful. Plaintiff's characterization is contradicted by all available evidence. (Ex. M at 02:25-02:50; see also Ex. 1 39:20 – 22, Ex. N 2:50 – 2:55.)

The evidence cited by Plaintiff does not contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Further, when the incontrovertible evidence does not support Plaintiff's version of events, the court is dissuaded from accepting Plaintiff's version. Here, the video speaks for itself and the Court should ignore Plaintiff's attempt to create a dispute of fact on this issue.

(See Defendants' Objection to Plaintiff's Evidence, No. 3 – 4)

| 28 | Plaintiff then kneed MAYNARD in the chest. | Ex. M at 02:25-02:50<br>*see also* Ex. J at | **Disputed.** Barnhill never kneed Maynard in the chest and never assaulted or attempted |

---

21

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | pp 2 *see also* Ex. G at 41:13-42:20 | to assault any officer. Plaintiff/Opposing Party's Evidence: **Exh. M, Maynard Video** at 02:46-02:55. **Exh. N, Bishop Video** at 02:49-02:59. **Exh. O, Aguila Video** at 02:26-02:36. |

**28. Defendants' Response**: **Defendants' Response**: This fact is pulled directly from the incontrovertible video evidence.

Defendants' evidence cited supports the fact asserted that Plaintiff kneed MAYNARD in the chest as MAYNARD attempted to grab him. Plaintiff's argument that this did not happen is contradicted by all available evidence. (Ex. M at 02:25-02:50; see also Ex. I 39:20 – 22, Ex. N 2:50 – 2:55.)

The evidence cited by Plaintiff does not contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Further, when the incontrovertible evidence does not support Plaintiff's version of events, the court is dissuaded from accepting Plaintiff's version. Here, the video speaks for itself and the Court should ignore Plaintiff's attempt to create a dispute of fact on this issue.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 29 | MAYNARD, in response and now determinatively viewing Plaintiff as a threat, struck Plaintiff in the face to distract him. | Ex. M at 02:25-02:50 *see also* Ex. J at pp 2 *see also* Ex. G at 41:13-43:8 | **Undisputed** that Maynard unreasonably struck Barnhill in the face. **Disputed**. Barnhill never struck an officer and was not an immediate threat of harm. Barnhill was compliant and surrendering with his hands up, was not resisting, never threatened an officer, and never attempted to harm any officer. Further disputed that the strikes on Barnhill's face were to distract him, as opposed to intentionally cause harm and unjustifiably punish him, given that Barnhill was not |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | resisting, and two officers were each holding one of Barnhill's hands when the force occurred. |
| | | | <u>Plaintiff/Opposing Party's Evidence:</u> **Exh. M, Maynard Video** at 02:46-02:55. **Exh. N, Bishop Video** at 02:49-02:59. **Exh. O, Aguila Video** at 02:26-02:36. |
| | | | <u>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. **Additional Objections**: **Rule 403**: Argumentative, Assumes Facts, Misleading. |
| | **29. Defendants' Response**: This fact remains undisputed. | | |

Plaintiff's dispute is not a dispute at all but an argument about purported additional facts that do not respond to, negate, or contradict Defendants' fact. Nor does the evidence cited by Plaintiff contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.).

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| | | | |
|---|---|---|---|
| 30 | AGUILA made it up the porch and grabbed Plaintiff's left wrist. | Ex. O at 02:15-:2:30 *see also* Ex. L at pp 1 – 2 *see also* Ex. I at 68:14-68:22  Ex. J at pp 3 | **Undisputed** that, Aguila made it to the porch and grabbed Barnhill's left wrist as he was compliant and not resisting with his hands up sitting in the patio chair.  **Disputed** to the extent that Defendants order of facts infers that Aguila grabbed the left |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | wrist after Maynard struck Barnhill in the face. The evidence shows that the face strikes were while Aguila had control over Barnhill's left hand.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 3, Aguila Depo** at 69:19-20, 86:17-22.<br>**Exh. 4, Klinzing Depo** at 31:20-32:2, 33:3-8, 33:20-34:12.<br>**Exh. 8, Bishop Video Screenshots** at 23.<br>**Exh. 9, Maynard Video Screenshots** at 10-12, 22-25.<br>**Exh. 10, Aguila Video Screenshots** at 7-14.<br>**Exh. O, Aguila Video** at 02:35-03:21.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, and Ds' Ex. L, Aguila Report.<br>**Additional Objections**:<br>**Rule 403**: Argumentative, Misleading. |
| | **30. Defendants' Response**: This fact remains undisputed.<br><br>Plaintiff's dispute is not a dispute at all but an argument about purported additional facts and characterizations that do not respond to, negate, or contradict Defendants' fact. Nor does the evidence cited by Plaintiff contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion.<br>(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.).<br><br>Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| 31 | Together, MAYNARD and AGUILA struggled to move | Ex. M at 02:40-02:57 | **Disputed**. Maynard and Aguila did not struggle to move Barnhill to the ground; the compliant |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | Plaintiff to the ground, commanding him to "get the fuck on the ground" several times. | *see also* Ex. J at pp 3<br><br>Ex. O at 02:15-:2:38<br>*see also* Ex. L at pp 1 – 2 | Barnhill went down to the ground willingly and without resistance including as a result of neuromuscular incapacitation ("NMI") from being Tased by Bishop. Barnhill was on the ground approximately 10 seconds from being tackled to the patio chair after officers controlled his hands, struck him in the face twice and Tased him.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 2, Bishop Depo** at 40:21-25.<br>**Exh. 5, Barnhill Depo** at 113:21-114:1, 116:13-20.<br>**Exh. M, Maynard Video** at 02:50-02:56.<br>**Exh. N, Bishop Video** at 02:50-03:00.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report; Ds' Ex. K, Bishop Report.<br>**Additional Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading. |

**31. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that MAYNARD and

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | AGUILA struggled to move Plaintiff to the ground as seen by their combined efforts still having Plaintiff's descent be thwarted and seeing their muscles tensing and showing effort on video; Officers' testimony reflects this. (*See also Ex.* M, N cited by Plaintiff.)<br><br>Plaintiff's dispute is not a dispute at all but an argument about the fact and insertion of additional facts, all of which are not responsive to, do not negate, and do not contradict Defendants' fact. Nor does the evidence cited by Plaintiff contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.).<br><br>Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)<br><br>Further, when the incontrovertible evidence does not support Plaintiff's version of events, the court is dissuaded from accepting Plaintiff's version. Here, the video speaks for itself and the Court should ignore Plaintiff's attempt to create a dispute of fact on this issue. | | |
| 32 | MAYNARD and AGUILA struggled to keep ahold of Plaintiff's wrists and hands but he continually struggled and managed to free himself from officers' grasp. | Ex. M at 02:40-02:57<br>*see also* Ex. J at pp 3<br>*see also* Ex. G at 41:13-42:10, 43:24-44:7, 50:3-52:21<br><br>Ex. O at 02:15-:2:38<br>*see also* Ex. L at pp 1 – 2 | **Disputed**. Maynard and Aguila were not alone. Maynard and Aguila did not struggle to hold Barnhill's hands. Barnhill did not continually struggle or free himself of the officers' grip. Aguila easily controlled the non-resistive Barnhill's left hand behind his back. Maynard intentionally released his grip on Barnhill's right hand in order to unjustifiably use force against Barnhill. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 8, Bishop Video Screenshots** at 9-36.<br>**Exh. 9, Maynard Video Screenshots** at 10-37.<br>**Exh. 10, Aguila Video Screenshots** at 5-31.<br>**Exh. M, Maynard** |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES



| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | **Video** at 02:47-03:32. **Exh. N, Bishop Video** at 02:50-03:50. **Exh. O, Aguila Video** at 02:30-03:20. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

**32. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that Plaintiff's hand came free of the control of Officers and Officers were immediately attempting to regain and retain control over Plaintiff's hands because they did not want them to come free.

Plaintiff's dispute is not a dispute at all but an argument about purported additional facts that do not respond to, negate, or contradict Defendants' fact. Nor does the evidence cited by Plaintiff contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.).

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

(See Defendants' Objection to Plaintiff's Evidence, No. 2 – 4)

| 33 | BISHOP arrived on the porch within moments and, viewing what looked like officers MAYNARD and AGUILA struggling to move Plaintiff to the ground, deployed a taser. | Ex. N at 02:40-3:02 *see also* Ex. K at pp 2-3 *see also* Ex. H at 39:12-40:1, | **Disputed**. Aguila moved Bishop out of the way to get past him at the edge of the porch and went go hands with Barnhill. Near simultaneous with Aguila grabbing |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | 40:22-41:4, 46:4-48:5 | Barnhill and Bishop stepping on the porch, Bishop started to yell Taser to this partners so that he could deploy the Taser. Maynard and Aguila did not struggle to get Barnhill to the ground. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence: **Exh. 8, Bishop Video Screenshots** at 9-16. **Exh. 9, Maynard Video Screenshots** at 10-25. **Exh. 10, Aguila Video Screenshots** at 5-10. **Exh. M, Maynard Video** at 02:50-02:59. **Exh. N, Bishop Video** at 02:50-02:55. **Exh. O, Aguila Video** at 02:30-02:38.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. K, Bishop Report. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

**33. Defendants' Response**: This fact remains undisputed.

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | Plaintiff's dispute is not a dispute at all but an argument about purported additional facts that do not respond to, negate, or contradict Defendants' fact. Nor does the evidence cited by Plaintiff contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.). Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) (See Defendants' Objection to Plaintiff's Evidence, No. 2 – 4) | | |
| 34 | BISHOP observed two probes make purchase near Plaintiff's abdomen area and another in the thigh area. | Ex. N at 02:40-3:02 *see also* Ex. K at pp 3 | **Undisputed** that the Taser probes made effectively made contact with Barnhill where Bishop was aiming. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. K, Bishop Report. |
| **34. Defendants' Response**: This fact remains undisputed. | | | |
| 35 | The taser probes did not appear to Defendant Officers MAYNARD or BISHOP to have any effect or noticeable change on Plaintiff's behavior. | Ex. J at pp 3 *see also* Ex. G at 49:6--49:23 Ex. K at pp 2-3 *see also* Ex. H at 46:4-48:5 | **Disputed**. The Taser probes clearly and obviously caused NMI, locked Barnhill's body, and caused him to slide down to the ground with a rigid body. Plaintiff/Opposing Party's Evidence: **Exh. 8, Bishop Video Screenshots** at 9-16. **Exh. 9, Maynard Video Screenshots** at 10-25. **Exh. 10, Aguila Video Screenshots** at 5-10. **Exh. M, Maynard Video** at 02:50-02:59. **Exh. N, Bishop Video** at 02:50-02:55. **Exh. O, Aguila Video** |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
|     |                                  |                     | at 02:30-02:38.<br><br>*See* Plaintiff's <u>Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. J, Maynard Report, and Ds' Ex. K, Bishop Report.<br>**Additional Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

**35. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that MAYNARD and BISHOP did not believe that the Taser effected any change on Plaintiff. Indeed, even the video evidence showcases Plaintiff behaving much the same as he had with the initial contact without the taser being deployed. Plaintiff's characterization of Plaintiff's body being rigid while sliding to the ground is contradicted by all available evidence. Ex. M at 02:25-02:50; see also Ex. 1 39:20 – 22, Ex. N 2:50 – 2:55.

As the evidence cited by Plaintiff does not contradict Defendants' fact, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.).

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

(See Defendants' Objection to Plaintiff's Evidence, No. 2 – 4)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| 36  | Later, it was determined that the taser probes only breached Plaintiff's clothing but not his skin. | Ex. K at pp 3 | **Disputed**. Whether the probes were found in Barnhill's clothes after he was chest down on the ground for some time does not exclude whether they previously breached his skin. Taser probes do not need to enter the |

---

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | skin in order for the force application to be successful. Nevertheless, Barnhill felt the Taser prongs in him. |
| | | | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. |
| | | | _See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_ re. Ds' Ex. K, Bishop Report. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403/611**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time, Lacks Foundation. |
| | | | Plaintiff/Opposing Party's Evidence: **Exh. 8, Bishop Video Screenshots** at 9-16. **Exh. 9, Maynard Video Screenshots** at 10-25. **Exh. 10, Aguila Video Screenshots** at 5-10. **Exh. M, Maynard Video** at 02:50-02:59. **Exh. N, Bishop Video** at 02:50-02:55. **Exh. O, Aguila Video** at 02:30-02:38. |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| **36. Defendants' Response**: This fact remains undisputed.<br><br>Defendants' evidence cited supports the fact asserted that Officers and HPD later determined that the probes had appeared to only breach clothing not skin, which would explain the lack of change in Plaintiff and the sound of failure from the taser. Plaintiff does not genuinely dispute the fact but begs the question without setting forth reliable evidence that Plaintiff was successfully tased.<br><br>(See Defendants' Objection to Plaintiffs' Evidence, No. 2 – 4)<br><br>As the evidence cited by Plaintiff does not contradict Defendants' fact, the fact is undisputed for purposes of this motion.<br>(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.).<br><br>Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | | |
| 37 | MAYNARD felt Plaintiff push against his chest indicating he was still able to manipulate his arms in resistance. | Ex. J at pp 3 | **Disputed**. Barnhill was clearly suffering the effects of NMI from the Taser deployment and should not move his arms. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>**Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report.<br>**Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| | | | Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time, Unintelligible. Plaintiff/Opposing Party's Evidence: **Exh. M, Maynard Video** at 02:56-03:45. **Exh. N, Bishop Video** at 03:00-03:45. **Exh. O, Aguila Video** at 02:35-03:15. |

**37. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that MAYNARD felt Plaintiff push against him indicating Plaintiff was able to move. Indeed, the video evidence also indicates that Plaintiff was still moving at this time which according to Plaintiff he should not be able to do. (*See* Ex. M, N, O cited by Plaintiff)

Plaintiff cites to evidence that does not support Plaintiff's dispute. Further, Plaintiff's dispute is a fallacious argument that because Plaintiff assumes Plaintiff was affected in a specific way by the taser deployment, he could not have been pushing against MAYNARD. This assumes a faulty predicate that is not supported by the evidence.

As the evidence cited by Plaintiff does not contradict Defendants' fact, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.).

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| 38 | MAYNARD tried to get Plaintiff's right hand behind his back but Plaintiff wrenched his arm out of MAYNARD's grip. | Ex. M at 02:40-02:57 *see also* Ex. J at pp 3 *see also* Ex. G at 50:3-52:21, 65:24-66:13 | **Disputed** Maynard was not alone. Maynard intentionally released his grip on Barnhill's right hand in order to unjustifiably use force against Barnhill. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone. Plaintiff/Opposing Party's Evidence: **Exh. 8, Bishop Video Screenshots** at 7-36. **Exh. 9, Maynard** |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | **Video Screenshots** at 7-37. **Exh. 10, Aguila Video Screenshots** at 7-31. **Exh. M, Maynard Video** at 02:40-03:50. **Exh. N, Bishop Video** at 02:40-03:50. **Exh. O, Aguila Video** at 02:20-03:30. **Plaintiff's Additional Material Facts** ¶¶98-100, 116-117, 127. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

**38. Defendants' Response**: This fact is pulled directly from the incontrovertible video evidence.

Defendants' evidence cited supports the fact asserted that Plaintiff again wrenched his arm out of MAYNARD's grip at this time. Plaintiff's statements do not match the video footage and further characterization is contradicted by all available evidence. Ex. M at 02:25-02:50; see also Ex. 1 39:20 – 22, Ex. N 2:50 – 2:55.

The evidence cited by Plaintiff does not contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Further, when the incontrovertible evidence does not support Plaintiff's version of events, the court is dissuaded from accepting Plaintiff's version. Here, the video speaks for itself and the Court should ignore Plaintiff's attempt to create a dispute of fact on this issue

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | (See Defendants' Objection to Plaintiff's Evidence, No. 2 – 4) | | |
| 39 | MAYNARD and AGUILA managed to get Plaintiff into the ground on his butt and finally onto his stomach. | Ex. M at 02:57-03:00 *see also* Ex. J at pp 3<br><br>Ex. O at 02:25-2:42 *see also* Ex. L at pp 1 – 2<br><br>Ex. N at 02:50-3:02 | **Undisputed** that Barnhill went to his stomach/chest down on the ground.<br><br>**Disputed**. The compliant Barnhill went down to the ground willingly and without resistance including as a result of NMI from being Tased by Bishop. Barnhill was on the ground and immediately rolled to his stomach without resistance.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 2, Bishop Depo** at 40:21-25.<br>**Exh. 5, Barnhill Depo** at 113:21-114:1, 116:13-20.<br>**Exh. 9, Maynard Video Screenshots** at 21-25.<br>**Exh. 10, Aguila Video Screenshots** at 7-9.<br>**Exh. M, Maynard Video** at 02:50-02:56.<br>**Exh. N, Bishop Video** at 02:50-03:00.<br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report; Ds' Ex. L, Aguila Report. |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| | **39. Defendants' Response**: This fact remains undisputed and is pulled in large part directly from the incontrovertible video evidence. | | |

**39. Defendants' Response**: This fact remains undisputed and is pulled in large part directly from the incontrovertible video evidence.

Defendants' evidence cited supports the fact asserted that Officers were able to bring Plaintiff to the ground first to his butt and then to his stomach. (Ex. M at 02:25-02:50; see also Ex. 1 39:20 – 22, Ex. N 2:50 – 2:55.) Plaintiff claiming that he went himself and did so due to the effects of a Taser are not reflected in the video and, even if true, would not contradict the fact as stated.

(See Defendants' Objection to Plaintiffs' Evidence, Nos. 1, 3 – 4)

The evidence cited by Plaintiff does not contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Further, when the incontrovertible evidence does not support Plaintiff's version of events, the court is dissuaded from accepting Plaintiff's version. Here, the video speaks for itself and the Court should ignore Plaintiff's attempt to create a dispute of fact on this issue

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| 40 | However, Plaintiff was pulling his arms underneath himself. | Ex. M at 03:05-03:20<br>*see also* Ex. J at pp 3<br>*see also* Ex. G at 50:3-52:21<br><br>Ex. N at 02:50-3:02<br>*see also* Ex. K at pp 2 | **Disputed**. Barnhill never pulled his "arms" underneath himself and was incapable of doing so. Barnhill's left arm was secured behind his back the entire time he was chest-down on the ground. Further, after Officers released their grip from Barnhill's right hand and proceeded to strike and slam Barnhill's face and head, Barnhill naturally and instinctively moved his hand towards his face (not underneath himself) to protect his face from being further damaged by Defendant Officers. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 5, Barnhill Depo** at 122:6-8, 128:1-16, |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | **Exh. M, Maynard Video** at 02:40-03:50. **Exh. N, Bishop Video** at 02:40-03:50. **Exh. O, Aguila Video** at 02:20-03:30. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report and Ds' Ex. K, Bishop Report. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

**40. Defendants' Response**: This fact remains undisputed and is pulled in large part directly from the incontrovertible video evidence.

Defendants' evidence cited supports the fact asserted that Plaintiff moved his arm under his stomach. (Ex. M at 02:25-02:50; see also Ex. 1 39:20 – 22, Ex. N 2:50 – 2:55.) In fact, though not reliable, Plaintiff himself claims he pulled his arm under his stomach. Rather than dispute this fact, Plaintiff opts to argue semantics and the dispute is not genuine.

(See Defendants' Objection to Plaintiffs' Evidence, No 1)

The evidence cited by Plaintiff does not contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Further, when the incontrovertible evidence does not support Plaintiff's version of events, the court is dissuaded from accepting Plaintiff's version. Here, the video speaks for itself and the Court should ignore Plaintiff's attempt to create a dispute of fact on this issue.

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 41 | MAYNARD heard Plaintiff shout "I'm not refusing" and observed that Plaintiff continued to pull his hands away. | Ex. J at pp 3 | **Undisputed**. Barnhill was compliant and was putting his right hand behind his back and communicated his compliance by stating, "I'm not refusing" repeatedly.<br><br>**Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention.<br><br>**Disputed** that Barnhill "continued to pull his hands away." It is factually impossible for Barnhill to have pulled his "hands" away – his left hand was secured behind his back the entire time. Only after Officers released their grip from Barnhill's right hand and proceeded to strike and slam Barnhill's face and head, Barnhill naturally and instinctively moved his hand towards his face (not underneath himself) to protect his face from being further damaged by Defendant Officers. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br><u>Plaintiff/Opposing Party's Evidence:</u><br>**Exh. 5, Barnhill Depo** at 102:2-8, 122:6-8, 124:24-125:2, 128:1-16, 132:10-12.<br>**Exh. M, Maynard Video** at 02:40-03:50. |

MANNING | KASS

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | **Exh. N, Bishop Video** at 02:40-03:50. **Exh. O, Aguila Video** at 02:20-03:30. _See_ Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_ re. Ds' Ex. J, Maynard Report. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

**41. Defendants' Response**: This fact remains undisputed.

Defendants' evidence cited supports the fact asserted that MAYNARD observed Plaintiff pulling his hands away. Plaintiff's dispute is not a dispute at all but an argument on semantics as to the number of hands Plaintiff was able to pull away. Plaintiff's additional argument that Plaintiff instinctively moved his hands to his face is contradictory to Plaintiff's claims that only seconds beforehand he was under the effects of taser to unable to move his limbs. (See Plaintiff's dispute 39)

(See Defendants' Objection to Plaintiffs' Evidence, No 1)

The nonspecific minute-long evidence cited by Plaintiff does not contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Further, when the incontrovertible evidence does not support Plaintiff's version of events, the court is dissuaded from accepting Plaintiff's version. Here, the video speaks for itself and the Court should ignore Plaintiff's attempt to create a dispute of fact on this issue.

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 42 | Based on Plaintiff continuing to pull away, MAYNARD | Ex. J at pp 3 | **Disputed**. Barnhill was compliant, non-resistive, surrendered, |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | determined Plaintiff was still resisting his efforts to take Plaintiff into custody. | | non-assaultive, and was not an immediate threat of harm to anyone. |
| | | | **Disputed** for the purposes of this motion to the extent that Defendants failed to submit admissible evidence to support this contention. |
| | | | <u>Plaintiff/Opposing Party's Evidence</u>: **Exh. 5, Barnhill Depo** at 102:2-8, 122:6-8, 124:24-125:2, 128:1-16, 132:10-12. **Exh. M, Maynard Video** at 02:40-03:50. **Exh. N, Bishop Video** at 02:40-03:50. **Exh. O, Aguila Video** at 02:20-03:30. <u>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. **<u>Additional Objections</u>**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time. |

**42. Defendants' Response**: This fact remains undisptued.

Defendants' evidence cited supports the fact asserted that MAYNARD made the determination that Plaintiff was still resisting because he was pulling away.

(See Defendants' Objection to Plaintiff's Evidence, No. 1)

The nonspecific minute-long evidence cited by Plaintiff does not contradict

40

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
|  | | | |

Defendants' fact. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| 43 | BISHOP heard Plaintiff say "they're behind my back" which BISHOP understood to mean Plaintiff's hands were behind his back. | Ex. H at 58:2-58:22 | **Undisputed**. Barnhill was compliant and was putting his right hand behind his back and already having freely allowed his left hand to be placed behind his back and communicated his compliance by stating, "they're behind my back" repeatedly. |

**43. Defendants' Response**: This fact remains undisputed.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| 44 | However, BISHOP observed that Plaintiff's hands, particularly his right arm, was not under MAYNARD's control. | Ex. H at 58:2-58:22 | **Disputed** as phrased. Whether Maynard controlled Barnhill's right hand does not exclude whether the hand was behind his back. Barnhill's left hand was objectively and undisputedly behind his back. Bishop did not see his left hand "not under" control. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 5, Barnhill Depo** at 102:2-8, 122:6-8, 124:24-125:2, 128:1-16, 132:10-12.<br>**Exh. M, Maynard Video** at 02:40-03:50.<br>**Exh. N, Bishop Video** at 02:40-03:50.<br>**Exh. O, Aguila Video** |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | at 02:20-03:30. **Objections**: **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as Ambiguous as to time, Overbroad. |

**44. Defendants' Response**:

Defendants' evidence cited supports the fact asserted that BISHOP did not observe Plaintiff's hands, in particular the right arm to be in MAYNARD's control. Plaintiff's dispute is not a dispute at all but an argument about the fact and additional facts that do not negate, contradict, or respond to the fact.

(See Defendants' Objection to Plaintiff's Evidence, No. 1)

The nonspecific evidence cited by Plaintiff does not contradict Defendants' fact. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 45 | BISHOP charged his taser but did not deploy it again. | Ex. N at 02:50-3:15 *see also* Ex. H at 47:2-48:2 | **Disputed**. Defendants mischaracterize Bishop's testimony. Bishop first deployed the Taser in probe mode when Barnhill was on the patio chair. Then while Barnhill was on the ground, and while those same probes remained in Barnhill's body, Bishop recharged and energized the Taser a second time (a second Taser deployment, just not a second set of probes). <u>Plaintiff/Opposing Party's Evidence</u>: **Exh. 5, Barnhill Depo** at 116:8-9. **Exh. N, Bishop Depo** 47:2-48:2. **Objections**: |

MANNING | KASS

**MK MANNING | KASS**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Misleading, Vague as Ambiguous as to time. |

**45. Defendants' Response**: This fact remains undisputed.

Plaintiff admits in his dispute that BISHOP charged his taser but did not deploy it again. Plaintiff's dispute is not of the fact but of a fact that was never purported.

Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order
(See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 46 | AGUILA got ahold of Plaintiff's left hand and placed it behind Plaintiff's back. | Ex. O at 02:38-2:50 *see also* Ex. L at pp 1 | **Undisputed** that Aguila placed Barnhill's left hand behind his back. **Disputed** to the extent that Defendants order of facts infers that Aguila placed the left hand behind his back sometime long after Barnhill was on his back. The evidence shows that Aguila quickly had control over Barnhill's left hand. |

**46. Defendants' Response**: This fact remains undisputed.

Plaintiff does not dispute the fact but instead argues about the fact. There is no genuine dispute.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 47 | MAYNARD struck Plaintiff on the side of his face with a knee and Plaintiff's right arm came free from under him. | Ex. M at 03:05-03:20 *see also* Ex. J at pp 3 *see also* Ex. G | **Undisputed** that Maynard used excessive and unreasonable force by kneeing the chest-down Barnhill in the face. **Disputed** that this |

43

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| | | at 50:3-52:21 | strikes were to get Barnhill's arm come free as opposed to intentionally cause harm and unjustifiably punish him, given that Barnhill was not resisting. |
| | | | Plaintiff/Opposing Party's Evidence: **Exh. 2, Bishop Depo** at 57:19-24, 58:2-5 **Exh. 5, Barnhill Depo** at 122:10-24, 123:5-16, 124:9-20, 127:16-128:1 ("at all times I'm trying to do everything that the officers are telling me to do.") **Exh. 8, Bishop Video Screenshots** at 18-36. **Exh. 10, Aguila Video Screenshots** at 10-24. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J. **Additional Objections**: **Rule 403**: Argumentative, Assumes Facts, Misleading. |

**47. Defendants' Response**: This fact remains undisputed.

(See Defendants' Objection to Plaintiff's Evidence, No. 1 – 3)

Plaintiff admits Defendants' fact. None of the evidence cited by Plaintiff contradicts the fact that MAYNARD struck Plaintiff or his reasons for doing so. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| 48 | BISHOP utilized the taser as an | Ex. N at 03:04- | **Undisputed** that Bishop used excessive and |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | improvised blunt object to strike Plaintiff twice on the side of the head to subdue him. | 3:30 *see also* Ex. K at pp 3 *see also* Ex. H at44:20-45:15 | unreasonable force beating Barnhill in the back of the head twice including while both hands were behind his back.<br><br>**Disputed** that these strikes were to subdue Barnhill's arm as opposed to intentionally inflict great bodily harm and unjustifiably punish him, given that Barnhill was not resisting.<br><br>Plaintiff/Opposing Party's Evidence: **Exh. 5, Barnhill Depo** at 122:10-24, 123:5-16, 124:9-20, 127:16-128:1 ("at all times I'm trying to do everything that the officers are telling me to do.") **Exh. 8, Bishop Video Screenshots** at 10-36. **Exh. 9, Maynard Video Screenshots** at 10-35. **Exh. 10, Aguila Video Screenshots** at 10-24. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. K. **Additional Objections**: **Rule 403**: Argumentative, Assumes Facts, Misleading. |

**48. Defendants' Response**: This fact remains undisputed.

(See Defendants' Objection to Plaintiffs' Evidence, No. 1 – 4

Plaintiff admits Defendants' fact. None of the evidence cited by Plaintiff

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|

contradicts the fact that BISHOP struck Plaintiff or his reasons for doing so. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| 49 | Seeing Plaintiff start to get up and pushing his head and body against officers, BISHOP grabbed Plaintiff's hoodie area and pushed Plaintiff's head down towards the ground and it slammed. | Ex. N at 03:15-3:22 *see also* Ex. K at pp 3 *see also* Ex. H at 60:17-63:7 | **Disputed**. Defendant Officers' credibility must be tested by a jury. Based on objective video evidence, it is undisputable that Bishop lifted Barnhill's head up and intentionally slammed it down on the ground with such force that it broke his orbital bone causing serious bodily injury.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 7, Injury Photos** at 1-5.<br>**Exh. 8, Bishop Video Screenshots** at 32-33.<br>**Exh. N, Bishop Video** at 03:20-03:25.<br>*See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. K.<br>**Additional Objections**: **Rule 403**: Argumentative, Assumes Facts, Misleading. |

**49. Defendants' Response**: This fact remains undisputed.

Plaintiff does not dispute this fact but argues for additional facts instead including those of intent. These arguments are not responsive to the fact that BISHOP observed Plaintiff lifting, grabbed his hoodie, and pushed Plaintiff's head down to the ground and it slammed. Neither Plaintiff's argument nor cited evidence negates, contradicts, or even responds to this fact. Therefore, the fact is undisputed for purposes of this motion.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.) | | |
| | Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| | (See Defendants' Objection to Plaintiff's Evidence, No. 2) | | |
| 50 | Meanwhile, AGUILA struck Plaintiff several times around his right side ribs to get him to release his arm. | Ex. O at 02:45-2:57 *see also* Ex. L at pp 1-2 | **Undisputed** that Aguila used excessive and unreasonable force beating Barnhill in the back multiple times including while both hands were behind his back. **Disputed** that these strikes were to release Barnhill's arm as opposed to intentionally cause harm and unjustifiably punish him, given that Barnhill was not resisting. Plaintiff/Opposing Party's Evidence: **Exh. 10, Aguila Video Screenshots** at 16-23. **Exh. O, Aguila Video** at 02:51-02:55. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. L. **Additional Objections**: **Rule 403**: Argumentative, Assumes Facts, Misleading. |
| | **50. Defendants' Response**: This fact remains undisputed. Plaintiff does not dispute this fact but argues for additional facts instead including those of intent. These arguments are not responsive to the fact that AGUILA delivered several strikes to Plaintiff's where his arm was not secured with the stated intent to get his arm to release. None of Plaintiff's evidence negates or contradicts any piece of this fact. Therefore, the fact is undisputed for purposes of this motion. | | |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.) | | |
| | Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| | (See Defendants' Objection to Plaintiff's Evidence, No. 4) | | |
| 51 | After these combined efforts, MAYNARD was able to secure Plaintiff's right arm behind his back. | Ex. M at 03:05-03:20 *see also* Ex. J at pp 3 *see also* Ex. G at 50:3-52:21<br><br>Ex. N at 03:04-3:30 *see also* Ex. K at pp 3 *see also* Ex. H at 44:20-45:15, 60:17-63:7<br><br>Ex. O at 02:45-2:57 *see also* Ex. L at pp 1-2 | **Disputed**, as phrased. Maynard was able to secure Barnhill's right hand behind his back as soon as Defendant Officers attempted to do so. Barnhill was compliant, non-resistive, surrendered, non-assaultive, and was not an immediate threat of harm to anyone.<br><br>Plaintiff/Opposing Party's Evidence: **Exh. 1, Maynard Depo** at 52:11-14. **Exh. 8, Bishop Video Screenshots** at 18-36. **Exh. 9, Maynard Video Screenshots** at 26-37. **Exh. 10, Aguila Video Screenshots** at 10-29. **Exh. O, Aguila Video** at 02:51-02:54. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, K, and L. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Misstates Facts, Assumes Facts, Argumentative, Misleading, Vague as |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | Ambiguous as to time. |

**51. Defendants' Response**: This fact remains undisputed.

Plaintiff does not dispute this fact but argues for additional facts instead including those of when MAYNARD could have been able to secure Plaintiff according to Plaintiff's view. These arguments are not responsive to the fact that after all that transpired, MAYNARD was able to grab and keep hold of Plaintiff's arm so as to secure it behind his back. Neither Plaintiff's argument nor cited evidence negates, contradicts, or even responds to this fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

(See Defendants' Objection to Plaintiff's Evidence, No. 2 – 4)

| 52 | However, MAYNARD was unable to successfully secure Plaintiff into handcuffs. | Ex. M at 03:25-03:50 *see also* Ex. J at pp 3 | **Disputed**, as phrased. Undisputed related to Maynard's general incomitance in not understanding the function of handcuffs. However, Barnhill was successfully secured in handcuffs.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 9, Maynard Video Screenshots** at 37.<br>**Exh. 10, Aguila Video Screenshots** at 25-31.<br>**Exh. M, Maynard Video** at 02:40-03:50.<br>**Exh. N, Bishop Video** at 02:40-03:50.<br>**Exh. O, Aguila Video** at 02:20-03:30. |

**52. Defendants' Response**: This fact remains undisputed.

Plaintiff's dispute is not a fact at all but merely an argument about additional opinions that are not responsive and, by definition, argumentative. They certainly have no place in the separate statement accompanying a summary judgment motion. Further, because neither Plaintiff's argument nor cited evidence negates, contradicts, or even responds to this fact. it is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

MANNING | KASS

MK

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | (See Defendants' Objection to Plaintiff's Evidence, No. 3, 4) | | |
| 53 | Officer KLINZING arrived and assisted MAYNARD and AGUILA in handcuffing Plaintiff's hands behind his back, making use of two sets of handcuffs. | Ex. M at 03:30-04:00 *see also* Ex. J at pp 3  Ex. O at 02:55-3:30  Ex. E at 34:6-34:20 | **Undisputed**. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith* re. Ds' Ex. J, Maynard Report. **Objections**: **Rule 401/402**: Relevance. |

**53. Defendants' Response**: This fact remains undisputed.

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 54 | Plaintiff was charged and detained for several counts of penal and vehicle code violations, including Penal Code Sections 148(A) for obstruction and resistance of officers, 30305(A)(1) for possession of ammunition, and 29800(A)(1) for possessing a firearm while being a felon | Ex. D pp 1, 8 | **Disputed** as phrased for the purpose of this Motion. *See* Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown. **Rule 404**: Improper Character Evidence. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |

**54. Defendants' Response**: This fact remains undisputed.

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 55 | Plaintiff was charged with violations of Vehicle Code Sections 2800.2 for evading | Ex. D at pp 1, 8 | **Disputed** as phrased for the purpose of this Motion. |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| | arrest. | | *See* <u>Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith.* **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown. **Rule 404**: Improper Character Evidence. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |
|  | **55. Defendants' Response**: This fact remains undisputed. Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| 56 | Plaintiff was later convicted of Penal Code Sections 148(A), 30305(A)(1), 29800(A)(1), and Vehicle Code Sections 2800.2 on August 2, 2023. | Ex. P at pp 1-4 | **Undisputed**. *See* <u>Plaintiff's Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith.* **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown. **Rule 404**: Improper Character Evidence. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |
| | **56. Defendants' Response**: This fact remains undisputed. Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 57 | Plaintiff filed this lawsuit on April 4, 2023. | Ex. B | **Undisputed**. |

**57. Defendants' Response**: This fact is undisputed.

| | | | |
|---|---|---|---|
| 58 | Plaintiffs' First Claim for Relief is brought against individual officers under 42 U.S.C. § 1983 and is labeled Unreasonable Search and Seizure – Excessive Force. | Ex. B at pp 10 | **Undisputed**. |

**58. Defendants' Response**: This fact is undisputed.

| | | | |
|---|---|---|---|
| 59 | To support his First Claim, Plaintiff alleges that defendants were excessive in detaining him and violently tackled him, slammed his face and head into a brick wall, threw him to the ground, and beat on him. | Ex. B ¶¶ 36-39, 46-55<br><br>Ex. C, No. 2, 13, 14, 17, 42 | **Undisputed**. However, not limited to the use of unreasonable force used against Plaintiff. |

**59. Defendants' Response**: This fact remains undisputed.

| | | | |
|---|---|---|---|
| 60 | Additionally, Plaintiff alleges that defendant officers unnecessarily tased him at least twice and struck him with the taser. | Ex. B ¶¶ 36-39, 46-55<br><br>Ex. C, No. 2, 13, 14, 17, 42 | **Undisputed**. |

**60. Defendants' Response**: This fact is undisputed.

| | | | |
|---|---|---|---|
| 61 | Plaintiff also alleges he sustained severe injuries including a blowout fracture to his orbital floor, an ear avulsion, and a large parieto-occipital hematoma. | Ex. B ¶ 43<br><br>Ex. C, No. 6 | **Undisputed**. However, not limited to Defendants selected serious injuries. |

**61. Defendants' Response**: This fact remains undisputed.

| | | | |
|---|---|---|---|
| 62 | Plaintiff's medical records indicate that he completed surgeries for his injuries, namely his orbital fracture and ear by December 2022 and the listed complaints were marked resolved as of 4/21/2023. | Ex. R at pp 270 – 290 | **Undisputed** that Plaintiff suffered serious bodily injury, by definition, having been required to undergo surgery, thereby meeting the definition of deadly force used against him. |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | |
| **62. Defendants' Response**: This fact remains undisputed. | | | |
| 63 | Plaintiffs' Second Claim for Relief is brought against CITY, GONZALEZ, and TIPTON and 42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy). | Ex. B at pp 12 | **Undisputed**. However, this is not a material fact. |
| **63. Defendants' Response**: This fact remains undisputed. | | | |
| 64 | Plaintiff's Second Claim is based on several theories of unlawful policies and practices regarding excessive force, inadequate reporting and discipline, and a "blue wall of silence." | Ex. B ¶¶ 36-39, 56-68 Ex. C, No. 1, 17 | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. The document speaks for itself. **Objections**: **Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading. **Rule 403/602/611**: Compound, Vague, Foundation. |
| **64. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' Complaint and Discovery Responses. Defendants' evidence cited supports the fact asserted that Plaintiff's Second Claim is based on several theories of unlawful policies and practices related to those described using the language "blue wall of silence." The document speaks for itself. Plaintiff's argument and lack of evidence fail to negate, contradict, or respond to this fact. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.) Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | | |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 65 | Plaintiff also sets forth theories of failures to train, and supervise, and a practice of "allowing" unconstitutional behavior on the part of officers as identified, according to Plaintiff, in settlements wherein suspects in officer-involved shooting and K-9 cases. | Ex. B ¶¶ 36-39, 56-68<br><br>Ex. C, No. 1, 17 | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. The document speaks for itself.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Foundation. |

**65. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' Complaint and Discovery Responses.

Defendants' evidence cited supports the fact asserted that Plaintiff sets forth failure to train, unconstitutional behavior by way of "allow[ance]" and references settlements involving officer-involved shootings and K-9s in support thereof. The document speaks for itself. Plaintiff's argument and lack of evidence fails to negate, contradict, or even respond to this fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| 66 | Plaintiff's Third Claim for Relief is brought against CITY, GONZALEZ, and TIPTON and 42 U.S.C. § 1983 (Municipal Liability – Failure to Train). | Ex. B at pp 16 | **Undisputed**.<br>However, this is not a material fact. |

**66. Defendants' Response**: This fact remains undisputed.

| 67 | Plaintiff alleges theories of failure to train defendant officers on proper use of physical force, detention of an automobile, detention of a person, and arrest of a person and reiterates case settlement as showcasing failed training. | Ex. B ¶¶ 36-39, 69-80<br><br>Ex. C, No. 1, 17 | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. The document speaks for itself.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, |

54

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|-----------------------------------|---------------------|------------------------------|
| | | | Foundation. |

**67. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' Complaint and Discovery Responses.

Defendants' evidence cited supports the fact asserted that plaintiff sets forth failure to train theories based on proper physical force, detainment of an automobile, and arrest of a person while again reiterating prior settlements as a way to showcase failures to train. The document speaks for itself. Plaintiff's argument and lack of evidence fails to negate, contradict, or respond to this fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|-----------------------------------|---------------------|------------------------------|
| 68 | Plaintiff's Fourth Claim for Relief is brought against CITY, GONZALEZ, and TIPTON under 42 U.S.C. § 1983 (Municipal Liability – Ratification). | Ex. B at pp 18 | **Undisputed**. However, this is not a material fact. |

**68. Defendants' Response**: This fact remains undisputed.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|-----------------------------------|---------------------|------------------------------|
| 69 | Plaintiff reiterates the theories of failures to train and failure to "penalize" officers who perform actions which have given rise to settled lawsuits. | Ex. B ¶¶ 36-39, 81-93<br><br>Ex. C, No. 1, 17 | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. The document speaks for itself.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Foundation. |

**69. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' Complaint and Discovery Responses.

Defendants' evidence cited supports the fact asserted that Plaintiff reiterates his theories of failure to train and failure to penalize officers who perform actions that have given rise to settled lawsuits. The document speaks for itself. Neither Plaintiff's argument nor lack of evidence negates, contradicts, or responds to this fact. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R.

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

MANNING | KASS



| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | Civ. P. 56(e)(2), L.R. 56-3.) | | |
| | Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| 70 | Plaintiffs' Fifth Claim for Relief is brought against all Defendants for Battery based on the same theories underlying Plaintiff's First Claim for Excessive Force. | Ex. B at pp 21 Ex. B ¶¶ 94-100 Ex. C, No. 1, 2, 13, 14, 17, 42 | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. These are separate allegations and separate theories even if Plaintiff's Battery claim overlaps with other claims for relief. **Objections**: **Rule 403**: Unduly Prejudicial, Overbroad, Misstatement of Fact, Misleading. **Rule 403/602/611**: Compound, Vague, Foundation. |

**70. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' Complaint and Discovery Responses.

Defendants' evidence cited supports the fact asserted that Plaintiff's battery claim is based on the same theories of injury underlying the excessive force claim. Plaintiff admits this. The document speaks for itself. Plaintiff's argument that battery is a separate "theory" is a semantic quibble and not supported by any evidence nor the document. Without evidence, Plaintiff's dispute is unsupported. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 71 | Plaintiffs' Sixth Claim for Relief is brought against all Defendants for Negligence based on the same theories that underly Plaintiff's First, Second, Third, and Fourth Claims. | Ex. B at pp 22 Ex. B ¶¶ 101-107 Ex. C, No. 1, 2, 13, 14, 17, 42 | **Disputed**. This inaccurately describes Plaintiff's Complaint for Damages. These are separate allegations and separate theories even if Plaintiff's Negligence claim overlaps with other claims for relief. Plaintiff/Opposing Party's Evidence: Doc. 1. |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| **71. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' Complaint and Discovery Responses. | | | |
| Defendants' evidence cited supports the fact asserted that Plaintiff's negligence claim is based on the same theories of injury underlying the excessive force and monell claims. Plaintiff admits this. The document speaks for itself. Plaintiff's argument that negligence is a separate "theory" is a semantic quibble and is not supported by any evidence nor the document.  Without evidence, Plaintiff's dispute is unsupported. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.) | | | |
| Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order  (See Standing Order No. 12) | | | |
| 72 | Plaintiff's Seventh Claim for Relief is brought against all Defendants for Violations of Cal. Civil Code § 52.1 (*Bane Act*) based on the same allegations underlying Plaintiff's First Claim. | Ex. B at pp 24  Ex. B ¶¶ 108-115  Ex. C, No. 1, 2, 13, 14, 17, 42 | **Undisputed** generally for the purposes of this motion, although the Complaint speaks for itself recognizing that they are separate allegations. |
| **72. Defendants' Response**: This fact remains undisputed. | | | |
| 73 | In discovery, Plaintiff fails to point to any definitive policy or practice, formalized or informal, implemented by CITY or HPD in support of his claims. | Ex. C, No. 1, 2, 13, 14, 17, 42 | **Disputed**. Plaintiff/Opposing  Party's Evidence: **Plaintiff's Additional  Material Facts ¶¶181-222.** **Objections**: **Rule 403**: Unduly  Prejudicial,  Misstatement of Fact,  Misleading. **Rule      602/611/702**: Compound,     Overly Broad,       Lacks Foundation, Speculation, Calls for Expert Opinion. |
| **73. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' Complaint and Discovery Responses. | | | |
| Defendants' evidence cited supports the fact asserted that Plaintiff's does not point to a police of practice in support of his claims in discovery. Plaintiff's evidence in dispute of this are UFs that do not cite to nay discovery from plaintiff, only that from defendant, an expert declaration, and depositions of officers. This evidence | | | |

57

MANNING | KASS



| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | does not negate or contradict the fact that Plaintiff did not point to any policy or practice when asked in discovery. This evidence and dispute is nonresponsive and not genuine. Without supporting evidence, Plaintiff's dispute is unsupported. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)<br><br>Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| 74 | At deposition, Plaintiff testified multiple times that his memory on April 29, 2022 and at time of being deposed was distorted. | Ex. F at pp 52:23-53:20, 85:2-87:4, 92:4-92:19, 98:18-99:5 | **Undisputed** to the extent that Plaintiff's memory is distorted because he was chest-down on the ground, unable to see what was happening behind him, while he was being beaten by multiple officers and simultaneously Tased; further Undisputed that Plaintiff suffered a traumatic brain injury and severe head trauma as a direct result of Defendants' use of deadly force.<br><br>**Disputed** to the extent that Defendants argue that Plaintiff has no memory of the incident.<br><br>Plaintiff/Opposing Party's Evidence: **Exh. F, Barnhill Depo** at 52:23-53:20, 85:2-87:4, 92:4-92:19, 98:18-99:5 (see for interpretation of testimony in context and in the light most favorable to Plaintiff). **Exh. R, Plaintiff Medical Records** at 126 (blow out fracture of orbit, concussion). **Dr. O'Connor Decl** ¶5, Attachment A, Dr. O'Connor Expert Report at 3-5. |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | **Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Misstatement of Fact, Mischaracterization of Testimony, Argumentative, Misleading. |
|  | **74. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' deposition testimony. Defendants' evidence cited supports the fact asserted that Plaintiff testified that his memory of the event was distorted. Plaintiff's evidence does not negate or contradict this reality. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.) (See Defendants' Objection to Plaintiff's Evidence No. 1, 6) Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| 75 | Plaintiff testified that he only remembered parts of April 29, 2022 and found it difficult to distinguish between his memories and false or created memories | Ex. F at pp 98:18-99:5 | **Undisputed** to the extent that Plaintiff's memory is distorted because he was chest-down on the ground, unable to see what was happening behind him, while he was being beaten by multiple officers and simultaneously Tased; further Undisputed that Plaintiff suffered a traumatic brain injury and severe head trauma as a direct result of Defendants' use of deadly force. **Disputed** to the extent that Defendants argue |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | that Plaintiff has no memory of the incident. Further Disputed as phrased to the extent that Defendants are arguing that Plaintiff attempted to make up memories. During his deposition, Plaintiff explained that information was told to him, and he saw video of the incident, combined with his memory, he was doing the best he could to piece everything together and answer the questions. |
| | | | Plaintiff/Opposing Party's Evidence: **Exh. F, Barnhill Depo** at 52:23-53:20, 85:2-87:4, 92:4-92:19, 98:18-99:5 (see for interpretation of testimony in context and in the light most favorable to Plaintiff). **Exh. R, Plaintiff Medical Records** at 126 (blow out fracture of orbit, concussion). **Dr. O'Connor Decl ¶5**, Attachment A, Dr. O'Connor Expert Report at 3-5. |
| | | | **Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |

**75. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' deposition testimony.

Defendants' evidence cited supports the fact asserted that Plaintiff testified that he found it hard to distinguish between his real memories and those he himself called false. Plaintiff's evidence does not negate or contradict this reality. Therefore, the

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | fact is undisputed for purposes of this motion.<br>(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)<br><br>(See Defendants' Objection to Plaintiff's Evidence, No. 1, 6)<br><br>Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |
| 76 | Insofar as Plaintiff knows, he does not need any further surgeries or medications for his claimed injuries as a result of the encounter with police on April 29, 2022 | Ex. F at pp 144:25-145:14, 149:10-149:24 | **Disputed** as phrased.<br>Plaintiff/Opposing Party's Evidence:<br>**Exh. F, Barnhill Depo** at 144:24-145:14 (I have a torn rotator cuff that is in the process of determining whether surgery is needed or not (cleaned up)) ("that's the only thing that I know that I have to do").<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading, Calls for Speculation, Lacks Foundation.<br><br>**Rule 701/702**: Calls for Expert Opinion, Calls for Improper Layperson Opinion. |
| | **76. Defendants' Response**: This fact remains undisputed. This fact is pulled directly from Plaintiffs' deposition testimony.<br><br>Defendants' evidence cited supports the fact asserted that Plaintiff testified he does not need any further surgeries or medications for the injuries claimed to result from the encounter with police. Plaintiff's evidence does not negate or contradict this reality. Therefore, the fact is undisputed for purposes of this motion.<br>(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)<br><br>(See Defendants' Objection to Plaintiff's Evidence, No 1)<br><br>Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
| 77 | Incorporated into HPD's policy manual is a Use of Force policy effective at the time of Plaintiff's detention which accounts for all of the following: the proper use of force to effectuate arrests, determining reasonable force for several categories of suspects, and de-escalation and prevention techniques. | Ex. Q in total | **Undisputed**, it is appropriate to not and/or no longer use force on a person who is not and/or is no longer a threat. Undisputed that any reasonable officer that was adequately trained, knew and understood the policy, and followed City policy, would not have used the force, including deadly force, against Barnhill as Defendant Officers did, and a reasonable officer would have intervened to prevent and stop such excessive and unreasonable force.<br><br>**Undisputed** that by Exh. Q Use of Force Policy 300.1.1 defines deadly force as it applies to this matter pursuant to Penal Code § 835a; defines serious bodily injury as it applies to this matter pursuant to Penal Code §243(f)(4); 300.2.1 Duty to Intercede is defined as it applies to this matter pursuant to Govt. Code §7286; 300.3.1 Alternative Tactics – De-Escalation – is defined as it applies to this matter; and 300.4 Deadly force Applications – is defined as it applies to this matter pursuant to Penal Code § 835a – all of which were violated by Defendant Officers.<br><br>**Disputed** as phrased; Disputed that Defendants' Policy is |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | understandable, practical or adequate. The policy does not support Defendants' contentions. <u>Plaintiff/Opposing Party's Evidence</u>: **Exh. Q** in total. **Clark Decl** ¶7-13. **Objections**: **Rule 403**: Argument, Misstatement of Fact, Misstates the Law, Misleading. |

**77. Defendants' Response**: This fact remains undisputed.

Plaintiff's dispute is not a dispute at all but an argument about purported additional facts that do not respond to, negate, or contradict Defendants' fact. Plaintiff is not asserting a fact but making an argument that the use of force policy is not adequate in his eyes. Plaintiff's evidence does not negate or contradict the fact asserted. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

(See Defendants' Objection to Plaintiff's Evidence, No. 5)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 78 | Defendant Officers' training profiles up to and with HPD include annual review of a vehicle pursuit policy, taser training, use of force training, arrest and control tactics, and critical legal issues regarding use of force. | Ex. S at pp 2-3, 6 *see also* Ex. E at pp 12:4-13:18 Ex. T at pp 1-3, 5-6 Ex. U at pp 2-3, 6-7 Ex. V at pp 2-3, 6 | **Undisputed**, that the document titled "Individual Training Activity" lists training subjects without admission as to whether any such training occurred or whether any such training was adequate. **Disputed** as phrased giving any inference that the Defendant Officers were adequately trained, understood the training, or followed the training. **Objections**: **FRCP 56**: requires all |



MANNING | KASS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Argumentative, Vague as Ambiguous, Overbroad, Compound, Lacks Foundation. |

**78. Defendants' Response**: This fact remains undisputed.

Plaintiff's dispute is not a dispute at all but an argument about other implications that are not set forth within the fact. Plaintiff is not asserting a fact but making an argument that the training in inadequate in his eyes. Plaintiff's evidence does not negate or contradict the fact asserted. Therefore, the fact is undisputed for purposes of this motion.
(See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 79 | MAYNARD testified he has never had a sustained finding of excessive force | Ex. G at pp 16:10-16:24 | **Undisputed** for the purposes of this motion, further undisputed that Defendant City has a pattern and practice of not sustaining a finding of excessive force. Undisputed that Maynard's use of excessive force was ratified by City. |

**79. Defendants' Response**: This fact remains undisputed.

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 80 | MAYNARD testified he has been named in one lawsuit which was closed | Ex. G at pp 16:10-16:24 | **Undisputed** for the purposes of this motion. **Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial. **Rule 404**: Impermissible |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | Character Evidence. |
| **80. Defendants' Response**: This fact remains undisputed. | | | |
| Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | | |
| 81 | BISHOP testified he has never had a sustained finding of excessive force. | Ex. H at pp 26:13-14:20 | **Undisputed** for the purposes of this motion, further undisputed that Defendant City has a pattern and practice of not sustaining a finding of excessive force. Undisputed that Bishop's use of excessive force was ratified by City. |
| **81. Defendants' Response**: This fact remains undisputed. | | | |
| 82 | BISHOP testified he has never been named in a lawsuit. | Ex. H at pp 26:13-14:20 | **Undisputed** for the purposes of this motion. **Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial. **Rule 404**: Impermissible Character Evidence. |
| **82. Defendants' Response**: This fact remains undisputed. | | | |
| Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12) | | | |
| 83 | KLINZING testified he has never had a sustained finding of excessive force | Ex. E at pp 14:21-15:1 | **Undisputed** for the purposes of this motion, further undisputed that Defendant City has a pattern and practice of not sustaining a finding of excessive force. |
| **83. Defendants' Response**: This fact remains undisputed. | | | |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 84 | In his 25 year tenure, KLINZING testified he was named in two lawsuits, one with LAPD where he was alleged to have used excessive force. | Ex. E at pp 16:24-17:13, 25:14-26:8 | **Undisputed** for the purposes of this motion, further undisputed that Defendant City has a pattern and practice of not sustaining a finding of excessive force. Undisputed that Klinzing's conduct, omission, lack of supervision, and failure to intervene was ratified by City.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial.<br>**Rule 404**: Impermissible Character Evidence. |

**84. Defendants' Response**: This fact remains undisputed.

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 85 | In discovery, Plaintiff does not identify evidence or facts indicating that MAYNARD, BISHOP, AGUILA or KLINZING had sustained findings of excessive force against them. | Ex. B ¶¶ 36-39, 69-80<br><br>Ex. C | **Disputed** as phrased for the purpose of this Motion. Plaintiff Complaint at Ex. B ¶¶ 36-39, 69-80, does not allege that Defendant Officers had a sustained finding of excessive force against them. Rather, Defendant Officers used excessive force, they were not adequately trained, and City ratified the use of excessive force.<br><br>Plaintiff/Opposing Party's Evidence:<br>**Exh. 12, Maynard RFA Responses** No. 12 at 11:12-27 (denied that City communicated to Officers that his use of |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| | | | force did not violate policy, by reasonable inference there may be a sustained finding). **Exh. 13, Aguila RFA Responses** No. 14 at 12:17-13:4 (same). **Exh. 14, Bishop RFA Responses** No. 14 at 12:17-13:4 (same). **Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Assumes Facts, Misstates Facts, Misleading. **Rule 403/602/611**: Lacks Foundation. |

**85. Defendants' Response**: This fact remains undisputed.

Plaintiff's dispute is not a dispute at all but an argument about what he confusingly believes are distortions of the Complaint. Plaintiff is arguing against a fact that was never set forth. Plaintiff does not actually argue against the fact but instead insert additional facts that are not responsive or relevant to the fact. Similarly, Plaintiff's evidence does not negate or contradict the fact asserted. In fact, Plaintiff's evidence includes an RFA whereby the Officer denied that his use of force did not violate policy and Plaintiff argues "by reasonable inference there may be a sustained finding." This assertion is not a fact and is little better than an appeal to ignorance. Moreover, it does not contradict or negate the fact stated that Plaintiff does not identify evidence of sustained findings against Officers. Without evidence to contradict the fact asserted, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|---|---|---|---|
| 86 | In discovery, Plaintiff does not identify evidence or facts indicating that MAYNARD, BISHOP, or AGUILA were named lawsuits wherein they were accused of using excessive force. | Ex. B ¶¶ 36-39, 69-80  Ex. C | **Disputed** as phrased for the purpose of this Motion. Plaintiff did not allege that Defendant Officers were named any additional lawsuits. Rather, Defendant Officers used excessive force, they were not adequately trained, and City ratified the use of excessive force. |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

| No. | Defendants' Uncontroverted Facts | Supporting Evidence | Plaintiff's Genuine Disputes |
|-----|----------------------------------|---------------------|------------------------------|
|     |                                  |                     | **Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Assumes Facts, Misstates Facts, Misleading.<br>**Rule 403/602/611**: Lacks Foundation. |

**86. Defendants' Response**: This fact remains undisputed.

Plaintiff's dispute is not a dispute at all but an argument about the wording of the fact that does not respond to, negate, or contradict the fact as it stands—which is that Plaintiff does not identify evidence or facts to indicate any Officers were named in lawsuits where they were accused of excessive force. Plaintiff sets forth no evidence. Therefore, the fact is undisputed for purposes of this motion. (See Judge Jesus G. Bernal Standing Order ("Standing Order") No. 12; See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.)

Plaintiff sets forth legal and evidentiary objects in violation of the Standing Order (See Standing Order No. 12)

DATED:  January 26, 2026        Respectfully submitted,

            **MANNING & KASS**
            **ELLROD, RAMIREZ, TRESTER LLP**


        By:        */s/ Andrea Kornblau*
                Eugene P. Ramirez
                Andrea Kornblau
                Attorneys for Defendants CITY OF
                HEMET, OFFICER BRETT MAYNARD,
                OFFICER JOSHUA BISHOP, OFFICER
                PEDRO AGUILA, CORPORAL
                DOUGLAS KLINZING; JAMIE
                GONZALEZ and CATHERINE TIPTON