Eugene P. Ramirez (State Bar No. 134865)
 eugene.ramirez@manningkass.com
Andrea Kornblau (State Bar No. 291613)
 andrea.kornblau@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, , CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>District Judge: Jesus G. Bernal<br>Magistrate Judge:  Sheri Pym<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT RYAN O'CONNOR; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF ANDREA KORNBLAU**<br><br>Judge: Hon. Jesus G. Bernal<br>Date:  2/23/2026<br>Time:  9 a.m.<br>Crtrm  1 (2nd Floor) |

///

///

///

///

///

1

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT RYAN O'CONNOR**

## I. INTRODUCTION

Plaintiff's Opposition to Defendants' Motion to Exclude Dr. Ryan O'Connor's ("O'Connor") Opinions fails to demonstrate that O'Connor has sufficient qualifications to offer expert opinion on Plaintiff's injuries. Plaintiff also fails to refute the reality argued by Defendants that O'Connor's methodology and dataset are deficient, rendering his opinions and report subject to exclusion under Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 702.

As with his Opposition to Defendants' Daubert Motion on Clark, Plaintiff attempts to have this Court not hear Defendants' Motion regarding O'Connor as an improper motion in limine. Plaintiff has not cited to any particular Local Rules or Standing Order or any other law to warrant such exclusion. This argument should be ignored.

Not for the first time, Plaintiff has opted to misrepresent the contents of the evidence and even the testimony of his own expert. Defendants draw the Court's attention to this in opening because the falsification Plaintiff and Plaintiff's Counsel are engaging in exemplifies not only the bad faith quality of these arguments but their wastefulness and disrespect of parties' and this Court and its Clerks' time when having to re-review non-disputable evidence because they cannot trust Plaintiff and Plaintiff's Counsel to operate without gamesmanship of this sort.

## II. ARGUMENT

### A. O'Connor's Qualifications Do Not Go To The Injuries At Issue In This Case

Plaintiff's argument that O'Connor is qualified to speak on the injuries in this case is simply not supported by the evidence Plaintiff provided. That O'Connor is a qualified emergency room ("ER") physician is not in dispute in this case. What is being disputed is that O'Connor, by his own admission and based on his area of expertise, lacks requisite qualifications to opine about majority of Plaintiff's medical injuries in this case, namely the neurological issues, orbital fracture and ear avulsion.

1    In Opposition, Plaintiff emphasizes O'Connor's experience as an ER physician and his academic credentials. Docket No. 60, Plaintiff's Opposition ("Plaintiff's Opposition") at 5:13 – 6:14. Plaintiff insists that O'Connor's "education includes courses in anatomy, physiology, and neurology. Dr. O'Connor completed clinical rotations in neurology, ophthalmology, radiology, medical research, emergency medicine, biomechanics, surgical specialties, general surgery, medical and surgical critical care, and traumatic medicine." Plaintiff's Opposition at 5:15 – 5:19. This rundown of O'Connor's schooling does not demonstrate expertise required to opine on the specific injuries in this case. Courts have already dealt with these types of attempts. Simply being a doctor and possessing a medical degree does not permit a physician to testify on any medical-related issue. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 – 70. (10th Cir. 2001)

Plaintiff offers nothing in Opposition to clarify how O'Connor has extensive or recent study or experience in the areas of neurology, ophthalmology, or ENT (ear, nose, throat) issues or that he practices in those areas. Instead, Plaintiff vaguely characterizes O'Connor's educational background and claims that O'Connor had rotations in residency in 2005 or earlier that included these three categories. Plaintiff's Opposition at 5:13 – 6:15. This argument is simply insufficient and, as Defendants noted in their Motion, O'Connor testified that he does not possess expertise in these areas and he deemed Plaintiff's injuries to be "complex". Docket No. 55-1, Deposition of Ryan O'Connor ("O'Connor Deposition") at 6:7 – 13:7, 26:4 – 27:20.

Leaving neurology largely to the wayside, Plaintiff argues that O'Connor may opine about ophthalmology as it relates to emergency medicine because O'Connor received education that included ophthalmology and—nebulously—had a "rotation in his residency." This argument does not make sense. If O'Connor had to take 'ophthalmology' in school and it popped up in his residencies between 2002 and 2005, this alone would not qualify O'Connor as an expert in ophthalmology any more than it would qualify a Dermatologist who would have also had the same education and

3
**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT RYAN O'CONNOR**

1 residency rotation two decades ago. The ridiculousness of such a claim is what
2 Plaintiff wishes the Court to adopt.

3 Plaintiff argues this same way with respect to Plaintiff's ENT injury; Plaintiff's
4 argument is that O'Connor may opine on the ENT injury because they are "also taught
5 in medical school and a rotation in residency…." Plaintiff's Opposition at 6:27 – 7:3.
6 This argument, like the ophthalmology argument, does not negate the simple fact that
7 O'Connor does not have experience, practice, or longstanding or intimate knowledge
8 outside of his college education and residency two decades ago on ENT. He is
9 therefore not qualified to opine on what he **himself** called a complex injury—one
10 which he testified, "is better handled by a plastic surgeon or an ENT doctor…."
11 O'Connor Deposition at 13:2 – 13:4.

12 Plaintiff makes an additional argument to try once more to place his ear injury
13 into O'Connor's medical domain. However, Plaintiff mischaracterizes the testimony
14 of his own expert when making this argument. Plaintiff claims O'Connor testified
15 certain "[t]rauma to the ear itself…can be handled by the emergency room doctor"
16 and that an ear avulsion "technically, is in the realm of emergency medicine." (Id. at
17 12:25-13:5.)" Plaintiff's Opposition at 7:3 – 7:5. This is false; O'Connor did not
18 testify as Plaintiff has depicted. Instead, O'Connor testified as follows:

19 "Trauma to the ear itself – more basic trauma can be handled by the emergency
20 room doctor, as far as stitches and things like that. In this case the partial avulsion was
21 a lot more complicated and is better handled by a plastic surgeon or an ENT doctor,
22 but technically, is in the realm of emergency medicine, if you're in a community
23 hospital that doesn't have access to those specialties, for example." O'Connor
24 Deposition, at 12:15 – 13:6.

25 O'Connor does not state that an ear avulsion technically is within the realm of
26 emergency medicine and specifies that basic ear injuries needing stithces—not
27 complex ones like Plaintiff's—can be done in the emergency room, also noting that
28 some hospitals do not have ENT specialties. Plaintiff's falsification of O'Connor's

4
**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT RYAN O'CONNOR**

testimony should serve as an admission that Plaintiff cannot—with the unadulterated facts and evidence—support his argument that O'Connor has expertise that O'Connor—by his own admission—simply does not have. There is no truthful rendition of the facts that Plaintiff can give to support his claim that O'Connor can opine as an expert in the fields of neurology, ophthalmology, or ENT injuries. As such, O'Connor's opinions as to the ENT injury (ear avulsion) and the ophthalmological injury (orbital fracture) as well as the neurological injuries must be excluded.

### B. O'Connor's Methodology And Data Are Demonstrably Insufficient to Support His Report And Opinions

As stated in Defendants' Motion, O'Connor's report has several errors indicating a flawed methodology, it did not make use of the entirety of Plaintiff's medical information, and it provides diagnoses for injuries Plaintiff is not alleging in his complaint and was not diagnosed with, e.g. a concussion. Plaintiff does not argue against these facts but instead agrees that O'Connor reviewed medical records from the date of Plaintiff's contact with police onward. Plaintiff's Opposition at 7:1 – 7:16. By this admission, O'Connor's report is per se incomplete and subject to exclusion for that reason alone.

Defendants argue in their Motion that O'Connor did not have access to Plaintiff's medical records before the date of the injury, he did not make mention of preexisting injuries, he did not make mention of later injuries after the encounter with the police which preceded Plaintiff's current complaints, and he misstated a piece of the medical record. Plaintiff attempts to combat these arguments unsuccessfully by running down O'Connor's methodology to demonstrate its rigor. This rigor is not enough if it is done misstating the medical records or failing to account for earlier and later injuries.

It is undeniable that O'Connor was not given a sufficient medical record to inform his Opinion because he did not have Plaintiff's prior medical history before

the incident. Unable to deny this, Plaintiff again misstates O'Connor's testimony, claiming O'Connor stated Plaintiff "did not have any related pre-existing injuries. (Id. at 27:15-20.) Plaintiff's Opposition at 7:22. O'Connor did not state this. O'Connor testified as follows: "The medical records that were provided were limited to the day of the incident and afterwards. There's not much reference to anything prior, so I didn't see any indication that any of these conditions were preexisting in what was provided to me; and I believe in the deposition of Mr. Barnhill – again, I only skimmed it due to the lack of time complaints, but I believe he said he didn't suffer from any of these conditions previously." O'Connor Deposition at 27:13 – 27:20.

      Plaintiff's rendition of O'Connor's testimony is unmistakably false such that is can only have been done deliberately. Plaintiff's quoted portion of the deposition showcases O'Connor **admitting** he did not receive any prior medical records, found few to no references to **any** past medical history, and only **skimmed** Plaintiff's deposition and from this "skimming," he believes Plaintiff testified he didn't suffer from his conditions before. Plaintiff's argument should be rejected as false.

      Plaintiff does not address the obvious mistakes, misstatements of the medical records, failure to account for Plaintiff's prior medical history in depth, and opining as to injuries that Plaintiff is not alleging in this lawsuit. The silence is tantamount to no opposition to these arguments.

      Finally, Plaintiff tries to convince the Court that O'Connor relying chiefly on Officer testimonies for his medical opinions is superior to relying on video evidence. Plaintiff's Opposition at 7:17 – 9:4. This argument fails because, as Defendants explained in their Motion, video and photo evidence is best evidence even before testimony. Officer testimony can even be—as Plaintiff has emphasized during motion practice—refuted by the video evidence. For O'Connor to chiefly rely on a description of something happening, which can and has been updated later on at deposition, as opposed to video evidence which may not completely fit the descriptions, O'Connor is by definition relying on less accurate or sufficient evidence to support his findings.

None of Plaintiff's gratuitous renditions of the incident or reiterations of O'Connor's qualifications and methods change this fact and O'Connor's methodology remains deficient.

### III.  CONCLUSION

For all of the reasons set forth above, Defendants request that this Honorable Court exclude the opinions of O'Connor in full.

Alternatively, Defendants request this Court exclude O'Connor's opinions as to all of the following: the cause and mechanisms behind Plaintiff's injuries after arrest—namely the orbital fracture, ear contusion/avulsion and occipital hematoma, and opinions as to the cause of any of Plaintiff's neurological facial issues, headaches, or migraines and other associated opinions he rendered in his expert report.

DATED: February 9, 2026          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:     /s/ Andrea Kornblau
        Eugene P. Ramirez
        Andrea Kornblau
        Attorneys for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On February 9, 2026, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT RYAN O'CONNOR; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF ANDREA KORNBLAU** on the interested parties in this action as follows:

- **Electronic Mail Notice List**
- **The following are those who are currently on the list to receive e-mail notices for this case.**
- **Dale K Galipo**
- **dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,sanderson@galipolaw.com,hlee@galipolaw.com**
- **Andrea Katherine Kornblau**
- **andrea.kornblau@manningkass.com,akk@manningllp.com,katherine.hwang@manningkass.com,sia@manningllp.com**
- **Trenton C. Packer**
- **tpacker@grechpackerlaw.com,4453866420@filings.docketbird.com,kppham@grechpackerlaw.com**
- **Eugene P Ramirez**
- **Eugene.Ramirez@manningkass.com,delia.flores@manningkass.com**
- **Marcel F Sincich**
- **msincich@galipolaw.com,amonguia@galipolaw.com**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

1    Executed on February 9, 2026, at Los Angeles, California.

                                                    /s/ Sandra Alarcon
_____
                                      Sandra Alarcon