Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, , CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>District Judge: Jesus G. Bernal<br>Magistrate Judge:  Sheri Pym<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT ROGER A. CLARK; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF ANDREA KORNBLAU**<br><br>Judge:  Hon. Jesus G. Bernal<br>Date:   2/23/2026<br>Time:   9 a.m.<br>Crtrm   1 (2nd Floor) |

///

///

///

///

///

1

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT ROGER A. CLARK**

## I. INTRODUCTION

Plaintiff's Opposition to Defendants' Motion to Exclude Roger Clark's Opinions does not contain arguments against Defendants' facts but instead tries to depict Clark's report as necessary and implores this Court to treat Defendants' Motion as a motion in limine and hold it to those standards. Plaintiff's argument is that this Court should ignore the substantial defects and bars to his use of Clark for purposes of Defendants' Summary Judgment Motion and instead throw out the properly set Motion to Exclude this portion of Plaintiff's evidence based on purported procedural defects not identified in the Local Rules or Standing Order or any other law. This argument should be ignored.

Clark's opinions prove to be impermissibly enmeshed with Plaintiff's Counsel and subject to exclusion in full for this reason. Clark's opinions otherwise as to parties' mental or emotion states and intentions, narration of the video evidence by way of still-shots and testimony, opinions as to what plaintiff's injuries are and what caused them, and legal conclusions must all be excluded as well.

## II. ARGUMENT

### A. Clark's Police Practice Qualification Is Not At Issue

Plaintiff's entire Opposition is a pontification fallaciously equating Clark's purported police practice credentials with his ability to offer expert opinions on matters for which he lacks expertise. Docket No. 59, Plaintiff's Opposition ("Plaintiff's Opposition"). Pages worth of Plaintiff's Opposition are filled with a rolling reiteration of the same argument: Clark is a police practice expert with deep understanding of Peace Officer Standards and Training (POST). Plaintiff's Opposition, at 3:6 – 5:2; 8:19 – 9:22.

Plaintiff repeating that Clark has been allowed to opine about police practices does not speak to or negate Defendants' arguments that Clark does not have expertise to give **expert opinion** on parties' intentions or emotions, Plaintiff's injuries, or what is happening in the video footage. In fact, as shown in the Motion—and remains

2

undisputed by Plaintiff—Clark has been prevented from so opining in the past by way of limiting or excluding his testimony. *See Est. of Stanely v. City of San Jose*, No. 22-CV-03000-VKD, 2024 WL 218124 (N.D. Cal. Jan. 20, 2024). Plaintiff providing a list of cases where Clark's opinions on police practices was admitted does not give any weight or credibility to Clark's opinions being admitted for any subject matter outside of that area; nor does it rehabilitate his erroneous methodology. As the Ninth Circuit has reinforced, no case stands for "the proposition that an expert's mere talismanic invocation of "clinical experience" suffices to establish that a differential etiology passes muster under Rule 702. Instead, they establish that clinical experience may be one basis on which an expert supports their analysis." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1054 (9th Cir. 2025). Clark's history in police practices and experience for select departments does not alone render his opinions on things outside of the scope of police practices sufficient per the Federal Rules of Evidence.

Further, the fact that Clark's opinions have been admitted in decades' old cases does not de facto bind this Court to admit his opinions in this case. *Id*. ([G]iven the flexibility of the reliability inquiry…experience that might constitute "sufficient facts or data" in one case, Fed. R. Evid. 702(b), might not suffice in another. For example, reliance on extensive clinical experience might be particularly informative—and perhaps necessary—in the context of a rare disease. But it might be less probative in the context of a more common disease for which there exists a substantial body of established literature.)

### B. Clark's Methodology Is Flawed And His Enmeshment With Plaintiff's Counsel Poisons His Opinion

Plaintiff's Opposition tries and fails to rehabilitate Clark's enmeshment with Plaintiff's Counsel when making his report. The method of creating a report whereby Plaintiff's Counsel gets to dictate what goes in, what facts are included, what screenshots are used such that Clark stated that he and Plaintiff's Counsel were "of one mind" is clearly flawed under the federal rules of civil procedure and rules of

evidence. Fed. R. Civ. P. 26(a)(2)(B); Fed. R. Evid. Rule 702. A helpful case, offered by Plaintiff in *Avila v. Ford Motor Co.* states that, "[A]n expert cannot simply peruse the work product of someone else and sign the bottom of the report because doing so creates very little, if any, evidentiary value in the expert's testimony." *Avila v. Ford Motor Co.*, 796 F. Supp. 3d 593, 597 (N.D. Cal. 2025).

The *Avila* court, though finding the expert worthy of inclusion, held that plaintiff's counsel could be involved minorly but not engage in a "type of "ghost-writing" that might justify excluding his opinion." *Id.* Unlike in *Avila*, Defendants are not putting the violation on Plaintiff's Counsel designating which pieces of the production were provided to Clark or who wrote for Clark in a clerical fashion. Defendants are highlighting the violation in Plaintiff's Counsel being able to co-author the report, and its screenshots, collectively with Clark in a way that is directly impactful and determinative of **how** Clark **opines**.

The Chief way that Plaintiff uses Clark's Report is to cite to Clark's narratives of the still-shots taken from the body camera footage. Plaintiff's Counsel being able to choose these screenshots and help prepare narratives for them in a way that Clark admits puts he and Plaintiff's Counsel "of one mind" necessarily produces a slanted narrative from Plaintiff and Plaintiff's Counsel—not an objective expert report. The enmeshment is especially damning considering Plaintiff's chief use of the report. Plaintiff does not simply pull out opinions that are arguably only from Clark. Plaintiff uses the co-authored narratives drafted under the co-collected screenshots within his Separate Statement as examples of an objective, expert opinion from Clark alone. Docket No. 52-1, Plaintiff's Statement of Genuine Disputes ("Plaintiff's Disputes") and Docket No. 52-2, Plaintiff's Statement of Additional Material Facts ("Plaintiff's Material Facts") (collectively "Plaintiff's Separate Statement"). Plaintiff's Counsel's opinions and decisions cannot be offered up through puppetry via Clark.

Further, Plaintiff does not account for the gaps existent within Clark's report and testimony which are highlighted by Defendants in their Motion and Objection to

Evidence in support of Summary Judgment. Docket No. 56, Defendants' Motion to Exclude Roger Clark's Opinions ("Motion") at 16:26 – 18:3. Clark fails to acknowledge or account for facts that are unflattering or damaging to Plaintiff or evidence that does not further what appears to be Plaintiff's narrative as told by Clark. Motion at Clark at 17:9 – 18:3.

Utilizing a factually patchy and slanted methodology guided by the invisible hand of Plaintiff's Counsel, Clark's testimony and report should be excluded.

### C. **Plaintiff Concedes That Clark Cannot Opine On Parties' Intention Or Emotions, Video Evidence, Or Plaintiff's Injuries**

There exists no evidence in Clark's Declaration or Report, or Plaintiff's Opposition upon which it can be found that Clark can provide **expert** testimony on (1) the mental or emotional states of any of the parties, (2) what is being depicted in the video, or (3) the nature, extent, or cause of Plaintiff's injuries; nor can Clark give (4) legal opinions. These are undeniable truths which Plaintiff cannot refute. To overcome this reality, Plaintiff attempts to rehabilitate all of these inappropriate opinions by claiming without support that each falls into Clark's police practice expertise as his way of showing compliance with "standards" and "tactical error" opinions. This statement is a bare untruth. Plaintiff's argument are without merit.

#### 1. *Mental And Emotional States and Intentions*

Clark's opinion about what Defendant Officers' emotions and intentions were is an opinion outside of the scope of his expertise. Plaintiff's argument that this opinion falls within the greater opinion that "officers' conduct did not comply with standards and represented a tactical error" before going on describe the POST considerations is simply word salad. Clark cannot give the opinion that, as a matter of **fact**, Defendant Officers' did not control their emotions and fears, that they intended to do anything to Plaintiff besides what was admitted or stated, or anything else about Plaintiff's mental or emotional states either. However, Clark gives these opinions in multiple places. These are impermissible and must be excluded.

5
**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT ROGER A. CLARK**

2. *Video Evidence*

Since Clark has begun to provide expert reports narrating screenshots of body camera footage, he has been barred from opining about the contents of the video evidence. *See Johnson v. City of San Jose*, No. 21-CV-01849 BLF, 2024 WL 8852489 (N.D. Cal. Dec. 21, 2023). Without any expertise, training or education on video interpretation or experience as a videographer—and not otherwise being present at the scene—Clark cannot give **expert** testimony on what the videos depict. This goes for Clark's contentions that Plaintiff was "clearly" being tased as well as the dozens of pages of screenshots wherein Clark is narrating what the videos are depicting. Plaintiff's argument that Clark merely relies on the video, not opines about what is within the video is a naked falsehood that mischaracterizes the obvious. Clark's Report has still-shots whereby he narrates **for** the Court what is going on in the videos rather than letting the video or still-shots of the video speak for themselves. Plaintiff's contention that this is not what is happening is simply not what the Report shows. Clark opining about what is taking place in the videos instead of letting photographic and video evidence speak for itself—without any expertise in video interpretation or videography experience—is improper and should be excluded. Particularly, Clark's opinion that the video shows Plaintiff being successfully tased and all of Clark's narration-descriptions of the still-shots must be excluded.

3. *Plaintiff's Injuries*

Clark cannot opine about Plaintiff's injuries. Plaintiff is not a medical expert, has not examined Plaintiff, and was not at the scene to witness the encounter. Plaintiff's only rebuttal to defend Clark opining as an expert on the existence, severity or cause of Plaintiff's injuries is to point to a district court case from Arizona and emphasize how important Clark's opinion is for a jury to hear. These arguments do not address the issue. Clark cannot give expert opinion on a medical injury or its cause without being qualified as a medical expert. This is well established and intuitive. See Federal Rules of Evidence, Rule 702: "If scientific, technical, or other specialized

knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness **qualified as an expert** by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702; *See also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–90 (1993) (Rule 702…clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify….) Clark cannot include medical opinions in his expert report because he has set forth no medical qualifications.

Plaintiff argues that the Arizona case *Rascon v. Brookins*, No. cv-14-00749-PHX-JJT, 2018 WL 783675 holds that "testimony regarding the mechanism of injury based on a review of the case materials does not require medical expertise, particularly where the injuries do not involve obscure medical factors." Plaintiff's Opposition at 9:18 – 9:22. *Rascon* does not say this at all. When reviewing a summary judgment motion, plaintiff in *Rascon* argued that officers used "sufficient force to break his ribs" and provided an autopsy report. *Rascon v. Brookins*, No. cv-14-00749-PHX-JJT, 2018 WL 783675, at *6 (D. Ariz., Feb. 8, 2018). The defendants dismissed the report for lack of expert testimony which they claimed plaintiff needed to prove the officers' force caused the fractures. The *Rascon* court disagreed, stating "no legal authority requir[ed] expert testimony on causation in a § 1983 action." *Id*. The *Rascon* court is—in plain language—countering the erroneous contention that an expert is needed in order a party to make an argument regarding the quantum of force. The word "mechanism" does not even appear in the *Rascon* court's opinion. *Id*. The *Rascon* court does not say that a non-medical expert can give an **expert** opinion about medical issues a party suffered, nor does it say that a non-medical expert can opine **in his role** as an **expert** as to the cause of a medical injury.

To the extent Plaintiff is trying to argue that Clark is somehow opining a lay-medical-opinion, this argument is not reflected by the evidence nor would it be admissible. Clark has offered these opinions as a part of his expert report and in his

7

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT ROGER A. CLARK**

role as an expert. Therefore, he must have commensurate expert qualifications to support these opinions which he does not. Further, he is unable to testify as a lay person in his role as an expert and within his report. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–90 (1993) (The subject of an expert's testimony must be "scientific ... knowledge.")

Plaintiff's argument is chalk-full of untruths and wholly without merit. Clark's medical opinions regarding the existence of, severity of, and cause of Plaintiff's injuries must be excluded.

### 4. *Legal Conclusions*

Plaintiff does not argue that Clark's conclusions are not legal but rather concludes this is the case. Plaintiff's Opposition, at 10:7 – 10:9. This argument is tantamount to no argument at all. Defendants' argument and position remains unopposed. Clark gives multiple opinions which are impermissible legal conclusions, including opinions that excessive force was used, that deadly force was used, whether or not Defendant Officer behavior was reasonable, Defendant City of Hemet failing to train Defendant Officers, the constitutionality of City of Hemet's policies and practices, the legal characterization of the force used by Defendant Officers, and the application of Graham factors. These should all be excluded and have been excluded in recent district court decisions. *See e.g. A.B. v. Cty of San Diego*, No. 18CV1541-MMA-LL, 2020 WL 4430971 (S.D. Cal. July 31, 2020).

### D. **The Value Of Clark's Expert Testimony Is Outweighed By Its Errors**

Plaintiff contends that Clark's testimony will be helpful to the jury (and impliedly to the Court for purposes of this summary judgment motion). However, in light of the fact that Clark's opinions are flawed methodologically in such a way as to render them unhelpful because they are factually deficient and comingled with Plaintiff's Counsel acting as puppeteer, any value this Court or the jury could take from Clark is significantly diminished.

Further, even if the court decides not to exclude Clark's testimony altogether, Clark's medical, video, psychological, and legal opinions are legally impermissible and therefore of no value at all to this Court or the jury and must be excluded.

## III. CONCLUSION

For all of the reasons set forth above, Defendants request that this Honorable Court exclude the opinions of Clark in full.

Alternatively, Defendants request this Court exclude Clark's opinion as to all of the following: Clark's opinions on Plaintiff or Officers' state of mind or emotions including intentions; opinions as to what the video evidence depicts including still-shot narration; opinions as to what the cause and extent of Plaintiff's injuries were or are; opinions as to the legal classifications and determinations as to Officer's using excessive force, lacking training, behaving unreasonably in a legal sense, and Officers' reasonable beliefs regarding Plaintiff's threat level.

DATED: February 9, 2026            Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:   /s/ Andrea Kornblau
      Eugene P. Ramirez
      Andrea Kornblau
      Attorneys for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On February 9, 2026, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT ROGER A. CLARK; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF ANDREA KORNBLAU** on the interested parties in this action as follows:

- **Electronic Mail Notice List**

- **The following are those who are currently on the list to receive e-mail notices for this case.**

- **Dale K Galipo**

- **dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,sanderson@galipolaw.com,hlee@galipolaw.com**

- **Andrea Katherine Kornblau**

- **andrea.kornblau@manningkass.com,akk@manningllp.com,katherine.hwang@manningkass.com,sia@manningllp.com**

- **Trenton C. Packer**

- **tpacker@grechpackerlaw.com,4453866420@filings.docketbird.com,kppham@grechpackerlaw.com**

- **Eugene P Ramirez**

- **Eugene.Ramirez@manningkass.com,delia.flores@manningkass.com**

- **Marcel F Sincich**

- **msincich@galipolaw.com,amonguia@galipolaw.com**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

1    Executed on February 9, 2026, at Los Angeles, California.

                                                    /s/ Sandra Alarcon
                                            _____
                                            Sandra Alarcon

2