Eugene P. Ramirez (State Bar No. 134865)
    eugene.ramirez@manningkass.com
Andrea Kornblau (State Bar No. 291613)
    andrea.kornblau@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF HEMET,
OFFICER BRETT MAYNARD, OFFICER
JOSHUA BISHOP, OFFICER PEDRO AGUILA,
CORPORAL DOUGLAS KLINZING; JAMIE
GONZALEZ and CATHERINE TIPTON



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>    Defendant. | Case No. 5:23-cv-00589 JGB(SPx)<br>[*Hon. Jesus G. Bernal, Dist. Judge*<br>*Hon. Sheri Pym, Magistrate Judge*]<br><br>**[MOTION IN LIMINE NO. 1]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* TO TRIFURCATE TRIAL INTO THREE PHASES: (1) LIABILITY PHASE, COMPENSATORY DAMAGES CALCULATION, AND PUNITIVE DAMAGES PREDICATE; (2) PUNITIVE DAMAGES CALCULATION, IF NECESSARY; AND (3) *MONELL* LIABILITY, *MONELL* DAMAGES CALCULATION, IF NECESSARY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:  Hon. Jesus G. Bernal<br>Date:   3/16/2026<br>Time:   11:00 AM<br>Crtrm.: 1 (2nd Floor)<br><br>Trial Date: 4/07/2026 |

**MANNING | KASS**

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON (collectively herein after as "Defendants") will move in limine for an order to trifurcate trial into three phases: (1) liability phase, compensatory damages calculation, and punitive damages predicate; (2) punitive damages calculation, if necessary; and (3) *Monell* liability and *Monell* damages calculation, if necessary.

This motion is based on all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion. This motion is made following conference of counsel which took place via Zoom conference on February 4, 2026.

DATED: February 13, 2026      Respectfully submitted,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:      /s/ Andrea K. Kornblau
        Eugene R. Ramirez
        Andrea K. Kornblau
        Attorneys for Defendants, CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendants respectfully seek an order from the Court trifurcating the trial in this matter into three phases: (1) liability phase, compensatory damages calculation, and punitive damages predicate; (2) punitive damages calculation, if necessary; and (3) *Monell* liability and *Monell* damages calculation, if necessary.

By requiring that punitive damages be separated, it avoids the unnecessary presentation and questioning about the individual Defendant officer's personal finances and net worth if unnecessary, which will help to expedite trial. In addition, bifurcation of *Monell* is appropriate because if the jury returns a verdict in Defendants' favor, there will be no need for a second phase on the *Monell* claims *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (explaining there can be no *Monell* liability unless the individual officer is liable).

## II.     TRIFURCATION WILL RESULT IN AN EFFICIENT PRESENTATION OF THE EVIDENCE.

Rule 42(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

*See also, Arthur Young & Co. v. United States Dist. Court*, 549 F.2d 686, 697 (9th Cir. 1977) ["Bifurcation of the trial of liability and damage issues is well within the scope of a trial court's discretion under Fed.R.Civ.P. 42(b)."]

The District Courts have "broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *Easton v. City of Boulder, Colo*., 776 F.2d 1441, 1447 (10th Cir. 1985); *see also, Exxon v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 1985); *see also, Davis v. Freels*, 583 F.2d 337, 343 (7th Cir. 1978) [excessive force case]. The factors to consider are: (1) prejudice to the parties; (2) possible confusion of jurors; and (3) resulting

MANNING | KASS

convenience and economy. *In re Beverly Hills Fire Litig*., 695 F.2d 207 216 (6th Cir. 1982). A court may bifurcate a trial in order to deal with the easier issue of liability as it may be dispositive as to damages. *Huizar v. City of Anaheim (Estate of Diaz),* 840 F.3d 592, 601 (9th Cir. 2016). The court may also bifurcate to avoid the prejudice from graphic and prejudicial evidence. *Id*. at 603.

Trifurcation is appropriate in this case for several reasons. First, there would be no prejudice to plaintiff by trifurcating trial into three phases. Plaintiff will have a full opportunity to present his case to the jury concerning his theory of excessive force, as well as evidence regarding liability. Most importantly, trifurcation of the damages evidence and argument would allow a logical presentation of the evidence and avoid potential jury confusion on the issue of whether liability exists as opposed to the separate and independent arguments for damages. Lastly, trifurcation of punitive damages and *Monell* liability would save time and money which might not need to be expended if there is no finding of liability. Therefore, trifurcation of trial into three phases is appropriate.

## III.    TRIFURCATION OF PUNITIVE DAMAGES WILL AVOID NEEDLESS PRESENTATION OF EVIDENCE.

"Issues of punitive damages should normally be bifurcated from issues of liability so that proof of wealth is not admitted at the trial on liability and compensatory damages. [citations]." *Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004).  "[T]he financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded. [citations]. The rationale behind this general rule is sound.  The design of compensatory damages is to make plaintiff whole, and the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result. " *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977)(citations omitted).

The invasion of privacy to the individual defendant regarding personal

finances for the punitive damages portion will result if this case is not bifurcated. Admission of evidence of an individual defendant's wealth or financial condition is irrelevant and prejudicial to the individual defendant if admitted at trial with issues of liability. The evidence that would be introduced to determine the amount of punitive damages to be assessed against the individual defendant is irrelevant to plaintiff's claims of liability.  All that is relevant to plaintiff's claims of liability against the individual defendant is evidence as to the events that transpired. Admitting evidence pertaining to the individual defendant's personal finances and net worth would be prejudicial to defendants, and might confuse the jury in its consideration of liability. The presentation of evidence regarding the defendant deputy's finances and net worth may be unnecessary and would be intrusive, especially if no liability is found. Therefore, bifurcation of punitive damages is appropriate.

## IV.    TRIFURCATION OF THE *MONELL* CLAIM IS APPROPRIATE.

Trifurcation of *Monell* is appropriate because if the jury returns a verdict in the defendants' favor, there will be no need for a phase on the *Monell* claim. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (absent any constitutional violations by its deputies, there can be no *Monell* liability against the County of Riverside).

Courts routinely bifurcate trials when plaintiff asserts municipal liability under *Monell*. As the Ninth Circuit explained in *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996), "bifurcation enable[s] the [C]ourt to separate the questions regarding the constitutionality of the . . . officers' actions from the questions regarding the [county's] liability under *Monell*."  *See, e.g., Vazquez v. City of Long Beach*, 2016 U.S. Dist. LEXIS 188915, at *3 (C.D. Cal. Apr. 19, 2016)(noting that the practice in the Central District is to bifurcate *Monell* which practice has been approved by the Ninth Circuit).

Here, plaintiff has plead a *Monell* claim against the City of Hemet, and to

1  ensure a fair presentation of evidence without any prejudice to defendants, the claim
2  must be bifurcated from the liability phase.

3  **V.    DEFENDANTS WILL SUFFER UNDUE PREJUDICE IF**
4          **TRIFURCATION IS NOT GRANTED.**

5          Defendants are entitled to have the jury resolve the liability issue based upon
6  evidence relating solely to liability and not based upon the distinct, prejudicial
7  evidence relating to damages.  A determination with respect to liability can be made
8  fairly and impartially only if evidence of damages is excluded until such time as
9  liability may be found.  This is the only means by which prejudice towards
10 defendants can be avoided. In addition, trifurcation of *Monell* is necessary so that
11 questions regarding the constitutionality of the officer's actions in this case are kept
12 separate from the questions regarding the City of Hemet's liability under *Monell*.
13 Introducing evidence regarding the City's policies, customs, practices, and other
14 incidents involving other officers in unrelated incidents in the individual liability
15 phase would confuse the jury and prejudice the individual defendants who are only
16 liable for their own actions.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

6

# VI.    CONCLUSION

Based on the foregoing, defendants respectfully request an order to trifurcate trial into three phases: (1) liability phase, compensatory damages calculation, and punitive damages predicate; (2) punitive damages calculation, if necessary; and (3) *Monell* liability and *Monell* damages calculation, if necessary.

DATED:  February 13, 2026            Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:  _____*/s/ Andrea K. Kornblau*_____
        Eugene R. Ramirez
        Andrea K. Kornblau
        Attorneys for Defendants, CITY OF
        HEMET, OFFICER BRETT MAYNARD,
        OFFICER JOSHUA BISHOP, OFFICER
        PEDRO AGUILA, CORPORAL
        DOUGLAS KLINZING; JAMIE
        GONZALEZ and CATHERINE TIPTON

DEFENDANTS' MOTION IN LIMINE NO. 1