Eugene P. Ramirez (State Bar No. 134865)
 eugene.ramirez@manningkass.com
Andrea K. Kornblau (State Bar No. 291613)
 andrea.kornblau@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF HEMET,
OFFICER BRETT MAYNARD, OFFICER
JOSHUA BISHOP, OFFICER PEDRO AGUILA,
CORPORAL DOUGLAS KLINZING; JAMIE
GONZALEZ and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

HENRY BARNHILL,

        Plaintiffs,

      v.

CITY OF HEMET, OFFICER BRETT
MAYNARD; OFFICER JOSHUA
BISHOP; OFFICER PEDRO AGUILA;
CORPORAL DOUGLAS KLINZING;
JAMIE GONZALEZ; CATHERINE
TIPTON; and DOES 1-10, inclusive,

        Defendants.

Case No. 5:23-cv-00589 JGB(SPx)
[*Hon. Jesus G. Bernal, Dist. Judge*
*Hon. Sheri Pym, Magistrate Judge*]

**[MOTION IN LIMINE NO. 2]**

**DEFENDANTS' NOTICE OF
MOTION AND MOTION IN
LIMINE TO EXCLUDE ROGER
CLARK FROM TESTIFYING**

Judge:  Hon. Jesus G. Bernal
Date:    3/16/2026
Time:    11:00 AM
Crtrm.:  1 (2nd Floor)

Trial Date: 4/07/2026

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

      By and through their counsel of record in this action, defendants CITY OF

HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER

PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and

CATHERINE TIPTON ("Defendants") will move *in limine* for an order to exclude

all evidence, opinions, and testimony of plaintiffs' expert Roger Clark.

1       This motion is based on the attached memorandum of points and authorities,

2  all pleadings, records and files in this action, and upon such further oral and

3  documentary evidence as may be presented at the hearing on this motion. This motion

4  is made following conference of counsel via Zoom videoconference which took place

5  on February 4, 2026.

6  DATED:  February 13, 2026    **MANNING & KASS**
                           **ELLROD, RAMIREZ, TRESTER LLP**

7

8

9                 By:         */s/ Andrea K. Kornblau*

10                    Eugene Ramirez, Esq.

                  Andrea K. Kornblau, Esq.

11                    Attorneys for Defendants CITY OF

12                    HEMET, OFFICER BRETT MAYNARD,

                  OFFICER JOSHUA BISHOP, OFFICER

13                    PEDRO AGUILA, CORPORAL

14                    DOUGLAS KLINZING; JAMIE

                  GONZALEZ and CATHERINE TIPTON

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2    I.  INTRODUCTION ................................................................................................5

3    A.  *DAUBERT* SETS THE THRESHOLD FOR EXPERT OPINION
         EVIDENCE. ...............................................................................................5

4
5    B.  CLARK'S PROPOSED TESTIMONY IS NOT PROBATIVE DUE TO
         HIS  MISCONDUCT AS AN EXPERT WITNESS UNDER FRE 403. .........6

6              1.  Cited for Contempt and Sanctioned. ..............................................6

7              2.  Conducted Taser Experiment on Client. .........................................6

8              3.  Sanctioned for Violating Protective Order ......................................8

9    C.  CLARK IS UNQUALIFIED TO OFFER SOME OF HIS OPINIONS. ...............8

10             **1.  Expertise Re: Police Practices Is Outdated.** ...................................9

11             **2.  No Expertise Re: Diagnosing Mental Health Crisis** .....................9

12             **3.   No Expertise Re: Ballistics or Scene Reconstruction** ..................9

13   D.  CLARK'S OPINION THAT MOVING CORPORAL PEREZ'S PATROL
         VEHICLE VIOLATED POLICE PROCEDURE HAS NO LEGAL
14       BASIS. .....................................................................................................10

15   E.  CLARK INVADES THE PROVINCE OF THE COURT BY SETTING
         FORTH STANDARDS INCONSISTENT WITH THE LAW AND
16       POLICY STANDARDS ............................................................................12

17   F.  CLARK'S OPINIONS INVADE THE PROVINCE OF THE JURY. ...............13

18   III.  CONCLUSION ..............................................................................................14

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION IN LIMINE NO. 2

1

## TABLE OF AUTHORITIES

2

3

## CASES

4  *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311 (9th Cir. 1995) ................ 10, 14

5  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ........................ 5, 10, 11

6  *Doris Ray Knox, et al v. City of Fresno*, et al., 1:14-cv-799-EPG ............................ 6

7  *Engman v. City of Ontario*, 2011 WL 2463178 (C.D. Cal. June 20, 2011) ............. 14

8  *Gen. Elec. Co. v. Joiner,* 522 U.S. 136 (1997) ........................................................ 10

9  *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825 (9th Cir. 2001) ........... 10

10 *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d 1021 (C.D. Cal. 2013) ............................................................................... 5

11

12 *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ................................................ 5

13 *Lash v. Hollis*, 2007 U.S. Dist. LEXIS 3633, *12 (E.D. Mo. 2007) ........................ 9

*Lee v. City of L.A.*, 250 F.3d 668 (9th Cir. 2001). ...................................................... 6

14

15 *Ochoa v. Cnty. of Kern*, 628 F.Supp.3d 1006 (E.D.Cal. Sept. 15, 2022)................. 13

*Saelzler v. Advanced Group 400*, 25 Cal.4th 763 (2001) ........................................ 11

16

17 *Selane Products, Inc. v. Continental Casualty Company*, 706 F.Supp.3d 997 (C.D.Cal., 2020) ................................................................................................ 6

18 *Tellez v. County of Riverside,* 5:23-cv-00755-WLH-SHK............................................ 6

19 *United States v. Diaz*, 876 F.3d 1194 (9th Cir. 2017) .............................................. 13

20 United States v. Tamman 782 F.3d 543 (9th Cir. 2015) ............................................ 14

21 *Valiavicharska v. Celaya*, 2012 U.S. Dist. LEXIS 8191(N.D. Cal. Jan. 24, 2012)......................................................................................................... 13, 14

22

23

## STATUTES

24 FRE 702 ..................................................................................................................... 10

25 FRE 704(a) ................................................................................................................ 13

26 Penal Code § 835a ............................................................................................... 12, 13

27

28

1    **I. INTRODUCTION**

2         Roger Clark offers opinions that he is unqualified to make for which there is

3    no legal basis that invade the province of the court and jury.  These opinions are all

4    inadmissible.

5    **II. ARGUMENT**

6         **A.   *DAUBERT* SETS THE THRESHOLD FOR EXPERT OPINION**

7    **EVIDENCE.**

8         The trial court serves a gatekeeping function regarding the admissibility of

9    expert evidence.  Fed. R. Evid. Rule 702 allows admission of "scientific, technical,

10   or other specialized knowledge" by a qualified expert if it will "assist the trier of fact

11   to understand the evidence or to determine a fact in issue."  Fed. R. Evid, Rule 702

12   also provides that a witness may be qualified as an expert if "the testimony is based

13   on sufficient facts or data."  "Where such testimony's factual basis, data, principles,

14   methods, or their application are called sufficiently into question…, the trial judge

15   must determine whether the testimony has a 'reliable basis in the knowledge and

16   experience of [the relevant] discipline.'"  *Kumho Tire Co. v. Carmichael*, 526 U.S.

17   137, 149 (1999).  If the testimonial evidence fails in this regard, the expert opinion

18   is inadmissible.  *Id.*

19        In applying Rule 702, the court determines whether proffered expert

20   testimony meets the requirements of Rule 702 by a preponderance of the evidence."

21   *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d

22   1021,1026 (C.D. Cal. 2013); [citing *Daubert v. Merrell Dow Pharms., Inc.*, 509

23   U.S. 579, 597 (1993)].  The offering party must show by a preponderance of the

24   evidence that (1) the expert is qualified to render the opinion; and (2) the opinion

25   offered has adequate factual and scientific support for that opinion.  *Daubert*, 509

26   U.S. at 592-93.

27

28

**B. CLARK'S PROPOSED TESTIMONY IS NOT PROBATIVE DUE TO HIS MISCONDUCT AS AN EXPERT WITNESS UNDER FRE 403.**

Roger Clark has repeatedly engaged in misconduct as an expert witness in federal and state courts in California. On these grounds alone, the court should exclude his testimony as not probative.

### 1. Cited for Contempt and Sanctioned.

On June 14, 2016 in the Eastern District of California, United States Magistrate Judge Erica Grosjean, signed an amended order finding Mr. Clark in contempt for violating a protective order issued in another civil rights case and using the protected evidence to attempt to prove a *Monell* claim in the more recent case in which he was retained. *Exh.* A (Minute Order from *Doris Ray Knox, et al v. City of Fresno*, et al., 1:14-cv-799-EPG);[1] *Exh.* B (Motion for Sanctions).

When deposed about an incident, Mr. Clark was asked what record he used to violate the protective order. *Exh.* C at 43:20-22. (Deposition Transcript of Roger Clark, *Tellez v. County of Riverside,* 5:23-cv-00755-WLH-SHK*).* Mr. Clark answered, "None whatsoever. And the court retracted the order." *Id.* at 43:24-25. Mr. Clark continued that he was "not held culpable." Mr. Clark added that the court subsequently found that he "was not held in violation." All of this testimony is at odds with the court's minute orders that the court sanctioned Mr. Clark $6,016 which was evidently paid to defense counsel. *Exhs.* C and D. (Roger Clark Satisfaction of Sanctions). The court's docket record omits any retraction of the contempt finding or sanction.

### 2. Conducted Taser Experiment on Client.

Beginning on January 30, 2008, San Bernardino County Superior Court Judge

---

[1] The Court may take judicial notice of court orders, transcripts, and government order but not reasonably disputed facts in them. *Selane Products, Inc. v. Continental Casualty Company*, 706 F.Supp.3d 997 (C.D.Cal., 2020) *citing Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Katrina West held series of hearings to decide whether Mr. Clark could testify as an expert regarding purported Taser wounds inflicted on criminal defendant George Engman who had been charged with the San Bernardino District Attorney's Office with resisting arrest. (Case No. MWV104208).[2] *See, Exh. E* (Transcripts of Hearings re: admissibility of Clark's opinion re: Taser wounds). During first day of the hearing, on June 15, 2007, the prosecutor objected to the foundation of Clark's expertise because Clark had no firsthand knowledge of the wounds that a Taser inflicts in drive-stun mode. *Exh.* E at 24:21-25:14. The court continued the hearing for a future date. *Id.* at 49:16-49:23.

Clark meanwhile conducted an experiment on Mr. Engman in the office of Mr. Engman's attorney in which Clark tasered Mr. Engman on videotape to attempt to rebut the prosecution's claim that he lacked expertise in this area. *Id.* at 134:15-143:13. One of the video recordings was in the form of a "music video" although Clark emphasized that he "would never tolerate such a thing." *Id.* at 222:9-223:13.

During the subsequent court hearing on the subject, the prosecutor questioned Clark at length about whether Clark had violated California's Protection of Human Subjects in Medical Experimentation Act under Health and Safety Code §§ 24177 – 24178. *Id.* at 143:14-147:3 Accordingly, the court arranged to have an attorney from the conflict panel advise Clark and recommended that the attorney who had retained Clark obtain counsel too. *Id.*

When deposed about his "experiment" with George Engman in a different and more recent case, Mr. Clark refused to answer details about the affair. [*Exh.* C at 47:5-50:8. Specifically, Clark refused to answer the name of the private attorney who had retained him (*Id* at 47:5-24), the court in which this incident occurred (*Id. at* 49:5-8), and whether Clark had applied a Taser to an inmate in custody (*Id.* at 50:2-8).

---

[2] George Engman also sued the Ontario Police Department in federal court for civil rights violations relating to his arrest and the use of a Taser on him (EDCV 10-00384-PA).

### 3. Sanctioned for Violating Protective Order

On March 26, 2007, United States District Court Judge Stephen Larson held an order to show cause hearing re: contempt regarding Mr. Clark's violation of another protective order by disclosing confidential and privileged information from another civil rights during his deposition in the case of *Marie Catherine Olivas, et al. v. City of Fontana*, et al. (EDCV-05-00034-SGL-OPx). *Exh.* F (Minute Order re: Order to Show Cause re: Contempt of Roger Clark). Although the court ruled that Mr. Clark was negligent, versus willful or intentional, the court sanctioned Clark $9,898.50, and Mr. Clark recused himself from the other case from which he had obtained the confidential and privileged material. *Id., Exh.* G (Sanctions order against Roger Clark).

When questioned under oath about this incident in a deposition, Mr. Clark testified that Judge Larson instructed him not to answer any questions about his contempt citation, and Mr. Clark repeatedly refused to answer questions about the incident. *Exh.*C at 35:15-41:13. The remaining minute orders of *Olivas* case contain no such reference to a gag order imposed on Mr. Clark related to the court's OSC re: sanctions on Mr. Clark.

A proposed witness like Mr. Clark undermines this trial's purpose of finding the truth because his testimony lacks probative value due to his utter lack of credibility. Clark's misconduct begs the question what more must he do to be excluded as an expert witness. Plaintiff has retained Mr. Clark at their peril since these incidents are well-known and readily available to anyone with an internet connection and a PACER account. Hence, Clark's testimony is inadmissible as non-probative under FRE 403.

### C.  CLARK IS UNQUALIFIED TO OFFER SOME OF HIS OPINIONS.

Clark offers opinions in his report and deposition that he is not qualified to make: 1) Officers used excessive and deadly force on Barnhill; 2) There were fundamental tactical errors in this incident; and 3) POST/Standards regarding the

MANNING | KASS

use of tasers; 4) Injuries and other medical/physical issues as alleged by Barnhill.
Expert opinions are properly excluded if the *Daubert* standard is not met. *See Lash
v. Hollis*, 2007 U.S. Dist. LEXIS 3633, *12 (E.D. Mo. 2007) (plaintiff's expert
opinion on the effects of TASER ECD deployments was excluded under *Daubert*
because the court found plaintiff was not qualified to testify as an expert due to his
lack of familiarity with TASER devices and his reliance on only one scholarly
article on the effects of TASER ECD deployments).

### 1.  Expertise Re: Police Practices Is Outdated.

Clark has not worked as a law enforcement officer in the field since 1977
when he was a police sergeant. [*Exh.* H at 32, Roger Clark Rule 26 Report].  He has
not taught any POST-certified classes on the use of force.  [*Exh. I.* at  30:14-16,
Roger Clark deposition transcript for instant case].  He has no bachelor's degree.
[*Exh*. I at 30:23-24].  His has no background, training, or experience in psychology.
[*Exh*. I at 30:19-21].  He is not an expert in biomechanics.  [*Exh*. I 31:7-9].  He is
not an expert in forensic pathology.  [*Exh.* I at 31:4-6].

Clark's opinions in his report and deposition are beyond the scope of his
expertise and training, regarding current law enforcement tactics and standards.
Allowing Clark to opine on the use of force, and Hemet Police Department policies,
based upon outdated standards would be confusing to the jury and prejudicial to the
Defendants. Accordingly, any testimony from plaintiff's expert Clark should be
excluded at the time of trial.

### 2.  No Expertise Re: Diagnosing Mental Health Crisis

Mr. Clark has no background, training, or experience regarding mental health
analysis or diagnosis.  He is wholly unqualified to offer an opinion regarding
Barnhill's mental health at any point in time.  Any opinion on that subject is entirely
speculative coming from Mr. Clark.  Hence, it is inadmissible.

### 3.  No Expertise Re: Scene Reconstruction

Mr. Clark has stated no expertise on scene reconstruction.  *Exh.*H (Roger

1  Clark Rule 26 Report).  Since scene reconstruction is "within the province of

2  qualified experts" (*United States v. Scheffer*, 523 U.S. 303, 312 (1998),  Mr. Clark

3  lacks the expertise necessary to offer an opinion on these subjects.

4       Although Clark states in his Rule 26 report (*Exh.* H), that he has testified

5  regarding scene reconstruction, he offers no foundation for this expertise.  Hence,

6  Clark should be precluded from offering any opinions about the location of the

7  participants in the incident.

8     **D. CLARK'S OPINION THAT THE USE OF FORCE ON BARNHILL**

9        **WAS INCONSISTENT WITH POST STANDARDS HAS NO LEGAL**

10       **BASIS.**

11      "The trial judge in all cases of proffered expert testimony must find that it is

12  properly grounded, well-reasoned, and not speculative before it can be admitted.

13  The expert's testimony must be grounded in an accepted body of learning or

14  experience in the expert's field, and the expert must explain how the conclusion is

15  so grounded." Fed. R. Evid. 702, adv. comm. notes to 2000 amendments. "[N]othing

16  in either *Daubert* or the Federal Rules of Evidence requires a district court to admit

17  opinion evidence that is connected to existing data only by the *ipse dixit* of the

18  expert." *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). As the Ninth Circuit

19  explained on remand from the Supreme Court: "We've been presented with only the

20  experts' qualifications, their conclusions and their assurances of reliability. Under

21  *Daubert*, that's not enough." *Daubert v. Merrell Dow Pharm., Inc*., 43 F.3d 1311,

22  1319 (9th Cir. 1995).

23       "Rule 702 requires that expert testimony relate to scientific, technical, or

24  other specialized knowledge, which does not include unsupported speculation and

25  subjective beliefs." *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829

26  (9th Cir. 2001); *see Daubert*, 509 U.S. at 590.  Additionally, under *Daubert*, an

27  expert's opinion is inadmissible for unreliability where it is contrary to or

28  unsupported by the weight of the evidence.

To elaborate, under Federal Rule of Evidence 702, expert opinion testimony is *only* admissible in federal court:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (l) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Furthermore, the offering party must show by a preponderance of the evidence that (1) the expert is qualified to render the opinion; and (2) the opinion offered has **adequate factual and scientific support for that opinion**. *See: Daubert*, 509 U.S. at 588-90; *Joiner, supra*, 522 U.S. at 146 (holding that a court may exclude expert opinion where it deems that the expert's opinion is *not* sufficiently supported by the facts or evidence upon which the expert relies in support of that opinion). In other words, expert testimony is *not* admissible if it is speculative. *Id.* ("A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."); *cf. Saelzler v. Advanced Group 400*, 25 Cal.4th 763, 771 (2001) ("proof of causation cannot be based on mere speculation, conjecture and inferences drawn from other inferences to reach a conclusion unsupported by any real evidence, or on an expert's opinion based on inferences, speculation and conjecture"; applying a standard similar to *Daubert*).

Here, Clark alleges that the use of force on Barnhill by the Defendants was "inconsistent with basic law enforcement training and violated basic POST standards and the standard of care pursuant to POST and officer training – in other words, was excessive and unreasonable as defined by POST." Clark omits what

11

MK MANNING | KASS

1  training and POST standards were breached.  Clark cites no statute, standard, or

2  court decision that says that using low level or intermediate force (he fails to address

3  these levels at all in his report) to take a resisting suspect into custody who is

4  believed to be armed with a gun is somehow in violation of any standard or policy.

5  **E. CLARK INVADES THE PROVINCE OF THE COURT BY SETTING**

6     **FORTH STANDARDS INCONSISTENT WITH THE LAW AND**

7     **POLICY STANDARDS.**

8  The court provides the law that the jury must follow, not Roger Clark.  First,

9  Clark's opinions repeatedly reference whether Barnhill posed an "imminent" threat

10 to Defendants.  *Exh.* H.  Clark's definition of "imminent danger" is apparently his

11 own –

12   …a significant threat that peace officers reasonably believe will result in

13   death or serious bodily injury to themselves or other persons.  Imminent

14   danger is not limited to "immediate" or "instantaneous."  A person may pose

15   an imminent danger even if they are not at the *very moment* pointing a weapon

16   at another person.

17

18 Clark's definition appears nowhere in Penal Code § 835a which is typically

19 the citation used regarding the word "imminent."  Clark's definition appears to be

20 an imprecise summary his interpretation of § 835a.

21 Second, Clark's report, *Exh.* H, sets forth his definition of "Sufficiency of

22 Fear" –

23   "According to the law, fear alone does not justify the use of deadly force.

24   There must be a *sufficiency of fear* for the use of deadly force to be justified.

25   (Penal Code 198).

26   •   The circumstances must be sufficient to excite the fears of a *reasonable*

27       person in like circumstances.

28   •   The person must not act under the *influence of fear alone.*  There has to

**DEFENDANTS' MOTION IN LIMINE NO. 2**

MANNING | KASS

MK

be some circumstance or overt act apart from the officer's fear.

• The decision to use force must be made to save one's self or another from great bodily injury or death." (emphasis in original)

This definition is Mr. Clark's own interpretation and summary of Learning Domain 20 at 4-8 which, in turn, is a restatement of Penal Code § 835a. Mr. Clark's definition is inaccurate, imprecise, and omits material language such as "a peace officer who makes or attempts to make an arrest need not retreat or desist from their efforts by reason of the resistance or threatened resistance of the person being arrest." *Exh.* J, Learning Domain 20 at 4-8. Nor does the expression "Sufficiency of fear" appear anywhere in the jury instructions. Hence, Clark should be precluded from testifying about his own standard of police conduct divorced from the law, actual police training, or the jury instructions.

**F. CLARK'S OPINIONS INVADE THE PROVINCE OF THE JURY.**

Under Federal Rule of Evidence 704(a), a witness may proffer an opinion that "embraces an ultimate issue" of fact. *Ochoa v. Cnty. of Kern*, 628 F.Supp.3d 1006, 1018 (E.D.Cal. Sept. 15, 2022)  The 1972 Advisory Committee for the Federal Rules of Evidence recognized that this rule expressly abolishes the common law "ultimate issue" rule. *Id.,* citing *United States v. Diaz*, 876 F.3d 1194, 1196 (9th Cir. 2017).

However, an expert witness may not opine on ultimate issues of *law* or "tell the jury what result to reach." *Ochoa* at 1017. In the context of excessive force cases, a police expert may discuss "policies and professional standards of practice." *Ochoa* at 1017-18 *citing Valiavicharska v. Celaya*, 2012 U.S. Dist. LEXIS 8191, *9 (N.D. Cal. Jan. 24, 2012). The expert may not, however, opine on whether the "defendants' use of force was reasonable under the circumstances" because this "is just such an opinion on an ultimate issue of law that risks usurping the jury's province." *Ochoa* at 1018 *citing Sanfilippo v. Foster*, 2012 U.S. Dist. LEXIS 119898, *6-7 (E.D. Cal. Aug. 23, 2012) (internal quotation marks and citations omitted); *see also Jimenez v. Sambrano,*2009WL 2382622,*2 (S.D.Cal. July 31, 2009*)*. In order "to avoid invading

MK MANNING | KASS

1  the province of the jury," expert opinion that applies particular facts to an instance of

2  excessive force is best done through hypothetical questions.  *Ochoa* at 1018

3  *citing Valiavicharska*, 2012 U.S. Dist. LEXIS 8191, at *9 (quoting *Engman v. City of*

4  *Ontario*, 2011 WL 2463178,  *7 (C.D. Cal. June 20, 2011).  It follows that "an expert

5  cannot testify to a matter of law amounting to a legal conclusion." *United States v.*

6  *Tamman*, 782 F.3d 543, 552-53 (9th Cir. 2015) (excluding expert testimony that

7  "provided only a recitation of facts and the legal conclusion that *Tamman*… did not

8  break the law" and finding "[t]his is not a proper expert opinion.").

9         Here, all of Clark's opinions regarding Defendants' use of force are

10  inadmissible legal conclusions.  Clark is not allowed to make credibility decisions to

11  form his opinion that Barnhill was truthful whereas the Defendants were not.  Clark

12  *may,* if allowed to testify, give opinions re: *hypothetical* scenarios on subjects about

13  which he is qualified to testify.  That is all.

14  **III.  CONCLUSION**

15         Based on the foregoing reasons explained above, all testimony by Clark

16  should be excluded.  The opinions offered by Clark are unreliable; they are lacking

17  in evidentiary support and stated as speculation under the *Daubert* standard of

18  admissibility.

19  DATED:  February 13, 2026          **MANNING & KASS**

20                                      **ELLROD, RAMIREZ, TRESTER LLP**

21

22                                      By:   _____/s/ Andrea K. Kornblau_____

23                                            Eugene P. Ramirez, Esq.
                                             Andrea K. Kornblau, Esq.

24                                           Attorneys for Defendants CITY OF
                                             HEMET, OFFICER BRETT MAYNARD,

25                                           OFFICER JOSHUA BISHOP, OFFICER

26                                           PEDRO AGUILA, CORPORAL
                                             DOUGLAS KLINZING; JAMIE

27                                           GONZALEZ and CATHERINE TIPTON

28