

1  Eugene P. Ramirez (State Bar No. 134865)
    *eugene.ramirez@manningkass.com*
2  Andrea K. Kornblau (State Bar No. 291613)
    *andrea.kornblau@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
7  Attorneys for Defendants, CITY OF HEMET,
   OFFICER BRETT MAYNARD, OFFICER
   JOSHUA BISHOP, OFFICER PEDRO AGUILA,
8  CORPORAL DOUGLAS KLINZING; JAMIE
   GONZALEZ and CATHERINE TIPTON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY BARNHILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>[*Hon. Jesus G. Bernal, Dist. Judge*<br>*Hon. Sheri Pym, Magistrate Judge*]<br><br>**[MOTION IN LIMINE NO. 3]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANTS TO EXCLUDE PLAINTIFF'S EXPERT DR. TANNENBAUM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREA KORNBLAU**<br><br>Judge: Hon. Jesus G. Bernal<br>Date:　3/16/2026<br>Time:　11:00 AM<br>Crtrm.: 1 (2nd Floor)<br><br>Trial Date: 4/07/2026 |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON (collectively herein after as "Defendants") will move this Court for an order to exclude the following opinions and testimony of plaintiff's expert, Dr. Dana P. Tannenbaum ("Dr. Tannenbaum"), at trial regarding:

1. Any testimony that is cumulative/duplicative with plaintiff's medical expert Dr. Ryan O'Connor;

2. Any testimony or opinions by the expert that are based on speculation and/or lack foundation;

3. Any testimony or opinions beyond the expert's scope of expertise; and

4. Any testimony or opinions by the expert regarding treatment recommendations that are irrelevant or not possible given Plaintiff's incarceration.

This motion is made on the grounds that the above opinions lack evidentiary support pursuant to *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), and constitute nothing more than speculation. Dr. Tannenbaum cannot state these opinions to a reasonable degree of medical certainty. As such, her opinions are inadmissible under Fed. R. Evid. 702.

This motion is based on all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion. This motion is made following conference of counsel which took place via Zoom conference on February 4, 2026.



DATED: February 13, 2026

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____ */s/ Andrea K. Kornblau* _____
Eugene R. Ramirez
Andrea K. Kornblau
Attorneys for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion *in limine*, defendants seek to exclude certain opinions and testimony of plaintiff's expert, Dr. Dana P. Tannenbaum, at the time of trial, that:

1. Any testimony that is cumulative/duplicative with plaintiff's medical expert Dr. Ryan O'Connor;

2. Any testimony or opinions by the expert that are based on speculation and/or lack foundation;

3. Any testimony or opinions beyond the expert's scope of expertise; and

4. Any testimony or opinions by the expert regarding treatment recommendations that are irrelevant or not possible given Plaintiff's incarceration.

All of Dr. Tannenbaum's opinions relate to the above categories [See Kornblau Decl., Ex. A], and therefore all testimony by Dr. Tannenbaum should be excluded. The opinions offered by Dr. Tannenbaum are unreliable; they are lacking in evidentiary support and stated as speculation under the *Daubert* standard of admissibility; and are irrelevant and impossible due to Plaintiff's incarceration.

## II. THE *DAUBERT* THRESHOLD FOR EXPERT OPINION EVIDENCE.

The trial court serves a gatekeeping function regarding the admissibility of expert evidence. Fed. R. Evid. Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid, Rule 702 also provides that a witness may be qualified as an expert if "the testimony is based on sufficient facts or data." "Where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question…, the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). If the testimonial evidence fails in this regard, the expert opinion is inadmissible. *Id.*

In applying Rule 702, the Court functions as a gatekeeper, determining whether proffered expert testimony meets the requirements of Rule 702 by a preponderance of the evidence." *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d 1021,1026 (C.D. Cal. 2013); (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). The offering party must show by a preponderance of the evidence that (1) the expert is qualified to render the opinion; and (2) the opinion offered has adequate factual and scientific support for that opinion. *Daubert*, 509 U.S. at 592-93.

### III. DR. TANNENBAUM'S TESTIMONY IS CUMULATIVE AND DUPLICATIVE OF DR. RYAN O'CONNOR'S TESTIMONY.

The Court has discretion to exclude evidence if the probative value of the evidence is "substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This discretion extends to duplicative or otherwise cumulative expert testimony. *See, United States v. Alisal Water Corp.*, 431 F.3d 643, 659-60 (9th Cir. 2005) (exclusion of defendants' expert's testimony cumulative to opinions that challenged valuation of court appointed accountant after defendants already provided its own valuation through another expert witness); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1484 (9th Cir. 1991) (no abuse of discretion when district court limited parties to two expert witnesses in the area of police practices when those experts were to testify regarding the "same topic"); *United States v. Elksnis*, 528 F.2d 236, 239 (9th Cir. 1975) (exclusion of relevant, but cumulative, evidence is within discretion of the trial court). *See, e.g., Allen v. Hylands Inc.*, 2015 U.S. Dist. LEXIS 186799, at *3-4 (C.D. Cal. Aug. 20, 2015) (excluding cumulative expert testimony where the experts opined on many of the same topics and relied on the same or very similar evidence for their opinions); *Brooks v. Munoz*, 2014 U.S. Dist. LEXIS 22992, at *2-4 (S.D. Cal. Feb. 24, 2014) (excluding cumulative testimony that significantly overlapped with that of another expert); *Mankins v. United States*, 2013 U.S. Dist. LEXIS

131339, at *6-8 (C.D. Cal. Sept. 9, 2013) (limiting the plaintiff to two medical experts on the issues of causation and prognosis because testimony from each of the plaintiff's experts, five in total, was "needlessly cumulative" under Rule 403); *Engman v. City of Ontario*, 2011 U.S. Dist. LEXIS 66128, at *21 (C.D. Cal. June 20, 2011 (determining that expert testimony was cumulative where the opinions of the experts overlapped substantially); *see also Moniz v. City of Delano*, 2015 U.S. Dist. LEXIS 2136, at *20 (E.D. Cal. Jan. 8, 2015) (limiting the presentation of experts to testimony that does not duplicate the testimony of other experts).

Here, there is a significant danger that Plaintiff's expert Dr. Tannenbaum will offer needlessly cumulative and prejudicial testimony to Dr. O'Connor's anticipated testimony regarding the extent of Plaintiff's physical and psychological injuries, as well as treatment recommendations for such injuries. Defendants request that the Court exercise its discretion and limit or exclude such evidence.

Both Doctors O'Connor and Tannenbaum are expected to testify regarding Plaintiff's prognosis and recommended medical treatment. This exactly the sort of overlapping and duplicative testimony that the Ninth Circuit and California district courts have excluded as needlessly cumulative under Rule 403. *See Alisal Water Corp.*, 431 F.3d at 659-60; *Davis*, 927 F.2d at 1484; *Allen*, 2015 U.S. Dist. LEXIS 186799, at *3-4; *Brooks*, 2014 U.S. Dist. LEXIS 22992, at *2-4; *Mankins*, 2013 U.S. Dist. LEXIS 131339, at *6-8. Whatever the probative value of the defense theories (while disputed by Plaintiff), it is clear that the probative value of hearing the same theory multiple times is *de minimis*. Meanwhile, considerations of waste of time and the cumulative presentation of evidence weigh in favor of exclusion under Rule 403. It will also be misleading and unduly prejudicial for the Plaintiff to argue that they have multiple medical experts who all disagree with Defendants' sole medical expert regarding the Plaintiff's injuries, recommended treatment, and prognosis, and therefore, Plaintiff's position is more persuasive and must be correct.

Accordingly, this Court should limit expert testimony concerning Plaintiff's

recommended medical treatment and prognosis so that these are addressed by only one expert.

## IV. THE *DAUBERT* THRESHOLD FOR EXPERT OPINION EVIDENCE.

Fed. R. Evid. Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702 also provides that a witness may be qualified as an expert if "the testimony is based on sufficient facts or data." "Where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question…, the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). If the testimonial evidence fails in this regard, the expert opinion is inadmissible. *Id.*

In applying Rule 702, the Court functions as a gatekeeper, determining whether proffered expert testimony meets the requirements of Rule 702 by a preponderance of the evidence. *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d 1021,1026 (C.D. Cal. 2013); (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). The offering party must prove admissibility, by a preponderance of the evidence, that (1) the expert is qualified to render the opinion; and (2) the opinion offered has adequate factual and scientific support for that opinion. *Id.* at 592-93; *Lust v. Merrell Dow Pharm., Inc.*, 89 F. 3d 594, 592-3. (9th Cir. 1996).

## V. DR. TANNENBAUM LACKS THE REQUISITE EXPERTISE AND EVIDENTIARY FOUNDATION TO SUPPORT HER OPINIONS.

Expert opinions are properly excluded if the *Daubert* standard is not met. *See Lash v. Hollis*, 2007 U.S. Dist. LEXIS 3633, *12 (E.D. Mo. 2007). Moreover, an expert is only permitted to testify "within the reasonable confines of his subject area." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011) (quoting

1 *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969–70 (10th Cir. 2001)).
2 "[M]erely possessing a medical degree is not sufficient to permit a physician to testify
3 concerning any medical-related issue. [Citations]." *Ralston, supra,* 275 F.3d at 970.

4     While Dr. Tannenbaum is board certified in opthamology, she did not
5 personally examine Plaintiff before reaching any diagnoses. At best, Dr. Tannenbaum
6 reviewed the reports of other medical doctors to opine as to Plaintiff's injuries and
7 need for future treatment. Dr. Tannenbaum is not a neurologist or psychologist and
8 cannot render opinions on any neurological or psychological diagnoses. Dr.
9 Tannenbaum, even if qualified to make any diagnoses, has failed to establish that any
10 diagnostic opinions are based on adequate factual and scientific support, as required
11 for admissibility. See, *Daubert* at 592-93. Further, Dr. Tannenbaum provides no
12 reference to any peer-reviewed articles she might have relied upon in reaching her
13 opinions and her self-reported experience fails to demonstrate that she has participated
14 in any research or studies regarding the very injuries and treatment she references and
15 recommends in her report. Importantly, Dr. Tannenbaum did not examine Barnhill in
16 order to gain some understanding of Plaintiff's current complaints, as well as his
17 ability to understand questions and provide responses as it relates to her recommended
18 treatment. Thus, Dr. Tannenbaum's opinions that reference any diagnoses or the *extent*
19 of Plaintiff's physical injuries fail to meet the evidentiary requirements as provided
20 in *Daubert* and she should be precluded from offering such an opinion, at trial. While
21 Dr. Tannenbaum may be able to provide recommendations for treatment, she must be
22 precluded from diagnosing or speculating about the nature of Plaintiff's injuries
23 because she has not established that she has specialized knowledge that might assist
24 the jury in this case or that, assuming she has proper qualification, that her opinion is
25 based on sufficient factual and scientific support.

26     Lastly, Dr. Tannenbaum offered opinions regarding causation. Dr.
27 Tannenbaum did not examine Barnhill, and therefore Dr. Tannenbaum must be
28 excluded from offering opinions regarding the cause of any of Barnhill's alleged

1  injuries, the extent of the injuries, and any treatment recommendations for an injury
2  that has not been proven to be associated with the incident in this case.
3       Pursuant to *Daubert*, Dr. Tannenbaum's opinions are not admissible.

## VI. DR. TANNENBAUM'S RECOMMENDATIONS FOR TREATMENT ARE IRRELEVANT BECAUSE THEY MAY NOT BE POSSIBLE IN A PRISON SETTING.

     In addition to Dr. Tannenbaum lacking the expertise to testify as to various matters addressed in her Rule 26 Report and at the time of trial, Dr. Tannenbaum bases her treatment opinions on pure speculation. The fact that Plaintiff will be incarcerated in a state prison for several years surely has an effect on the availability of Dr. Tannenbaum's recommendations for treatment and rehabilitation. To allow Dr. Magnusson to testify about her recommendations for treatment for Plaintiff over the next several years when Plaintiff is incarcerated and admittedly may not have access to any of these treatment options would be irrelevant, confuse the jury, and be an undue consumption of time. To permit Dr. Tannenbaum to testify regarding treatment options that may be unavailable to Plaintiff over the next several years would also be prejudicial to Defendants because any argument, testimony, or reference to Plaintiff's inability to obtain the recommended treatment due to his incarceration could cause a jury to believe that Defendants have in some way prevented Plaintiff from obtaining treatment. However, it is undisputed, Plaintiff's incarceration is his own fault and a result of a criminal conviction for his actions in this case.

     Further, Plaintiff did not retain any type of life care planner or request that Dr. Tannenbaum total the costs for her treatment recommendations. To the extent Dr. Tannenbaum intends to offer testimony about the cost of these treatment recommendations, that should be excluded as it is not in the report or in her deposition testimony. Additionally, due to Plaintiff's incarceration, Plaintiff does not have any out-of-pocket expenses for his treatment and will not until his release.

Lastly, even Dr. Tannenbaum does not know the effect of Plaintiff's potential inability to receive her treatment recommendations over the next several years on Plaintiff's overall prognosis. This is clearly not to any degree of medical certainty how her treatment recommendations years after the incident when Plaintiff is done serving his sentence, would be relevant or applicable to Plaintiff.

## VII. CONCLUSION

For the reasons stated above, Defendants respectfully request this Honorable Court to grant their Motion *in Limine* to Exclude Cumulative Expert Testimony and the speculative and irrelevant testimony of plaintiff's expert Dr. Tannenbaum.

DATED: February 13, 2026                Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:     */s/ Andrea K. Kornblau*
        Eugene R. Ramirez
        Andrea K. Kornblau
        Attorneys for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# DECLARATION OF ANDREA KORNBLAU

I, Andrea Kornblau, declare as follows:

1. I am an attorney at law duly authorized to practice before all the courts of the State of California and in all of the United States District Courts within the Central District of California. I am a partner in the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record herein for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON (collectively "Defendants"). If called and sworn as a witness to testify, I am competent to testify and would testify from my own personal knowledge as to the facts set forth in this declaration, except as to those matters that are stated on information and belief herein.

2. Attached hereto as **Exhibit A**, is a true and correct copy of Plaintiff's expert Dr. Dana Tannenbaum's Rule 26 expert report in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 13, 2026, at San Rafael, California.

*/s/ Andrea Kornblau*
Andrea Kornblau