

1  Eugene P. Ramirez (State Bar No. 134865)
    *eugene.ramirez@manningkass.com*
2  Andrea Kornblau (State Bar No. 291613)
    *andrea.kornblau@manningkass.com*
3  **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
    Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
    Facsimile: (213) 624-6999
6
7  Attorneys for Defendants, CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON
8
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>[*Hon. Jesus G. Bernal, Dist. Judge*<br>*Hon. Sheri Pym, Magistrate Judge*]<br><br>**[MOTION IN LIMINE NO. 4]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANTS TO PRECLUDE USE OF THE TERM DEADLY FORCE**<br><br>Judge:　Hon. Jesus G. Bernal<br>Date:　3/16/2026<br>Time:　11:00 AM<br>Crtrm.:　1 (2nd Floor)<br><br>Trial Date: 4/07/2026 |

**DEFENDANTS' MOTION IN LIMINE NO. 4**

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON (collectively herein after as "Defendants") will move *in limine* for an order precluding Plaintiff and Plaintiff's counsel from use or eliciting the term "deadly force" in reference to the force applied in the case in order to prevent unfair prejudice.

This motion is made pursuant to Fed. R. Evid. 401 *et seq.*, on the grounds that if the evidence were admitted, there is a danger that Defendants would be unfairly prejudiced because the term is highly inflammatory, a legal conclusion, and mischaracterizes the actions in question and any such use may unfairly impact the jury.

This motion is based on all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion. This motion is made following conference of counsel which took place via Zoom on February 4, 2026.

DATED: February 13, 2026         Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:       /s/ Andrea K. Kornblau
    ─────────────────────────────
    Eugene R. Ramirez
    Andrea K. Kornblau
    Attorneys for Defendant, CITY OF
    HEMET, OFFICER BRETT MAYNARD,
    OFFICER JOSHUA BISHOP, OFFICER
    PEDRO AGUILA, CORPORAL
    DOUGLAS KLINZING; JAMIE
    GONZALEZ and CATHERINE TIPTON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants respectfully move to preclude Plaintiff and Plaintiff's counsel from use or eliciting the term "deadly force" in reference to the force applied in the case because the term is highly inflammatory, a legal conclusion, and mischaracterizes the actions in question and any such use is unfairly prejudicial and may mislead the jury. Fed. R. Evid. 402, 403.

There is no dispute that Plaintiff in this matter did not die. There is also no dispute that the force applied in this case, under all standard police practices models is categorically *not* considered deadly force, but instead was low level, or at most intermediate force.

## II. EVIDENCE THAT UNDULY PREJUDICIAL MAY BE PRECLUDED.

Federal Rule of Evidence Rule 403 provides that the Court may exclude evidence when its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The evidence and argument discussed below is inadmissible under Rule 403 because it is highly inflammatory, a legal conclusion, and mischaracterizes the actions complained of by Plaintiff. Along these lines, courts have observed that:

> [E]ven if one should assume arguendo that there was a reason why this evidence was admissible under Rule 404, it still should be excluded under Rule 403 of the Federal Rules of Evidence.... The least clear of these reasons is discussed in the Committee Notes: 'Unfair prejudice' [–] within its context [undue prejudice] means an undue tendency to suggest decision on an improper basis, commonly though not necessarily an emotional one.' The balancing required under Rule 403 is left to the discretion of the trial judge and is not to be overturned unless there is an abuse of discretion. *Cohn*, 655 F.2d at 194 (citations and quotations omitted)

### A. Inflammatory Nature

The term "deadly force" is unfairly prejudicial because its use implies a guaranteed result or intentional killing, potentially inflaming the jury's emotions

rather than focusing on the objective reasonableness of the officers' actions.

### B. Legal Conclusion

Additionally the term "deadly force" is unfairly prejudicial because the determination of whether the force used was "deadly" is a core function of the jury based on evidence presented, and is not a phrase the witnesses or attorneys should use to describe events.

### C. Mischaracterizes the Officers' Actions

Additionally the term "deadly force" is unfairly prejudicial because the phrase is a obvious mischaracterization of the officers' actions, particularly here, where Plaintiff was not killed, and the force used by Defendants is not traditionally considered deadly.

Permitting Plaintiff and his Counsel to repeatedly state that the force was something that it was not will undoubtedly confuse the jury and cause irreparable and undue prejudice to Defendants.

### D. Alternative Neutral Language

To avoid unfair prejudice to Defendants, and to ensure that the jury decides the case on facts rather than emotions and pre-judged terminology, Defendants suggest that only neutral or fact-based language be used to describe the officers' actions, such as "force applied" or "force used".

## III. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court preclude Plaintiff and Plaintiff's counsel from use or eliciting the term "deadly force" in reference to the force applied in the case.

| | | |
|---|---|---|
| 1 | DATED: February 13, 2026 | Respectfully submitted, |
| 2 | | |
| 3 | | **MANNING & KASS**<br>**ELLROD, RAMIREZ, TRESTER LLP** |
| 6 | | By: _____/s/ Andrea K. Kornblau_____ |
| 7 | | Eugene R. Ramirez<br>Andrea K. Kornblau |
| 8 | | Attorneys for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON |