**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:      (951) 682-9311

*Attorneys for Plaintiff*, HENRY BARNHILL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:23-cv-00589-JGB-SP<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge Sheri Pym]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 1 TO EXCLUDE INFORMATION UNKNOWN**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**FPTC/Hearing on Motions *in Limine*:**<br>Date:   March 16, 2026<br>Time:   11:00 a.m.<br>**Jury Trial**<br>Date:   April 7, 2026<br>Time:   09:00 a.m.<br><br>Courtroom 1, 3470 Twelfth Street, 2nd Floor, Riverside, California |

Case No.: 5:23-cv-00589-JGB-SP
**PLAINTIFF'S MOTION IN LIMINE NO. 1 – TO EXCLUDE INFORMATION UNKNOWN**

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff HENRY BARNHILL hereby moves *in limine* for an order excluding any evidence, testimony, argument, reference or inference at trial as to any information unknown to the Defendant Officers at the time of their use of excessive and unreasonable force, regarding liability and damages, including:

A. **PERSONAL HISTORY**: Plaintiff's irrelevant and unrelated personal and family history including relationship history, unrelated arguments or domestic dispute history, residence history, education history, disciplinary history, work history, children's history, social media history, text messages and living arrangements, and license suspension. All this information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks misleading the jury, and includes impermissible character evidence, therefore should be excluded from trial.

B. **MEDICAL HISTORY**: Plaintiff's unrelated and unclaimed medical history, including being born with a heart murmur or having an irregular heartbeat, and whether Plaintiff has PTSD from an unrelated incident and under different and unrelated circumstances. This information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, impermissible character evidence, private and confidential, and therapist-patient privilege, therefore should be excluded from trial.

C. **AFTER-ACQUIRED INVESTIGATORY INFORMATION**: including (i) 9-1-1 call recordings and information therefrom (this motion does not request exclusion of information known to the Defendant Officers at the time of the incident from another source); and (ii) after-acquired investigatory records (post-incident discovered, drafted, created) and information therefore, including Defendant Officer reports and declarations (unless for record refresh or

impeachment), videos regarding taking with other officers, videos regarding talking with 911 caller, interview with witnesses, videos regarding gun, videos regarding search of home, search and/or safety sweep videos, post-search photographs and videos, photos of guns and ammunition, and social media profile. This information was clearly unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks misleading the jury, and impermissible character evidence, therefore should be excluded from trial. (Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶3.)

Plaintiff will suffer specific prejudice if this Motion *in Limine* is not granted because all the above information was undisputedly unknown to Defendant Officers at the time of the incident giving rise to the above-referenced lawsuit. Further, even if the Officers claim to have suspected any such information, all this information is irrelevant or has minimal, if any, probative value, yet carries a substantial danger of unfair prejudice; confusing the jury; presentation of cumulative evidence; unnecessarily consuming time and misleading the jury in their task of determining whether Defendant Officers are liable and the extent of Plaintiff's damages; and includes impermissible character evidence and hearsay. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases. *See Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motions *in Limine* Nos. 1-2 and Exhibits attached thereto, Plaintiff's [Proposed] Orders, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which no resolution was reached. As part of the

reasonable meet and confer effort by Plaintiff, and in light of the parties telephonic meet and confer occurring at the time of the parties Local Rule 16-2 meeting, Plaintiff presented a proposed stipulation related to evidence at trial and motions in limine, to which the parties have not reached an agreement. (Sincich Decl. at ¶2.)

Respectfully submitted,

DATED: February 16, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: /s/ Marcel F. Sincich
 Dale K. Galipo
 Trenton C. Packer
 Marcel F. Sincich
 *Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This §1983 civil rights and state tort case arises from the use of excessive and unreasonable force against Plaintiff Henry Barnhill ("Barnhill") by City of Hemet Police Department ("HPD") Officers Brett Maynard ("Maynard"), Joshua Bishop ("Bishop"), Pedro Aguila ("Aguila"), and Douglas Klinzing ("Klinzing") on April 29, 2022. The central issue is whether the Officers' use of force was excessive or unreasonable under the totality of the circumstances known to them at the time, not a hindsight attempt to justify wrongful use of force. The facts of consequence to this violent beating of Plaintiff by Defendants encompass whether Barnhill was an immediate threat of harm, whether any warning was given, whether there were less intrusive alternatives available, and whether Barnhill was resisting or in flight. Further, the central issue in this case regarding damages is Barnhill's pain and suffering directly resulting from the force used against him. Thus, inadmissible after acquired information unknown to the Officers should not be admitted through some collateral reason Defendants may argue, which creates a substantial risk that the bell cannot be un-rung and risks the jury incorrectly considering this information on liability. Plaintiff also contends that the following information has no connection with Plaintiff's claims for liability, damages, nor Defendants far-reaching and speculative potential justifications for using unreasonable force.

By this Motion *in Limine*, Plaintiff moves to exclude any evidence, testimony, argument, reference or inference at trial as to (**A**) Plaintiff's irrelevant and unrelated personal and family history including relationship history, unrelated arguments or domestic dispute history, residence history, education history, disciplinary history, work history, children's history, social media history, text messages and living arrangements, and license suspension ("Personal History"); (**B**) Plaintiff's unrelated and unclaimed medical history, including being born with a heart murmur or having an irregular heartbeat, and whether Plaintiff has PTSD from an unrelated incident

Case No.: 5:23-cv-00589-JGB-SP
**PLAINTIFF'S MOTION IN LIMINE NO. 1 – TO EXCLUDE INFORMATION UNKNOWN**

and under different and unrelated circumstances ("Medical History"); and (**C**) 9-1-1 call recordings and information therefrom, and post-incident discovered, drafted, created records and information, including Defendant Officer reports and declarations (unless for record refresh or impeachment), videos re taking with other officers, videos re talking with 911 caller, interview with witnesses, videos re gun, videos re search of home, search and/or safety sweep videos, post-search photographs and videos, photos of guns and ammunition, and social media profile ("After-Acquired Investigation Material") (Sincich Decl. ¶3) – as all this information was undisputedly unknown to the Officers at the time of their use of excessive and unreasonable force against Barnhill, therefore rendering this information irrelevant and inadmissible also having no bearing on damages, but nevertheless is substantially outweighed by the risk of unfair prejudice and is impermissible character evidence and hearsay.

      The jury will determine whether the force used against Barnhill by the Officers was excessive or unreasonable, and the nature and extent of Plaintiff's claims for damages caused by the Officers. The analysis is limited to information known to the Officers at the time force was used. The only information the Officers had was relayed to them from dispatch and from their own perceptions, not information they did not consider prior to beating Barnhill. The Officers cannot justify their use of excessive force, nor attempt to minimize fair compensation for the harm they caused, with the use of unknown information that is nevertheless unduly prejudicial, hearsay, speculative, and improper character evidence designed to taint the jury's perspective of Plaintiff and deprive him of a fair trial. Thus, for the following reasons, Plaintiff respectfully requests the Court issue an order excluding all irrelevant and unrelated information unknown from trial.

## II.    RELEVANT FACTS

      On April 29, 2022, Defendants Maynard, Bishop, Aguila, and Klinzing used excessive and unreasonable force, including deadly force, against a compliant, non-

resistive, non-fleeing, surrendered, unarmed and grounded Barnhill, without warning, while several reasonable alternatives were available, and while Barnhill was not a threat of harm to any officer or person. Evidence of which is obviously shown on multiple body-worn camera videos, and testimony of parties.

After leaving his vehicle, in compliance with orders, Barnhill put his visibly empty hands in the air. Out of fear of being chased down at gunpoint, Barnhill continued to the door of his house where he recognized the pursuers as police and froze. Maynard violently tackled Barnhill onto a patio chair. Thereafter, Barnhill was not attempting to flee, was not resisting, was not aggressive or assaultive at all, but surrendered. Barnhill sat on the chair with his visibly empty hands in the air, when Bishop Tased Barnhill and Aguila and Maynard held Barnhill's hands. Then Maynard violently punched Barnhill in the face twice. While Barnhill was taken to the ground Maynard kneed his body. On the ground, Barnhill rolled to his stomach and Aguila immediately placed his left hand behind his back without any resistance. Maynard struck Barnhill in the face with his knee and grabbed Barnhill's hood and ponytail and slammed his face against the brick wall. Barnhill begged, "I'm not refusing," but the assault continued. Bishop lifted Barnhill's head by his hood and ponytail before pushing his head to the ground. Aguila rapidly and violently deployed eight punches to Barnhill's lower back. Unsatisfied with the damage done, when Barnhill begged, "They're behind my back," Bishop used deadly force striking Barnhill to the back of the head with his Taser so violently that the Taser broke. *With his hands still behind his back*, Bishop grabbed Barnhill's ponytail again, lifted his head off the ground, and slammed it into the ground followed by blood spattering on the ground.

The only information the Officers knew was provided to them from dispatch and from their own observations (also seen on the BWC videos – the primary evidence of the Officers excessive force in this matter). Dispatch informed the Officers: "It was a call for service, I believe, for suspicious circumstances in regards

to a female at a children's school, an elementary school, in the area of the district I worked. She was stating that her ex-boyfriend who she named as Henry Barnhill, had threatened her with a gun the night prior, had driven her and her daughter to school and was waiting outside in a vehicle for her to come out and she was inside the school when she called." (Exh. A, Maynard Depo, 17:12-21.) Further, Maynard testified, "I didn't know his background. I had never head his name before." (*Id.* at 19:17-18.) "It was a call of a victim who was currently hiding in the office of a school from her husband, Mr. Barnhill. And she had reported that Mr. Barnhill had threatened to kill her and point a -- pointed a firearm at her head the night prior to." (Exh. B, Bishop Depo, 27:22-28:5.) Further, Bishop "had no knowledge of any prior contacts." (*Id.* at 31:9-16.) Any additional information should be excluded from trial.

       Additionally, Plaintiff's claimed damages include, (1) the nature and extent of his injuries; (2) his disability, physical impairment, disfigurement, loss of enjoyment of life experienced, and that with reasonable probability will be experienced in the future; (3) his mental, physical, emotional pain and suffering experienced, and that with reasonable probability will be experienced in the future; (4) his past and future inconvenience, grief, anxiety, humiliation and emotional distress; and (5) punitive damages against the Officers, considering the degree of reprehensibility of the Officers' conduct and the relationship of any award of punitive damages to any actual harm inflicted on Barnhill. (See Ninth Cir. Mod Jury Inst. 5.1, 5.2, 5.5; CACI 3900, 3902, 3903, 3903A, 3905, 3905A.) (See Ninth Cir. Mod Jury Inst. 5.5.)

       Defendants had no information as to (**A**) Personal History; (**B**) Medical History; or (**C**) After-Acquired Investigation Material. Defendants' refusal to stipulate to exclude information unknown reveals the risk that their evidence will distract the jury from the Officers' wrongful conduct, confuse the issues, mislead the jury, and waste time presenting cumulative and irrelevant evidence at trial.

### III.  INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

       Under the Federal Rule of Evidence, evidence that does not tend to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Rules 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police force cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983). After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011); 9th Cir. Mod Jury Inst. 9.25.

In light of how the jury will be instructed and given great weight of Supreme Court and Ninth Circuit authority on this issue, permitting the jury to learn about facts and circumstances that the Officers were not confronted with at the time they made the decision to use force against Barnhill would be improper. Evidence of facts and circumstances unknown to the Officers at the time of their use of force—including evidence of (**A**) Personal History; (**B**) Medical History; or (**C**) After-Acquired Investigation Material—is irrelevant and inadmissible because it was not part of the totality of the circumstances facing the Officers. Thus, any argument that this information is relevant fails. The Officers never met and had no information about Barnhill or his history. Thus, testimony and exhibits related to the same did not play in the totality of circumstances confronting the Officers when using force. *See Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").

Plaintiff submits that evidence related to this unknown information does not

make any material fact related to damages any more or less probable in this matter. None of Barnhill's history is even remotely relevant to whether Barnhill suffered from being viciously beaten by the Officers. The only information the Defendant Officers had was from Dispatch and from their own observations, which is clearly seen on video. Therefore, this irrelevant unknown information was not part of the totality of the circumstances facing the Officers at the time of the Officers' use of excessive and unreasonable force and should be excluded.

## IV.   THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE

Under Rule 404, evidence of (**A**) Personal History; (**B**) Medical History; or (**C**) After-Acquired Investigation Material, cannot be used to prove that Barnhill acted in some general "bad character" during the incident, or will somehow act in some bad character in the future. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." *See also Palmerin*, 794 F.2d at 1414 ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant...."). Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). <u>Character is not an essential element to this matter</u>. Admission of any such evidence, gathered after the incident—poses a substantial danger that the jury will (1) improperly infer that the Officers knew this information, (2) will improperly infer that Barnhill had the propensity to act violently towards the Officers, or have some other form of propensity to act a certain way towards his family, and (3) will reach a verdict that does not reflect the circumstances facing the Officers at the time and/or minimize Barhill's damages on improper basis.

The aforementioned evidence cannot be used to show Barnhill's character or that he acted in conformity therewith. Admission of such evidence would be nothing more than a backdoor attempt to tarnish Barnhill's character and pollute the jury against him. This information has nothing to do with motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2). Any such information cannot establish a habit, nor would any habit be relevant to this action. Rule 406. Further, it has no bearing on truthfulness. Rule 608. Thus, this impermissible character evidence should be excluded.

## V. THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL

It is axiomatic that the evidence subject to this motion has a strong potential for unfair prejudice. Meanwhile, its probative value in this case is, as explained above, negligible at best. Accordingly, this evidence should be excluded under Rule 403 of the Federal Rules of Evidence. Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him.").

Plaintiff submits that evidence of (**A**) Personal History; (**B**) Medical History; or (**C**) After-Acquired Investigation Material can only serve to unjustly inflame a jury's passions and prejudices against Barnhill. *See generally*, *Gregory v. Oliver*,

2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion *in limine* in an excessive force case to exclude paraphernalia officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *id.* at *1 (any evidence of drug use has an obvious potential for being extraordinarily prejudicial, creating the risk of deflecting the jury's attention from the matters at issue to everyone's universally-shared concerns for drug usage in our society); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming district court's ruling that barred use of the word 'heroin'); *Wisler v. City of Fresno*, 2008 WL 2954179, *5 (E.D. Cal., July 22, 2008); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) (evidence of a conviction for drug possession can be highly prejudicial and arouse jury sentiment against a party).

The jury should not be misled to believe that Barnhill's unknown history is at issue—the jury should properly remain focused on the Officers' conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (<u>the issue is the conduct of the police, evidence regarding what a witness at the scene of the incident thought was irrelevant and unfairly prejudicial, when the witness never disclosed the thought to the police</u>).

Any testimony offered by the defense regarding some unrelated issues will lack foundation and call for speculation. Fed. R. Evid. 602. Plaintiff's concern is that Defendants will attempt to take every opportunity to assert irrelevant information having nothing to do with this incident and unknown to the Officers, from as many witnesses as possible to inflame the passions of the jury against Barnhill, depriving him of a fair trial. *See Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993) (jury should not be whipped into a frenzy of hatred against plaintiff); *Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016); *cf. Rascon v. Hardiman*, 803 F.2d 269, 278 (7th Cir. 1986) (affirming exclusion of excessive force decedent's mental health history, even though officers argued it

1  justified their actions in subduing him, because of danger jury would conclude
2  subduing was reasonable based on status rather than conduct at the time). This
3  evidence is likely to mislead and confuse the jury into reaching a verdict that reflects
4  consideration of hindsight evidence as a reason justifying the use of force on an
5  improper basis. *See*, *e.g.*, *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61
6  (N.D. Ill. 2009) ("The question of whether Plaintiff smoked a marijuana cigarette
7  three hours before the incident is no more probative than whether the officers drank
8  coffee before the incident. The introduction of expert testimony or testimony
9  concerning facts unrelated to the physical encounter would merely divert the jury
10 from the relevant inquiry.... Marijuana plays no part in this inquiry and the
11 introduction of such evidence serves no purpose other than to make a general
12 character attack on Plaintiff.").

   Admission of such evidence also poses a substantial risk of leading to
14 "litigation of collateral issues, thereby creating a side issue which might distract the
15 jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d
16 Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (*en banc*), *Arlio v.
17 Lively*, 474 F.3d 46, 53 (2d Cir. 2007). Here, the central factual dispute is whether
18 Barnhill posed an immediate threat of harm when the Officers used excessive and
19 unreasonable force against him while he was unarmed, compliant, and grounded.
20 Refuting the inferences from information unknown will necessitate several mini
21 trials on collateral issues that have nothing to do with the central factual dispute,
22 depriving Plaintiff of a fair trial. *Blancha*, 972 F.2d at 516. To rebut Defendants'
23 character evidence, Plaintiff will be forced to call witnesses to rehabilitate the
24 jurors' view of him which will unduly consume this Court's and the jury's time and
25 resources. Accordingly, Plaintiff respectfully requests that the Court also exclude
26 evidence, reference, and argument regarding information unknown under Rule 403.

## VI. THIS EVIDENCE IS INADMISSIBLE HEARSAY

28   Finally, the Court should exclude any and all documentary evidence in

support of the aforementioned information unknown, including the post-incident reports, audio/video recordings of interviews, and mugshots as inadmissible hearsay, including multiple layers of hearsay without any exception under Federal Rule of Evidence 801, 802, and 805—and several of which were never disclosed to Plaintiff. (*See* Sincich Decl. ¶3.) Given that this present Motion pertains to information unknown to the Officers, the Officers cannot testify to this information based on personal knowledge. Fed. R. Evid. 602. Thus, to the extent that the information Defendants intend to introduce would be through admission of hearsay statements and documents, it should also be excluded. Investigative documents were all made from out of this court, and Defendants impermissibly intend to offer them for the truth of the matter asserted.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding any evidence, witness, or argument at trial as to (**A**) Personal History; (**B**) Medical History; or (**C**) After-Acquired Investigation Material.

Respectfully submitted,

DATED: February 16, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: */s/     Marcel F. Sincich*
        Dale K. Galipo
        Trenton C. Packer
        Marcel F. Sincich
        *Attorneys for Plaintiff*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff certifies that this brief contains 3,282 words, which complies with the word limit of L.R. 11-6.1 and is under ten (10) pages in accordance with this Court's Standing Order.

Respectfully submitted,

DATED: February 16, 2026      **LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By:    /s/     Marcel F. Sincich
       Dale K. Galipo
       Trenton C. Packer
       Marcel F. Sincich
       *Attorneys for Plaintiff*