**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:      (951) 682-9311

*Attorneys for Plaintiff*, HENRY BARNHILL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. 5:23-cv-00589-JGB-SP<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge Sheri Pym]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**FPTC/Hearing on Motions *in Limine*:**<br>Date:   March 16, 2026<br>Time:   11:00 a.m.<br>**Jury Trial**<br>Date:   April 7, 2026<br>Time:   09:00 a.m.<br><br>Courtroom 1, 3470 Twelfth Street, 2nd Floor, Riverside, California |

Case No.: 5:23-cv-00589-JGB-SP
**PLAINTIFF'S MOTION IN LIMINE NO. 2 – TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff HENRY BARNHILL hereby moves in limine for an order excluding any evidence, testimony, argument, reference or inference at trial as to any crimes, wrongs, and bad acts, which is information unknown to the Defendant Officers at the time of their use of excessive and unreasonable force, regarding liability and damages, including:

A. **PRE-INCIDENT CRIMINAL HISTORY and BAD ACTS**: Plaintiff's pre-incident criminal history including any contacts with law enforcement, arrests, convictions, custody, incarcerations, probation, parole, allegations of criminal conduct, and any criminal records, including that related to possession of controlled substance, receiving money from prostitution, and domestic violence. This information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

B. **INCIDENT RELATED CRIMINAL ACTION**: Plaintiff's criminal history and records related to this current incarceration that stems from this incident, including booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, DMV photo record, Challenger DMV information, statement of the case, adult disposition of arrest and court action, District Attorney complaint and records, property reports and documents, crime incident report, mugshot, bail enhancement forms, arrest reports, trial transcripts and records, including related to convictions of criminal threat, possession of a firearm, delaying and evading. This post-incident information and records thereof were unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. Alternatively, Plaintiff proposes that if the Court finds that there is any minimal probative value to Plaintiff's current incarceration and reason for it, that the

testimony and argument be limited in time and scope, briefly, to the fact of Plaintiff's conviction, the title of claims for which he was convicted, and the fact of current incarceration.

      C.    **DISTRICT ATTORNEY and HEMET POLICE DEPARTMENT FINDINGS**: Hemet Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases. This information and records thereof were after-acquired investigatory materials, unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

      Plaintiff will suffer specific prejudice if this Motion *in Limine* is not granted because all the above information was undisputedly unknown to Defendant Officers at the time of the incident giving rise to the above-referenced lawsuit. Further, even if the Officers claim to have suspected any such information, all this information is irrelevant or has minimal, if any, probative value, yet carries a substantial danger of unfair prejudice; confusing the jury; presentation of cumulative evidence; unnecessarily consuming time and misleading the jury in their task of determining whether Defendant Officers are liable and the extent of Plaintiff's damages; and includes impermissible character evidence and hearsay. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases. *See Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

      Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motions *in Limine* Nos. 1-2 and Exhibits attached thereto,

Plaintiff's [Proposed] Orders, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which no resolution was reached. As part of the reasonable meet and confer effort by Plaintiff, and in light of the parties' telephonic meet and confer occurring at the time of the parties Local Rule 16-2 meeting, Plaintiff presented a proposed stipulation related to evidence at trial and motions in limine, to which the parties have not reached an agreement. (Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶2.)

Respectfully submitted,

DATED: February 16, 2026

LAW OFFICES OF DALE K. GALIPO
GRECH, PACKER, & HANKS

By: ___/s/___ *Marcel F. Sincich*
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This §1983 civil rights and state tort case arises from the use of excessive and unreasonable force against Plaintiff Henry Barnhill ("Barnhill") by City of Hemet Police Department ("HPD") Officers Brett Maynard ("Maynard"), Joshua Bishop ("Bishop"), Pedro Aguila ("Aguila"), and Douglas Klinzing ("Klinzing") on April 29, 2022. The central issue is whether the Officers' use of force was excessive or unreasonable under the totality of the circumstances known to them at the time, not a hindsight attempt to justify wrongful use of force by whipping the jury into a frenzy with testimony related to domestic abuse, guns, criminal history, and prison. Defendants cannot be permitted to infer that Plaintiff deserved excessive force to be used against him because he is a bad person. This civil rights case should be based on the facts known to the officer only. The facts of consequence to this violent beating of Plaintiff by Defendants encompass whether Barnhill was an immediate threat of harm, whether any warning was given, whether there were less intrusive alternatives available, and whether Barnhill was resisting or in flight. Further, the central issue in this case regarding damages is Barnhill's pain and suffering directly resulting from the force used against him. Thus, inadmissible after acquired information unknown to the Officers should not be admitted through some collateral reason Defendants may argue, which creates a substantial risk that the bell cannot be un-rung and risks the jury incorrectly considering this information on liability. Plaintiff contends that the following information has no connection with Plaintiff's claims for liability, damages, nor Defendants far-reaching and speculative potential excuses for using unreasonable force.

By this Motion *in Limine*, Plaintiff moves to exclude any evidence, testimony, argument, reference or inference at trial as to (**A**) Plaintiff's pre-incident criminal history including any contacts with law enforcement, arrests, convictions, incarcerations, allegations, and any criminal records, including that related to

possession of controlled substance, receiving money from prostitution, and domestic violence ("Pre-Incident Criminal History"); (**B**) Plaintiff's criminal history and records related to this current incarceration that stems from this incident, including investigatory records, reports, and trial transcripts and records, including related to convictions of criminal threat, possession of a firearm, delaying and evading ("Incident Related Conviction"); and (**C**) Hemet Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases ("DA and HPD Findings"), as all this information was undisputedly unknown to the Officers at the time of their use of excessive and unreasonable force against Barnhill, therefore rendering this information irrelevant, but nevertheless is substantially outweighed by the risk of unfair prejudice and is impermissible character evidence and hearsay.

The central issue in this case is whether the force used against Barnhill by the Officers was excessive or unreasonable. Other evidence Defendants may intend to use is hearsay, speculative, unduly prejudicial, and impermissible character evidence designed to taint the jury's perspective of Plaintiff and deprive him of a fair trial. Thus, for the following reasons, Plaintiff respectfully requests the Court issue an order excluding (**A**) Pre-Incident Criminal History; (**B**) Incident Related Conviction; and (**C**) DA and HPD Findings from trial. Given that Plaintiff is in custody, Plaintiff respectfully requests that (i) Plaintiff be allowed to appear in Court in plain clothes, (ii) that the correctional officers be dressed in plainclothes, and (iii) that there be nothing indicating that Plaintiff is currently incarcerated including handcuffs. (See Exh. C, Pretrial Order of Honorable Kenly Kiya Kato.)

## II. RELEVANT FACTS

On April 29, 2022, the Defendants Officers used excessive and unreasonable force, including deadly force, against a compliant, non-resistive, non-fleeing, surrendered, unarmed and grounded Barnhill, without warning, while several

reasonable alternatives were available, and while Barnhill was not a threat of harm to any officer or person. Evidence of which is obviously shown on multiple body-worn camera videos, and testimony of parties. The Officers had no prior knowledge of Barnhill and did not know about his criminal or bad conduct history. (Exh. A, Maynard Depo, 19:17-18; Exh. B, Bishop Depo, 31:9-16.) Barnhill's criminal history did not factor in totality of circumstances facing the Officers. Nevertheless, without that information, Maynard tackled Barnhill, controlled his right hand, punched him in the face, kneed his body, took him to the ground, kneed his face, and pushed his face against the wall. Aguila controlled Barnhill's left hand, took him to the ground, and punched him in the back eight times. Bishop Tased Barnhill twice, struck him in the head with his Taser so hard that the Taser broke, the grabbed his ponytail again, lifted his head off the ground, and slammed it into the ground. Defendant Officers had no knowledge about Barnhill's past and should not be permitted, in hindsight, to use his pre-incident or post-incident crimes or bad acts against him to attempt to justify their violent and egregious group beating of Barnhill.

### III.   INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

Under Federal Rule of Evidence 401 and Supreme Court precedent, it is important that information unknown to the Defendant Officers is excluded from trial. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v. Garner*, 471 U.S. 1, 25-26 (1985); *United States v. Place*, 462 U.S. 696, 703 (1983); *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011); 9th Cir. Mod Jury Inst. 9.25.

Considering how the jury will be instructed and given the great weight of authority on this issue, permitting the jury to learn about facts and circumstances that the Officers were not confronted with at the time they made the decision to use force against Barnhill would be improper. Evidence of facts and circumstances unknown to the Officers at the time of their use of force—including (**A**) Pre-Incident Criminal History; (**B**) Incident Related Conviction; and (**C**) DA and HPD

Findings from trial—is irrelevant and inadmissible because it was not part of the totality of the circumstances facing the Officers at the time. Thus, any argument that this information is relevant fails. The Officers never met and had no information about Barnhill regarding his criminal history, whether he was going to be convicted of any crime after the incident, or the agency finding related to the incident. Thus, testimony and exhibits related to the same did not play in the totality of circumstances confronting the Officers when using force. *See Lewis v. City of Chicago Police Department*, 590 F.3d 427, 442 (7th Cir. 2009) (evidence of finding in an internal investigation "states only a conclusion and does not provide much additional probative information…. It merely presents the question the jury was tasked with answering."); *Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics...are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time'"— even though the facts of the incident were profoundly disputed); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008).

The only information the Defendant Officers had was from Dispatch and from their own observations; none of which included criminal history or agency findings. Therefore, this irrelevant unknown information from other sources was not part of the totality of the circumstances facing the Officers at the time of the Officers' use of excessive and unreasonable force and should be excluded.

### IV.   THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE

Under Rule 404, (**A**) Pre-Incident Criminal History; (**B**) Incident Related Conviction; and (**C**) DA and HPD Findings from trial cannot be used to prove that Barnhill acted in some general "bad character" during the incident. Rule 404(a)(1)

specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." *See also Palmerin*, 794 F.2d at 1414 ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant...."). Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to this matter. Admission of (**A**) Pre-Incident Criminal History; (**B**) Incident Related Conviction; and (**C**) DA and HPD Findings from trial gathered after the incident—poses a substantial danger that the jury will (1) improperly infer that the Officers knew this information, (2) will improperly infer that Barnhill had the propensity to act violently towards the Officers, and (3) will reach a verdict that does not reflect the circumstances facing the Officers at the time. In other words, exclusion prevents Defendants from inferring that Plaintiff had a propensity for violence to prove that he acted in accordance with that character trait—which is precisely impermissible under the Federal Rules.

      The aforementioned evidence cannot be used to show Barnhill's character or that he acted in conformity therewith. Admission of such evidence would be nothing more than a backdoor attempt to tarnish Barnhill's character and pollute the jury against him. This information has nothing to do with motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2). Any such information cannot establish a habit, nor would any habit be relevant to this action. Rule 406. Further, it has no bearing on truthfulness. Rule 608. Thus, this impermissible character evidence should be excluded.

**V.    THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL**

It is axiomatic that evidence of criminal history has a strong potential for unfair prejudice. Meanwhile, its probative value in this case is, as explained above, negligible at best. Accordingly, this evidence should be excluded under Rule 403 of the Federal Rules of Evidence. Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him.").

Plaintiffs submit that even the mention of drugs, prostitution, domestic violence, criminal threats, possession of a firearm and evading crimes, wrongs, bad acts, including any inferences thereof can only serve to unjustly inflame a jury's passions and prejudices against Barnhill. *See generally, Lewis*, 590 F.3d at 442 (finding that evidence of an internal investigation might cause the jury to "simply adopt the result of the internal investigation rather than come to its own conclusion after hearing all the evidence."); *Tulloss v. Near N. Montessori School, Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence of findings in an internal investigation because it "was tantamount to saying this has already been decided and here is the decision."); *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion *in limine* in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred,

because it was irrelevant and unduly prejudicial under Rule 403); *id.* at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming district court's ruling that barred "use of the word 'heroin,' because at the It is axiomatic that evidence of drug or alcohol use has a strong potential for unfair prejudice; *Wisler v. City of Fresno*, 2008 WL 2954179, *5 (E.D. Cal., July 22, 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial because not known by Defendants); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ("Convictions for possession of a syringe and hypodermic needle and possession of heroin … are unquestionably highly prejudicial."); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) (evidence of a conviction alone can be highly prejudicial and arouse jury sentiment against a party).

      The jury should not be misled to believe that Barnhill's unknown history is at issue—the jury should properly remain focused on the Officers' conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (<u>the conduct of the police is at issue, not irrelevant and unfairly prejudicial witness testimony never disclosed to the police</u>). Moreover, DA makes a finding with an eye toward criminal prosecution, which uses a different standard. Therefore, informing the jury that the DA reviewed and finding of this incident improperly risks that the jury will be persuaded to find for the Officers merely because Plaintiff is painted as a criminal. Even informing the jury—either implicitly or explicitly—that the DA reviewed the incident, pressed charges, and a jury convicted Plaintiff of crimes that do not justify the Officers' use of force carries the same risk, as the jury is likely to infer that Plaintiff is a criminal and deserves force to be used against him. When balanced against the substantial risk that this information may influence

- 7 -    Case No.: 5:23-cv-00589-JGB-SP
**PLAINTIFF'S MOTION IN LIMINE NO. 2 – TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

the jury to reach a verdict based on an improper legal standard and information, thus inviting juror error, this evidence should be excluded pursuant Rule 403.

Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Any testimony offered by the Officers regarding some unrelated crimes, criminal allegations, or drugs, will lack foundation and call for speculation. Fed. R. Evid. 602. Plaintiff's concern is that Defendants will attempt to take every opportunity to insert drugs, prostitution, domestic violence, criminal threats, possession of a firearm and evading, and any other bad acts or conduct information, having nothing to do with this incident and unknown to the Officers, into as many witnesses' testimony as possible to inflame the passions of the jury against Barnhill, depriving him of a fair trial. Defendants' expert reports exemplify how irrelevant, unknown, character evidence is expected to be presented at trial. "[E]ven a murderer has a right to be free from [civil rights violations] and the correlative right to present his claim[s] of [violations] to a jury that has not been whipped into a frenzy of hatred." *Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993).

Evidence of crimes and bad acts can only serve to unjustly inflame a jury's passions and prejudices against Barnhill. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016); *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* in an excessive force case to exclude drug paraphernalia officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *cf. Rascon v. Hardiman*, 803 F.2d 269, 278 (7th Cir. 1986) (affirming exclusion of excessive force decedent's mental health history, even though officers knew about his past suicide attempt and mental illness history and argued it justified their actions in subduing him, because of danger jury would conclude subduing was reasonable based on status rather than conduct at the time); *Mason v. City of Chicago*, 631 F. Supp. 2d

1052, 1060-61 (N.D. Ill. 2009) ("The question of whether Plaintiff smoked a marijuana cigarette three hours before the incident is no more probative than whether the officers drank coffee before the incident. The introduction of expert testimony or testimony concerning facts unrelated to the physical encounter would merely divert the jury from the relevant inquiry.... Marijuana plays no part in this inquiry and the introduction of such evidence serves no purpose other than to make a general character attack on Plaintiff."). This inflammatory evidence is likely to mislead and confuse the jury into reaching a verdict that reflects its consideration of unrelated and/or unknown crimes and bad acts and post-incident investigatory hindsight evidence, as a reason justifying the use of force on an improper basis.

This inflammatory evidence is likely to mislead or confuse the jury into reaching a verdict that reflects its consideration of hindsight evidence, as a reason justifying the use of unreasonable force or limiting Plaintiff's damages award on an improper basis. *See Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009) ("The question of whether Plaintiff smoked a marijuana cigarette three hours before the incident is no more probative than whether the officers drank coffee before the incident. The introduction of expert testimony or testimony concerning facts unrelated to the physical encounter would merely divert the jury from the relevant inquiry.... Marijuana plays no part in this inquiry and the introduction of such evidence serves no purpose other than to make a general character attack on Plaintiff.").

Inflammatory convictions for drugs, prostitution, domestic violence, criminal threats, possession of a firearm and evading evidence was not known by the Officers; thus, its probative value is minimal if there is any at all, and substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (Fed. R. Evid. 403). Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the

jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (*en banc*), *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Barnhill posed an immediate threat when the Officers used excessive and unreasonable force against him while he was unarmed, submissive, and lying flat on the ground. Refuting the inferences crimes and wrongs will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiff of a fair trial. *Blancha*, 972 F.2d at 516. To rebut Defendants' character evidence, Plaintiff will be forced to call several witnesses to rehabilitate the jurors' view of him which will unduly consume this Court's and the jury's time and resources. Accordingly, the Court should also exclude evidence, reference, and argument regarding information unknown under Rule 403.

## VI. THIS EVIDENCE IS INADMISSIBLE HEARSAY

Finally, the Court should exclude any and all documentary evidence in support of the aforementioned information unknown, including the post-incident reports, and agency findings as inadmissible hearsay, including multiple layers of hearsay without any exception under Federal Rule of Evidence 801, 802, and 805. Barnhill's criminal history and agency findings related to this incident were all made from out of this court, and Defendant impermissibly intends to offer them for the truth of the matter asserted.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding any evidence, witness, or argument at trial as to (**A**) Pre-Incident Criminal History; (**B**) Incident Related Conviction; and (**C**) DA and HPD Findings from trial. Alternatively, regarding Plaintiff's incident related conviction, if the Court finds it necessary, Plaintiff requests that the information be limited in scope merely the fact that he was convicted of certain crimes, and that he is currently serving his sentence—and nothing else.

Respectfully submitted,

DATED: February 16, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: */s/   Marcel F. Sincich*
   Dale K. Galipo
   Trenton C. Packer
   Marcel F. Sincich
   *Attorneys for Plaintiff*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff certifies that this brief contains 3,442 words, which complies with the word limit of L.R. 11-6.1 and is under ten (10) pages in accordance with this Court's Standing Order.

Respectfully submitted,

DATED: February 16, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: /s/ Marcel F. Sincich
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*