UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 5:23-cv-00589-JGB-SP<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge Sheri Pym]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**<br><br>**FPTC/Hearing on Motions *in Limine*:**<br>Date:   March 16, 2026<br>Time:   11:00 a.m.<br>**Jury Trial**<br>Date:   April 7, 2026<br>Time:   09:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 2 to Exclude Crimes, Wrongs, and Bad Acts, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED that it is excluded from evidence, testimony, argument, or reference at trial any information unknown to the Defendant Officers at the time of their uses of force, including:

   A.   **PRE-INCIDENT CRIMINAL HISTORY and BAD ACTS**: Plaintiff's pre-incident criminal history including any contacts with law

enforcement, arrests, convictions, custody, incarcerations, probation, parole, allegations of criminal conduct, and any criminal records, including that related to possession of controlled substance, receiving money from prostitution, and domestic violence. This information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore is excluded from trial.

      B.    **INCIDENT RELATED CRIMINAL ACTION**: Plaintiff's criminal history and records related to this current incarceration that stems from this incident, including booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, DMV photo record, Challenger DMV information, statement of the case, adult disposition of arrest and court action, District Attorney complaint and records, property reports and documents, crime incident report, mugshot, bail enhancement forms, arrest reports, trial transcripts and records, including related to convictions of criminal threat, possession of a firearm, delaying and evading. This post-incident information and records thereof were unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore is excluded from trial.

      Additionally: Mr. Gonzalez is permitted to dress in plainclothes during his appearance at the civil trial in the above-referenced case. During his appearance at trial, Mr. Gonzalez shall not be dressed in any prison attire or any garb indicating that he is currently incarcerated. The correctional officers/marshals/deputies accompanying Mr. Gonzalez at the trial shall be dressed in plainclothes. Any correctional officer/marshal/deputy transporting or accompanying Mr. Gonzalez in and out of the courtroom or courthouse shall be prohibited from dressing in uniform and prohibited from wearing any badge, duty belt, or other article of clothing that would indicate that they are law enforcement officers. Mr. Gonzalez shall not be handcuffed, shackled, or otherwise restrained in any way that would indicate that he

is currently incarcerated and/or being transported to and from any detention facility for this trial.

      C.    **DISTRICT ATTORNEY and HEMET POLICE DEPARTMENT FINDINGS**: Hemet Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases. This information and records thereof were after-acquired investigatory materials, unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore is excluded from trial.

      The basis for this order is that this and any other information unknown to the Defendant Officers at the time of their use of force is irrelevant to the analysis as impermissible hindsight evidence; any probative value it may have is substnatially outweighed by the substnatial risk of unfair prejudice, confusing the issues, wasting time, and misleading the jury; this information constitutes improper character evidence and inadmissible hearsay. Federal Rules of Evidence, Rules 401, 403, 404, 801; *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

      **IT IS SO ORDERED.**

DATED:_____

                                                                                           Honorable Jesus G. Bernal

                                                                                        United States District Judge