Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>District Judge: Jesus G. Bernal<br>Magistrate Judge: Sheri Pym<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNKNOWN INFORMATION**<br><br>Judge: Hon. Jesus G. Bernal<br>Date:  3/16/2026<br>Time:  11:00 a.m.<br>Crtrm: 1 (2nd Floor)<br><br>Trial Date:      4/07/2026 |

///

///

///

///

///

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNKNOWN INFORMATION**

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING, JAMIE GONZALEZ, AND CATHERINE TIPTON (collectively "Defendants") submit the following Opposition to Plaintiff HENRY BARNHILL ("Plaintiff")'s motion *in limine no.* 1 seeking to exclude "personal history," "medical history," and "after-acquired investigation material." Said Opposition will be made on the grounds that some information was known to officers and all other information is directly relevant to a determination of liability, causation, motive, and damages.

Said Opposition will be based on these papers, the Memorandum of Points and Authorities, the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of this Motion.

DATED:  February 23, 2026          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____
Eugene P. Ramirez
Andrea Kornblau
Attorneys for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In his Motion in Limine ("MIL") No. 1, Plaintiff attempts to exclude "any evidence, testimony, argument, reference or inference at trial as to any information unknown to the Defendant Officers at the time of their use of excessive and unreasonable force." Docket No. 67, Plaintiff's MIL 1, 2:3 – 2:7. Plaintiff includes a request for all of Plaintiff's personal history, medical history, the 911 dispatch call—which was relayed to Defendant Officers—and all other police activity such as the safety sweep and home search. Plaintiff categorize this information as (A) Personal History, (B) Medical History, (C) After-Acquired Investigation Material.

This request is incredibly broad and seeks to exclude nearly all relevant information from the jury at trial. As written, this MIL must be rejected as overly broad, burdensome, and limiting. More specifically, Plaintiff's request to keep out any medical and psychological information, information that was known to Defendant Officers (such as the 911 call), and information and evidence found pursuant to and resulting from their arrest of Plaintiff.

Key portions of Plaintiff's domestic violence history, including the content of the 911 call which was broadcasted to Defendant Officers, was known to Defendant Officers at the time of Plaintiff's arrest. Plaintiff duplicates this request in both his MIL No. 2 and herein. Further, Plaintiff's request to exclude past and subsequent medical and psychological information seeks to keep out evidence relevant to a determination of both Defendant Officers' and Plaintiff's states of mind informing their decisions during Plaintiff's arrest. Excluding this information would directly impact the analysis of Plaintiff's admitted damages which are both economic and noneconomic and arise from both mental and physical ailments.

The main argument Plaintiff sets forth is that all of this information was not known to Defendant Officers at the time of their arrest of Plaintiff. As discussed below and in Defendants' Opposition to Plaintiff's MIL No. 2, Defendant Officers did have

1 the 911 call, domestic violence, and prior felony information about prior to arresting
2 him and this fact is solidified by Plaintiff's evidence, regardless of Plaintiff's
3 insistence of the contrary. The remaining medical, psychological, and post-arrest
4 investigation evidence is relevant to the analysis of the reasonability of force,
5 existence of reasonable suspicion and probable cause, and the veracity of claims that
6 Plaintiff has attempted, and will continue to attempt, to deny. Plaintiff has also opened
7 the door at deposition and in his Opposition to Defendants' Summary Judgment
8 Motion to his medical and psychological history and Defendants must be permitted
9 to rebut and offer argument to refute Plaintiff's claimed psychological state and
10 intentions during the arrest to explain his resistant behavior. Further, Plaintiff's
11 medical history and the results of the subsequent investigation are directly tied to
12 Plaintiff's claimed damages and cannot be excluded for that reason alone.

## II. PLAINTIFF'S NONCOMPLIANCE WITH LOCAL RULE 7-3

Defendants notice the court that Plaintiff's statement of compliance with Local Rule 7-3 is defective and fabricated. Plaintiff has not provided his motions in limine to Defense counsel in writing or discussed the substance of the motions telephonically before filing them with this Court. Defense counsel, with a witness, spoke with Plaintiff's counsel about Defendants' motions in limine. However, at that meeting, Plaintiff's counsel did not make any mention of what motions in limine Plaintiff planned to file or the substance of the same. Plaintiff's counsel's declaration stating compliance is false, missing both a date and detail of discussion because no discussion was ever had. Docket No. 67-1, Declaration of Marcel F. Sincich, at 2:10 – 2:15. Based on this failure, Defendants request the Court reject Plaintiff's motion in limine 1 outright.

## III. LEGAL AUTHORITY

Motions *in limine* are intended to preclude presentation of evidence that would unduly prejudice the moving party. (*Kelly v. New West Fed. Sav.* (1996) 49 Cal.App.4th 659, 669.) A motion in limine is used to exclude "any kind of evidence

2

1 which could be objected to at trial, either as irrelevant or subject to discretionary
2 exclusion as unduly prejudicial." (*Clemens v. American Warranty Corp,* (1987) 193
3 Cal.App.3d 444, 451.)

Federal Rules of Evidence Rule 401 defines "relevant evidence" to mean evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Per FRE 403, evidence may be excluded if its probative value is substantially outweighed by one or more of the articulated dangers or consideration. This requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of those reasons "substantially outweigh" the probative value. FRE 403 favors admissibility, while concomitantly providing the means of keeping distracting evidence out of the trial. *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

### IV. PLAINTIFF'S PERSONAL HISTORY MUST BE ADMITTED AS PROBATIVE, NON PREJUDICIAL, AND KNOWN TO OFFICERS

Plaintiff defines Plaintiff's "Personal History" as: relationship history, unrelated arguments or domestic dispute history, residence history, education history, disciplinary history, work history, children's history, social media history, text messages and living arrangements, and license suspension. This information is directly related and relevant to the incident and Plaintiff's attempt to exclude it is improper and based on nothing except Plaintiff's contention that his history was not known to Defendant Officers so should be excluded as irrelevant. This rule Plaintiff appears to have made up on his own is not controlling.

At the outset and as discussed more below and in Defendant's Opposition to Plaintiff's MIL No. 2, Plaintiff's history of domestic violence particularly against his ex-girlfriend is directly relevant to the incident, what Defendant Officers knew at the time of the arrest, and the tactics and decisions used by Defendant Officers. The domestic violence call where Plaintiff's ex-girlfriend said she truthfully feared for her

life and gave the myriad of reasons why, reasons which were relayed to Defendant Officers, is necessary to informing Defendant Officers' choices and decisions upon arriving at the scene and chasing Plaintiff after he fled from them.

Here, evidence regarding Plaintiff's living arrangements, work history, and history of domestic disputes with his girlfriend and victim are directly relevant to this case. Not only do they work to establish the facts of this case, including Plaintiff driving his ex-girlfriend's vehicle which she was able to identify for Defendant Officers' goes towards verifying the data that Defendant Officers were operating with. Similarly, Plaintiff's flight from arrest ended at his ex-girlfriend's house where he was residing and where his gun possession was later determined. That he was attempting to run into this house, where a gun that he allegedly used against his ex-girlfriend the night before, was present tends to prove the reasonable suspicions of Defendant Officers' beliefs that Plaintiff was attempting to run, have a standoff, and potentially get a weapon if he did not already have one on him.

Further, Plaintiff's work history and disciplinary history presented must be allowed to be presented even in a limited fashion because they go towards his claim for damages. Plaintiff's alleged lack of earning capacity is contingent upon his ability to earn before and after this arrest and incident. If Plaintiff was a felon, his earning capacity is more likely to be lower than if he had not been a felon before being arrested. Similarly, Plaintiff's prior work history-including whether he was banned from an industry-would be necessary to know to adequately predict and calculate what his future lost earnings would reasonably be.

## V. PLAINTIFF'S MEDICAL HISTORY MUST BE ADMITTED AS PROBATIVE AND NON PREJUDICIAL

Plaintiff defines his "Medical History" as: unclaimed medical history, including being born with a heart murmur or having an irregular heartbeat, and whether Plaintiff has PTSD from an unrelated incident and under different and unrelated circumstances. Plaintiff does not argue why this evidence is not relevant.

Instead, he appears to couch his argument for exclusion inside his erroneous contention that the only information relevant is the information of what was told to Defendant Officers or what they observed directly before and during their arrest of Plaintiff. This is not the standard for relevancy or admissible evidence and none of the law cited by Plaintiff supports such a notion.

Plaintiff's medical history is extremely probative to this case. The majority of Plaintiff's claimed damages are based on his medical disabilities that he claims are as a result of his interaction with police. However, prior medical history and subsequent injuries sustained after his interaction with police are directly relevant to the issue of liability and causation. Similarly too, Plaintiff himself argued that his PTSD from being held at gunpoint before informed his decision to run from police and dictated his behavior. Further, this history of PTSD bears incredible weight on the mental and emotional suffering that Plaintiff claims he has developed as a result of his interaction with police. His psychological history before and after being confronted by police is relevant to the analysis of the exact cause of his injuries and distribution of liability.

Whatever alleged "prejudice" Plaintiff believes he will suffer from the admissions of this highly probative evidence is easily mitigated because the Court can give the jury a limiting instruction regarding the proper use of such evidence.

**VI. "AFTER-ACQUIRED INVESTIGATION MATERIAL" MUST BE ADMITTED AS PROBATIVE, KNOWN TO OFFICERS, AND NON PREJUDICIAL**

Plaintiff defines his "After-Acquired Investigation Material" as: 911 call recordings and information therefrom, and post-incident discovered, drafted, created records and information, including Defendant Officer reports and declarations (unless for record refresh or impeachment), videos re taking with other officers, videos re talking with 911 caller, interview with witnesses, videos re gun, videos re search of home, search and/or safety sweep videos, post-search photographs and videos, photos of guns and ammunition, and social media profile.

Of this list, Defendants oppose Plaintiff's repeated attempts to keep out the 911 Call related to the arrest at issue int his case, the reports Defendant Officers wrote reflecting their account of the arrest, and the sweep of Plaintiff's home and interviews of witnesses.

Plaintiff's insistence that Defendant Officers did not know about the 911 call has been debunked by Defendants repeatedly and by Plaintiff's own evidence. Officers have time and again explained that they knew of the content of the domestic violence call, the ex-girlfriend's location, fear for her life, description of the vehicle Plaintiff was in, what happened between Plaintiff and his ex-girlfriend, and, in the case of Defendant Officer Maynord, that Plaintiff was even a violent felon. Declaration of Andrea Kornblau ("Kornblau Decl."), ¶ 2-4, Ex. A-C attached thereto. Defendant Officers knew this information which was the basis for their believing themselves able to make a felony stop of Plaintiff in the first place. In short, Defendant Officers knew of Plaintiff's alleged domestic violence history, knew of his felony, and acted based on this information.

Defendant Officers incident reports are also highly probative and not prejudicial at all, establishing what Defendants believed, assumed, and interpreted at the time of their use of force to arrest Plaintiff. It tends to show the totality of the circumstances of Plaintiff's arrest near and at the time rather than in far hindsight.

Finally, Defendant Officers' safety sweep and warrant to perform the sweep are relevant to the existence of reasonable suspicion and probable cause. Plaintiff repeatedly frames himself as being harmless, not having committed any crime, compliant, and not reasonably perceived as armed or threatening. Evidence of Defendant Officers' beliefs which were enough to warrant a search which uncovered a firearm legally found to be in Plaintiff's possession is probative of Defendant Officers' probable cause of arrest Plaintiff for domestic violence as well as possession of a firearm as a felon. Reasonably suspecting Plaintiff of these crimes necessarily informed how Defendant Officers decided to use force and their determination of

what level of threat Plaintiff posed.

Defendants' suspicions, arrest, and findings immediately thereafter is relevant not only for a determination of the reasonableness of Defendant Officers' use of force and for impeachment purposes against Plaintiff's testimony that he did not in fact commit the acts he was convicted of but for calculating lost earnings and loss of earnings capacity since Plaintiff was jailed following his arrest by Defendant Officers.

## VII. THE EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IS NOT OFFERED TO PROVE PLAINTIFF'S CHARACTER

Defendants do not seek to offer evidence of Plaintiff's medical history, personal history, or the arrest and results of the sweep after the arrest as character evidence. The information, as set forth above, are admissible to prove Plaintiff's quality of life, earning prospects, and motivations and intent. Evidence of Plaintiff's medical history before and after encountering police tends to prove causations and allotment of liability and **properly** minimizes Plaintiff's damages because it reveals that his earning capacity is very likely less than the average citizen of comparable age and circumstance. Similarly, Plaintiff's arrest and the results from the search of his residence after the make it more likely that Plaintiff was attempting to get to where he had his weapon, which was later determined to not have been on his person, and indicates that the information relayed to Defendant Officers, that Plaintiff's ex-girlfriend had been threatened by Plaintiff with a gun he pointed at her, was reliable and truthful.

Plaintiff's argument that introduction of this evidence will make the jury believe "officers knew this information" impliedly before arresting Plaintiff does not make sense. As to the domestic violence call from his ex-girlfriend and his status as a possibly armed felon, this information **was** known to Defendant Officers.

## VIII. CONCLUSION

For the reasons set forth herein, Defendants respectfully request the court deny Plaintiff's motion in limine as to (A) Personal History [specifically information about

7

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNKNOWN INFORMATION

1 his domestic violence accusation related to this incident, information about his ex-
2 girlfriend's vehicle he was seen to be driving, information about the ex-girlfriend's
3 home that he was cohabitating in with her, his past history of jobs and job losses, nad
4 his history as a felon prior to his arrest by police in this matter];

5     (B) Medical History [specifically information about Plaintiff's prior instances
6 of injury and harm including using guns and having guns used against him and
7 causing him PTSD, Plaintiff's tesitmony regarding PTSD before his encounter with
8 police in this case, and Plaintiff's medical history and history of injuries and accidents
9 taking place while he was incarcerated following this incident with police]; and

10     (C) After-Acquired Investigation Material [specifically the 911 call and
11 contents of the 911 call made by his ex-girlfriend, all of which was relayed to
12 Defendant Officers, Defendant Officers incident reports, and the safety sweep,
13 warrant, and results of the search of Plaintiff's home turning up a firearm confirmed
14 by Plaintiff's ex-girlfriend to have been used against her and which was the subject
15 of her call to police-including where the firearm was found in the house]

DATED: February 23, 2026    Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:    /s/ Andrea Kornblau
Eugene P. Ramirez
Andrea Kornblau
Attorneys for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On February 23, 2026, I served true copies of the following document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNKNOWN INFORMATION** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,sanderson@galipolaw.com,hlee@galipolaw.com

- **Andrea Katherine Kornblau**
  andrea.kornblau@manningkass.com,akk@manningllp.com,katherine.hwang@manningkass.com,sia@manningllp.com

- **Trenton C. Packer**
  tpacker@grechpackerlaw.com,4453866420@filings.docketbird.com,kppham@grechpackerlaw.com

- **Eugene P Ramirez**
  Eugene.Ramirez@manningkass.com,delia.flores@manningkass.com

- **Marcel F Sincich**
  msincich@galipolaw.com,amonguia@galipolaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 23, 2026, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon