Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
*andrea.kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant CITY OF
HEMET, OFFICER BRETT MAYNARD,
OFFICER JOSHUA BISHOP, OFFICER
PEDRO AGUILA, CORPORAL
DOUGLAS KLINZING; JAMIE
GONZALEZ and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL,<br><br>       Plaintiff,<br><br>       v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>District Judge: Jesus G. Bernal<br>Magistrate Judge:  Sheri Pym<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES, WRONG, AND BAD ACTS**<br><br>Judge:  Hon. Jesus G. Bernal<br>Date:    3/16/2026<br>Time:   11:00 a.m.<br>Crtrm:  1 (2nd Floor)<br><br>Trial Date:       4/07/2026 |

///

///

///

///

///

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING, JAMIE GONZALEZ, AND CATHERINE TIPTON (collectively "Defendants") submit the following Opposition to Plaintiff HENRY BARNHILL ("Plaintiff")'s motion *in limine no. 2* seeking to exclude "pre-incident criminal history and bad acts," "incident related criminal action," and "district attorney and hemet police department findings." Said Opposition is made on the grounds that information regarding plaintiff's criminal background, legal findings, and other activities which could be categorized as "bad acts" are necessary and probative to this case.

Said Opposition will be based on these papers, the Memorandum of Points and Authorities, the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of this Motion.

DATED: February 23, 2026          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:   /s/ Andrea Kornblau
          Eugene P. Ramirez
          Andrea Kornblau
          Attorneys for Defendants CITY OF
          HEMET, OFFICER BRETT MAYNARD,
          OFFICER JOSHUA BISHOP, OFFICER
          PEDRO AGUILA, CORPORAL
          DOUGLAS KLINZING; JAMIE
          GONZALEZ and CATHERINE TIPTON

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff improperly seeks to exclude information regarding his criminal convictions, the accusations of domestic violence against him, and his gun possession charge (and conviction). Contrary to Plaintiff's bare and repeated assertions, a good portion of this information was known to Defendant Officers at the time of Plaintiff's arrest. Knowledge of Plaintiff being a felon, possibly being in possession of a gun, and being accused of domestic violence against his ex-girlfriend was not only known to Defendant Officers but contributed to and informed their decision-making including tactics during the incident. It is therefore not only admissible but necessary to the analysis for the reasonability of Defendant Officers' actions.

To grant this motion would be a blanket prohibition from referring to the prior activities that gave rise to the incident in the first place or findings that render the search and seizure itself lawful, without respect to the means used to execute the search and seizure, as this type of prohibition will undoubtedly prevent Defendants from bringing relevant evidence into this trial, particularly since Plaintiff's criminal history and the bad acts he was accused of are at the heart of this case and inform the determination of what a reasonable officer would do at the time of the arrest.

Further, exclusion of this evidence will prevent Defendants from impeaching Plaintiff and his witnesses if they contradict or deny the evidence obtained from the victim's allegations against Plaintiff and the legal findings against Plaintiff as a result.

## II.    PLAINTIFF'S NONCOMPLIANCE WITH LOCAL RULE 7-3

Defendants notice the court that Plaintiff's statement of compliance with Local Rule 7-3 is defective and fabricated. Plaintiff has not provided his motions in limine to Defense counsel in writing or discussed the substance of the motions telephonically before filing them with this Court. Defense counsel, with a witness, spoke with Plaintiff's counsel about Defendants' motions in limine. However, at that meeting, Plaintiff's counsel did not make any mention of what motions in limine Plaintiff

1

---

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS

planned to file or the substance of the same. Plaintiff's counsel's declaration stating compliance is false, missing both a date and detail of discussion because no discussion was ever had. Docket No. 68-1, Declaration of Marcel F. Sincich, at 2:10 – 2:15. Based on this failure, Defendants request the Court reject Plaintiff's motion in limine 2 outright.

## III. PLAINTIFF BEING A FELON AND ASSAULTING HIS EX-GIRLFRIEND WITH A DEADLY WEAPON WAS KNOWN TO DEFENDANT OFFICERS AND MUST BE PERMITTED

Plaintiff seeks to exclude all of the following as "unknown to officers are the time they made the decision to use force": (A) Pre-Incident Criminal History; (B) Incident Related Conviction; and (C) DA and HPD Findings.

Plaintiff is hell-bent on arguing that Defendant Officers did not know of his criminal history but this is simply not true. Plaintiff gives only the deposition testimony of one officer to reflect this. However, Defendant Officers testified and reported that it was communicated to them before and during their chase of Plaintiff that he was a "violent felon" and has access to a "firearm." Declaration of Andrea Kornblau ("Kornblau Decl."), ¶ 2-4, Ex. A-C attached thereto.)

Similarly, Defendant Officers knew about the "bad conduct" of Plaintiff related to his domestic abuse towards his ex-girlfriend. Kornblau Decl., ¶ 2-4, Ex. A-C attached thereto. Everything contained within the ex-girlfriend's 911 call, including her identifying her location, the prior instances of abuse, the fact that she was hiding from Plaintiff, and Plaintiff driving her car and its make and model was relayed to Defendant Officers so that they could perform a felony stop on Plaintiff. Kornblau Decl., ¶ 3-5, Ex. B-D attached thereto.

The court may allow evidence of Plaintiff's criminal record to explain the deputies' conduct because "[t]he 'reasonableness' of a particular use of force must be judge from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. at 396.  In *Ruvalcaba v. City*

2

*of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995), the evidence of the criminal history of the plaintiff known to the defendant police officers was admissible because it was relevant to establish the facts and circumstances known to the officers during their confrontation with plaintiff. The court admonished the jury to consider the plaintiff's conduct "only in determining whether the officers' actions were reasonable under the circumstances." *Id.*

Similarly here, Defendant Officers knew that Plaintiff was accused of abusing his ex-girlfriend and where he was located; they knew he was a violent felon, and they knew he potentially had access to a firearm. They used this information to inform the grounds for their felony stop and charges for which there was probable cause to arrest Plaintiff. Further, on top of Plaintiff's physical size and flight, Defendant Officers were that much more concerned for their safety because they knew he was accused of being violent and had access to a gun which he threatened his ex-girlfriend with and they knew he was a felon; and they acted accordingly. Thus, Plaintiff's criminal history is admissible because Defendant Officers knew of it and acted on it.

## IV.   PLAINTIFF'S CONVICTIONS ARE RELEVANT AND OFFERED UNRELATED TO PLAINTIFF'S CHARACTER

Plaintiff seeks to exclude evidence of his convictions related to and rising from his arrest, including convictions of domestic violence, evading police, and possession of a firearm. This evidence is directly relevant to issues which Plaintiff has placed at the center of this case—the charges that Defendant Officers arrested Plaintiff for and what damages he is entitled to. Whether a party has a criminal record, including, but not limited to, the underlying incident during which Plaintiff resisted and evaded law enforcement, is relevant to a determination of the reasonableness of Defendant Officers' use of force and for impeachment purposes against Plaintiff's testimony that he did not in fact commit the acts he was convicted of. It is also relevant to calculate lost earnings and loss of earnings capacity since Plaintiff was jailed following his arrest by Defendant Officers.

1    Federal Rule of Evidence 609(a)(1)(A) holds that in a civil case, evidence of a
2    felony can be admitted for the purpose of impeachment, subject to Rule 403. *See* Fed.
3    R. Evid. 609 (a)(1)(A). Evidence of Plaintiff's criminal record from the underlying
4    incident and his incarceration therefore up to the present date is factually relevant.
5    Plaintiff was held to have legally assaulted his ex-girlfriend, evaded arrest, and
6    possessed a firearm as a felon. Docket No. 48-21, Exhibit P to Defendants' Summary
7    Judgment Motion. These are "facts" that Plaintiff has continued to dispute, even at
8    his Deposition. Therefore, in order to combat Plaintiff's one-sided factually
9    contention that he did not perform these actions, information that he was in fact
10   convicted of these actions will be necessary to impeach this testimony.

11   The prejudice of information that Plaintiff was so convicted is well mitigated
12   by this Court giving the jury a limiting instruction regarding the proper use of such
13   evidence.

14   Information regarding Plaintiff's conviction and being in jail is also relevant
15   and probative to Plaintiff's damages. Plaintiff is seeking loss of earnings and loss of
16   earning capacity due the incident, but Plaintiff's criminal record and the incident
17   around his arrest are certainly relevant to an examination of Plaintiff's employability
18   and what jobs he is able to undertake. In *Estate of Casillas*, the Court found that
19   Casillas's criminal and incarceration history were not excludable in that they were
20   relevant to the damages elements of plaintiffs' claims. *Estate of Casillas*, 2019 U.S.
21   Dist. LEXIS 23710, *8-11 (E.D. Cal. Feb. 13, 2019) (citing *N.W. v. City of Long*
22   *Beach*, 2016 U.S. Dist. LEXIS 194469, *13-14 (C.D. Cal. June 7, 2016) (decedent's
23   criminal record deemed relevant to future earnings); *Knudsen v. Welsh*, 872 F.2d 428
24   (9th Cir. 1989) (holding that prior bad acts were "properly introduced for the purpose
25   of proving damages"); *P.C. v. City of L.A.*, 2011 U.S. Dist. LEXIS 165075, *7-8 (C.D.
26   Cal. Aug. 22, 2011) (denying plaintiff's motion *in limine* to exclude decedent's
27   criminal record partly due to the issue of damages, and stating that while the nature
28   of decedent's convictions would raise FRE 403 concerns, inquiry into the "length of

4

time decedent spent in prison . . . are probative of damages and of the credibility of damages witnesses who may testify to having spent considerable time with decedent").

Similar to the plaintiffs in *Estate of Casillas*, Plaintiff seeks economic and noneconomic damages. Thus, Plaintiff's criminal record, including, but not limited to, the details of Plaintiff's underlying arrest, is relevant and admissible to the issue of damages in this case.

## V.   THE PROBATIVE VALUE OF EVIDENCE OF PLAINTIFF'S FELONY AND DOMESTIC VIOLENCE HISTORY IS MORE PROBATIVE THAN PREJUDICIAL AND IS NOT USED AS CHARACTER EVIDENCE

Federal Rule of Evidence rule 402 provides that, "[i]rrelevant evidence is not admissible." Rule 403 provides that the Court may exclude evidence when its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Per FRE 403, evidence may be excluded if its probative value is substantially outweighed by one or more of the articulated dangers or consideration. This requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of those reasons "substantially outweigh" the probative value. FRE 403 favors admissibility, while concomitantly providing the means of keeping distracting evidence out of the trial. *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

Plaintiff improperly represent that pre-incident bad acts or criminal history has no probative value and poses a substantial risk to the jury. But, as demonstrated above, such evidence is clearly relevant and has probative value. Evidence that Plaintiff's ex-girlfriend reported he threatened her and was driving her car and had access to a gun that she could not account for has a direct impact on Defendant Officers decision to stop Plaintiff at all, giving rise to reason to arrest him, and their decision to use force.

5

1  Accordingly, such probative value is not outweighed by a danger of unfair prejudice.

2  Plaintiff's "concern" that Defendants will attempt to insert "drugs, prostitution

3  … [or] criminal threats" is entirely unfounded. Plaintiff's reference to Defendants'

4  expert report appears to be referencing some other case as there is no character

5  evidence being submitted or presented by any of Defendants' experts.

6  Defendants will and should be permitted to insert Plaintiff's reported

7  possession of a firearm, the domestic violence basis for Defendant Officers response

8  to the scene, and that Plaintiff was convicted of domestic violence for the call to which

9  Defendant Officers responded (to counteract Plaintiff's challenge of the validity of

10  the call). Defendants should be permitted to state the evidence that Plaintiff was

11  convicted for charged incident to this arrest by Defendant Officers including assault

12  of his ex-girlfriend, and possession of a firearm while being a felon.

## VI.  <u>CONCLUSION</u>

14  For the reasons set forth herein, Defendants respectfully request the court deny

15  Plaintiff's motion as to (A) Pre-Incident Criminal History and (B) Incident Related

16  Convictions—particularly those related to his convictions of battery and assault of his

17  ex-girlfriend, evading arrest, and possession of a firearm while being a felon.

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES,
WRONGS, AND BAD ACTS**

1  DATED:  February 23, 2026          Respectfully submitted,

2

3                                     **MANNING & KASS**
                                      **ELLROD, RAMIREZ, TRESTER LLP**

4

5

6                                     By:    /s/ Andrea Kornblau

7                                           Eugene P. Ramirez
                                            Andrea Kornblau
8                                           Attorneys for Defendants CITY OF
                                            HEMET, OFFICER BRETT MAYNARD,
9                                           OFFICER JOSHUA BISHOP, OFFICER
                                            PEDRO AGUILA, CORPORAL
10                                          DOUGLAS KLINZING; JAMIE
                                            GONZALEZ and CATHERINE TIPTON
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES,
WRONGS, AND BAD ACTS**

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On February 23, 2026, I served true copies of the following document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES, WRONG, AND BAD ACTS** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,sanderson@galipolaw.com,hlee@galipolaw.com

- **Andrea Katherine Kornblau**
  andrea.kornblau@manningkass.com,akk@manningllp.com,katherine.hwang@manningkass.com,sia@manningllp.com

- **Trenton C. Packer**
  tpacker@grechpackerlaw.com,4453866420@filings.docketbird.com,kppham@grechpackerlaw.com

- **Eugene P Ramirez**
  Eugene.Ramirez@manningkass.com,delia.flores@manningkass.com

- **Marcel F Sincich**
  msincich@galipolaw.com,amonguia@galipolaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 23, 2026, at Los Angeles, California.


/s/ Sandra Alarcon
Sandra Alarcon