1   **LAW OFFICES OF DALE K. GALIPO**
    Dale K. Galipo, Esq. (SBN 144074)
2   dalekgalipo@yahoo.com
    Marcel F. Sincich, Esq. (SBN 319508)
3   msincich@galipolaw.com
    21800 Burbank Boulevard, Suite 310
4   Woodland Hills, CA 91367
    Phone: (818) 347-3333
5   Fax: (818) 347-4118

6   **GRECH, PACKER, & HANKS**
    Trenton C. Packer (SBN 241057)
7   tpacker@grechpackerlaw.com
    7095 Indiana Ave Ste 200
8   Riverside, CA 92506
    Tel:   (951) 682-9311

9   *Attorneys for Plaintiff*

10

11                  **UNITED STATES DISTRICT COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13

14

15  HENRY BARNHILL,                    Case No. 5:23-cv-00589-JGB-SP

16                  Plaintiff,         [*Honorable Jesus G. Bernal*
                                       Magistrate Judge Sheri Pym]
17          vs.
                                       **PLAINTIFF'S OPPOSITION TO**
18  CITY OF HEMET; OFFICER BRETT       **DEFENDANTS' MOTION *IN***
    MAYNARD; OFFICER JOSHUA            ***LIMINE* NO. 1 TO TRIFURCATE**
19  BISHOP; OFFICER PEDRO              **TRIAL INTO SEPARATE PHASES**
    AGUILA; CORPORAL DOUGLAS           **[DOC. 63]**
20  KLINZING; JAMIE GONZALEZ;
    CATHERINE TIPTON; and DOES 1-
21  10, inclusive,                     **<u>FPTC/Hearing on Motions *in Limine*</u>**:
                                       Date:    March 16, 2026
22                  Defendants.        Time:    2:00 p.m.
                                       **<u>Jury Trial</u>**
23                                     Date:    April 7, 2026
                                       Time:    09:00 a.m.
24                                     Courtroom 1, 3470 Twelfth Street, 2nd
                                       Floor, Riverside, California
25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil rights and state tort lawsuit arises out of the use of excessive and unreasonable force against Plaintiff Henry Barnhill by the Defendant officers.

This is a 42 U.S.C. §1983 civil rights action arising from the following claims for relief: Claim 1: Defendant Maynard, Bishop, Aguila, and Klinzing's violation of Barnhill's Fourth Amendment rights—Excessive Force (42 U.S.C. §1983); Claim 2: City of Hemet ("City") Unconstitutional Policy, Practice or Custom (42 U.S.C. §1983) pursuant to *Monell*; Claim 3: Defendant City's Unconstitutional Failure to Train (42 U.S.C. §1983) pursuant to *Monell*; Claim 4: Defendant City's Unconstitutional Ratification (42 U.S.C. §1983) pursuant to *Monell*; Claim 5: Battery; Claim 6: Negligence; and Claim 7: violation of the Bane Act (Cal. Civ. Code §52.1). Each claim has elements that differ from others. Each claim has evidence that differs from others, which the jury instructions will clearly identify. However, all these claims directly relate to the wrongful conduct of Defendant Officers on April 29, 2022, against Barnhill, and have overlapping evidence. Some difference in evidence is not a cause to try claims independently. The question is whether the claims are so different that it creates exceptional circumstances justifying separate trials. In other words, would there be such prejudice that cannot be overcome by admonishment.

Mr. Barnhill hereby opposes Defendants' Motion *in Limine* No. 1, which seeks to trifurcate trial into three phases: (1) liability phase, compensatory damages calculation, and punitive damages predicate; (2) punitive damages calculation, if necessary; and (3) *Monell* liability and *Monell* damages calculation. (Doc. 63.)  Plaintiff opposes Defendants' request for separate phases as to excessive force and *Monell* liability and damages. Plaintiff does not oppose Defendants' request to bifurcate the calculation of punitive damages.

## II.    LEGAL STANDARD

"In determining whether bifurcation of damages is appropriate, bifurcation 'is the exception rather than the rule of normal trial procedure' within the Ninth Circuit." *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1208 (D. Or. 2015) (quoting *Clark v. I.R.S.*, 772 F.Supp.2d 1265, 1269 (D. Hawaii 2009)). Pursuant to Federal Rule of Civil Procedure 42(b), the district court is authorized to conduct separate trials in "furtherance of convenience or to avoid prejudice, or when separate trials would be conducive to expedition and economy." "A defendant seeking bifurcation has the burden of presenting evidence that a separate trial is proper in light of the general principles that a single trial tends to lessen the delay, expense and inconvenience to all parties." *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (D.C. Pa. 1983).

Generally, "the presumption is that all claims in a case will be resolved in a single trial, and 'it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subject of separate trials.'" *Jeanty v. Cnty. of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005) (quoting *Miller v. Am Bonding Co.*, 257 U.S. 304, 307 (1921)). The decision whether to bifurcate a trial lies within the sound discretion of the trial court. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001). The Court must consider "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *Green v. Baca,* 226 F.R.D. 624, 630 (C.D. Cal. 2005) (quoting *Cravens v. Cnty. of Wood, Ohio*, 856 F.2d 753, 755 (6th Cir. 1988)). "A decision ordering bifurcation is dependent on the facts and circumstances of each case." *Green*, 226 F.R.D. at 630 (quoting *Saxion v. Titan-C-Manufacturing*, 86 F.3d 553, 556 (6th Cir. 1996)).

## III.    ARGUMENT

### A.    Defendants Failed to Meet Their Burden of Demonstrating that Bifurcation of *Monell* is Warranted Based on Particular Facts

"A defendant seeking bifurcation has the burden of presenting evidence that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (D.C. Pa. 1983). Defendants failed to meet their burden of establishing that bifurcation of *Monell* is warranted based on the particular facts and circumstances of this case. *See*, *e.g.*, *Green*, 226 F.R.D. at 631. Defendants, as the moving party, bear the burden of demonstrating why bifurcation of the action is appropriate. *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001); *Devito v. Barrant*, 2005 WL 2033722 at 11 (E.D.N.Y. 2005). Generalized assertions will not suffice. Defendants must make a detailed offer of proof which indicates the need for bifurcation. *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990); *see also Pavlovich v. City of New York*, 1992 WL 230472 at 3 (S.D.N.Y. 1992) (without tangible evidence to demonstrate that a joint trial of the individual and *Monell* claims would be prejudicial, Defendants' claims are speculative and should be rejected). Defendants' perfunctory motion makes no such showing. Because Defendants failed in this regard, their motion should be denied.

Defendants argue in conclusory fashion that the Court should bifurcate Plaintiff's *Monell* claims for their convenience; to avoid prejudice; to promote judicial economy; and to reduce confusion. (*See* Mot at 4.) As explained below, none of these justifications warrants bifurcation in this case.

### 1.    *Bifurcation of Monell will not promote judicial economy or convenience.*

The particular facts and circumstances of this case do not support bifurcation to promote judicial economy. First, there is substantial overlap in the

evidence that would be presented to demonstrate the Officers' liability and City's liability. The breadth of resources necessary to conduct two separate trials—all involving multiple appearances by many of the same witnesses—will unnecessarily tie up the parties, the Court, the jury, and witnesses in additional trial time. Both Plaintiff and Defendants would need to recall key witnesses for the *Monell* phase, including Defendant officers and the parties police practices experts. Each time a witness must be recalled, there are inevitable undue expenses, delays, scheduling conflicts, and potential complications. Having each witness testify just once in a unified trial phase would be a far more efficient use of the Court's time and resources, rather than fragmenting testimony across multiple phases with the attendant delays and coordination difficulties that would necessarily follow. While the issues involving municipal liability may necessitate the need for some additional evidence to establish its elements, it will also involve a substantial portion of the evidence and witnesses presented against the Officers in support of Plaintiff's excessive and unreasonable force, and negligence claims. *See Nessel v. City of Northlake*, No. 93 C 6176, 1994 WL 685508, at *1 (N.D. Ill. Dec. 5, 1994) (finding that dual trials on the issues of individual liability for excessive force and on municipal liability under *Monell* would be "highly inefficient" because "the plaintiff's claims against the individual defendants clearly overlap with his claim against the city").

Experts are very difficult to schedule at trial. They commonly have busy schedules, and it would be incredibly inconvenient to have to recall them to testify twice; especially if there are costs associated with their travel and lodging. Further, we cannot anticipate how long the jury will be in deliberations in the first phase. This could leave the parties and Court in a situation with no witnesses ready to take the stand, which would also be counter to efficiency and economy. Having three phases of trial unnecessarily extends the time the Court is in session.

1      Additionally, Plaintiff anticipates that the Officers will claim that his

2    conduct was in conformity with the City's training, policies, and procedures and

3    was therefore not unreasonable. Precisely these deficient training programs,

4    policies, and procedures—or the lack thereof—will support Plaintiff's municipal

5    liability claim against the City. *See*, *e.g.*, *Estate of Owensby v. City of Cincinnati*,

6    385 F. Supp. 2d 626, 665-67 (S.D. Ohio 2004) (denying city's motion to bifurcate

7    claims against city and officers in part because individual officers asserted that

8    they followed proper procedures, constitutional violation occurred as a result of

9    improper training by municipality, bifurcation might deprive plaintiffs of the right

10    to place all pertinent circumstances before the jury, and bifurcation might serve

11    only the city's interest of never having to stand trial for the constitutional

12    violations), *aff'd*, 414 F.3d 596 (6th Cir. 2005).

13       The City's argument that bifurcation will promote judicial economy seems

14    to be based upon the assumption that a jury will find that Plaintiff's constitutional

15    rights were not violated – an outcome highly unlikely given the facts in this case.

16    Accordingly, convenience and economy weighs in favor of a single trial. The

17    inefficiency and inconvenience for the Court, the jury, and Plaintiff associated

18    with a separate trial on municipal liability outweighs the (slim) possibility of

19    prejudice to Defendants from a combined trial on liability. Contrary to

20    Defendants' argument, Plaintiff submits that the best interest of judicial economy

21    and efficiency, and convenience of the parties and witnesses, if for all issues of

22    liability should be addressed in one phase at trial.

23       *2.    Bifurcation will not promote fairness or reduce confusion.*

24       Defendants do not explain how they would be unfairly prejudiced by a

25    single trial or how juror confusion would result if *Monell* claims were not

26    bifurcated. Plaintiff contends that they would not but that a separate trial would

27    prejudice Plaintiff. However, any slight risk of prejudice or confusion in jointly

28    trying the individual and *Monell* claims may be mitigated by a curative instruction

to the jury. *See Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 806-07 (9th Cir. 2018) ("Though some of the evidence relevant to the *Monell* claims was irrelevant to individual liability, the district court's many limiting instructions cured any possible prejudice."); *Est. of Alderman v. City of Bakersfield*, 2018 WL 4156740, at *2 (E.D. Cal. Aug. 28, 2018) (denying motion to bifurcate plaintiff's *Monell* claim, reasoning "[t]he use of limiting instructions has been recognized as an effective manner to prevent the jury's consideration of prejudicial evidence"); *see, e.g.*, *Rosa v. Town of East Hartford*, 2005 WL 752206 at 4 (D. Conn 2005). Courts generally presume that a jury follows the instructions given to it. *Weeks v. Angleone*, 528 U.S. 225, 234 (2000); *Zafiro v. United States*, 506 U.S. 534, 541 (1993); *United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir. 1980); *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 897 (N.D. Ill 2000). There will be clear jury instructions regarding the requirements for each claim, and identifying who is bringing the claim and who the claim is being brought against. There will be a clear verdict form with each question indicating which claim it relates to.

Evidence against Defendant City is also relevant to such issues as the Officers' training, and therefore their motives, intent, and credibility. Accordingly, Defendants have failed to show any unfair prejudiced or confusion unless bifurcation was granted. On the other hand, Plaintiff who could suffer undue prejudice if bifurcation were granted. *See Green*, 226 F.R.D. at 631 (finding that courts should consider the potential for undue prejudice to the parties). First, bifurcation of the trial will increase the costs of litigation as Plaintiff will be forced to conduct two trials. By increasing the time and expense of presenting this case to the jury, bifurcation would cut across the remedial purposes behind §1983 by making it more difficult to address systematic problems in the City's police department. *Owensby v. City of Cincinnati*, 385 F.Supp. 2d 626, 667 (S.D. Ohio 2004) (bifurcation, in practice, may prevent a City from ever standing trial for any

purported constitutional violation and from suffering a concomitant award of damages for its role in the cumulative malfeasance).

Courts have recognized the importance of obtaining a verdict against the municipality to reform patterns and practices that lead to constitutional violations. In *Amato v. City of Saratoga Springs*, 170 F.3d 311, 317-18 (2d Cir. 1999), the Second Circuit stated, a judgment against a municipality holds that entity responsible for its actions and inactions, encourages positive municipal reform, and alerts the municipality and its citizenry to the issues.

Plaintiff also has concern with respect to bifurcation, and that reflects the pressure – conscious or unconscious – that bifurcation exerts on juror psychology during the first phase of the trial. In a bifurcated trial, a jury may realize (or it may even be suggested to them by counsel) that if they return a verdict for defendants, then they will not have to come back to court for the next phase. In other words, bifurcation rewards jurors who return a defense verdict with an early release from jury duty and punishes those who return a plaintiff's verdict by requiring them to stay for additional days of trial. This is compounded when facing three phases of trial. For these reasons, trifurcation poses an substantial risk of prejudice to Plaintiff.

### B.    Plaintiff Agrees to Bifurcate Punitive Damages Calculation.

Defendants also seek to try the calculation of punitive damages in a separate phase. Plaintiff is not opposed to that proposal.

## IV.    CONCLUSION

Plaintiff does not oppose bifurcation of the amount of punitive damages but oppose bifurcation of *Monell*. The Court may bifurcate damages, in which case, ordering four phases of trial is a waste of time and unfairly prejudicial. Thus, Plaintiff respectfully request that the Court deny Defendants' Motion *in Limine* to trifurcate trial into separate phases. (Doc. 63.)

Respectfully Submitted,

DATED: February 23, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: _____*/s/* Marcel F. Sincich_____
Dale K. Galipo, Esq.
Trenton C. Packer, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiff*