**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>            Plaintiff,<br><br>  vs.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 5:23-cv-00589-JGB-SP<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge Sheri Pym]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE ROGER CLARK FROM TESTIFYING [DOC. 64]**<br><br>**FPTC/Hearing on Motions *in Limine*:**<br>Date:   March 16, 2026<br>Time:   2:00 p.m.<br>**Jury Trial**<br>Date:   April 7, 2026<br>Time:   09:00 a.m.<br>Courtroom 1, 3470 Twelfth Street, 2nd Floor, Riverside, California |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort lawsuit arises out of the use of excessive and unreasonable force against Plaintiff Henry Barnhill by the Defendant officers. Plaintiff's police practices expert, Roger Clark, concluded that the Defendant officers' use of force was inappropriate and unnecessary under the circumstances, and violated basic Peace Officer Standards and Training (POST) standards. These conclusions are well within Mr. Clark's area of expertise. Defendants now move to exclude Mr. Clark's testimony at trial with ad hominem attack, irrelevant assertions, and argument that is suited for cross examination not exclusion. (Doc. 64.) Barnhill opposes Defendants' Motion.

## II. LEGAL STANDARD

The gatekeeping requirement of *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993), is to ensure the reliability and relevancy of expert testimony; "employ[ing] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 152 (1999). The Court must assess (1) the expert's qualification to present the opinions offered, (2) "whether the reasoning or methodology underlying the testimony is scientifically valid," and (3) "whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 591-92. When assessing an expert's qualification to present his opinions offered, courts look to the Federal Rules of Civil Procedure, Rule 702 and Federal Rules of Evidence, Rule 703. *Id.* at 592.

Rule 702 provides, in relevant part, that an expert qualified by knowledge, training or experience may testify as to opinions if (a) within the expert's specialized knowledge and helpful to the jury, (b) based on sufficient facts, (c) the product of reasonable principals and methods, and (d) reliability applies those

principles and methods to this matter. Pursuant to Rule 703, an expert may base an opinion on facts in the case that the expert has been made aware of.

Although expert opinion must be reliable, a trial judge has the discretion "both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted." *Kumho Tire Co., Ltd.*, 526 U.S. at 152. Defendant cannot use this standard to exclude an expert's opinions just because they disagree with the expert or the opinions are unfavorable to his position; instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595. Defendant's "recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of [their] own expert witnesses." *Humetrix v. Gemplus*, 268 F.3d 910, 919 (9th Cir. 2001). Indeed, Defendants have retained their own police practices expert and intend to proffer expert testimony that the Defendant officers used reasonable force.

### III. ARGUMENT

#### A. Roger Clark's Knowledge, Experience, Training, and Education

Experts are qualified by knowledge, experience, skill, training, or education. Fed. R. Evid. 702. Mr. Clark is a twenty-seven-year veteran of the Los Angeles County Sheriff's Department, earning rank of Lieutenant; holds a California Peace Officer Standards and Training ("POST") Advanced Certificate; graduated from the POST Command College; and has extensive experience in excessive force cases. Mr. Clark has testified as an expert on the use of force and police tactics in several jurisdictions around the country and in both state and federal courts. Mr. Clark has been recognized as an expert on the use of force and police practices on numerous occasions. Further, Mr. Clark's opinions are based on his study of POST. His obvious qualifications are cited in his Rule 26 Report. (Exh. 1, Rule 26 Report of Roger Clark ("Clark Report"), at 25-33).

Mr. Clark's qualification as an expert is based on more than sufficient knowledge, skill, experience, training, and education in the field of police practices. Mr. Clark has over 50 years of experience, including 27 years in the Los Angeles County Sheriff's Department where he underwent a plethora of pertinent training courses and 23 years as a Police Procedures Consultant where he continued his education and training. Mr. Clark is a POST Command College graduate, has a POST Management Certificate, and Advanced POST certification. Mr. Clark was a field training officer while assigned as a patrol deputy and trained new officers in POST and department approved patrol procedures, field investigations, apprehension techniques, and emergency procedures. As a Sergeant and Lieutenant, Mr. Clark served on the training staff of the LASD's Patrol School which taught the POST accepted patrol tactics investigation, and apprehension methods.

Furthermore, Mr. Clark has consulted on over one thousand cases regarding use of force and police practices. Mr. Clark has been recognized as an expert in police practices and cited approvingly in judicial decisions on numerous occasions, including by the Ninth Circuit. *See, e.g., Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007) (Mr. Clark's expert report was quoted approvingly by the United States Court of Appeals for the Ninth Circuit as an expert in Police Administration, Discipline and Use of Force, wherein the court noted that Mr. Clark is a former sergeant and lieutenant with twenty-seven years of experience in the Los Angeles County Sheriff's Department); *Torres v. City of Los Angeles*, 540 F.3d 1031, 1042-43 (9th Cir. 2008); *Nelson v. City of Davis*, 685 F.3d 867, 879 (9th Cir. 2012); *A.K.H by and through Landeros v. Chula Vista Police Dept.*, 2010 WL 685014, at *5 (S.D. Cal. Feb. 28, 2010) ("Based upon Clark's report and the submissions of the parties, the Court concludes that Clark's opinions are sufficiently relevant and reliable to meet the standard of Rule 702.").

B.     **Roger Clark's Opinions Are Relevant and Reliable**

Mr. Clark has the experience and training to opine in this matter regarding the known and trained standards for the use of force, tactics, training, and supervision of officers. All these topics, as outlined in Mr. Clark's report, are covered by POST, and reliably based on sufficient facts and data from the materials reviewed, including depositions, City policies and training, interviews of officers, photographs of the scene, City reports and logs, body-worn camera and surveillance videos, discovery documents, and pertinent POST Learning Domains. (Exh. 1, Clark Report at 2-3).

Furthermore, Mr. Clark has been recognized as an expert in police practices and cited approvingly in judicial decisions on numerous occasions within the last fifteen years. *See*, *e.g.*, *V.V. v. City of Los Angeles*, No. 2:21-CV-01889-MCS-PD, 2022 WL 3598167, at *4 (C.D. Cal. July 6, 2022) (permitting Mr. Clark's opinions regarding officer conduct comporting with training and practices); *Est. of Elkins v. Pelayo*, No. 1:13-CV-1483AWI SAB, 2022 WL 1123117, at *3 (E.D. Cal. Apr. 14, 2022) (finding Mr. Clark to be a qualified police practices expert that may testify about appropriate weapons, tactics, force options and strategies, and offer opinions about whether the force comported with or deviated from applicable police standards and practices); *Bermudez v. Cnty. of San Bernardino*, No. EDCV20438 JGB SHKx, 2021 WL 6618857, at *7 (C.D. Cal. Dec. 6, 2021) ("Mr. Clark's resumé and report clearly establish his expertise in police procedures."); *Barillas v. City of Los Angeles*, No. CV1808740 CJC ASx, 2021 WL 4434977, at *11 (C.D. Cal. Apr. 12, 2021) (Mr. Clark's testimony is admissible as a qualified police-practices expert regarding whether officers acted in conformity with POST); *Magana v. City of Los Angeles*, No. 219CV03631 CAS AGRx, 2021 WL 809402, at *3 (C.D. Cal. Mar. 1, 2021) ("Clark may opine as to POST standards and whether [officer] actions comported with those standards."); *see also Lopez v. Chula Vista Police Dept.*, 2010 WL 685014, at *5

(S.D. Cal. Feb. 28, 2010) ("the Court concludes that Clark's opinions are sufficiently relevant and reliable to meet the standard of Rule 702.").

The Ninth Circuit has also recognized Mr. Clark as an expert on police practices and use of force in the last twenty years. *See A. K. H by and through Landeros v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016); *Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007) (Mr. Clark's expert report quoted approvingly as an expert in Police Administration, Discipline and Use of Force). Mr. Clark's opinions regarding proper police training on use of force and tactics are well within his area of expertise. Courts have routinely rejected similar challenges to testimony by Mr. Clark. *See*, *e.g.*, *Shelton v. Brandon*, No. 4:19-CV-23, 2022 WL 1811389, at *2 (E.D. Tenn. Mar. 22, 2022) ("Neither party disputes that Clark is qualified to opine on police practices"); *Olson as Next Friend of H.J. v. City of Burnet, Texas*, No. A-20-CV-00162-JRN, 2021 WL 1289376, at *2 (W.D. Tex. Feb. 26, 2021) ("The Court agrees with Plaintiffs that, in general, Clark is qualified to testify as an expert. Clark's three decades in and around the field of law enforcement qualifies him by "knowledge, skill, experience, training, or education" to testify about police practices and procedures in general."); *Godinez v. Huerta*, No. 16-CV-0236-BAS-NLS, 2018 WL 2018048, at *3 (S.D. Cal. May 1, 2018) ("Mr. Clark's experience as a police officer and with police practices and training qualifies him as an expert"); *Conan v. City of Fontana*, No. EDCV 16-1261-KK, 2017 WL 8941499, at *10 (C.D. Cal. Oct. 6, 2017) (denying defendants' motions *in limine* to exclude Roger Clark); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1196-97 (C.D. Cal. 2015) (in context "it is clear that Clark is not attempting to state the law, correctly or otherwise; rather, Clark is opining that, in light of the training the defendant officers received, 'decedent's behavior did not justify any use of physical force.'"); *Giles v. Ludwig*, No. 12-CV-6746, 2014 WL 12775459, at *2 (N.D. Ill. Aug. 29, 2014) (finding "Clark is

qualified and his opinions are sufficiently reliable under *Daubert* to be presented at trial.").

### C. Roger Clark's Opinions Will Be Helpful to the Jury

Mr. Clark's opinions are based on a review of objective and investigatory records showing that Barnhill was not a threat at the time the officers used force against him, including deploying the Taser, striking Mr. Barnhill on the back of the head with the taser, and smashing Barnhill's face into the ground.

It is expected that Mr. Clark will testify as to the POST standards, and police officer standards and training with respect to tactics, the use of force, including deadly force (*see* Plaintiff's Opposition to Defendants' Motion *in limine* No. 4), and whether the actions of Defendants in this case violated the POST standards or were inconsistent with Peace Officer Standards and Training. Mr. Clark may also be asked hypothetical questions based on the facts of this case. Mr. Clark's opinions on these matters are based on review of sufficient facts and date, relying on his decades of training and experience, that will assist the jury in determining the issues in this matter. Mr. Clark's opinions on these matters are based on review of sufficient facts and data, relying on his decades of training and experience, that will assist the jury in determining the issues in this matter. Any concern Defendants have about whether Mr. Clark's opinions are based on a faulty assumption can be addressed by the use of hypothetical questioning based on fact patterns with an evidentiary basis. *See Godinez v. Huerta*, 2018 WL 2018048, at *6 & n.3 (S.D. Cal. May 1, 2018).

### D. Ultimate Issue Opinions Should Be Applied Equally to Both Parties

The Court should reject Defendants' attempt to label Mr. Clark's opinions as legal conclusions. (Doc. 64 at 13-14.) Mr. Clark makes no legal conclusions. He uses terms that may overlap with legal terms such as "inappropriate,"

"unnecessary," and "excessive and unreasonable," but he uses these terms as defined by basic officer training and POST (Clark's Report at 7, 23.)

"Expert testimony on police practices and the use of force has generally been found to be admissible in cases involving allegations of police misconduct." *Lopez*, 2010 WL 685014, at *1; *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc) ("Discussing whether the officers' conduct comported with law enforcement standards, the expert relied upon California's Peace Officer Standards and Training…. A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable."); *Larez v. City of Los Angeles*, 946 F.2d 630, 635 (9th Cir. 1991) (finding that testimony of "an expert on proper police procedures and policies" was relevant and admissible); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1484-85 (9th Cir. 1991) (testimony of plaintiffs' police practices expert that officers violated law enforcement standards properly received.)

Courts have routinely held that police experts, specifically Mr. Clark, "can permissibly testify about whether [an officer's] conduct comported with applicable procedures and policies on the day of the incident, which does not constitute a legal opinion or conclusion." *Godinez*, 2018 WL 2018048, ay *6; *see also Smith*, 394 F.3d at 703 (9th Cir. 2005).

Thus, this portion of Defendants' motion should be denied. However, should the Court find that certain opinions do stray into the territory of legal conclusions, Plaintiff has no objection to both police practices experts refraining from giving ultimate issues or legal opinions. However, Mr. Clark should be allowed to testify as to the training and POST standards regarding the use of force and tactics, as trained to law enforcement officers, and whether any of these uses of force were appropriate based on POST standards.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion *in Limine* to exclude Roger Clark from testifying.

Respectfully Submitted,

DATED: February 23, 2026         **LAW OFFICES OF DALE K. GALIPO**
                                 **GRECH, PACKER, & HANKS**

                                 By: ___/s/  *Marcel F. Sincich*___
                                    Dale K. Galipo, Esq.
                                    Trenton C. Packer, Esq.
                                    Marcel F. Sincich, Esq.
                                    *Attorneys for Plaintiff*