**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 5:23-cv-00589-JGB-SP<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge Sheri Pym]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE PLAINTIFF'S EXPERT DR. TANNENBAUM [DOC. 65]**<br><br>**FPTC/Hearing on Motions *in Limine*:**<br>Date:   March 16, 2026<br>Time:   2:00 p.m.<br>**Jury Trial**<br>Date:   April 7, 2026<br>Time:   09:00 a.m.<br>Courtroom 1, 3470 Twelfth Street, 2nd Floor, Riverside, California |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort lawsuit arises out of the use of excessive and unreasonable force against Plaintiff Henry Barnhill by the Defendant Officers.

Plaintiff's ophthalmology expert, Dr. Dana Tanenbaum, concluded that Barnhill had an unremarkable prior ocular history, and thus "[h]is current condition is a direct result of the blunt force trauma sustained during his arrest by the Hemet Police Department" and provided her medical opinions as a board-certified ophthalmologist as to the relationship between Barnhill's eye injury and his symptoms. (Exh. 2, Dr. Dana Tannenbaum's Expert Report). These conclusions are well within Dr. Tannenbaum's area of expertise and reliably based on her review of Barnhill's medical records. Defendants move to exclude Dr. Tannenbaum from testifying. (Doc. 65.) Barnhill opposes Defendants' Motion.

## II. LEGAL STANDARD

The gatekeeping requirement of *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993), is to ensure the reliability and relevancy of expert testimony; "employ[ing] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). The Court must assess (1) the expert's qualification to present the opinions offered, (2) "whether the reasoning or methodology underlying the testimony is scientifically valid," and (3) "whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 591-92. When assessing an expert's qualification to present his opinions offered, courts look to the Federal Rules of Civil Procedure, Rule 702 and Federal Rules of Evidence, Rule 703. *Id.* at 592.

Rule 702 provides, in relevant part, that an expert qualified by knowledge, training or experience may testify as to opinions if (a) within the expert's specialized knowledge and helpful to the jury, (b) based on sufficient facts, (c) the

product of reasonable principals and methods, and (d) reliability applies those principles and methods to this matter. Pursuant to Rule 703, an expert may base an opinion on facts in the case that the expert has been made aware of.

Although expert opinion must be reliable, a trial judge has the discretion "both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted." *Kumho Tire Co., Ltd.*, 526 U.S. at 152. Defendant cannot use this standard to exclude an expert's opinions just because they disagree with the expert or the opinions are unfavorable to his position; instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595. Defendant's "recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of [their] own expert witnesses." *Humetrix v. Gemplus*, 268 F.3d 910, 919 (9th Cir. 2001).

### III.  DR. TANNENBAUM'S EXPERTISE SUPPORTS HER OPINIONS

Dr. Tannenbaum has extensive experience and is well qualified to render opinion in this matter. Since 2003, Dr. Tannenbaum has been a physician at A Center For Vision Care, in Burbank, California. Dr. Tannenbaum has nine (9) years of experience as a consultant for the Southern California College of Optometry in Los Angeles and nine (9) years of experience as a professor and clinical instructor of ophthalmology at the Jules Stein Eye Institute, University of California. Prior to them, Dr. Tannenbaum earned a Diploma of Health Sciences, was on the McGill University Faculty of Science, became a Doctor of Medicine; did an Internal Medicine Internship, Ophthalmology Residency, and Glaucoma Fellowship. Dr. Tannenbaum is a Board-Certified Ophthalmologist and has been licensed to practice medicine since 1998 in California. Dr. Tannenbaum is a member of the American Glaucoma Society, California Academy of Ophthalmology, American Academy of Ophthalmology, and American Society of

Cataract and Refractive Surgery. Dr. Tannenbaum has several editorial and advisory board appointments, received several honors and awards in her field of expertise, has eighteen (18) years of teaching experience, and a dozen publications in her name. Dr. Tannenbaum has also served as an expert witness for twenty (20) years. Ophthalmology is the branch of medicine that deals with the diagnosis and treatment of the eye, including its anatomy, structure, functions, and related disorders. Defendants cannot challenge Dr. Tannenbaum's expertise.

As relevant to Dr. Tannenbaum's opinions, Barnhill suffered severe and permanent injury to his eye, including persistent pain and loss of vision, blowout fracture of the right orbit, persistent hypoesthesia and neuropathic pain due to damage to the infraorbital nerve, injuries requiring surgical repair of the orbital floor. Barnhill now suffers from persistent diplopia, persistent double vision, and permanent loss of peripheral vision in his right eye. It is expected that Dr. Tannenbaum will testify to the nature and extent of Barnhill's eye injuries, the cause of Barnhill's eye injuries, and the effects that the eye injuries have on his life, supported by the objective record and based on Dr. Tannenbaum's many years of experience as an ophthalmologist. Dr. Tannenbaum's opinions will assist the jury in determining the extent of Mr. Barnhill's injuries and damages. Any concern Defendants have about whether Dr. Tannenbaum's opinions are based on a faulty assumption can be addressed using hypothetical questioning based on fact patterns with an evidentiary basis. *See Godinez v. Huerta*, 2018 WL 2018048, at *6 & n.3 (S.D. Cal. May 1, 2018). Thus, Dr. Tannenbaum should not be excluded.

### IV. DR. TANNENBAUM'S OPINIONS ARE BASED ON SUFFICIENT FACTS AND DATA

Dr. Tannenbaum's opinions are based on sufficient facts and data. Fed. R. Evid. 702. Here, Dr. Tannenbaum evaluated this matter after review of (1) Plaintiff's medical records from Riverside University Health System; (2) Plaintiff's medical records from Seni Eye Center; (3) Hemet Police Department

booking record; (4) Hemet Police body-worn camera video footage, (5) Hemet Police Department photographs; and (6) Count of Riverside records.

These records, photographs, and videos showed, as Dr. Tannenbaum observed, Barnhill without any apparent injury being tackled, face shoved forcefully, violently thrown to the ground and kneed to the face, and his face slammed against the ground followed by blood spatter. Thereafter, Barnhill was transported to the Riverside University Health System hospital where he was diagnosed with a blowout fracture of the right orbit, amongst other things. All of Barnhill's eye injury symptoms, diagnoses, treatment, and prognoses are documented in his medical records reviewed by Dr. Tannenbaum.

Defendants argue that because Dr. Tannenbaum did not personally examine Barnhill, she lacks support to provide testimony. (Doc. 65 at 8:4-5, 8:15-18.) This argument must fail. Rule 703 permits experts to "base an opinion on facts or data in the case **that the expert has been made aware of** or personally observed." Fed. R. Evid. 703 (emphasis added); *see Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010) (fact that doctor never "saw or talked to" plaintiff was not an "adequate basis for excluding [doctor's] opinion."). Dr. Tannenbaum reviewed the expansive factual record in this case, including body worn camera footage of the incident, medical records, and photographs, and bases her opinions on her review of the record, as well as her medical education and experience. (Exh. 2.) The materials Dr. Tannenbaum reviewed were sufficient to render reliable opinions. "When an expert meets the threshold established by Rule 702 as explained in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony." *Primiano*, 598 F.3d at 565.

## V. DR. TANNENBAUM'S OPINIONS ARE RELIABLE AND ADMISSIBLE

Here, Dr. Tannenbaum will provide expert opinion based on her expertise and review of the documents with a reasonable degree of medical certainty as a

board-certified ophthalmologist. Dr. Tannenbaum's opinions include the following: (i) the orbital fracture and parieto-occipital hematoma sustained by Barnhill are a direct result of the blunt force trauma suffered during this incident; (ii) these injuries are the primary causes of Barnhill's persistent pain and loss of peripheral vision; (iii) Barnhill's persistent hypoesthesia and neuropathic pain is due to the damage to the infraorbital nerve sustained at the time of the orbital blowout fracture; (iv) what these injuries could lead to; (v) the cause of Barnhill's diplopia; (vi) the impact of Barnhill's injuries on daily living activities; (vii) how the brain is critical for visual processing; (viii) that Barnhill's vision loss here is consistent with homonymous hemianopia; (ix) the impact of an impaired visual field; (x) Barnhill documented pain from his injuries and the impact on his daily life contributed to his clinical depression; and (xi) the impaired vision and impaired spatial orientation causes Barnhill to struggle with depth perception which leads to difficulties with eye-hand coordination, clumsiness, and challenges performance of routine tasks.

  All of Dr. Tannenbaum's opinions are within her field of expertise and experience in treating patients for decades for eye related injuries. As an expert in the anatomy, structure and function of the eye, given the video evidence and Barnhill's objective medical records, Dr. Tannenbaum's opinions will be helpful to the jury in determining how the injuries occurred. In other words, Dr. Tannenbaum can testify as to the cause of injury, which is supported by evidence and opinions based on a reasonable degree of medical certainty.

  Lastly, Defendants argue that because Mr. Barnhill is currently incarcerated, Dr. Tannenbaum may not be permitted to testify related to recommendations for treatment are irrelevant because they may not be possible in a prison setting. However, Defendants provide no support for what recommendations, if any, would be impossible for Defendant to receive while incarcerated. While Defendants argue "Dr. Tannenbaum does not know the effect

of Plaintiff's potential inability to receive her treatment recommendations over the next several years on Plaintiff's overall prognosis" (Dkt. 65 at 10:1-3), they fail to establish their own knowledge as to this alleged impossibility. This argument is without legal and factual support, and the Court need not consider it. *Wrotten v. USAA General Indemnity Co.*, 535 F. Supp. 3d 880, 885 n.46 (D. Alaska 2021) (failure to develop argument beyond a "single conclusory statement and two broad legal citations…. is too underdeveloped to address.") and citing *Hibbs v. Dep't of Hum. Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (declining to consider argument contained in single sentence because it was "too underdeveloped to be capable of assessment"); *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n.8 (9th Cir. 2014) (Declining to address an "underdeveloped argument, which is not supported by citations to the record, argument or any legal authority.").

## VI. DR. TANNENBAUM'S TESTIMONY IS NOT DUPLICATIVE AND HAS INDEPENDENT PROBATIVE VALUE

Defendants argue that Dr. Tannenbaum's opinions should be excluded because they are duplicative of Plaintiff's medical expert Dr. O'Connor.[1] Yet, Defendants fail to point out what, if any, of Dr. O'Connor's opinions would be duplicative. Defendants present no evidence that Dr. O'Connor will testify as to Dr. Tannenbaum's opinions listed above. Thus, Defendants vague and conclusory motion should be denied in full.

Nevertheless, some overlap in facts as foundation for opinions is not unduly prejudicial. Plaintiff's experts are not expected to testify as to the same topics, as reflected in their reports. Defendants even provide citation to a case that allows two medical experts on the issues of causation and prognosis. (Mot. at 5:28-6:3 (citing *Mankins v. United States*, 2013 U.S. Dist. LEXIS 131339, at *6-8 (C.D.

---

[1] Notably, Defendants do not seek to exclude or limit any of Dr. O'Connor's opinions or testimony.

Cal. Sept. 9, 2013).) Plaintiff has only two retained medical experts, who do not significantly overlap in their opinions.

Defendants' arguments also fail regarding whether it would be misleading for Plaintiff to have multiple medical experts who disagree with Defendants' sole medical expert. Again, Defendants conclusory arguments fail as they offer no evidence to support their contention. Defendants did not disclose any medical experts in the initial expert disclosures. Instead, Defendants disclosed a single rebuttal expert, apparently with the intent to rebut both of Plaintiff's experts.

Dr. Tannenbaum is a board-certified ophthalmologist with over twenty years of experience. She has received numerous awards, taught courses and invited lectures, and authored numerous publications in the field of ophthalmology. Dr. Tannenbaum has been recognized as an expert in cases regarding the effects of eye injuries on numerous occasions. Dr. Tannenbaum's opinions are based on her training and experience as a board-certified ophthalmologist and all her opinions are related to Barnhill's eye injuries. The testimony Dr. Tannenbaum intends to offer varies from Dr. O'Connor's opinions; their expertise differs. Dr. O'Connor is an emergency medical physician who intends to offer opinions as to the presence of Barnhill's injuries and the causative mechanisms of said injuries to a reasonable degree of medical certainty. Dr. Tannenbaum's testimony is specific. As a board-certified ophthalmologist, Dr. Tannenbaum's opinions focus on the blowout fracture of the right orbit, as well as damage to the infraorbital nerve sustained at the time of his orbital blowout fracture. Thus, while Dr. O'Connor may provide opinions as to the existence of the blowout fracture of the right orbit, Dr. Tannenbaum can and will opine in detail as to the extent of Barnhill's eye injuries relationship between Barnhill's eye injuries and the persistent pain and loss of peripheral vision in his left eye. Dr. Tannenbaum's opinions as to Mr. Barnhill's eye injuries are specific and detailed; none of which are contained in Dr. O'Connor's report. Therefore, Dr.

Tannenbaum's testimony is not cumulative and should not be excluded on those grounds.

**VII. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion *in Limine* to exclude Dr. Tannenbaum from testifying.

Respectfully Submitted,

DATED: February 23, 2026    **LAW OFFICES OF DALE K. GALIPO**
   **GRECH, PACKER, & HANKS**

By: ___/s/___ Marcel F. Sincich___
   Dale K. Galipo, Esq.
   Trenton C. Packer, Esq.
   Marcel F. Sincich, Esq.
   *Attorneys for Plaintiff*