Eugene P. Ramirez (State Bar No. 134865)
    *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
    *andrea.kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF RIVERSIDE and Deputy DAVID ANDERSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL;<br><br>       Plaintiff,<br><br>    v.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, Inclusive,<br><br>       Defendant. | Case No. 5:23-cv-00589-JGB-SP<br><br>**DEFENDANTS COUNTY OF RIVERSIDE AND DEPUTY DAVID ANDERSON'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>PTC:    January 12, 2024<br>Time:   1:00 p.m.<br>Crtrm.: Courtroom 2, 2nd Floor<br><br>TAC filed:    April 1, 2021<br>Trial Date:   January 29, 2024 |

**TO THIS HONORABLE COURT AND THE PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:** Defendants CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING ("Defendants") hereby submit the following Memorandum of Contentions of Fact and Law, pursuant to Federal Rule of Civil Procedure 16; United States District Court, Central District of California Local Rule 16-4 *et seq.*; and the applicable Orders of the Court.

1    Defendants reserve the right to amend this memorandum.

2

3    DATED:  February 23, 2026        **MANNING & KASS**

4                                     **ELLROD, RAMIREZ, TRESTER LLP**

5

6                                     By:    /s/ *Andrea Kornblau*

7                                            Eugene P. Ramirez

8                                            Andrea Kornblau

                                             CITY OF HEMET; OFFICER BRETT

9                                            MAYNARD; OFFICER JOSHUA

                                             BISHOP; OFFICER PEDRO AGUILA;

10                                           CORPORAL DOUGLAS KLINZING

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANNING | KASS

DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW

1

**<u>TABLE OF CONTENTS</u>**

2

<u>Page</u>

3    1.    OVERVIEW OF DEFENDANTS' FACT CONTENTIONS. .......................... 1

4    2.    OVERVIEW OF DEFENDANTS' CONTENTIONS OF LAW. ..................... 2

5    3.    CLAIMS AND DEFENSES. ................................................................. 3

6        A.    Plaintiffs' Operative Claims ................................................... 3

7        B.    Elements Required to Establish Plaintiffs' Operative Claims. .............. 4

8    4.    OPERATIVE PLEADINGS. ................................................................. 13

9        A.    Abandoned Claims. ............................................................... 13

10   5.    JURY TRIAL. .................................................................................. 13

11   6.    ADMITTED AND STIPULATED FACTS. ............................................. 13

12       A.    Admitted Facts. .................................................................... 13

13       B.    Stipulated and Uncontroverted Facts. ..................................... 14

14   7.    PENDING OR CONTEMPLATED LAW AND MOTION MATTERS. ........ 14

15       A.    Defendants' Motions. ............................................................ 14

16       B.    Plaintiffs' Motions. .............................................................. 16

17       C.    Other Law and Motion Matters ............................................... 17

18   8.    BIFURCATION OF ISSUES FOR TRIAL. ............................................ 17

19   9.    USE OF ELECTRONICS AND EQUIPMENT IN COURTROOM. ............ 18

20

21

22

23

24

25

26

27

28



MANNING | KASS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>FEDERAL CASES</u>

*Boyd v. City and County of San Francisco*
  576 F.3d 938 (9th Cir. 2009)...........................................................................17

*Graham v. Connor*
  490 U.S. 386 (1989) ...........................................................................................4

## <u>STATE CASES</u>

*Brown v. Ransweiler*
  171 Cal.App.4th 516 (2009).............................................................................4

*Edson v. City of Anaheim*
  63 Cal.App.4th 1269 (1998).............................................................................4

*Hayes v. County of San Diego*
  57 Cal.4th 622 (2013)......................................................................................17

*Martinez  v. County of Los Angeles*, 47 Cal. App. 4th 334, 349-350 (1996)..............4

## <u>STATUTES</u>

Cal. Gov. Code § 815.2 ............................................................................................3

Civil Code §51.7 ....................................................................................................13

Civil Code §52.1 ...............................................................................................4, 10

## <u>FEDERAL STATUTES</u>

Fed. R. Civ. P. Rule 26 ..........................................................................................17

Fed. R. Civ. P. Rule 30(b) ........................................................................................9

Fed. R. Civ. P. Rule 50 ..........................................................................................12

Fed. R. Evid. 401 .............................................................................................15, 16

Federal Rule Evidence 702....................................................................................15

**DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW**

**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

**1.    OVERVIEW OF DEFENDANTS' FACT CONTENTIONS.**

On April 29, 2022, at approximately 7:30 a.m., Officer Brett Maynard responded to the McSweeny Elementary School located at 451 W. Chambers Ave. in the City of Hemet, County of Riverside, in reference to a call for service regarding an assault with a deadly weapon. The reporting party/victim informed Hemet Police Dispatch that her boyfriend, Henry Barnhill, pointed a firearm at her face the night before and was waiting for her outside the school in a vehicle.

Officer Maynard arrived in the area at approximately 7:45 a.m. in a marked Hemet Police Department vehicle. Within seconds, he observed Barnhill's vehicle parked on the north side of Chambers Avenue near the intersection with South Gilbert Street.

Ofcs. Aguila and Bishop arrived and attempted a felony traffic stop using marked Hemet Police Department vehicles and forward facing solid red lamps. Ofc. Maynard watched as the suspect vehicle started and fled from the stop at a high rate of speed. Ofc. Maynard  broadcasted over the police radio that the vehicle was "taking off". Ofcs. Bishop and Aguila initiated a pursuit in a marked police vehicle and Ofc. Maynard followed.

Barnhill evaded both marked police vehicles despite said marked vehicles using forward facing red lamps and audible sirens. During the pursuit, Cpl. Reynoso broadcasted over the radio that Barnhill was believed to have access to a semi-automatic firearm and was a violent felon.

Barnhill stopped his vehicle in the area of Gardenia Circle and Magnolia Circle and fled from the vehicle on foot as officers stopped their vehicles close behind him. Ofc. Maynard could see Barnhill was wearing an oversized, dark hooded sweatshirt which concealed his waistband.  Ofc. Maynard exited his vehicle and observed Barnhill reach both of his hands toward the front of his waistband.

1  Ofc. Maynard became fearful that Barnhill was attempting to produce a firearm.

2      Ofc. Maynard chased Barnhill on foot and gave commands for Barnhill to
3  show his hands as Barnhill ran onto the property of a residence located at 354
4  Gardenia Circle. Barnhill ignored the commands and continued running toward the
5  front door of the residence.

6      Ofc. Maynard  attempted to grab Barnhill's right wrist with his left hand, but
7  Barnhill pulled his hand away and struck Ofc. Maynard. Ofc. Maynard believed
8  Barnhill was trying, again, to retrieve a firearm from underneath his clothing and
9  struck Barnhill in an effort to prevent Barnhill from reaching for the firearm.

10     Barnhill continued to resist the officer's efforts. Ofc. Bishop deployed his
11 TASER. However, the deployment was ineffective. Barnhill pulled his hand
12 underneath his body. The officers continued to try to grab his arms while telling him
13 to put his hands behind his back but Barnhill continued to actively resist.

14     Corporal Klinzing arrived on scene and ran up to the front door of the
15 residence to assist. The officers were finally able to secure Barnhill in handcuffs.

16     During the search of the victim's residence, assisting officers located a loaded
17 and unserialized "Polymer80" firearm in the bedroom in plain view on the nightstand..

18 **2.    OVERVIEW OF DEFENDANTS' CONTENTIONS OF LAW.**

19     Defendants' contentions of law (ultimate issue contentions) are as follows:

20 A.    The defendant officers had probable cause to effect an arrest of plaintiff
21        after he . . .  42 U.S.C. § 1983 unlawful detention/arrest claim.*[1]

22 B.    The use of force by the defendant officers was objectively reasonable
23        under the totality of the circumstances from the perspective of a
24        reasonable peace officer and did not violate Plaintiff's clearly established
25        constitutional rights of which a reasonable officer would have known –

26

27 _____

28 [1] All claims noted by an asterisk have been effectively abandoned by plaintiffs failure to oppose
defendants' motion for summary judgment on each claim/issue [*See* Doc. 91.]

**DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW**

so as to require judgment for defendants for all of plaintiffs' operative use of force claims (42 U.S. § 1983 excessive force, and California state law battery, and negligence claims).

C..    The defendant officers did not act with the specific intent to violate Plaintiff's constitutional or statutory rights, including the right to be free from unreasonable seizures, so as to require judgment on plaintiffs' claim for violation of the Bane Act.

G.    Defendant City of Hemet did not have a policy, practice, or custom, an inadequate training program, or ratification by a final policymaker that caused a constitutional violation of the decedent, and, absent any constitutional violation by its officers, there can be no *Monell* liability, so as to require judgment for plaintiffs' *Monell* claims.

H.    The defendant officers' use of force was not malicious, oppressive, or in reckless disregard of the rights of Plaintiff so as to require judgment on Plaintiff's claim for punitive damages against the defendant officers.

K.    Defendant City of Hemet is entitled to judgment for each of Plaintiff's state law claims, as each Defendant Officer is not liable and there is no basis for respondeat superior liability against the City pursuant to Cal. Gov. Code § 815.2(a).*

3.    **CLAIMS AND DEFENSES.**

A.    **Plaintiffs' Operative Claims**

In light of the applicable Orders of the Court, and abandonment of claims by Plaintiffs, the following are the remaining-operative claims at issue:

1.    A claim for **Unreasonable Search and Seizure – Excessive Force** pursuant to 42 U.S.C. § 1983 in violation of the Fourth Amendment to the United States Constitution by plaintiffs against OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING.

3

2.      A claim for **Violation of 42 USC § 1983 – Municipal Liability** based on Unconstitutional Custom, Practice, or Policy.

3.      A claim for **Violation of 42 USC § 1983 – Municipal Liability** based on Failure to Train.

4.      A claim for **Violation of 42 USC § 1983 – Municipal Liability** based on Ratification.

5.      A claim for Battery (by a peace officer) in violation of California State Law.

6.      A claim for Negligence in violation of California State Law.

7.      A claim for **Violation of the Bane Act** pursuant to California Civil Code §52.1 and §815.2(a) of the California Government Code.

8.      A claim for **Punitive Damages** by plaintiffs against Defendant Officers.

**B.      Elements Required to Establish Plaintiffs' Operative Claims.**

In addition to other pertinent instructions on the operative law as may be proffered to the Court by the parties, the following are the essential elements for proving plaintiffs' operative claims by a preponderance of the evidence.

1.      **Plaintiff's Excessive Force Claim (First Cause of Action for § 1983 Excessive Force[2]).**

a.      That under the totality of the circumstances from the perspective of a

---

[2] California negligence and battery claims based on police use of force are decided under the *Graham v. Connor*, 490 U.S. 386 (1989) objective reasonableness standard. *See, e.g.*, *Hayes v. County of San Diego*, 57 Cal.4th 622, 637-639 (2013) (adopting *Graham* reasonableness standard for seizure-related negligence claims against officers but clarifying that scope of liability may extend to pre-seizure conduct under certain circumstances); *Martinez v. County of Los Angeles*, 47 Cal. App. 4th 334, 349-350 (1996) (citing Cal. Penal Code § 196 and holding that where officers used reasonable force under the Fourth Amendment standards, there could be no liability under comparable state-law torts); *see also* Cal. Penal Code § 196, 835a, 836.5(b); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (1998) (holding that the standard for reasonable force under state assault/battery law is the same as it is for federal excessive force cases); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009) (holding that an officer is immune from any state-law claim for negligence in "pre-shooting conduct" and tactical decisions associated with the use of force where the use of force itself is reasonable under the Fourth Amendment standard.)

4

MANNING | KASS

reasonable police officer, while acting under color of law within the course and scope of his duties as a sworn officer employed by the CITY OF HEMET, Hemet Police Department

      i. OFFICER BRETT MAYNARD used unreasonable/excessive force against HENRY BARNHILL; and/or

      ii. OFFICER JOSHUA BISHOP used unreasonable/excessive force against HENRY BARNHILL; and/or

      iii. OFFICER PEDRO AGUILLA used unreasonable/excessive force against HENRY BARNHILL; and/or

      iv. CORPORAL DOUGLAS KLINZING used unreasonable/excessive force against HENRY BARNHILL;

b.    That such unreasonable/excessive force caused HENRY BARNHILL actionable harm.

**2.    Plaintiff's Municipal Liability – Unconstitutional Custom or Practice Claim (Second Cause of Action).**

If a constitutional violation is found to have occurred during the incident,

a.    That defendant

      i. OFFICER BRETT MAYNARD; and/or

      ii. OFFICER JOSHUA BISHOP; and/or

      iii. OFFICER PEDRO AGUILLA; and/or

      iv. CORPORAL DOUGLAS KLINZING;

acted according to an expressly adopted policy and/or a widespread or longstanding practice or custom of defendant CITY OF HEMET re excessive use of force; and

b.    That defendant CITY OF HEMET expressly adopted policy and/or widespread or longstanding practice or custom caused the deprivation of plaintiff's rights; that is, the CITY OF HEMET'S official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the

5

plaintiff's rights as to be the moving force that caused the ultimate injury.

3.     **Plaintiff's Municipal Liability – Failure to Train Claim (Third Cause of Action).**

If a constitutional violation is found to have occurred during the incident,

a.     That the training policies of the defendant CITY OF HEMET were not adequate to train its officers to handle the usual and recurring situations with which they must deal;

b.     That defendant CITY OF HEMET was deliberately indifferent to the known or obvious consequences of its failure to train its deputies adequately; and

c.     That the failure of defendant CITY OF HEMET to provide adequate training caused the deprivation of the plaintiff's rights by defendant

　　　i. OFFICER BRETT MAYNARD; and/or

　　　ii. OFFICER JOSHUA BISHOP; and/or

　　　iii. OFFICER PEDRO AGUILLA; and/or

　　　iv. CORPORAL DOUGLAS KLINZING;

that is, the CITY OF HEMET'S failure to train played a substantial part in bringing about or actually causing the injury or damage to the plaintiff.

4.     **Plaintiff's Municipal Liability – Ratification (Fourth Cause of Action)**

a.     That the final policymaker of defendant CITY OF HEMET is [XXX] had final policymaking authority concerning the acts of defendant

　　　i. OFFICER BRETT MAYNARD; and/or

　　　ii. OFFICER JOSHUA BISHOP; and/or

　　　iii. OFFICER PEDRO AGUILLA; and/or

　　　iv. CORPORAL DOUGLAS KLINZING;

b.     That the [final policymaker] ratified defendant

　　　i. OFFICER BRETT MAYNARD; and/or

**DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW**

1      ii. OFFICER JOSHUA BISHOP; and/or

2      iii. OFFICER PEDRO AGUILLA; and/or

3      iv. CORPORAL DOUGLAS KLINZING;

4  use of force, that is, the [final policymaker] knew of and specifically made a

5  deliberate choice to approve Defendant

6      i. OFFICER BRETT MAYNARD; and/or

7      ii. OFFICER JOSHUA BISHOP; and/or

8      iii. OFFICER PEDRO AGUILLA; and/or

9      iv. CORPORAL DOUGLAS KLINZING;

10  use of force and the basis for it.

11  5.     **Plaintiff's Battery (By A Police Officer) Claim (Fifth Cause of**

12  **Action).**

13  a.     That defendant

14      i. OFFICER BRETT MAYNARD; and/or

15      ii. OFFICER JOSHUA BISHOP; and/or

16      iii. OFFICER PEDRO AGUILLA; and/or

17      iv. CORPORAL DOUGLAS KLINZING;

18  intentionally touched or caused HENRY BARNHILL to be touched;

19  b.     That defendant

20      i. OFFICER BRETT MAYNARD; and/or

21      ii. OFFICER JOSHUA BISHOP; and/or

22      iii. OFFICER PEDRO AGUILLA; and/or

23      iv. CORPORAL DOUGLAS KLINZING;

24  used unreasonable force on HENRY BARNHILL;

25  c.     That HENRY BARNHILL was harmed; and

26  d.     That such force was a substantial factor in causing plaintiff's harm.

27  6.     **Plaintiff's Negligence Claim – (Sixth Cause of Action).**

28  a.     That defendant

MANNING | KASS

1          i. OFFICER BRETT MAYNARD; and/or

2          ii. OFFICER JOSHUA BISHOP; and/or

3          iii. OFFICER PEDRO AGUILLA; and/or

4          iv. CORPORAL DOUGLAS KLINZING;

5  was negligent in their use of unreasonable force.

6  b.     That HENRY BARNHILL was harmed; and

7  c.     That the use of force by defendant

8          i. OFFICER BRETT MAYNARD; and/or

9          ii. OFFICER JOSHUA BISHOP; and/or

10          iii. OFFICER PEDRO AGUILLA; and/or

11          iv. CORPORAL DOUGLAS KLINZING;

12  was a substantial factor in causing harm to HENRY BARNHILL.

13  7.     **Plaintiff's Claim for Violation of the Bane Act.**

14  a.     That defendant

15          i. OFFICER BRETT MAYNARD; and/or

16          ii. OFFICER JOSHUA BISHOP; and/or

17          iii. OFFICER PEDRO AGUILLA; and/or

18          iv. CORPORAL DOUGLAS KLINZING;

19          interfered with or attempted to interfere with HENRY BARNHILL'S

20          constitutional right to be free from unreasonable seizures, including

21          unreasonable force, by threatening or committing violent acts; and

22  b.     That defendant

23          i. OFFICER BRETT MAYNARD; and/or

24          ii. OFFICER JOSHUA BISHOP; and/or

25          iii. OFFICER PEDRO AGUILLA; and/or

26          iv. CORPORAL DOUGLAS KLINZING;

27  acted with the specific intent of depriving HENRY BARNHILL of his

28          enjoyment of the interests protected by that right; and

8

**DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW**

MANNING | KASS

c. That HENRY BARNHILL was harmed; and

d. That the conduct of defendant

  i. OFFICER BRETT MAYNARD; and/or

  ii. OFFICER JOSHUA BISHOP; and/or

  iii. OFFICER PEDRO AGUILLA; and/or

  iv. CORPORAL DOUGLAS KLINZING;

was a substantial factor in causing HENRY BARNHILL'S harm.

8. **Plaintiff's Punitive Damages Claim.**

a. That defendant

  i. OFFICER BRETT MAYNARD; and/or

  ii. OFFICER JOSHUA BISHOP; and/or

  iii. OFFICER PEDRO AGUILLA; and/or

  iv. CORPORAL DOUGLAS KLINZING;

acted with malice, oppression, and/or in reckless disregard of ANDREW CUEVAS' rights during the incident.

**C. Evidence in Opposition to Plaintiffs' Claims.**

1. Plaintiffs' claim for **Unreasonable Search and Seizure – Excessive Force** pursuant to 42 U.S.C. § 1983: Evidence that will establish the force used by each defendant officer was objectively reasonable under the totality of the circumstances is as follows: testimony of percipient pre-incident and incident witnesses, testimony of each defendant officer, computer- aided dispatch ("CAD") log, enhanced surveillance video recording, still frames from surveillance video, body worn camera recordings, testimony of Fed. R. Civ. P. Rule 30(b)(6) person most knowledgeable for City of Hemet, and testimony of responding investigators and supervisors.

3. Plaintiffs' claims for **Municipal Liability – Ratification; Inadequate Training; and Unconstitutional Custom, Policy, or Practice (*Monell* Claims)** pursuant to 42 U.S.C. § 1983: Testimony of City's PMK responding

9

MANNING | KASS

supervisors and investigators, applicable policies and training records (if needed).

5.       Plaintiffs' claim for **Battery (By a Police Officer) –** under California state law: See summary of evidence listed above re plaintiff's excessive force claim pursuant to 42 U.S.C. §1983.

6.       Plaintiff's claim for **Negligence –** under California state law: See summary of evidence listed above re plaintiff's excessive force claim pursuant to 42 U.S.C. §1983.

7.       Plaintiff's claim for **Violation of the Bane Act** pursuant to California Civil Code §52.1: See summary of evidence listed above re plaintiff's excessive force claim pursuant to 42 U.S.C. §1983.

8.       Plaintiff's claim for **Punitive Damages:** See summary of evidence listed above re plaintiff's excessive force claim pursuant to 42 U.S.C. §1983.

**D**.       **Operative Affirmative Defenses of Defendants and Elements of Proof**.

As to the defenses asserted by Defendants which require affirmative proof by Defendants, the elements of such affirmative defenses are summarized herein below. The supporting evidence will be drawn from Defendants' witnesses to support Defendants' contentions of fact (see above).  Nothing herein shall be construed as any withdrawal of Defendants' defenses which do not require affirmative proof by Defendants.

1.       **Failure to Mitigate Damages.**

Plaintiff has a duty to use reasonable efforts to mitigate damages.  To prove a failure to avoid or reduce damages, Defendants must prove by a preponderance of the evidence: (1) that the plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated with reasonable efforts.

Defendants anticipate offering testimonial evidence from the defendant

10

1  officers, percipient witnesses, Defendants' experts, and from plaintiff and/or
2  plaintiff's witnesses, as well as related incident recordings, photographs, and records
3  (and any witnesses needed to authenticate/admit the same), to support both elements
4  of their failure to mitigate defense.

5        2.    **Comparative Negligence.**

6        Plaintiff had a duty to use reasonable efforts to care for his own safety: a duty
7  he breached. To prove plaintiff's comparative negligence, defendants must prove by
8  a preponderance of the evidence: (1) that plaintiff HENRY BARNHILL was negligent
9  (ordinary negligence); and (2) that plaintiff HANRY BARNHILL'S negligence was
10  a substantial factor cause of his own harm.  (The amount of any damages awarded
11  would then be reduced by the court by the percentage of fault apportioned to decedent
12  for his own injuries.)

13        Defendants anticipate offering testimonial evidence from the defendant
14  officers, percipient witnesses, Defendants' experts, and from plaintiff and/or
15  plaintiff's witnesses, as well as related incident recordings, photographs, and records
16  (and any witnesses needed to authenticate/admit the same), to support both elements
17  of their comparative negligence defense.

18        3.    **Assumption of the Risk.**

19        Plaintiff had (1) actual knowledge of the danger, (2) understood and
20  appreciated the risks associated with such danger, and (3) voluntarily exposed himself
21  to those risks.

22        Defendants anticipate offering testimonial evidence from the defendant
23  officers, percipient witnesses, Defendants' experts, and from plaintiff and/or
24  plaintiff's witnesses, as well as related incident recordings, photographs, and records
25  (and any witnesses needed to authenticate/admit the same), to support both elements
26  of their assumption of the risk defense.

27        4.    **Qualified Immunity (from suit).**

28        At the time of the incident at issue, defendant

**DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW**

1         i. OFFICER BRETT MAYNARD; and/or

2         ii. OFFICER JOSHUA BISHOP; and/or

3         iii. OFFICER PEDRO AGUILLA; and/or

4         iv. CORPORAL DOUGLAS KLINZING;

5  conduct did not violate the clearly established constitutional or statutory rights of

6  which a reasonable deputy would have known.  That is, there was no substantially

7  analogous case precedent which would have placed defendant officers on notice that

8  his actions during the incident violated HENRY BARNHILL'S clearly established

9  rights under the Constitution of the United States.

10        Defendants anticipate reasserting qualified immunity on behalf of defendant

11         i. OFFICER BRETT MAYNARD; and/or

12         ii. OFFICER JOSHUA BISHOP; and/or

13         iii. OFFICER PEDRO AGUILLA; and/or

14         iv. CORPORAL DOUGLAS KLINZING

15  in a Fed. R. Civ. P. Rule 50(a) motion and Rule 50(b) motion as appropriate at trial.

16        5.  **Other Operative Defenses.**

17        Defendants have also asserted defenses which (although titled as "affirmative

18  defenses") do *not* require affirmative proof by defendants (*e.g.*, Defendant used

19  reasonable force in lawful self-defense/defense of others, Defendants' "Affirmative"

20  Defense re Public Entity Immunity).  Defendants incorporate by reference here all

21  such other defenses from their operative Answers not specifically listed above as

22  defenses, but Defendants concede that to the extent such are not <u>affirmative</u> defenses

23  for which the burden of proof rests upon Defendants, such defenses need not be listed

24  herein.

25        6.  **Reservation of Defenses.**

26        Because the Complaint is couched in vague and conclusory terms, Defendants

27  cannot fully anticipate all affirmative defenses that may be applicable to this action.

28  Accordingly, Defendants hereby reserve the right to assert additional affirmative

**DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW**

defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate.  The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of plaintiffs' claims, or elements thereof.

**4.    OPERATIVE PLEADINGS.**

The operative pleadings which raise the issues are: (1) plaintiffs' Complaint [Doc. 1], and defendants' responsive pleadings thereto [*e.g.*, Doc. 23].

**A.    Abandoned Claims.**

The following claims previously asserted in plaintiffs' pleading have been **abandoned** by the Plaintiffs by failing to oppose the same in Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment [Doc. 91]: Plaintiffs' Second Cause of Action for Denial of Medical Care, Plaintiffs' Fourth Cause of Action for Unlawful Detention and Arrest, Plaintiffs' Fifth Cause of Action for Violation of the Right to Equal Protection, Plaintiffs' Tenth Cause of Action for Violation of the Ralph Act pursuant to California Civil Code §51.7, and Plaintiffs' Eleventh Cause of Action for Intentional Infliction of Emotional Distress.

**5.    JURY TRIAL.**

All parties have demanded a jury trial of this action [Doc. 1, 23].  Accordingly, this matter will be tried by a jury.

**6.    ADMITTED AND STIPULATED FACTS.**

**A.    Admitted Facts.**

The following fact is *admitted* by Defendants and requires no proof:

1.    Defendant

i. OFFICER BRETT MAYNARD; and/or

ii. OFFICER JOSHUA BISHOP; and/or

iii. OFFICER PEDRO AGUILLA; and/or

iv. CORPORAL DOUGLAS KLINZING

13

were acting under color of law during any interaction such defendant had with plaintiff HENRY BARNHILL, and each was acting within the course and scope of his employment with the CITY OF HEMET (Hemet Police Department) during any interaction with the Plaintiff.

### B.    Stipulated and Uncontroverted Facts.

None at this time. The parties anticipate that there may be certain stipulated, uncontroverted facts established by the time of trial, **without prejudice to any evidentiary objections of the parties.**

### 7.    PENDING OR CONTEMPLATED LAW AND MOTION MATTERS.

The following law and motion matters and motions *in limine* ("MIL") are contemplated.

### A.    Defendants' Motions.

On December 6, 2023, Defendants forwarded Plaintiffs' counsel a comprehensive meet and confer letter that delineated Defendants' anticipated motions *in limine* and the legal bases for the same, and offered to meet and confer pursuant to the Court's orders and the Local Rules.  It is unclear at this stage whether some of the issues of Defendants' anticipated MILs will be resolved by conference of counsel and stipulation.  However, Defendants reserve the right to timely bring these MILs and any additional MILs that needed, where the issues cannot be resolved between the parties.

1.    Motion *in limine* to exclude Plaintiffs' police practices expert Roger Clark.

a. Scope/Basis: Defendants move to exclude Richard S. Bryce on the grounds that Richard S. Bryce lacks the requisite training and qualifications, his opinions lack adequate evidentiary support pursuant to *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579 (1993), and his opinions are based on speculation and lack sufficient evidentiary support.  Further, Rule 702 provides that "expert testimony may not be

14

MANNING | KASS

admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule."  Mr. Bryce's opinion that Deputy Anderson was not attacked by a screwdriver and his credibility determinations re third party witness statements are issues properly reserved for the trier of fact; his opinion regarding the relative body positions and movements of Deputy Anderson and Andrew Cuevas during the shooting are outside the scope of his designation; his opinion that Deputy Anderson should have used less lethal force in response to Cuevas' deadly attack is not grounded in RCSD policy or training, California POST learning domains, and/or applicable law.

2.      Motion *in limine* to exclude Plaintiffs' expert Dr. Tannenbaum.

    a.  Scope/Basis: Dr. Pietruska's scope of designation and pathology-causation opinions are cumulative of that offered by plaintiffs' retained pathology expert Dr. Bennett Omalu.  Dr. Pietruszka's opinions regarding whether Andrew Cuevas had developed tolerance and/or was under the influence of methamphetamine at the time of the incident are based on speculation, lack proper evidentiary support, and could not be stated to a reasonable degree of scientific probability.  As such, his opinions are inadmissible under *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579 (1993) and Fed. R. Evid. 702.  Additionally, Dr. Pietruszka's opinions that Andrew Cuevas would have been aware of the seriousness of his injuries prior to his death and experienced pain because his brain was functioning are conclusory, speculative, unfairly prejudicial, lack evidentiary support and are not relevant to the determination of liability. Fed. R. Evid. 401, 402, 403, and 702.

3.      Motion *in limine* to preclude the use of the term "Deadly Force".

    a.  Scope/Basis: Any prior use of force incidents or unrelated

15

DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW

investigations involving Defendant Deputy David Anderson, in particular any evidence or testimony of unrelated incidents that did not involve the use of firearm force and that did not result in a sustained finding or discipline against the deputy, lack logical relevance to the claims at issue, and such impermissible character evidence would be unfairly prejudicial, confuse the issues, and mislead the jury. Fed. R. Evid. 401-406.   Any unrelated incidents, news or media reports involving any Riverside County Sheriff's Deputies that were not involved in the incident and any text message communications on wholly unrelated topics and subject matters exchanged between Deputy Anderson and Deputy Kramer months after the incident on grounds that such would be irrelevant, unduly prejudicial, confuse the issues, and result in the undue consumption of time in this matter. Fed. R. Evid. 401-403, 801, 802, 901.

4.    Motion *in limine* to trifurcate trial proceedings into three phases: 1) liability phase, compensatory damages calculation, punitive damages predicate, and 2) *Monell* liability, *Monell* damages calculation, and punitive damages calculation (if any).

   a.    Scope/Basis: Fed R. Civ. P 42; Fed. R. Evid. 401-406, 801, 802.   In particular, admission of any evidence regarding the individual deputy's financial condition during the liability phase would be irrelevant, unduly prejudicial,  confuse the issues, and constitute an unnecessary invasion of privacy.

**B.    Plaintiffs' Motions.**

Plaintiffs have not advised defendants regarding any motions *in limine* to be brought by plaintiffs in this action. Defendants anticipate filing oppositions to Plaintiffs' motions *in limine*.

**DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW**

C.     **Other Law and Motion Matters.**

Defendants anticipate filing certain trial brief(s) with the Court on various evidentiary or other issues, including but not limited to the following:

1.     Trial Brief regarding the standard of reasonableness under California law for seizure related torts and related *Hayes v. County of San Diego*, 57 Cal.4th 622 (2013) case impacts on seizure related negligence liability for officers and public entities.

2.     Trial Brief regarding the inadmissibility of ultimate issue opinions by lay and/or expert witnesses.

3.     Trial Brief regarding the legal bases for exclusion re any previously undisclosed witnesses and/or any and all undisclosed, unproduced, or untimely disclosed/produced exhibits – including any and all documents, records, recordings, tangible things, or other physical evidence, where the offering party did not timely disclose such physical evidence or did not timely produce such evidence when such was requested by the opposing party prior to the Court's deadline for completion of discovery pursuant to Fed. R. Civ. P. Rule 26(a) and 37(c).

4.     Trial Brief regarding admissibility of pre-incident evidence of showing decedent's motive, plan, and/or intent during the incident pursuant to *Boyd v. City and County of San Francisco*, 576 F.3d 938 (9th Cir. 2009).

It is anticipated that plaintiffs will file briefs in opposition to the pleadings above.

8.     **TRIFURCATION OF ISSUES FOR TRIAL.**

Defendants will seek trifurcation of the issues of  (1) liability, compensatory damages, and the factual foundation/predicate for an award of punitive damages (trial phase one) from the issues of (2) *Monell* liability and *Monell* damages calculation (if any)(trial phase two), and the issues of (3) punitive damages calculation against the individual defendant (if any) (trial phase three).  Plaintiffs have not stipulated to such trifurcation at this time.

17

**9.    <u>USE OF ELECTRONICS AND EQUIPMENT IN COURTROOM.</u>**

Pursuant to the parties' joint request, and pursuant to United States District Court, Central District of California Local Rule 83-6 *et seq.*, defendants are requesting that the Court issue an order authorizing the parties and/or their counsel to use certain trial presentation equipment inside the Courtroom during the trial of the instant action, to the extent that such equipment is not already permitted by operation of any standing order, including: wireless communication devices such as smartphones (turned off during trial proceedings), laptops, tablet computers, and associated electronic equipment; and/or supporting carts, so as to facilitate efficient presentation and conduct of the trial – and provided that any voice-calls made by phone are made: (1) outside of the Courtroom while the jury is present; or (2) outside the presence of the jury; and (3) in a manner that is not disruptive to the operations of the Court.

DATED:  February 23, 2026        **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:        /s/ *Andrea Kornblau*
_____
Eugene P. Ramirez
Andrea Kornblau
CITY OF HEMET; OFFICER BRETT
MAYNARD; OFFICER JOSHUA
BISHOP; OFFICER PEDRO AGUILA;
CORPORAL DOUGLAS KLINZING

**DEFENDANTS' MEMORANDUM RE CONTENTIONS OF FACT AND LAW**