Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
Kimberly L. Aceves (State Bar No. 364642)
  *kimberly.aceves@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF HEMET,
OFFICER BRETT MAYNARD, OFFICER
JOSHUA BISHOP, OFFICER PEDRO AGUILA,
CORPORAL DOUGLAS KLINZING, JAMIE
GONZALEZ, and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>             Plaintiff,<br><br>      v.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; and CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. 5:23-cv-00589<br><br>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**<br><br><br><br>Complaint Filed:        04/12/2024<br>Final Pre-Trial Conf.:    03/16/2026<br>Trial Date:             04/07/2026 |

## TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:

By and through their counsel of record in this action, defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING, JAMIE GONZALEZ, and CATHERINE TIPTON (collectively herein after as "Defendants") hereby submit the

1    following Proposed Jury Instructions to be provided to the jury at the time of trial,

2    pursuant to Federal Rules of Civil Procedure 16 and 51; United States District Court,

3    Southern District of California Local Rules 16-1, 16-2, 16-3, 16-4, and 51-1 (as

4    applicable); and the applicable Orders of the Court.

5         The parties reserve the right to amend these Jointly Proposed Jury Instructions,

6    subject to any objections, motions *in limine*, and applicable Orders of the Court.

7

8    DATED:  March 2, 2026          **MANNING & KASS**

9                                  **ELLROD, RAMIREZ, TRESTER LLP**

10

11                                 By:    */s/ Andrea Kornblau*

12                                      Eugene P. Ramirez, Esq.

13                                      Andrea K. Kornblau, Esq.
                                        Kimberly L. Aceves, Esq.
14                                      Attorneys for Defendants, CITY OF

15                                      HEMET, OFFICER BRETT MAYNARD,
                                        OFFICER JOSHUA BISHOP, OFFICER
16                                      PEDRO AGUILA, CORPORAL

17                                      DOUGLAS KLINZING, JAMIE
                                        GONZALEZ, and CATHERINE TIPTON
18

19

20

21

22

23

24

25

26

27

28

2

1

# <u>TABLE OF CONTENTS: PROPOSED INSTRUCTIONS</u>[1]

2

3

4

JURY INSTRUCTION NO. 1.: DUTY OF JURY .................................................7
JURY INSTRUCTION NO. 2.: CLAIMS AND DEFENSES ..................................8
JURY INSTRUCTION NO. 3.: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE.................................................................................................10
JURY INSTRUCTION NO. 4.: TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS ........................................................................................11
JURY INSTRUCTION NO. 5.: WHAT IS EVIDENCE .......................................12
JURY INSTRUCTION NO. 6.: WHAT IS NOT EVIDENCE...............................13
JURY INSTRUCTION NO. 7.: EVIDENCE FOR LIMITED PURPOSE...............14
JURY INSTRUCTION NO. 8.: DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................................................................................15
JURY INSTRUCTION NO. 9.: RULING ON OBJECTIONS.................................16
JURY INSTRUCTION NO. 10.: CREDIBILITY OF WITNESSES .......................17
**JURY INSTRUCTION NO. 11.: CONDUCT OF THE JURY** ..........................19
**JURY INSTRUCTION NO. 12.: NO TRANSCRIPT AVAILABLE TO JURY** ........................................................................................................22
**JURY INSTRUCTION NO. 13.: TAKING NOTES (JUROR NOTES)**............23
JURY INSTRUCTION NO. 14.: BENCH CONFERENCES AND RECESSES ....24
JURY INSTRUCTION NO. 15.: IMPEACHMENT EVIDENCE—WITNESS......25
JURY INSTRUCTION NO. 16.: EXPERT OPINION .........................................26
JURY INSTRUCTION NO. 17.: DEPOSITION IN LIEU OF LIVE TESTIMONY ........................................................................................................27
JURY INSTRUCTION NO. 18.: USE OF INTERROGATORIES OF A PARTY .28
JURY INSTRUCTION NO. 19.: USE OF REQUESTS FOR ADMISSION OF A PARTY ........................................................................................................29
JURY INSTRUCTION NO. 20.: TRANSCRIPT OF RECORDING IN ENGLISH. ........................................................................................................30
JURY INSTRUCTION NO. 21.: CHARTS AND SUMMARIES RECEIVED INTO EVIDENCE ........................................................................................................31
JURY INSTRUCTION NO. 22.: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE (DEMONSTRATIVE EVIDENCE) ...............................................32
JURY INSTRUCTION NO. 23.: EVIDENCE IN ELECTRONIC FORMAT........33

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] NOTE: All proposed jury instructions with an asterisk (*) are special instructions requested either because the Model Instructions are silent on the issue, or because the Ninth Circuit Model Instructions omit key controlling authority from the case law on an issue. Although proposed jury instructions taken from CACI are denominated as "special" instructions here, this is only because CACI instructions are not Ninth Circuit Model Instructions: unless the CACI instruction is supplemented with additional authority, it is not a true special instruction.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

JURY INSTRUCTION NO. 24.: STIPULATIONS OF FACT ................................ 35

JURY INSTRUCTION NO. 25.: SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION ................................................................................................ 36

JURY INSTRUCTION NO. 26.: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF ................................................................................................................ 37

JURY INSTRUCTION NO. 27.: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE OR CUSTOM—ELEMENTS AND BURDEN OF PROOF .............. 39

JURY INSTRUCTION NO. 28.: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION— ELEMENTS AND BURDEN OF PROOF ................................................................ 41

JURY INSTRUCTION NO. 29.: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON POLICY OF FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF ................................................ 43

JURY INSTRUCTION NO. 30.: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST ............................................................................................... 46

JURY INSTRUCTION NO. 31.: PARTICULAR RIGHTS—FOURTH AMENDMENT—EXCESSIVE FORCE ................................................................ 47

JURY INSTRUCTION NO. 32.:  BANE ACT ................................................... 50

JURY INSTRUCTION NO. 33.: ELEMENTS OF BATTERY-UNREASONABLE FORCE CLAIM UNDER CALIFORNIA LAW ................................................... 52

JURY INSTRUCTION NO. 34.: CLAIM 6—NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS ...................................................................................... 54

JURY INSTRUCTION NO. 35.: NEGLIGENCE—BASIC STANDARD OF CARE .................................................................................................................... 55

JURY INSTRUCTION NO. 36.: COMPARATIVE FAULT OF PLAINTIFF ....... 56

JURY INSTRUCTION NO. 37.: CAUSATION (CALIFORNIA LAW CLAIMS) 57

JURY INSTRUCTION NO. 38.: DAMAGES— PROOF ........................................ 58

JURY INSTRUCTION NO. 39.: DAMAGES—MITIGATION .............................. 59

JURY INSTRUCTION NO. 40.: PUNITIVE DAMAGES ................................... 60

JURY INSTRUCTION NO. 41.: DUTY TO DELIBERATE ................................ 62

JURY INSTRUCTION NO. 42.: COMMUNICATION WITH THE COURT ........ 63

JURY INSTRUCTION NO. 43.: RETURN OF VERDICT ................................. 64

JURY INSTRUCTION NO. 44.: EXPERT OPINION – RELIABILITY* ............. 65

JURY INSTRUCTION NO. 45.: MEDICAL EXPERT OPINION – CAUSATION* .................................................................................................................... 66

JURY INSTRUCTION 46.: LIMITING INSTRUCTION RE EVIDENCE OF SUSPECT INTENT, MOTIVE, OR PLAN EVIDENCE UNKNOWN TO OFFICER DURING INCIDENT* ....................................................................... 67

JURY INSTRUCTION NO. 47.: REASONABLENESS AND SPLIT-SECOND JUDGMENTS ..................................................................................................... 68

JURY INSTRUCTION NO. 48.: INTENT OF THE PEACE OFFICER DOES NOT AFFECT THE REASONABLENESS OF A USE OF FORCE* .......................... 69

1

JURY INSTRUCTION NO. 49.: APPLICATION OF LESSER FORCE NOT REQUIRED* .................................................................................................... 70

2

3

JURY INSTRUCTION NO. 50.: STANDARD FOR CALIFORNIA LAW CLAIMS REGARDING REASONABLENESS RELATED TO A SEIZURE IS GOVERNED BY THE U.S. FOURTH AMENDMENT* ................................................................ 71

4

JURY INSTRUCTION NO. 51.: MUNICIPAL LIABILITY (*MONELL* CLAIM) . 73

JURY INSTRUCTION NO. 52.: CAUSATION OF INJURY-DISPUTED* .......... 75

5

**JURY INSTRUCTION NO.** 53.**: INTRODUCTION TO THE SPECIAL VERDICT FORM*** .................................................................................................... 77

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SECTION A:

# PROPOSED INSTRUCTIONS

## JURY INSTRUCTION NO. 1.: DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions (2025), § 1.2

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## **JURY INSTRUCTION NO. 2.: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.  As will be described in more detail in additional instructions:

Plaintiff Henry Barnhill claims that defendants are liable for violating his civil rights under federal and state law.

The plaintiff has the burden of proving these claims.

Plaintiff also alleges a practice or custom among Hemet Police Department officers of using excessive force on individuals and a failure to train and supervise officers.

Plaintiff has the burden of proving each of these claims by a preponderance of the evidence.

Defendants deny each and all of plaintiff's claims against the defendants.

Defendants contend that Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing, (Jamie Gonzalez and Catherine Tipton should have been dismissed since they were not involved in the incident) acted reasonably under the totality of the circumstances during the incident involving Mr. Barnhill. Defendants contend that force used on Mr. Barnhill was reasonable under the circumstances. Defendants contend they did not violate any of Mr. Barnhill's rights under either state or federal law.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.5.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 3.: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.6.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 4.: TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.8.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 5.: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.9.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 6.: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.10.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

1    **JURY INSTRUCTION NO. 7.: EVIDENCE FOR LIMITED PURPOSE**

2

3        Some evidence may be admitted only for a limited purpose.

4        When I instruct you that an item of evidence has been admitted only for a

5    limited purpose, you must consider it only for that limited purpose and not for any

6    other purpose.

7        [The testimony [you are about to hear] [you have just heard] may be

8    considered only for the limited purpose of [describe purpose] and not for any other

9    purpose.]

10

11    **AUTHORITY**

12

13        Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.11.

14

15    TO BE GIVEN _____

    GIVEN AS MODIFIED _____

16

    WITHDRAWN _____

17

    REFUSED _____

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 8.: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.12.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## **JURY INSTRUCTION NO. 9.: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.13.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## **JURY INSTRUCTION NO. 10.: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.14.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **JURY INSTRUCTION NO. 11.: CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.15.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 12.: NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.17.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## **JURY INSTRUCTION NO. 13.: TAKING NOTES (JUROR NOTES)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.18.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 14.: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 1.20.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 15.: IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a crime, or lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 2.10.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **JURY INSTRUCTION NO. 16.: EXPERT OPINION**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her]opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 2.13.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## **JURY INSTRUCTION NO. 17.: DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [witness] was taken on [date].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 2.4.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 18.: USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 2.11.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

# JURY INSTRUCTION NO. 19.: USE OF REQUESTS FOR ADMISSION OF A PARTY

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 2.12.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## <u>JURY INSTRUCTION NO. 20.: TRANSCRIPT OF RECORDING IN</u>
## <u>ENGLISH.</u>

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

## <u>AUTHORITY</u>

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 2.5.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 21.: CHARTS AND SUMMARIES RECEIVED INTO EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 2.15.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 22.: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE (DEMONSTRATIVE EVIDENCE)

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 2.14.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

1    **JURY INSTRUCTION NO. 23.: EVIDENCE IN ELECTRONIC FORMAT**

2

3        Those exhibits received in evidence that are capable of being displayed

4    electronically will be provided to you in that form, and you will be able to view them

5    in the jury room. A computer, projector, printer and accessory equipment will be

6    available to you in the jury room.

7        A court technician will show you how to operate the computer and other

8    equipment; how to locate and view the exhibits on the computer; and how to print the

9    exhibits. You will also be provided with a paper list of all exhibits received in

10   evidence. You may request a paper copy of any exhibit received in evidence by

11   sending a note through the [clerk] [bailiff].) If you need additional equipment or

12   supplies or if you have questions about how to operate the computer or other

13   equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or

14   by one or more members of the jury. Do not refer to or discuss any exhibit you were

15   attempting to view.

16       If a technical problem or question requires hands-on maintenance or

17   instruction, a court technician may enter the jury room with [the clerk] [the bailiff]

18   present for the sole purpose of assuring that the only matter that is discussed is the

19   technical problem. When the court technician or any nonjuror is in the jury room, the

20   jury shall not deliberate. No juror may say anything to the court technician or any

21   nonjuror other than to describe the technical problem or to seek information about

22   operation of the equipment. Do not discuss any exhibit or any aspect of the case.

23       The sole purpose of providing the computer in the jury room is to enable jurors

24   to view the exhibits received in evidence in this case. You may not use the computer

25   for any other purpose. At my direction, technicians have taken steps to ensure that the

26   computer does not permit access to the Internet or to any "outside" website, database,

27   directory, game, or other material. Do not attempt to alter the computer to obtain

28   access to such materials. If you discover that the computer provides or allows access

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 2.16.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## **JURY INSTRUCTION NO. 24.: STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1.      At all times during the incident, the Officer Defendants were each acting under color of state law.

2.      At all times during the incident, the Officer Defendants were each acting within the scope and course of their employment as Hemet Police Department Officers.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 2.2.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 25.: SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 9.1.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 26.: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on a § 1983 claim against the defendants Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila and Corporal Douglas Klinzing, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the defendants Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing acted under color of state law; and

Second, the acts or failure to act of the defendants Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing deprived the plaintiff Henry Barnhill of particular rights under the United States Constitution as explained in later instructions; and

Third, The defendants' Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendants Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Instruction[s] [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff Henry Barnhill. If, on the other hand, you find that the plaintiff Henry Barnhill has failed to prove any one or more of these elements, your verdict should be for the defendants City of Hemet, Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 9.3.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 27.: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE OR CUSTOM—ELEMENTS AND BURDEN OF PROOF

In order to prevail on plaintiff Henry Barnhill's § 1983 claim against defendant City of Hemet alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing acted under color of state law;

2.     the acts of  Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing deprived plaintiff Henry Barhill of particular rights under the United States Constitution as explained in later instructions;

3.     Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant The City of Hemet; and

4.     defendant City of Hemet's official policy or widespread or longstanding practice or custom caused the deprivation of plaintiff Henry Barnhill's rights by Officer Brett Maynard, Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing; that is, the City of Hemet's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of plaintiff Hanry Barnhill's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Officer Brett Maynard,

Officer Joshua Bishop, Officer Pedro Aguila, and Corporal Douglas Klinzing acted under color of state law.

"Official policy" means a formal policy, such as a rule or regulation adopted by defendant City of Hemet, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of defendant City of Hemet. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violator[s] [was] [were] not disciplined, reprimanded or punished.

If you find that plaintiff Henry Barnhill has proved each of these elements, and if you find that plaintiff Henry Barnhill has proved all the elements plaintiff Henry Barnhill is required to prove under Instruction[s] [specify the instruction[s] that deal with the particular right[s]], your verdict should be for plaintiff Henry Barnhill. If, on the other hand, you find that plaintiff Henry Barnhill has failed to prove any one or more of these elements, your verdict should be for the defendant City of Hemet.

## **<u>AUTHORITY</u>**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 9.5.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 28.: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION— ELEMENTS AND BURDEN OF PROOF

In order to prevail on the plaintiff's § 1983 claim against defendant City of Hemet alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, [name of defendant's employee] acted under color of state law;

Second, the [act[s]][failure to act] of [name of defendant's employee] deprived the plaintiff of  particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions;

Third, [name of person the plaintiff alleges was a final policymaker] acted under color of state law;

Fourth, [name of final policymaker] had final policymaking authority from defendant the City of Hemet concerning the [act[s] [failure to act] of [name of defendant's employee]; and

Fifth, [name of final policymaker] ratified [name of defendant's employee]'s [act[s [failure to act], that is, [name of alleged final policymaker] knew of and specifically made a deliberate choice to approve [name of defendant's employee]'s [act[s]] [failure to act] and the basis for it.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  [[The parties have stipulated that] [I instruct you that] the defendant's [employee] [official] acted under color of state law.]

I instruct you that [name of final policymaker] had final policymaking authority from defendant [name of local governing body] concerning the act[s] at issue and, therefore, the fourth element requires no proof.

41

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 9.7.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 29.: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON POLICY OF FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF

In order to prevail on plaintiff Henry Barnhill's § 1983 claim against defendant City of Hemet alleging liability based on a policy [that fails to prevent violations of law by its] [of a failure to train its] [police officers] [employees], plaintiff Henry Barnhill must prove each of the following elements by a preponderance of the evidence:

First, the [act[s]] [failure to act] of the City of Hemet's police officers deprived plaintiff Henry Barnhill of his particular rights under the United States Constitution as explained in later instructions;

Second, the City of Hemet's police officers acted under color of state law;

Third, the training policies of defendant the City of Hemet were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

Fourth, defendant City of Hemet was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately; and

Fifth, the failure of defendant the City of Hemet to provide adequate training caused the deprivation of plaintiff Henry Barnhill's rights by City of Hemet's police officers; that is, defendant City of Hemet's failure to train played a substantial part in bringing about or actually causing the injury or damage to plaintiff Henry Barnhill.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the City of Hemet's police officers acted under color of state law.

1    A policy is a deliberate choice to follow a course of action made from among

2   various alternatives by the official or officials responsible for establishing final

3   policy with respect to the subject matter in question. A policy of inaction or

4   omission may be based on a failure to implement procedural safeguards to prevent

5   constitutional violations.  To establish that there is a policy based on a failure to

6   preserve constitutional rights, plaintiff Henry Barnhill must show, in addition to a

7   constitutional violation, that this policy amounts to deliberate indifference to

8   plaintiff Henry Barnhill's constitutional rights, and that the policy caused the

9   violation, in the sense that the municipality could have prevented the violation with

10  an appropriate policy.

11    "Deliberate indifference" is the conscious choice to disregard a known or

12  obvious consequences of one's acts or omissions.  Plaintiff Henry Barnhill may

13  prove deliberate indifference in this case by showing that the facts available to

14  defendant the City of Hemet put it on actual or constructive notice that its failure to

15  train adequately was substantially certain to result in the violation of the

16  constitutional rights of persons such as plaintiff Henry Barnhill due to police

17  officers conduct.

18    If you find that plaintiff Heny Barnhill has proved each of these elements,

19  and if you find that plaintiff Henry Barnhill has proved all the elements plaintiff

20  Henry Barnhill is required to prove under Instruction[s] [specify the instruction[s]

21  that deal with the particular right[s]], your verdict should be for plaintiff Henry

22  Barnhill.  If, on the other hand, plaintiff Henry Barnhill has failed to prove any one

23  or more of these elements, your verdict should be for defendant City of Hemet.

24

25    **<u>AUTHORITY</u>**

26

    Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 9.8.

27
    TO BE GIVEN _____

28

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 30.: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under [federal] [state] law, it is a crime to [insert elements or description of applicable crime for which probable cause must have existed].

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 9.25.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 31.: PARTICULAR RIGHTS—FOURTH AMENDMENT—EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and or in defending others and or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, the plaintiff Henry Barnhill must prove by a preponderance of the evidence that the officers used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

(1)     the nature of the crime or other circumstances known to the officers at the time force was applied;

(2)     whether the plaintiff Henry Barnhill posed an immediate threat to the safety of the officers or to others;

(3)     whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4)     the amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     the relationship between the need for the use of force and the amount of force used;

1    (6)    the extent of the plaintiffs Henry Barnhill's injury;

2    (7)    any effort made by the officers to temper or to limit the amount of

3 force;

4    (8)    the severity of the security problem at issue;

5    [(9)    the availability of alternative methods to take the plaintiff into

6 custody;

7    (10)    the number of lives at risk (motorists, pedestrians, police officers)

8 and the parties' relative culpability; i.e., which party created the dangerous situation,

9 and which party is more innocent;

10    (11)    whether it was practical for the officers to give warning of the

11 imminent use of force, and whether such warning was given;

12    (12)    whether the officers were responding to a domestic violence

13 disturbance;

14    (13)    whether there was probable cause for a reasonable officer to believe

15 that the suspect had committed a crime involving the infliction or threatened

16 infliction of serious physical harm; and

17    ["Probable cause" exists when, under all of the circumstances known to the

18 officer[s] at the time, an objectively reasonable police officer would conclude there

19 is a fair probability that the plaintiff has committed or was committing a crime.]

20 [and]

21    [(16)    insert other factors particular to the case.]

22    "Probable cause" exists when, under all of the circumstances known to the

23 officer[s] at the time, an objectively reasonable police officer would conclude there

24 is a fair probability that the plaintiff has committed or was committing a crime.

25

26    **<u>AUTHORITY</u>**

27

28    Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 9.27.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 32.:  BANE ACT

Plaintiff Henry Barnhill claims that all defendants intentionally interfered with Mr. Barnhill's civil rights by threats, intimidation, or coercion. To establish this claim, the plaintiff must prove all of the following:

1. That each defendant acted violently against Mr. Barnhill in denying him his right to be free from excessive force;

2. That each defendant acted with the particular purpose of depriving or intending to deprive Mr. Barnhill of his enjoyment of the interests protected by those rights;

3. That each individual defendant injured Mr. Barnhill to prevent him from exercising his right to be free from excessive force or retaliate against him for having exercised his right to be free from excessive force;

4. That Mr. Barnhill was harmed; and

5. That each defendant's conduct was a substantial factor in causing Mr. Barnhill's harm.

"Intent to deprive" an individual of their rights exists if either: (1) defendants committed the act in question with the particular purpose of depriving Mr. Barnhill of his enjoyment of the interests protected by his rights; or (2) even if defendants did not in fact recognize the unlawfulness, they acted in reckless disregard of Mr. Barnhill's constitutional guarantees.

## Authority

CACI 3066. Bane Act—Essential Factual Elements, (Civ. Code, § 52.1); Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3025; Cal. Civ. Code § 52.1; *Cornell v. City & County of San Francisco*, 2017 Cal.App.LEXIS 1011, *58-60 (Cal. Ct. App. Nov. 16, 2017) (holding that, like federal analog 18 U.S.C. § 241, as opposed to 42 U.S.C. § 1983, Cal. Civ. Code § 52.1 requires proof of a police

officer's "specific intent" to interfere with an individual's rights, and setting forth 2-part test for "specific intent").

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 33.: ELEMENTS OF BATTERY-UNREASONABLE FORCE CLAIM UNDER CALIFORNIA LAW

Plaintiff Henry Barnhill claims that each defendant harmed Mr. Barnhill by using unreasonable force to arrest him and/or overcome his resistance. To establish this claim, plaintiff must prove all of the following:

1.    That each defendant intentionally touched Mr. Barnhill or caused him to be touched;

2.    That each defendant used unreasonable force to arrest, prevent the escape of, and/or to overcome the resistance of Mr. Barnhill;

3.    That Mr. Barnhill did not consent to the use of that force;

4.    That Mr. Barnhill was harmed; and

5.    That each defendant's use of unreasonable force was a substantial factor in causing plaintiff's harm.

A law enforcement officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

In deciding whether defendants used unreasonable force, you must determine the amount of force that would have appeared reasonable to an officer in defendant's position under the same or similar circumstances. You should consider, among other factors, the following:

(a)    The seriousness of the crime at issue;

(b)    Whether Mr. Barnhill reasonably appeared to pose an immediate threat to the safety of defendant or others;

(c)    Whether Plaintiff was actively resisting arrest or attempting to evade arrest.

An officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

## **AUTHORITY**

Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 1305 (2018) (as modified).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 34.: CLAIM 6—NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS

Plaintiff Henry Barnhill alleges that he was harmed by the individual defendants' negligence. Plaintiff's allegation is against each Defendant individually. To establish this claim against any one of the individual Defendants, Plaintiff must prove all of the following:

1. The defendants who interacted with Mr. Barnhill owed him a duty of ordinary care and skill;

2. The defendants breached this duty;

3. That Mr. Barnhill was harmed in a way that was a direct and foreseeable result; and

4. That each defendant's negligence was a substantial factor in causing Mr. Barnhill's harm.

## AUTHORITY

CACI 400. Negligence—Essential Factual Elements; *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 35.: NEGLIGENCE—BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in the defendant's situation.

## AUTHORITY

CACI 401. Negligence—Basic Standard of Care

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 36.: COMPARATIVE FAULT OF PLAINTIFF**

Defendants claim that Mr. Barnhill's own negligence contributed to his harm. To succeed on this claim, defendants must prove both of the following:

1.     That Mr. Barnhill was negligent; and

2.     That the negligence of Mr. Barnhill was a substantial factor in causing his harm.

If defendants prove the above, plaintiff's damages are reduced by your determination of the percentage of Mr. Barnhill's responsibility.  I will calculate the actual reduction.

Ordinary Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Mr. Barnhill's situation.

## **AUTHORITY**

Judicial Council of Cal., Civil Jury Instructions ("CACI") nos. 401, 405.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 37.: CAUSATION (CALIFORNIA LAW CLAIMS)

In order to establish liability for Plaintiff's Bane Act, battery, and negligence claims, as explained in the foregoing instructions, the plaintiff must prove by a preponderance of the evidence that the conduct of each defendant was a substantial factor in causing plaintiff's harm/injuries.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

## AUTHORITY

SPECIAL: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 430 (modified to clarify applicability only to state-law claims).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 38.: DAMAGES— PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the claim for excessive force, *Monell*, Bane Act, battery, and/or negligence, you must determine the plaintiff's damages for that claim or claims.  The plaintiff has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.

You should consider the following:

1.    The nature and extent of the injuries suffered by Mr. Barnhill;

2.    The mental, physical, and emotional pain and suffering experienced by Mr. Barnhill;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


**AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), §§ 5.1, 5.2.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 39.: DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  the amount by which damages would have been mitigated.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 5.3.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

1    **JURY INSTRUCTION NO. 40.: PUNITIVE DAMAGES**

2

3    If you find for the plaintiff, you may, but are not required to, award punitive

4  damages. The purposes of punitive damages are to punish a defendant and to deter

5  similar acts in the future.  Punitive damages may not be awarded to compensate a

6  plaintiff.

7    The plaintiff has the burden of proving by [a preponderance of the evidence]

8  [clear and convincing evidence] that punitive damages should be awarded and, if so,

9  the amount of any such damages.

10    You may award punitive damages only if you find that the defendant's

11  conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard

12  of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or

13  spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless

14  disregard of the plaintiff's rights if, under the circumstances, it reflects complete

15  indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a

16  perceived risk that its actions will violate the plaintiff's rights under federal law.  An

17  act or omission is oppressive if the defendant injures or damages or otherwise

18  violates the rights of the plaintiff with unnecessary harshness or severity, such as by

19  misusing or abusing authority or power or by taking advantage of some weakness or

20  disability or misfortune of the plaintiff.

21    If you find that punitive damages are appropriate, you must use reason in

22  setting the amount.  Punitive damages, if any, should be in an amount sufficient to

23  fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any

24  party.  In considering the amount of any punitive damages, consider the degree of

25  reprehensibility of the defendant's conduct [, including whether the conduct that

26  harmed the plaintiff was particularly reprehensible because it also caused actual

27  harm or posed a substantial risk of harm to people who are not parties to this case.

28

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

1  You may not, however, set the amount of any punitive damages in order to punish
2  the defendant for harm to anyone other than the plaintiff in this case].

3      [In addition, you may consider the relationship of any award of punitive
4  damages to any actual harm inflicted on the plaintiff.]

5      [Punitive damages may not be awarded against [specify defendant.]  [You
6  may impose punitive damages against one or more of the defendants and not others
7  and may award different amounts against different defendants.]  [Punitive damages
8  may be awarded even if you award plaintiff only nominal, and not compensatory,
9  damages.]

10
11                              **<u>AUTHORITY</u>**
12      Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 5.5.

13
14  TO BE GIVEN _____
15  GIVEN AS MODIFIED _____
16  WITHDRAWN _____
17  REFUSED _____
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## **JURY INSTRUCTION NO. 41.: DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## **AUTHORITY**

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 3.1.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 42.: COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 3.3.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 43.: RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] bailiff that you are ready to return to the courtroom.

## AUTHORITY

Ninth Circuit Manual of Model Jury Instructions, Civil (2025), § 3.5.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## **JURY INSTRUCTION NO. 44.: EXPERT OPINION – RELIABILITY***

Where the Court has determined that scientific, technical, or other specialized knowledge will assist the jury to understand the evidence, or to determine a fact at issue in the case, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

In evaluating the credibility of the expert witness, the jury is permitted to consider: (l) whether the testimony is based upon sufficient facts or data; (2) whether the testimony is the product of reliable principles and methods; and (3) whether the witness has applied the principles and methods reliably to the facts of the case.

## **AUTHORITY**

SPECIAL:  Federal Rule of Evidence 702; *Daubert v. Merrell Dow Pharms*., 509 U.S. 579, 590-592 (1993).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 45.: MEDICAL EXPERT OPINION – CAUSATION*

In order to be considered as evidence, medical expert testimony regarding causation of injury must be stated to a reasonable degree of medical certainty.

## AUTHORITY

SPECIAL:  Federal Rule of Evidence 702; *Lajoie v. Thompson*, 217 F.3d 663, 667. fn. 4 (9th Cir. 1999); *Guam v. Reyes*, 879 F.2d 646, 649 (9th Cir. 1988).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION 46.: LIMITING INSTRUCTION RE EVIDENCE OF SUSPECT INTENT, MOTIVE, OR PLAN EVIDENCE UNKNOWN TO OFFICER DURING INCIDENT*

You are permitted to consider evidence of facts showing a suspect's intent, motive, or plan during an incident, even if such suspect intent-motive-plan facts were unknown to the peace officer at the time of the incident, where the offering party contends that such suspect intent-motive-plan facts corroborate (increase the likelihood of the existence of) facts that were actually observed and relied upon by that officer in that defendant officer's decision to use force during the incident.

Although an officer may not rely upon facts acquired after the incident to justify a use of force – for example, an officer may not contend that the officer considered facts acquired after the incident as though such facts were known to the officer during the incident itself – you are permitted to consider evidence showing a suspect's intent, motive, or plan during the incident where such suspect intent-motive-plan makes it more likely that the suspect acted during the incident consistently with the manner of suspect action observed and described by a peace officer or other witnesses.

### AUTHORITY

SPECIAL: *Boyd v. City & County of San Francisco*, 576 F.3d 938, 941-942 (9th Cir. 2009); *Estate of Chum v. City of Los Angeles*, 2014 U.S. App. LEXIS 19743, *2 (9th Cir. 2014); *Mendoza v. Gates*, 19 Fed.Appx. 514, 518-520 (9th Cir. 2001); *Casey v. Markgraf (In re A.D.)*, 636 F.3d 555, 560 n. 2 (9th Cir. 2011); Fed. R. Evid. 401-402, 404.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 47.: REASONABLENESS AND SPLIT-SECOND JUDGMENTS

In evaluating a seizure or use of force by a police officer, the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving.

## AUTHORITY

SPECIAL: *Graham v. Connor*, 490 U.S. 386, 396-397 (1989); *accord Wilkinson v. Torres*, 610 F.3d 546, 550-551 (9th Cir. 2010).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 48.: INTENT OF THE PEACE OFFICER DOES NOT AFFECT THE REASONABLENESS OF A USE OF FORCE*

The "reasonableness" inquiry in an excessive force case is an objective one: the question is whether, from the perspective of a reasonable police officer, the officer's actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.  An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

## AUTHORITY

SPECIAL: *Graham v. Connor*, 490 U.S. 386, 396-397 (1989); *accord Whren v. United States*, 517 U.S. 806, 813 (1996).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 49.: APPLICATION OF LESSER FORCE NOT REQUIRED*

The fact that some lesser application of force, or some other action by the police, might later be seen as preferable by a party or their expert is not conclusive to the question of whether the force actually used during the incident violated the subject's constitutional rights.

Although the availability of alternative methods of capturing or subduing a subject is a factor that you may consider in your determination of the reasonableness of a defendant officer's use of force, a peace officer is not required to use the least intrusive alternative force available to that officer: a peace officer is only required to act reasonably under the totality of the circumstances.

## AUTHORITY

SPECIAL:  *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994); *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005); *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 50.: STANDARD FOR CALIFORNIA LAW CLAIMS REGARDING REASONABLENESS RELATED TO A SEIZURE IS GOVERNED BY THE U.S. FOURTH AMENDMENT*

Under California law, where a peace officer's seizure (including a use of force) is found to be objectively reasonable under the federal Fourth Amendment standard – namely, where from the perspective of a reasonable police officer, the defendant officer's use of force is objectively reasonable under the totality of the circumstances – that officer's seizure/use of force is also reasonable under California law, including California law claims for battery/excessive force, assault, negligence, and/or wrongful death.

If you find that a defendant officer's seizure/use of force is objectively reasonable under the federal Fourth Amendment standard, you must find that defendant officer's seizure/use of force to be objectively reasonable in evaluating plaintiff's California law claims related to a seizure (including a use of force).

## AUTHORITY

SPECIAL: *Hayes v. County of San Diego*, 57 Cal.4th 622, 637-639 (2013); *Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008); *Martinez v. County of Los Angeles*, 47 Cal.App.4th 334, 349-350 (1996); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009); *Lopez v. City of Los Angeles*, 196 Cal.App.4th 675, 690-692 (2011); *see also* Cal. Gov. Code §§ 815.2, 820, 820.2, 820.4, 820.8, 821; *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009); *Young v. County of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011); *Hayes v. County of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013); CACI no. 1300, 1301.

///

///

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 51.: MUNICIPAL LIABILITY (*MONELL* CLAIM)

Plaintiff Henry Barnhill brings a claim under 42 U.S.C. § 1983 against defendant City of Hemet. The plaintiff asserts that his constitutional rights were violated by a practice or custom of the City of Hemet of using excessive and unreasonable force on individuals in the midst of a mental health crisis, or were violated by its failure to train its officers to appropriately deal with individuals in the midst of a mental health crisis. To prevail on this claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.     A defendant officers acted under color of state law;

2.     the act of one or more individual defendants deprived a plaintiff of their particular rights under the United States Constitution as explained in later instructions;

3.     that the defendant officers acted pursuant to a widespread or longstanding practice or custom of the City of Hemet using excessive and unreasonable force;

4.     the defendant City of Hemet was deliberately indifferent to the substantial risks caused by this custom and practice, or to the known or obvious consequences of its failure to train its officers in this regard; and

5.     the defendant City of Hemet's widespread or longstanding practice or custom of using excessive and unreasonable force caused the deprivation of the plaintiff's rights; that is, the City of Hemet's widespread or longstanding practice or custom in this regard is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

The parties have stipulated that the individual officers acted under color of state law.

"Practice or custom" means any longstanding, widespread, or well-settled

73

practice or custom that constitutes a standard operating procedure of the City of Hemet. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violator[s] [was] [were] not disciplined, reprimanded or punished.

　　　　If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instructions ___ your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

## **AUTHORITY**

*Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233-1326 (9th Cir. 2011) (where plaintiffs claimed the excessive force used on them in jail was part of a long-standing practice of repeated failures to investigate or discipline uses of force, the *Monell* claim was allowed to go to trial); *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2011).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 52.: CAUSATION OF INJURY-DISPUTED*

For federal-law claims, the standard for causation is known as the proximate cause standard. To show that the act of a defendant was the proximate cause of the injury of Mr. Barnhill, the plaintiff must prove by a preponderance of the evidence that the acts [of that defendant] were so closely related to the deprivation of the particular constitutional rights as to be the moving force that caused the ultimate injury.

For California-law claims, the standard of causation is known as the substantial factor cause standard. To show that the act of a defendant was the proximate cause of the injury of Mr. Barnhill, the plaintiff must prove by a preponderance of the evidence that the acts [of that defendant] were a substantial factor in causing that injury. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Under both standards, a mere possibility of causation is not enough.

Proof of causation cannot be based on mere speculation, conjecture and inferences drawn from other inferences to reach a conclusion unsupported by any real evidence.

Where causation of injury is disputed, in order to prove that a force was a substantial factor or proximate cause in causing the injury of plaintiff, plaintiff must prove by a preponderance of the evidence, based upon competent expert testimony, that there is a reasonable medical certainty that the defendant's conduct caused or contributed to the injury of plaintiff.

While there are many possible causes of any injury, a possible cause only becomes probable when, in the absence of other reasonable causal explanations, it becomes more likely than not that the injury or death was a result of the action of such defendant.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

A force which plays only a negligible, infinitesimal, or theoretical part in bringing about injury, damage, or loss is not a substantial factor or proximate cause.

Conduct is not a substantial factor in causing harm, or a proximate cause of harm, if the same harm would have occurred without that conduct.

## **AUTHORITY**

SPECIAL:  Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 430; Ninth Circuit Manual of Model Jury Instructions, Civil (West 2007, Modified October 2009), § 9.8; *Rutherford v. Owens-Illinois, Inc.*, 16 Cal.4th 953, 976 n. 11 (1997); *Bockrath v. Aldrich Chem. Co.*, 21 Cal.4th 71, 79 (1999); *Lineaweaver v. Plant Insulation Co.*, 31 Cal.App.4th 1409, 1416 (1995); *Saelzler v. Advanced Group 400*, 25 Cal.4th 763, 775-776 (2001); *Viner v. Sweet*, 30 Cal.4th 1232, 1239 (2003); *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590-593 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Kennedy v. Southern Cal. Edison Co.*, 268 F.3d 763, 767-768 (9th Cir. 2001); *Jones v. Williams*, 297 F.3d 930, 937 n.7 (9th Cir.2002).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 53.: INTRODUCTION TO THE SPECIAL VERDICT FORM*

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the forms carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form in the order they appear. After you answer a question, the form tells you what to do next.

All of you must deliberate on and answer each question. All of you must agree on an answer before you can move on to the next question.

When you have finished filling out the form, your presiding juror must write the date and sign it at the bottom of the last page and then notify the [bailiff/clerk/court attendant] that you are ready to present your verdict in the courtroom.

### AUTHORITY

SPECIAL: CACI 5012 (modified).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**