**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, HENRY BARNHILL


Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*Attorneys for Defendants CITY OF HEMET,*
*BRETT MAYNARD, JOSHUA BISHOP,*
*PEDRO AGUILA, DOUGLAS KLINZING.*
*JAMIE GONZALEZ and CATHERINE TIPTON*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.: 5:23-cv-00589-JGB-SP**<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge Sheri Pym]<br><br>**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**<br><br>**Final Pretrial Conference:**<br>Date:   March 16, 2026<br>Time:   11:00 a.m.<br>**Trial:**<br>Date:   April 7, 2026<br>Time:   09:00 a.m.<br>Place:   Courtroom 1 |

-1-

# TABLE OF CONTENTS

1.    THE PARTIES AND PLEADINGS: ...............................................................4

2.    JURISDICTION: ............................................................................................4

3.    TRIAL DURATION: .......................................................................................4

4.    JURY TRIAL: .................................................................................................5

5.    ADMITTED FACTS: ......................................................................................5

6.    STIPULATED FACTS: ...................................................................................5

7.    PARTIES' CLAIMS AND DEFENSES. .........................................................6

    PLAINTIFF'S CLAIMS: ................................................................................6

    (a)    Plaintiff plans to pursue the following claims against the following Defendants: ................................................................................6

        Claim 1:    FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. §1983) ..............................................................6

        Claim 2:    *MONELL* LIABILITY – Unlawful Official Policy, Practice, or Custom (42 U.S.C. §1983)........................7

        Claim 3:    *MONELL* LIABILITY – Failure to Adequately Train (42 U.S.C. §1983)..........................................8

        Claim 4:    *MONELL* LIABILITY – Ratification (42 U.S.C. §1983)...........................................................................9

        Claim 5:    BATTERY BY A PEACE OFFICER.............................10

        Claim 6:    NEGLIGENT USE OF FORCE BY A PEACE OFFICER ...........................................................................12

        Claim 7:    STATE CIVIL RIGHTS VIOLATIONS: BANE ACT (California Civil Code §52.1)..............................14

    (b)    The elements required to establish Plaintiff's claims are: ...................15

        Claim 1:    FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. §1983) ............................................................15

        Claim 2:    *MONELL* LIABILITY – Unlawful Official Policy, Practice, or Custom (42 U.S.C. §1983)........................15

        Claim 3:    *MONELL* LIABILITY – Failure to Adequately Train (42 U.S.C. §1983)..........................................16

        Claim 4:    *MONELL* LIABILITY – Ratification (42 U.S.C. §1983)...........................................................................17

Claim 5:      BATTERY BY A PEACE OFFICER.............................18

Claim 6:      NEGLIGENT USE OF FORCE BY LAW ENFORCEMENT OFFICER.....................................................19

Claim 7:      STATE CIVIL RIGHTS VIOLATIONS: BANE ACT (California Civil Code §52.1)............................................20

DEFENDANT'S AFFIRMATIVE DEFENSES .............................................21

(c)      In brief, the key evidence Plaintiff relies on is identical for each claim because each claim arises out of the same set of events and is based on similar factors, all similarly derivative of the use of force and deadly force: ............................................................24

Key Testimony:.......................................................................................24

Key Documents and Other Evidence:....................................................24

8.      REMAINING TRIABLE ISSUES: ..................................................... 24

9.      DISCOVERY..................................................................................... 25

10.     DISCLOSURES AND EXHIBIT LIST: ............................................. 25

11.     WITNESS LISTS: .............................................................................. 26

12.     MOTIONS *IN LIMINE*:.................................................................... 26

Plaintiff's motions *in limine* include:...................................................27

Defendants' motions *in limine* include: ...............................................27

13.     BIFURCATION: ................................................................................ 27

14.     ADMISSIONS: ................................................................................... 28

IT IS SO ORDERED. ............................................................................. 28

Following pretrial proceedings, pursuant to Fed. R. Civ. P., Rule 16, and L.R. 16, IT IS HEREBY ORDERED:

This order may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

## 1.   THE PARTIES AND PLEADINGS:

Plaintiff:          HENRY BARNHILL.

Defendants:     CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; and CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON.

The pleadings which raise the issues are: Plaintiff's April 4, 2023 Complaint (Doc. 1); Defendants' July 17, 2023 Answer (Doc. 23); the Court's pending order regarding Defendants Motion for Summary Judgment (hearing set for May 4, 2026); Plaintiff's February 23, 2026 Memorandum of Contentions of Fact and Law (Doc. 78); Defendants' February 23, 2026 Memorandum of Contentions of Fact and Law (Doc. 83); and this [Proposed] Final Pretrial Conference Order.

## 2.   JURISDICTION:

It is stipulated that subject-matter jurisdiction over this action exists and is appropriate under 28 U.S.C. §§1331, 1343(a), and 1367 and venue is proper and appropriate this District and this Division under 28 U.S.C. §1391(b). The facts requisite to federal jurisdiction are admitted.

## 3.   TRIAL DURATION:

The parties estimate 6-7 court days for this jury trial.

**4.    JURY TRIAL:**

This trial is to be a jury trial.

Plaintiff has filed and Defendant shall serve and file Agreed Upon Set of Jury Instructions, Agreed Upon Verdict Form(s) as well as the Joint Statement re Disputed Instructions, and Disputed Verdict Form(s) by no later than May 18, 2026.

**5.    ADMITTED FACTS:**

The following facts are admitted and require no proof:

1.    The incident occurred on April 29, 2022, at approximately 7:30 a.m.

2.    Defendants Brett Maynard, Joshua Bishop, Pedro Aguila, Douglas Klinzing, Jamie Gonzalez, and Catherine Tipton were police officers with the City of Hemet Police Department at the time of the incident.

3.    The officers involved, including Brett Maynard, Joshua Bishop, Pedro Aguila, Douglas Klinzing, Jamie Gonzalez, and Catherine Tipton, were acting under the color of state law during the incident.

4.    The officers involved, including Brett Maynard, Joshua Bishop, Pedro Aguila, Douglas Klinzing, Jamie Gonzalez, and Catherine Tipton, were acting within the course and scope of their employment during the incident.

5.    The officers involved, including Brett Maynard, Joshua Bishop, Pedro Aguila, used force against Mr. Barnhill during the incident.

6.    Mr. Barnhill was harmed as a result of the force used against him during the incident.

**6.    STIPULATED FACTS:**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts" in Section 5 above.

## 7.   PARTIES' CLAIMS AND DEFENSES.

PLAINTIFF'S CLAIMS:

(a)   Plaintiff plans to pursue the following claims against the following Defendants:

**Claim 1:   FOURTH AMENDMENT: EXCESSIVE FORCE (**Integral Participation and Failure to Intervene**) (42 U.S.C. §1983)**

Plaintiff contends that the Defendant Officers used excessive force, including deadly force, against Henry Barnhill including when Mr. Barnhill was chest down on the ground, not attempting to flee, not attempting to resist, not attempting to harm or assault any person, had not harmed any person, and had not verbally threatened any officer, without warning, while less-intrusive alternatives were available, and when Mr. Barnhill was not an immediate risk of harm and certainly not an immediate threat of death or serious bodily injury to any person when the following occurred: at the door to his house, the unarmed Barnhill recognized the police and froze; Maynard violently tackled Barnhill, pushing him onto a patio chair with his visibly empty hands in the air in compliance with officers; Aguila grabbed Barnhill's left wrist while Maynard held Barnhill's right wrist, then Bishop Tased Barnhill; under the effects of the Taser causing neuromuscular incapacitation, arms spread and held by the officers, Maynard violently struck Barnhill in the face twice; the Tasing caused Barnhill's body to constrict and slide down to the ground while Maynard kneed Barnhill's body; on the ground Aguila immediately placed his left hand behind his back without any resistance; Maynard violently kneed Barnhill in the face and grabbed Barnhill's hood and ponytail and slammed his face against the brick wall; Bishop lifted Barnhill's head and pushed it into the ground, then uses the Taser in drive-stun-mode to the back of Barnhill's neck; Aguila violently deploy eight (8) punches to Barnhill's lower back; Bishop struck Barnhill to the back of the head with his Taser twice; Bishop grabbed Barnhill's ponytail again, lifted his head

off the ground, and slammed it into the ground; then Barnhill was handcuffed without resistance.

Plaintiff seeks compensatory damages for the violation of his rights, costs, punitive damages, and reasonable statutory attorneys' fees under this claim.

Defendants' Contentions:

Defendants' use of force was objectively reasonable under the totality of the circumstances. Graham v. Connor, 490 U.S. 386 (1989). Any officer in Defendants' position would reasonably conclude that Plaintiff posed an imminent threat. Defendants were required to make a split-second judgment in this "tense, uncertain, and rapidly evolving" situation. Under these facts, the force was reasonable.

**Claim 2:      *MONELL* LIABILITY – Unlawful Official Policy, Practice, or Custom (42 U.S.C. §1983)**

Plaintiff contends that the City of Hemet maintained an unconstitutional custom and practice of using excessive force, including deadly force, by viciously beating a person merely for fleeing and based on allegations when that person was not an immediate threat of harm, and not an immediate threat of death of serious bodily injury, a policy and custom of ratifying excessive uses of force, a policy and custom of failing to discipline officers who use excessive force, a policy and custom of failing to train officers adequately for the situations which they are expected to deal, and a policy and custom of failing to adequately investigate use of force incidents. Plaintiff contends that City's unlawful customs, practices, and policies were the moving force behind the deprivation of Plaintiff's constitutional rights.

Plaintiff seeks compensatory damages, costs, and statutory reasonable attorneys' fees under this claim.

This claim is brought by Plaintiff against Defendant City of Hemet. To show the existence of an unconstitutional custom, practice, and/or policy, Plaintiff need not present facts showing that similar conduct has repeatedly occurred in the past.

*See Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 fn. 11 (1986). This standard would require a "strained" reading of Supreme Court precedent. *Id*. "[A] single instance" would be sufficient if "the unconstitutional act was taken pursuant to a municipal policy." *Id*. (*citing Oklahoma City v. Tuttle*, 471 U.S. 808, 822-24 (1985)). Moreover, "[a] policy can be one of action or inaction." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Defendants' Contentions:

Plaintiff has failed to identify and failed to set forth any facts supporting the existence of any unconstitutional custom practice and or policy.

**Claim 3:**    ***MONELL* LIABILITY – Failure to Adequately Train (42 U.S.C. §1983)**

Plaintiff contends that City of Hemet failed to implement proper training regarding the use of force, including deadly force with deliberate indifference to the constitutional rights of Plaintiff. "[A] local government body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional right." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). (*citing City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001).

"[T]he inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388. "[I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id*. "[T]he failure to provide proper training may fairly be said to represent a policy for which

8                    Case No. 5:23-cv-00589-JGB-SP

the city is responsible, and for which the city may be held liable if it actually causes injury." *Id*. The failure to train here is evident by the officer's failure to understand what deadly force is, what type of force qualifies as deadly force, failure to assess the need for force, failure to intervene, failure to report and investigate uses of force adequately.

Plaintiff seeks compensatory damages, costs, and reasonable statutory attorneys' fees under this claim.

Defendants' Contentions:

Plaintiff has failed to identify and failed to set forth any facts supporting the existence of failure in training by Defendant City.

**Claim 4:     *MONELL* LIABILITY – Ratification (42 U.S.C. §1983)**

Plaintiff contends that City of Hemet ratified the use of force, including deadly force used against Plaintiff. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009); *Lytle v. Carl*, 382 F.3d 978, 987-88 (9th Cir. 2004). Liability under Section 1983 *Monell* theory may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (*citing City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality)); *see generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *see also Lytle v. Carl*, 382 F.3d 978, 987-88 (9th Cir. 2004) ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act.").

Plaintiff seeks compensatory damages, costs, and reasonable statutory attorneys' fees under this claim.

Defendants' Contentions:

Plaintiff has failed to identify and failed to set forth any facts supporting the existence of ratification by defendant City.

**<u>Claim 5</u>:**      **BATTERY BY A PEACE OFFICER**

**5A:    Battery by a Peace Officer (Non-Deadly Force)**

Plaintiff contends that Defendants, while acting in the course and scope of their employment as City of Hemet employees, used unreasonable force against Barnhill when Maynard violently tackled Barnhill, pushing him onto a patio chair with his visibly empty hands in the air in compliance with officers; Aguila grabbed Barnhill's left wrist while Maynard held Barnhill's right wrist, then Bishop Tased Barnhill; under the effects of the Taser causing neuromuscular incapacitation, arms spread and held by the officers, Maynard violently struck Barnhill in the face twice; the Tasing caused Barnhill's body to constrict and slide down to the ground while Maynard kneed Barnhill's body; on the ground Aguila immediately placed his left hand behind his back without any resistance; Maynard violently kneed Barnhill in the face and grabbed Barnhill's hood and ponytail and slammed his face against the brick wall; Bishop lifted Barnhill's head and pushed it into the ground, then uses the Taser in drive-stun-mode to the back of Barnhill's neck; Aguila violently deploy eight (8) punches to Barnhill's lower back; Bishop struck Barnhill to the back of the head with his Taser twice; Bishop grabbed Barnhill's ponytail again, lifted his head off the ground, and slammed it into the ground; causing Plaintiff serious bodily injury and harm. At all times relevant, Barnhill was not an immediate threat to the safety of others, there were reasonable less-intrusive alternatives available, no warning was given, and Mr. Barnhill was not attempting to evade detention.

The City of Hemet is vicariously liable pursuant to Cal. Gov. Code §§815.2(a); 820(a).

Plaintiff seeks compensatory damages under this claim.

<u>Defendants' Contentions:</u>

Defendants' use of force was objectively reasonable under the totality of the circumstances. Graham v. Connor, 490 U.S. 386 (1989). Any officer in Defendants'

position would reasonably conclude that Plaintiff posed an imminent threat. Defendants were required to make a split-second judgment in this "tense, uncertain, and rapidly evolving" situation. Under these facts, the force was reasonable. This is the same test for unreasonableness under state law, therefore for the reasons set forth above, the force employed by Defendants cannot be unreasonable.

Defendants deny that the City of Hemet is vicarious liable.

### 5B:    Battery by a Peace Officer (Deadly Force)

Plaintiff contends that Defendants, while acting in the course and scope of their employment as City of Hemet employees, used unreasonable deadly force against Barnhill when Maynard violently kneed Barnhill in the face; Bishop struck Barnhill to the back of the head with his Taser twice; and when Bishop grabbed Barnhill's ponytail, lifted his head off the ground, and slammed it into the ground; causing Plaintiff serious bodily injury. At all times relevant, Barnhill was not an immediate threat of death or serious bodily injury, there were reasonable less-intrusive alternatives available, no warning was given, and Barnhill was not attempting to evade detention. At all relevant times, any reasonable officer would know that striking a chest-down subject to the face and head with their knee, with an improvised weapon, and by lifting and slamming the face and head into the ground creates a substantial risk of causing death or serious bodily injury; and this force in fact caused serious bodily injury. State law battery claims that police officers used excessive force in the course of an arrest are analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. *See Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009); CACI 1305B (Battery by Peace Officer). "'[A]n employer's liability extends to torts of an employee committed within the scope of his employment.'"

*John R. v. Oakland Unified School Dist*., 48 Cal. 3d 438, 447 (1998) (internal citations omitted).

The City of Hemet is vicariously liable pursuant to Cal. Gov. Code §§815.2(a); 820(a).

Plaintiff seeks compensatory damages under this claim.

Defendants' Contentions:

Defendants' use of force was objectively reasonable under the totality of the circumstances. Graham v. Connor, 490 U.S. 386 (1989). Any officer in Defendants' position would reasonably conclude that Plaintiff posed an imminent threat. Defendants were required to make a split-second judgment in this "tense, uncertain, and rapidly evolving" situation. Under these facts, the force was reasonable. This is the same test for unreasonableness under state law, therefore for the reasons set forth above, the force employed by Defendants cannot be unreasonable.

Defendants deny that the City of Hemet is vicarious liable.  .

**Claim 6:      NEGLIGENT USE OF FORCE BY A PEACE OFFICER**

**6A:      Negligent Use of Force by a Peace Officer (Non-Deadly Force)**

Plaintiff contends that Defendant City of Hemet Police Officers, while acting in the course and scope of their employment as City Police Officers, were negligent in their pre-force tactics and conduct and in using force against Barnhill. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-8 (Cal. 2013). Plaintiff's negligence claim comprehends the Officers' negligent pre-force tactics including their failure to have an adequate tactical plan; failure to communicate with Barnhill properly; failure to communicate with other officers properly; failure to provide a verbal warning; failure to de-escalate the situation; and failure to attempt less intrusive alternatives without unnecessarily escalating the level of force.

The City of Hemet is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) ("A public entity is liable for injury proximately caused by an act or

omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.") and 820(a).

Plaintiff seeks compensatory damages under this claim.

Defendants' Contentions:

Defendants' use of force was objectively reasonable under the totality of the circumstances. Graham v. Connor, 490 U.S. 386 (1989). Any officer in Defendants' position would reasonably conclude that Plaintiff posed an imminent threat. Defendants were required to make a split-second judgment in this "tense, uncertain, and rapidly evolving" situation. Under these facts, the force was reasonable. This is the same test for unreasonableness under state law, therefore for the reasons set forth above, the force employed by Defendants cannot be unreasonable.

Defendants deny that the City of Hemet is vicarious liable.

**6B:   Negligent Use of Force by a Peace Officer (Deadly Force)**

Plaintiff contends that Defendant City of Hemet Police Officers, while acting in the course and scope of their employment as City Police Officers, were negligent in their pre-force tactics and conduct and in using deadly force against Barnhill. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-38 (Cal. 2013). Plaintiff's negligence claim comprehends the Officers' negligent pre-force tactics including their failure to have an adequate tactical plan; failure to communicate with Barnhill properly; failure to communicate with other officers properly; failure to provide a verbal warning; failure to de-escalate the situation; and failure to attempt less intrusive alternatives without unnecessarily escalating the level of force.

The City of Hemet is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if

the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.") and 820(a).

Plaintiff seeks compensatory damages under this claim.

Defendants' Contentions:

Defendants' use of force was objectively reasonable under the totality of the circumstances. Graham v. Connor, 490 U.S. 386 (1989). Any officer in Defendants' position would reasonably conclude that Plaintiff posed an imminent threat. Defendants were required to make a split-second judgment in this "tense, uncertain, and rapidly evolving" situation. Under these facts, the force was reasonable. This is the same test for unreasonableness under state law, therefore for the reasons set forth above, the force employed by Defendants cannot be unreasonable.

Defendants deny that the City of Hemet is vicarious liable.

**Claim 7:** **STATE CIVIL RIGHTS VIOLATIONS: BANE ACT (California Civil Code §52.1)**

Plaintiff contends that Defendant deprived Barnhill of his constitutional rights when they used excessive force with reckless disregard for Barnhill's constitutional rights. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014) cert. denied sub nom. *City of Los Angeles, Cal. v. Chaudhry*, 135 S. Ct. 295 (2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013); *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 977 (2013); *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009).

Plaintiff seeks compensatory damages and attorneys' fees including treble damages or a multiplier under this claim.

Defendants' Contentions:

Defendants did not interfere with Plaintiff's legal rights by the use of threats, intimidation, or coercion. Defendants' actions were entirely reasonable as their sole

intention in using force was to protect themselves and fellow officers from the Plaintiff who posed an imminent threat.

Defendants deny that the City of Hemet is vicarious liable.

(b)      The elements required to establish Plaintiff's claims are:

**<u>Claim 1</u>:      FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. §1983)**

1.      Defendant Officer(s) acted under color of law. (UNDISPUTED)

2.      Defendant Officer(s) used excessive force against Mr. Barnhill.

3.      The excessive force caused injury, harm, or damage to Mr. Barnhill.

<u>Source</u>: Ninth Circuit Manual of Model Jury Instructions, No. 9.27 (2025 Edition); *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)); *Bryan v. MacPherson,* 630 F.3d 805, 823 (9th Cir. 2010) (quoting *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003).

<u>Defendants' Contentions</u>:

See Defendants' contentions concerning Plaintiff's claims, supra.  To the extent that Plaintiff's assertions, above, mirror Plaintiff's proposed jury instructions, nothing herein shall be considered acquiescence or agreement with or waiver of any argument with regard to Plaintiff's proposed jury instructions.

**<u>Claim 2</u>:      *MONELL* LIABILITY – Unlawful Official Policy, Practice, or Custom (42 U.S.C. §1983)**

1.      Defendant Officer(s) acted under color of state law. (UNDISPUTED)

2.      Defendant Officer(s) deprived Mr. Barnhill of his particular rights under the United States Constitution.

3.      Defendant Officer(s) acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the Defendant City of Hemet.

4.    Defendant City of Hemet's official policy or widespread or longstanding practice or custom caused the deprivation of the Plaintiff's rights by the Defendant Officers; that is, the City of Hemet's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

Source: Ninth Circuit Manual of Model Jury Instructions, No. 9.5 (2025 Edition).

Defendants' Contentions:

See Defendants' contentions concerning Plaintiff's claims, supra.  To the extent that Plaintiff's assertions, above, mirror Plaintiff's proposed jury instructions, nothing herein shall be considered acquiescence or agreement with or waiver of any argument with regard to Plaintiff's proposed jury instructions.

**Claim 3:**    *MONELL* **LIABILITY – Failure to Adequately Train (42 U.S.C. §1983)**

1.    The acts and/or failure to act of the Defendant Officer(s) deprived Plaintiff of his particular rights under the United States Constitution.

2.    Defendant Officer(s) acted under color of state law. (UNDISPUTED).

3.    The training policies of the Defendant City of Hemet were not adequate to prevent violations of law by its employees or to train its officers to handle the usual and recurring situations with which they must deal.

4.    Defendant City of Hemet was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees or known or obvious consequences of its failure to train its officers adequately.

5.    The failure of the Defendant City of Hemet to prevent violations of law by its employees or to provide adequate training caused the deprivation

16        Case No. 5:23-cv-00589-JGB-SP

of Plaintiff's rights by the Defendant Officer's; that is, Defendant City of Hemet's failure to prevent violations of law by its employees or to train played a substantial part in bringing about or actually causing the injury or damage to Plaintiff.

Source: Ninth Circuit Manual of Model Jury Instructions, No. 9.8 (2025 Edition).

Defendants' Contentions:

See Defendants' contentions concerning Plaintiff's claims, supra. To the extent that Plaintiff's assertions, above, mirror Plaintiff's proposed jury instructions, nothing herein shall be considered acquiescence or agreement with or waiver of any argument with regard to Plaintiff's proposed jury instructions.

**Claim 4:     *MONELL* LIABILITY – Ratification (42 U.S.C. §1983)**

1. Defendant Officer(s) acted under color of state law. (UNDISPUTED).

2. The acts and/or failure to act of the Defendant Officer(s) deprived Plaintiff of his particular rights under the United States Constitution.

3. The final policymaker acted under color of state law.

4. The final policymaker had final policymaking authority from Defendant City of Hemet concerning the acts and/or failure to act of the Defendant Officers.

5. The final policymaker ratified the Defendant Officer's acts and/or failure to act, that is, the final policymaker knew of and specifically made a deliberate choice to approve the defendant officer's acts and/or failure to act and the basis for it.

Source: Ninth Circuit Manual of Model Jury Instructions, No. 9.7 (2025 Edition).

Defendants' Contentions:

See Defendants' contentions concerning Plaintiff's claims, supra. To the extent that Plaintiff's assertions, above, mirror Plaintiff's proposed jury

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

instructions, nothing herein shall be considered acquiescence or agreement with or waiver of any argument with regard to Plaintiff's proposed jury instructions.

**Claim 5:**   **BATTERY BY A PEACE OFFICER**

    **5A:**   **Battery by a Peace Officer (Non-Deadly Force)**

    1.   Defendant Officer(s) intentionally touched Henry Barnhill. (UNDISPUTED)

    2.   Defendant Officer(s) used unreasonable force on Henry Barnhill.

    3.   Henry Barnhill did not consent to the use of that force. (UNDISPUTED)

    4.   Henry Barnhill was harmed (UNDISPUTED); and

    5.   Defendant Officer(s) use of unreasonable force was a substantial factor in causing Henry Barnhill's harm.

Source: CACI No. 1305A (2026 Edition).

Defendants' Contentions:

See Defendants' contentions concerning Plaintiff's claims, supra.  To the extent that Plaintiff's assertions, above, mirror Plaintiff's proposed jury instructions, nothing herein shall be considered acquiescence or agreement with or waiver of any argument with regard to Plaintiff's proposed jury instructions.

    **5B:**   **Battery by a Peace Officer (Deadly Force)**

    1.   Defendant Officer(s) intentionally touched Henry Barnhill. (UNDISPUTED)

    2.   Defendant Officer(s) used deadly force on Henry Barnhill.

    3.   Defendant Officer(s) use of deadly force was not necessary to defend human life.

4.    Henry Barnhill was harmed (UNDISPUTED); and

5.    Defendant Officer(s) use of deadly force was a substantial factor in causing Henry Barnhill's harm.

Source: CACI No. 1305B (2026 Edition).

Defendants' Contentions:

See Defendants' contentions concerning Plaintiff's claims, supra.  To the extent that Plaintiff's assertions, above, mirror Plaintiff's proposed jury instructions, nothing herein shall be considered acquiescence or agreement with or waiver of any argument with regard to Plaintiff's proposed jury instructions.

**Claim 6:**    **NEGLIGENT USE OF FORCE BY LAW ENFORCEMENT OFFICER**

**6A:**    **Negligent Use of Nondeadly Force by Law Enforcement Officer**

1.    Defendant Officer(s) used force on Henry Barnhill. (UNDISPUTED)

2.    The amount of force used by the Defendant Officer(s) was unreasonable.

3.    Henry Barnhill was harmed. (UNDISPUTED)

4.    Defendant Officer(s) use of unreasonable force was a substantial factor in causing Henry Barnhill's harm.

Source: CACI No. 440 (2026 Edition).

Defendants' Contentions:

See Defendants' contentions concerning Plaintiff's claims, supra.  To the extent that Plaintiff's assertions, above, mirror Plaintiff's proposed jury instructions, nothing herein shall be considered acquiescence or agreement with or waiver of any argument with regard to Plaintiff's proposed jury instructions.

**6B:**    **Negligent Use of Force by a Peace Officer (Deadly Force)**

19          Case No. 5:23-cv-00589-JGB-SP

1.     Defendant Officer(s) was a peace officer. (UNDISPUTED)

2.     Defendant Officer(s) used deadly force on Henry Barnhill.

3.     Defendant Officer(s) use of deadly force was not necessary to defend human life.

4.     Henry Barnhill was harmed. (UNDISPUTED)

5.     Defendant Officer(s) use of deadly force was a substantial factor in causing Henry Barnhill's harm.

Source: CACI No. 441 (2026 Edition).

Defendants' Contentions:

See Defendants' contentions concerning Plaintiff's claims, supra. To the extent that Plaintiff's assertions, above, mirror Plaintiff's proposed jury instructions, nothing herein shall be considered acquiescence or agreement with or waiver of any argument with regard to Plaintiff's proposed jury instructions.

**Claim 7:     STATE CIVIL RIGHTS VIOLATIONS: BANE ACT (California Civil Code §52.1)**

1.     Defendant Officer(s) used excessive force against Henry Barnhill.

2.     Defendant Officer(s) intended to violate Henry Barnhill's right to be free from excessive force by acting with a reckless disregard for Henry Barnhill's constitutional rights.

3.     Defendant Officer(s) use of excessive force was a substantial factor in causing Henry Barnhill's harm.

Source: CACI No. 3066 (2026 Edition); *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9th Cir. 2018); *see also Cornell v. City and County of San Francisco*, 225 Cal. Rptr. 3d at 382-83 (2017).

Defendants' Contentions:

See Defendants' contentions concerning Plaintiff's claims, supra. To the extent that Plaintiff's assertions, above, mirror Plaintiff's proposed jury instructions,

20                    Case No. 5:23-cv-00589-JGB-SP

nothing herein shall be considered acquiescence or agreement with or waiver of any argument with regard to Plaintiff's proposed jury instructions.

DEFENDANT'S AFFIRMATIVE DEFENSES

As to the defenses asserted by Defendants which require affirmative proof by Defendants, the elements of such affirmative defenses are summarized herein below. The supporting evidence will be drawn from Defendants' witnesses to support Defendants' contentions of facts. Nothing herein shall be construed as any withdrawal of Defendants' defenses which do not require affirmative proof by Defendants.

1. **Failure to Mitigate Damages.**

Plaintiff has a duty to use reasonable efforts to mitigate damages. To prove a failure to avoid or reduce damages, Defendants must prove by a preponderance of the evidence: (1) that the plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated with reasonable efforts.

Defendants anticipate offering testimonial evidence from the defendant officers, percipient witnesses, Defendants' experts, and from plaintiff and/or plaintiff's witnesses, as well as related incident recordings, photographs, and records (and any witnesses needed to authenticate/admit the same), to support both elements of their failure to mitigate defense.

2. **Comparative Negligence.**

Plaintiff had a duty to use reasonable efforts to care for his own safety: a duty he breached. To prove plaintiff's comparative negligence, defendants must prove by a preponderance of the evidence: (1) that plaintiff HENRY BARNHILL was negligent (ordinary negligence); and (2) that plaintiff HANRY BARNHILL'S negligence was a substantial factor cause of his own harm. (The amount of any damages awarded

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

would then be reduced by the court by the percentage of fault apportioned to decedent for his own injuries.)

Defendants anticipate offering testimonial evidence from the defendant officers, percipient witnesses, Defendants' experts, and from plaintiff and/or plaintiff's witnesses, as well as related incident recordings, photographs, and records (and any witnesses needed to authenticate/admit the same), to support both elements of their comparative negligence defense.

3.    **Assumption of the Risk.**

Plaintiff had (1) actual knowledge of the danger, (2) understood and appreciated the risks associated with such danger, and (3) voluntarily exposed himself to those risks.

Defendants anticipate offering testimonial evidence from the defendant officers, percipient witnesses, Defendants' experts, and from plaintiff and/or plaintiff's witnesses, as well as related incident recordings, photographs, and records (and any witnesses needed to authenticate/admit the same), to support both elements of their assumption of the risk defense.

4.    **Qualified Immunity (from suit).**

At the time of the incident at issue, defendant

i. OFFICER BRETT MAYNARD; and/or

ii. OFFICER JOSHUA BISHOP; and/or

iii. OFFICER PEDRO AGUILLA; and/or

iv. CORPORAL DOUGLAS KLINZING;

conduct did not violate the clearly established constitutional or statutory rights of which a reasonable deputy would have known.  That is, there was no substantially analogous case precedent which would have placed defendant officers on notice that his actions during the incident violated HENRY BARNHILL'S clearly established rights under the Constitution of the United States.

Defendants anticipate reasserting qualified immunity on behalf of defendant

i. OFFICER BRETT MAYNARD; and/or

ii. OFFICER JOSHUA BISHOP; and/or

iii. OFFICER PEDRO AGUILLA; and/or

iv. CORPORAL DOUGLAS KLINZING

in a Fed. R. Civ. P. Rule 50(a) motion and Rule 50(b) motion as appropriate at trial.

**5.   Other Operative Defenses.**

Defendants have also asserted defenses which (although titled as "affirmative defenses") do *not* require affirmative proof by defendants (*e.g.*, Defendant used reasonable force in lawful self-defense/defense of others, Defendants' "Affirmative" Defense re Public Entity Immunity).  Defendants incorporate by reference here all such other defenses from their operative Answers not specifically listed above as defenses, but Defendants concede that to the extent such are not <u>affirmative</u> defenses for which the burden of proof rests upon Defendants, such defenses need not be listed herein.

**6.   Reservation of Defenses.**

Because there has not been a ruling on Defendants' motion for summary judgment, and because the Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate.  The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of plaintiffs' claims, or elements thereof.

<u>Plaintiff's Contentions:</u>

(c)     In brief, the key evidence Plaintiff relies on is nearly identical for each claim because each claim arises out of the same set of events and is based on similar factors, all similarly derivative of the use of force and deadly force:

Key Testimony:

1.     Testimony of Henry Barnhill

2.     Testimony of Brett Maynard

3.     Testimony of Joshua Bishop

4.     Testimony of Pedro Aguila

5.     Testimony of Douglas Klinzing

6.     Testimony of Jamie Gonzalez

7.     Testimony of Catherine Tipton

8.     Testimony of Michael Arellano

9.     Testimony of Ryan O'Connor, M.D., Plaintiff's medical expert

10.     Testimony of Dana Tannenbaum, M.D., Plaintiff's medical expert

11.     Testimony of Roger Clark, Plaintiff's police practices expert

12.     Testimony of Stephanie Anne Loe, M.D., treating provider

13.     Testimony of Karim Rasheed, M.D., treating provider

Key Documents and Other Evidence:

1.     Body-Worn Camera Videos of officers involved in the incident

2.     Screenshots of videos

3.     Scene Photographs

4.     Relevant portions of Plaintiff's Medical Records

5.     Demonstrative Exhibits of Experts

**8.     REMAINING TRIABLE ISSUES:**

In view of the admitted facts and the elements required to establish the claims, and affirmative defenses, the following issues remain to be tried:

1. Whether Defendants used excessive or unreasonable less-lethal force. (Fourth Amendment Excessive Force, Battery, and Negligence)

2. Whether Defendants used excessive or unreasonable deadly force. (Fourth Amendment Excessive Force, Battery, and Negligence).

3. Whether, in using unreasonable force, the Defendants acted specific intent to deny Mr. Barnhill's constitutional rights (Bane Act).

4. Whether Defendants, or any other Hemet Police Department Officer, were negligent in their use of force and pre-force tactics.

5. Whether any Defendant Officer is liable for Integral Participation or Failure to Intervene.

6. Whether Defendant City ratified the Defendant Officers use of excessive force.

7. Whether Defendant City maintained any unconstitutional custom, practice or policy.

8. Whether Defendant City failed to adequately train officers.

9. Whether the Defendants' conduct was malicious, oppressive, or in reckless disregard to the rights of Plaintiff.

10. The amount of compensatory damages for Plaintiff.

11. The amount of punitive damages for which Defendants are liable.

12. Whether Mr. Barnhill was comparatively negligent.

## 9.    **DISCOVERY**

Discovery is complete.

The parties are also in the process of exchanging clean, full-quality copies of documents listed on the parties' joint exhibit list, including without any watermarks interfering with the image or display.

## 10.    **DISCLOSURES AND EXHIBIT LIST:**

The exhibit lists of the parties have been filed under separate cover and the parties shall file a Joint Exhibit List concurrently herewith. In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds for objections. Pursuant to the Local Rules, the parties lodged their joint exhibit list with objections.

**11.    WITNESS LISTS:**

The parties' Witness Lists have been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with L.R. 16-2.7. The parties do not foresee that they will present evidence by way of deposition testimony, other than for impeachment or record refresh. For this purpose, the following deposition shall be lodged with the Clerk as required by L.R. 32-1:

Deposition of Brett Maynard

Deposition of Douglas Klinzing

Deposition of Henry Barnhill

Deposition of Joshual Bishop

Deposition of Pedro Aguila

Deposition of Philip Sanchez

Deposition of Ryan O'Connor, M.D.

Deposition of Roger Clark

**12.    MOTIONS *IN LIMINE*:**

The parties have met and conferred on motions *in limine*. Motions *in Limine* were filed with the Court on February 16, 2026. The following motions *in limine*, and no others, are pending:

Plaintiff's motions *in limine* include:

      1)     To exclude information unknown.

      2)     To exclude criminal history and bad acts.

Defendants' motions *in limine* include:

      1)     To trifurcate.

      2)     To exclude plaintiff's police practices expert Roger A. Clark.

      3)     To exclude plaintiff's medical expert Dr. Dana Tannenbaum.

      4)     To exclude the term "deadly force."

## 13.    BIFURCATION:

The Court has not ordered bifurcation of any issues at this time. There is a pending motion *in limine* on this matter, for which Plaintiff opposes. However, Plaintiff does not oppose bifurcation of Defendants liability, compensatory damages, and the predicate question for punitive damages (in Phase I) with the amount of punitive damages (Phase II).

Because the Court has not issued an order on the pending motion for summary judgment, the need for bifurcation and or trifurcation is not yet known. However, in the event that Defendants' summary judgment motion is denied or only partially granted, Defendants contend that this case must be trifurcated, into liability and punitive damages predicates as to Plaintiff's underlying 1983 claims against individual officers (Phase I); liability as to Plaintiff's Monell claims (Phase II); Plaintiff's damages, including punitive damages as applicable, on claims found by juries in Phases I and II (Phase III).

This trifurcation is necessary to prevent confusion by the jury and the risk that the jury will consider improper evidence of defendant City of Hemet's alleged unconstitutional policies, failures to train, or ratification when deliberating on claims against the individual officers'.

Plaintiff does not oppose severance or bifurcation of punitive damages as against the individual defendants.

**14.    ADMISSIONS:**

The foregoing admissions having been made by the parties, and the parties having specified the forgoing issues remaining to be litigated, this Final Pre-Trial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

The following fact is *admitted* by Defendants and requires no proof:

1.    Defendant

i. OFFICER BRETT MAYNARD; and/or

 ii. OFFICER JOSHUA BISHOP; and/or

iii. OFFICER PEDRO AGUILLA; and/or

iv. CORPORAL DOUGLAS KLINZING

were acting under color of law during any interaction such defendant had with plaintiff HENRY BARNHILL, and each was acting within the course and scope of his employment with the CITY OF HEMET (Hemet Police Department) during any interaction with the Plaintiff.

**IT IS SO ORDERED.**

Dated:  _____, 2026

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT COURT JUDGE
CENTRAL DISTRICT OF CALIFORNIA

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

Approved as to form and content:

DATED: May 19, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: _/s/ Trenton C. Packer_
    Dale K. Galipo
    Trenton C. Packer
    Marcel F. Sincich
    *Attorneys for Plaintiff*

DATED:  May 19, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _/s/ Andrea Kornblau_
    Eugene P. Ramirez
    Andrea Kornblau
    *Attorneys for Defendants*

Case No. 5:23-cv-00589-JGB-SP
[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER