Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| HENRY BARNHILL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HEMET, OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00589 JGB(SPx)<br>*[District Judge, Jesus G. Bernal; Magistrate Judge, Sheri Pym]*<br><br>**DEFENDANTS CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING, JAMIE GONZALEZ, AND CATHERINE TIPTON'S *EX PARTE* APPLICATION TO CONTINUE TRIAL TO PREVENT PREJUDICE TO DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>*Filed concurrently with: Declaration and Andrea K. Kornblau and Exhibits; and [Proposed] Order*<br><br>Judge:   Hon. Jesus Bernal<br>Location:  Courtroom 1; 2nd Floor<br>Hearing Date: N/A<br>Time: N/A |

1

| | Complaint Filed: | 4/4/2023 |
| | Final Pre-Trial Conference: | 6/01/2026 |
| | Trial Date: | 6/16/2026 |

**TO THE COURT AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, and pursuant to applicable federal laws including but not limited to Federal Rules of Civil Procedure 7, 16, and 40, and United States District Court, Central District of California Local Rules 7-19, 7-19.1, 16-14, 40-1, 40-1.1, and 40.1.2, as well as the applicable Orders of the Court, CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING, JAMIE GONZALEZ, AND CATHERINE TIPTON'S (collectively, "the Defendants") hereby move the Court *ex parte* for an Order to continue the pretrial conference date of June 1, 2026 and the June 16, 2026 trial date **for a minimum of forty-five (45) days to a date to be determined by the Court**.

Defendants' application for *ex parte* relief is warranted because the Defendants will suffer immediate and irreparable injury and Defendants are without fault in creating the need for *ex parte* relief on the following basis:

1.     The June 1, 2026 pre-trial conference date is less than two weeks away from the filing of this application and June 16, 2026 trial date is less than four weeks away from the date of the filing of this application, and thus the underlying motion could not be timely noticed or heard under regular motion procedures [*see* C.D. Cal. L.R. 6-1] before the Defendants would suffer irreparable prejudice.

2.     The Court, *sua sponte*, continued the hearing on the motion for summary judgment to June 1, 2026, the same date as the pretrial conference date; and without the order on the motion for summary judgment, the parties cannot prepare for trial as they do not know what claims remain;

3.     Defendants will be unfairly prejudiced by commencing of the trial date

2

on June 16, 2026, and the corresponding pre-trial conference on June 1, 2026, which would cause them to be deprived of their counsel.  Defense counsel is unavailable for the June 1, 2026 pretrial conference date and June 16, 2026 trial date because she is counsel of record in *Jaaye Person-Lynn v. County of San Bernardino, et al.,* 2:20-cv-11578-DSF (C.D. Cal.) for which a pretrial conference is scheduled for June 1, 2026 and trial is scheduled June 16, 2026.

4.  Defendants and Plaintiffs would suffer no prejudice as a result of the proposed continuance of trial and pre-trial conference dates.

This *ex parte* application is based on this notice, all pleadings, papers, and records in this action, the attached memorandum of points and authorities, and the attached declaration of Andrea Kornblau and exhibits.

NOTICE OF COURT ORDER RE *EX PARTES* & OPPOSITIONS:  PLEASE TAKE FURTHER NOTICE that Court's Procedures and Schedules available at www.cacd.uscourts.gov: (1) *ex partes* will be decided on the papers and are not usually set for hearing [*id*.]; and (2) opposition papers, if any, are due **24 hours** after the *ex parte* has been served [*id*.].

This motion is made, pursuant to the U.S. Dist. Ct., C.D. Cal. L.R. 7-19, 7-19.1, and 7-3 that occurred on May 18, 2026, and by correspondence before and after that date regarding the substance of this *ex parte* – as specified in the supporting attorney declaration.  [*See, e.g*., Kornblau Decl., ¶ 2, Ex. A.]

Plaintiffs have advised that they intend to OPPOSE this *ex parte* application.

PARTIES & COUNSEL.  The following information is provided pursuant to C.D. Cal. L.R. 7-19.

The contact information for plaintiff's counsel is as follows:

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)

DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel: (951) 682-9311

*Attorneys for Plaintiff, HENRY BARNHILL*

Defendant's counsel's contact information is as follows:

Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
     Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

*Attorneys for Defendants CITY OF HEMET,  BRETT MAYNARD, JOSHUA BISHOP, PEDRO AGUILA, DOUGLAS KLINZING.*
*JAMIE GONZALEZ and CATHERINE TIPTON*

4
**DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

DATED:  May 22, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Andrea Kornblau_____
Eugene P. Ramirez
Andrea K. Kornblau
Attorneys for Defendants, CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

**DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendants' application for *ex parte* relief is warranted because the Defendants will suffer immediate and irreparable injury and Defendants are without fault in creating the need for *ex parte* relief on the basis of:

1.    The June 1, 2026 pre-trial conference date is less than two weeks away from the filing of this application and June 16, 2026 trial date is less than four weeks away from the date of the filing of this application, and thus the underlying motion could not be timely noticed or heard under regular motion procedures [*see* C.D. Cal. L.R. 6-1] before the Defendants would suffer irreparable prejudice.

2.    The Court, *sua sponte*, continued the hearing on the motion for summary judgment to June 1, 2026, the same date as the pretrial conference date; and without the order on the motion for summary judgment, the parties cannot prepare for trial as they do not know what claims remain;

3.    Defendants will be unfairly prejudiced by commencing of the trial date on June 16, 2026, and the corresponding pre-trial conference on June 1, 2026, which would cause them to be deprived of their counsel.  Defense counsel is unavailable for the June 1, 2026 pretrial conference date and June 16, 2026 trial date because she is counsel of record in *Jaaye Person-Lynn v. County of San Bernardino, et al.,* 2:20-cv-11578-DSF (C.D. Cal.) for which a pretrial conference is scheduled for June 1, 2026 and trial is scheduled June 16, 2026.

4.    Defendants and Plaintiffs would suffer no prejudice as a result of the proposed continuance of trial and pre-trial conference dates.

## II.    FACTS AND PROCEDURAL HISTORY

Defendants filed their motion for summary judgment on January 12, 2026, with a hearing set for February 9, 2026. (Dkt. 48).  The Court initially continued the February 9, 2026, hearing to February 23, 2026.  (Dkt. 57).  The Court then continued the hearing four times to the current hearing date of June 1, 2026.  (Dkt.

6

70, 93, 95, 98).  June 1, 2026, is also the same date as the pretrial conference. (Dkt. 91).

On or about Friday, May 15, 2026, at 2:26 p.m., Plaintiff's counsel emailed Defendants' counsel pre-trial documents for review for filing on Monday, May 18, 2026. (Declaration of Andrea Kornblau ("Kornblau Decl."), ¶ 2, Exhibit ("Ex.") A). On Monday, May 18, 2026, given that insufficient time was given to review the documents before filing, counsel for Defendants informed Plaintiff's counsel that she would be requesting a continuance of the pretrial conference and trial date.  (*Id.*) This was not the first time the topic of a continuance was raised with Plaintiff's counsel. (*Id.*)  Defense counsel indicated that one reason specified is that the hearing on the motion for summary judgment was continued to June 1, 2026, the same date as the pretrial conference. (*Id.*)

While a version of the pretrial documents was filed (*see* Dkts. 99-102), the parties continue to edit the pretrial documents because the filed version is not final versions. (Kornblau Decl., ¶ 4.)

## III.    *EX PARTE* RELIEF IS WARRANTED HERE

In order to justify *ex parte* relief, a party must show: "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures … and the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995); C.D. Cal. L.R. 37-3 (ex parte relief must be based on "showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.")

Although *ex parte* relief should be granted with discretion, the Court is empowered to shorten the time for notice or to advance the hearing of a motion before it, in effect bypassing the regular noticed motion procedures set by the federal or local rules. *See Mission Power Eng'g Co.*, 883 F. Supp. at 490; Fed. R. Civ. P. 6(c)(1)(A),

7

(C); C.D. Cal. L.R. 37-3.

Here, the Court should grant the requested relief on an *ex parte* expedited basis because the Defendants and the Plaintiffs would otherwise suffer irreparable prejudice, and the Defendants were without fault in creating the circumstance requiring *ex parte* relief.

Because the June 1, 2026 pre-trial conference date is less than two weeks away from the filing of this application and June 16, 2026 trial date is less than four weeks away from the date of the filing of this motion, underlying motion could not be timely noticed or heard under regular motion procedures [*see* C.D. Cal. L.R. 6-1] before the Defendants would suffer irreparable prejudice.

Defendants are not at fault in creating the circumstance requiring *ex parte* relief.  First, the Court, *sua sponte*, continued the hearing on the motion for summary judgment to June 1, 2026 (the same date as the pretrial conference date).  Without an order on the motion for summary judgment, the Defendants suffer prejudice in being forced to prepare for trial (as they are doing now) without knowing what the final claims remains, if any, on the Defendants' motion for summary judgment.  Indeed, the parties, even after filing the pretrial documents on May 18, 2026, continue to edit them. (Kornblau Decl., ¶ 4.)

Second, prior to May 18, 2026, defense counsel discussed the topic of continuing the pretrial conference and trial dates with Plaintiff's counsel. (Kornblau Decl., ¶ 2, Ex. A.) This was again raised with Plaintiff's counsel on May 18, 2026. (*Id.*)  Defense counsel raised the issue of the date of the hearing on the motion for summary judgment and the date for the pretrial conference being the same date. (*Id.*)  However, Plaintiff's counsel indicated he would not consent to a stipulation and would oppose this motion. (*Id.*)

Defendants will be unfairly prejudiced by commencing of the trial date on June 16, 2026, and the corresponding pre-trial conference on June 1, 2026.  Not only does any anticipated order on the motion for summary judgment not give Defendants

8

sufficient time to prepare for trial, as set forth above, but also because not continuing the trial would deprive them of their chosen counsel.  Lead counsel is unavailable for the June 1, 2026 pretrial conference date and June 16, 2026 trial date because she is counsel of record in *Jaaye Person-Lynn v. County of San Bernardino, et al.,* 2:20-cv-11578-DSF (C.D. Cal.) for which a pretrial conference is scheduled for June 1, 2026 and trial is scheduled June 16, 2026. (Kornblau Decl., ¶ 3, Ex. B.)

Defendants and Plaintiffs would suffer no prejudice as a result of the proposed continuance of trial and pre-trial conference dates.

## IV.   GOOD CAUSE EXISTS TO CONTINUE THE PRETRIAL CONFERENCE AND TRIAL DATES

Courts have the inherent and statutory authority to continue a trial date upon an affirmative showing that the continuance is justifiable. Fed. R. Civ. P. 16, 40; *see Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) ("Trial judges necessarily require a great deal of latitude in scheduling trials....  Consequently, broad discretion must be granted trial courts on matters of continuances...."); *United States v. Garrett*, 179 F.3d 1143, 1144-1145 (9th Cir. 1999) ("when we review a district court's ruling granting or denying a motion for a continuance[,] the applicable standard of review is abuse of discretion").  However, the need for judicial efficiency should not trump a justifiable cause for continuing the trial date.  *See United States v. Nguyen*, 262 F.3d 998, 1003 (9th Cir. 2000) (disapproving trial judges "who seem[] 'above all to be determined not to disturb [the court's] trial schedule'").

In the face of a justifiable request for continuance, a denial may constitute a violation of that party's due process rights and, in a criminal case, of that party's Sixth Amendment right to the assistance of counsel.  *See Morris*, 461 U.S. at 12; *Unger v. Sarafite*, 376 U.S. 575, 589 (1964); *United States v. Gonzales*, 800 F.2d 895, 898 (9th Cir. 1986) ("Denial [of a motion for continuance] is a constitutional violation only if the district court unreasonably and arbitrarily insists upon 'expeditiousness in the face of a justifiable request for delay.'"); *see also Garrett*, 179 F.3d at 1145 (concluding

DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

that when denying the motion for continuance, the district court should summarize its reasons on the record, particularly where the right to counsel may be implicated).

In order to determine whether there is justifiable cause for a continuance, courts may consider many factors, including: (1) "the nature of the case and whether the parties have been allowed adequate time for trial preparation"; (2) "the diligence of the party requesting the continuance"; (3) "the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance"; (4) "the effect of the continuance and whether delay will seriously disadvantage either party"; and (5) "the asserted need for the continuance, with weight to be given [to] sudden exigencies and unforeseen circumstances...." *See United States v. Bernhardt*, 642 F.2d 251, 252 (8th Cir. 1981) (citing *Unger*, 376 U.S. at 589).

Here, good cause (justifiable cause) for a continuance exists because there would be unfair prejudice and irreparable harm to Defendants who cannot properly prepare for trial and its defense when they do not know what claims remain from the Court's order on the Defendants' motion for summary judgment; when their lead trial counsel is unavailable due to a calendar conflict which prevents her from being present at the pretrial conference per the Court's order; and the lack of prejudice that would result if, instead, the Court continued this trial (Civil Trial Standing Order, p. 4). Indeed, parties are also prejudiced by being forced to continue to trial without an order as to the Defendants' summary judgment motion because they cannot properly prepare their causes of action without knowing which causes of action remain.

Notably, Plaintiffs' counsel only provided Defendants' counsel with the pretrial documents for review on Friday, May 15, 2026, in the afternoon, when the documents were due to be filed on Monday, May 18, 2026; and Defendants' counsel approached the Plaintiffs' counsel more than once regarding a continuance, but Plaintiffs' counsel refused. (Kornblau Decl., ¶ 2, Ex. A.)

**V.        CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the

10

honorable Court continue the Trial date **for a minimum of forty-five (45) days to a date to be determined by the Court**.

DATED:  May 22, 2026                    **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:        /s/ Andrea Kornblau
Andrea Kornblau
Attorneys for Defendants, CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON

DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Certificate of Compliance with 11-6.2*

The undersigned, counsel of record for Defendants CITY OF HEMET, OFFICER BRETT MAYNARD, OFFICER JOSHUA BISHOP, OFFICER PEDRO AGUILA, CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ and CATHERINE TIPTON certify that this brief contains 3,360 words, which complies with the word limit of L.R. 11-6.1.

DATED:  May 22, 2026              Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:      /s/ Andrea Kornblau
         Andrea Kornblau
         Attorneys for Defendants, CITY OF
         HEMET, OFFICER BRETT MAYNARD,
         OFFICER JOSHUA BISHOP, OFFICER
         PEDRO AGUILA, CORPORAL
         DOUGLAS KLINZING; JAMIE
         GONZALEZ and CATHERINE TIPTON

**DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**