**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, HENRY BARNHILL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BARNHILL,<br><br>             Plaintiff,<br><br>     vs.<br><br>CITY OF HEMET; OFFICER BRETT MAYNARD; OFFICER JOSHUA BISHOP; OFFICER PEDRO AGUILA; CORPORAL DOUGLAS KLINZING; JAMIE GONZALEZ; CATHERINE TIPTON; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.: **5:23-cv-00589-JGB-SP**<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge Sheri Pym]<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS'** *EX PARTE* **APPLICATION TO MODIFY THE SCHEDULING ORDER REGARDING TRIAL**<br><br>**<u>Final Pretrial Conference:</u>**<br>Date:   June 1, 2026<br>Time:   11:00 a.m.<br>**<u>Trial:</u>**<br>Date:   June 16, 2026<br>Time:   09:00 a.m.<br>Place:   Courtroom 1 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' *EX PARTE* APPLICATION**

Although Plaintiff is sympathetic to Defendants' position and availability, Plaintiff contends that *ex parte* relief is unwarranted, that continuance of the trial is premature, any continuance would prejudice Plaintiff, and that based on Plaintiff's counsel's availability only a short continuance to mid-July should be considered.

"Ex parte proceedings are appropriate only in a narrow set of circumstances." *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001). As the Court has identified its Standing Order, *ex parte* applications are solely for extraordinary relief. (Doc. 19 at 8:26-28); *See generally Mission Power Eng'g v Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

First, Plaintiff's counsel was unaware of Defendants' counsel's other trial also scheduled on June 16, 2026. However, Defendants apparently knew at least since September 8, 2025 that their counsel was scheduled for trial in another matter on June 16, 2026. (Def. Exh. B, Doc. 103-3.) Defendants have also known since March 3, 2026 that this trial is scheduled for June 16, 2026. (Doc. 91.) *Ex Parte* relief is therefore unwarranted because Defendants had over two months to file a regularly noticed motion and waited until ten (10) days prior to the pretrial conference in this matter to request *ex parte* relief. Thus, the "irreparable prejudice" Defendants claim they would suffer if not heard according to a regularly noticed motion is a crisis Defendants created. *See Mission Power Engineering Co.*, 883 F.Supp. at 492.

Secondly, Defendants claimed that on May 15, 2026, "Plaintiff's counsel emailed Defendants' counsel pre-trial documents for review for filing on Monday, May 28, 2026," and that therefore "insufficient time was given [to Defendants] to review the documents before filing." (*Ex Parte* at 7:3-7, Doc. 103.) Plaintiff contends that Defendants have had ample time to review documents before filing. Indeed, Plaintiff's counsel *again* emailed Defendants' counsel on May 15, 2026, pre-trial document for review for filing on May 18, 2026, because these were joint documents (including (a) Joint Proposed Agreed Upon Jury Instructions, (b)

Plaintiff's Proposed Disputed Jury Instructions, and (c) Plaintiff's Objections to Defendants' Proposed Jury Instructions (Doc. 103-2 at pages 5-6)) and Plaintiff sought to file them jointly. However, Plaintiff already provided these documents to Defendants long prior to May 15, 2026.

On January 21, 2026, Plaintiff emailed Defendants a draft of Plaintiff's Proposed Jury instructions. (Sincich Decl. ¶1, Exh. 1, Plaintiff's Proposed Jury Instructions, at page 2.) Then on February 13, 2026, Plaintiff emailed Defendants objections to Defendants' Proposed Jury Instructions. (Sincich Decl. ¶2, Exh. 2, Plaintiff's Objections to Defenants' Proposed Jury Instructions, at page 1.) On February 25, 2026, Plaintiff's counsel emailed Defendants' counsel the (i) draft Proposed Final Pretrial Conference Order, (ii) draft Joint Proposed Statement of the Case, (iii) draft Proposed Verdict Form, and (iv) draft Proposed Agreed Upon Jury Instructions. Plaintiff also asked for Defendants' portion of the Proposed Final Pretrial Conference Order, and to let Plaintiff know if there is an agreement to any jury instructions and/or to provide objections to Plaintiff's proposed jury instructions so that they can be moved to a disputed set. (Sincich Decl. ¶3, Exh. 3, Plaintiff's Pretrial Documents Follow-Up, at page 1.) Defendants response failed to address the joint documents. (Sincich Decl. ¶4, Exh. 4, Defendants' Pretrial Documents Response, at page 1.) Given that Defendants did not provide objections to Plaintiff's Proposed Jury Instructions and did not provide any agreement to the Proposed Agreed Upon Jury Instructions, on March 2, 2026, Plaintiff filed separate proposed verdict forms and jury instructions. (Plaintiff Verdict Form, Doc. 86, and Plaintiff Jury Instructions, Doc. 87.) There has been ample time to review these pretrial documents and ample time to prepare for trial, especially because discovery closed November 14, 2025, including expert disclosures (Doc. 44), and the Court continued trial (Doc. 91), giving Defendants extra time to prepare for trial.

Defendants' argument that they would prefer the ruling on summary judgment prior to completing pre-trial documents and preparing for trial is

unpersuasive to continue the trial date. Plaintiff is on the same footing. In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing Federal Rule of Civil Procedure 16(b)). Here, trial is only three (3) weeks away. Plaintiff is available and ready for trial and would like for the trial to proceed as scheduled. Additionally, Plaintiff contends that Defendants' motion for summary judgment only identifies the factual disputes between the parties.

Next, it was Plaintiff's impression that Eugene P. Ramirez was lead counsel for Defendants. Defendants also listed "Eugene P. Ramirez, Marisa Zarate, and/or Andrea K. Kornblau" as Defendants trial counsel. (Rule 26(f) Report at 8:12-14, Doc. 27.) Nevertheless, Plaintiff understands that counsel has a busy trial schedule, which is another reason that Plaintiff would be further prejudiced by a continuance of the scheduled trial – any delay in trial prejudices Plaintiff.

Plaintiff also contends that ruling on the present *ex parte* to continue trial is premature and may be moot. Defendants' counsel's other pretrial conference is on June 1, 2026. That case may settle or the court may not be available to start trial on June 16. If that occurred, it would be unnecessary to continue the present trial. Nonetheless, if the Court were to continue this trial at all, Plaintiff contends that if the Court were available, it should be for mid-July to prevent an extended and unduly prejudicial delay and because of the availability of Plaintiff's lead trial counsel, Dale K. Galipo.

Thus, Plaintiff requests that the present *Ex Parte* Application to Continue Trial be denied; or the ruling for which be continued to after receiving a status report from the Defendants regarding any conflict on June 2, 2026; or for trial to be continued, if at all, to July 14, 2026. Plaintiff's lead trial counsel, Dale K. Galipo, is unavailable from the last week of July to mid-August as he will be travelling to London on August 1, 2026 for an Attorney Conference and he is hoping to see is mother in Ohio for her 94th birthday in mid-August. (Sincich Decl. ¶5.)

Respectfully submitted,

DATED: May 26, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: _____ */s/* ___ *Marcel F. Sincich* ___
      Dale K. Galipo
      Trenton C. Packer
      Marcel F. Sincich
      *Attorneys for Plaintiff*

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiff.  I make this declaration in support of Plaintiff's Response to Defendants' *Ex Parte* Appliation to Continue Trial. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

1.     Attached hereto as "**Exhibit 1**" is a true and correct copy of the January 21, 2026 email from Plaintiff's Counsel to Defendants' Counsel which included the attachments of Plaintiff's Proposed Jury Instructions and Plaintiff's Proposed Verdict Form ("**Exh. 1, Plaintiff's Proposed Jury Instructions**").

2.     Attached hereto as "**Exhibit 2**" is a true and correct copy of February 13, 2026 email from Plaintiff's Counsel to Defendants' Counsel which included the Plaintiff's objections to Defendants' Proposed Jury Instructions ("**Exh. 2, Plaintiff's Objections to Defenants' Proposed Jury Instructions**").

3.     Attached hereto as "**Exhibit 3**" is a true and correct copy of the February 25, 2026 email from Plaintiff's Counsel to Defendants' Counsel which included the Plaintiff's (i) draft Proposed Final Pretrial Conference Order, (ii) draft Joint Proposed Statement of the Case, (iii) draft Proposed Verdict Form, and (iv) draft Proposed Agreed Upon Jury Instructions. Plaintiff also asked for Defendants' portion of the Proposed Final Pretrial Conference Order, and to let Plaintiff know if there is an agreement to any jury instructions and/or to provide objections to Plaintiff's proposed jury instructions so that they can be moved to a disputed set ("**Exh. 3, Plaintiff's Pretrial Documents Follow-Up**").

4.     Attached hereto as "**Exhibit 4**" is a true and correct copy of the February 25, 2026 email from Defendants' Counsel to Plaintiff's Counsel which included the Defendants' response to Plaintiff's email requesting agreement to joint

PLAINTIFF'S RESPONSE TO DEFENDANTS' *EX PARTE* APPLICATION

instructions and/or objections to disputed instructions, which was not provided (**"Exh. 4, Defendants' Pretrial Documents Response"**).

5.    Plaintiff's lead trial counsel, Dale K. Galipo, is unavailable from the last week of July to mid-August as he will be travelling to London on August 1, 2026 for an Attorney Conference and he is hoping to see is mother in Ohio for her 94th birthday in mid-August.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 26th day of May, 2026.

_____
Marcel F. Sincich

PLAINTIFF'S RESPONSE TO DEFENDANTS' *EX PARTE* APPLICATION